1  William C. Haggerty, Esq., Bar No. 76652
   bill@fwhb.com
2  Katherine M. Harwood, Esq., Bar No. 225202
   kharwood@fwhb.com
3  FORD, WALKER, HAGGERTY & BEHAR
   One World Trade Center, Twenty-Seventh Floor
4  Long Beach, California  90831-2700
5  Tel. (562) 983-2500; Fax (562) 590-3546

6  Charles L. Babcock, IV, Esq., Bar No. 01479500
   cbabcock@jw.com
7  Edwin M. Buffmire, Esq. Bar No. 24078283 (Pro Hac Vice Pending)
   ebuffmire@jw.com
8  JACKSON WALKER, L.L.P.
   1401 McKinney Avenue, Suite 1900
9  Houston, Texas  77010
10 Tel. (713) 752-4200; Fax (713) 752-4221

11 Attorneys for Defendants, DR. MEHMET C. OZ, M.D.; ZOCO PRODUCTIONS, LLC; SONY
   PICTURES TELEVISION INC.; and HARPO PRODUCTIONS, INC.

12

13            UNITED STATES DISTRICT COURT

14       FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 VEDA WOODARD on behalf of herself, all  )  No. 5:16-cv-00189-JGB-SP
16 others similarly situated, and the general  )
   public,                                    )
17                                            )  DEFENDANTS DR. MEHMET C. OZ,
                  Plaintiff,                  )  M.D.; ZOCO PRODUCTIONS, LLC;
18                                            )  HARPO PRODUCTIONS, INC.; AND
        Vs.                                   )  SONY PICTURES TELEVISIONS
19                                            )  INC.'S NOTICE OF MOTION AND
   LEE LABRADA; LABRADA                       )  MOTION TO DISMISS PLAINTIFF'S
20 BODYBUILDERING NUTRITION, INC.;            )  COMPLAINT; MEMORANDUM OF
   LABRADA NUTRITIONAL SYSTEMS,               )  POINTS AND AUTHORITIES;
21 INC.; DR. MEHMET C. OZ, M.D.;              )  DECLARATION OF WILLIAM C.
   ENTERTAINMENT MEDIA VENTURES,              )  HAGGERTY IN SUPPORT THEREOF
22 INC., d/b/a OZ MEDIA; ZOCO                 )
   PRODUCTIONS, LLC; HARPO                    )
23 PRODUCTIONS, INC; SONY PICTURES            )  [Proposed Order and Notice of Lodging
   TELEVISION, INC.; NATUREX, INC.; and       )  filed concurrently herewith]
24 INTERHEALTH NUTRACEUTICALS,                )
   INC.,                                      )
25                                            )  Hearing Date:    May 9, 2016
                                              )  Time:            9:00 a.m.
26                Defendants.                 )  Room:            1
                                              )
27

28

                                   1

          DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 9, 2016, at 9:00 a.m., in Room 1 of the United States District Court for the Central District of California, Eastern Division, located at 3470 Twelfth Street, Riverside, California 92501-3801, Defendants Dr. Mehmet C. Oz, M.D., ZoCo Productions, LLC, Harpo Productions, Inc. and Sony Television Pictures Inc. will move this Court for an Order to dismiss Plaintiff Veda Woodard's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim, and Rule 9(b) for lack of specificity.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on March 24, 2016. *See Declaration of William C. Haggerty*, pg. 1, ¶ 3.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of William C. Haggerty, Esq., Exhibits 1 through 9 submitted in support of the Motion, the Notice of Lodging, all papers and pleadings on file in this action, and upon such oral and documentary evidence as may be introduced at the hearing on this Motion.

Respectfully submitted,

Dated: April 4, 2016                     BY: _/S/_____

William C. Haggerty, Esq.
Bar No. 76652
bill@fwhb.com
Katherine M. Harwood, Esq.

2

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   Bar No. 225202
    kharwood@fwhb.com
2   FORD, WALKER, HAGGERTY &
3   BEHAR
    One World Trade Center, 27th Floor
4   Long Beach, California  90831-2700
5   Tel. (562) 983-2500; Fax (562) 590-3546

6

7   Charles L. Babcock, IV, Esq.,
    Bar No. 01479500
8   cbabcock@jw.com
9   Edwin M. Buffmire, Esq.
    Bar No. 24078283 (Pro Hac Vice Pending)
10  ebuffmire@jw.com
11  JACKSON WALKER, L.L.P.
    1401 McKinney Avenue, Suite 1900
12  Houston, Texas  77010
13  Tel. (713) 752-4200; Fax (713) 752-4221

14

15  *Attorneys for Defendants,*
    DR. MEHMET C. OZ, M.D.; ZOCO
16  PRODUCTIONS, LLC; HARPO
    PRODUCTIONS, INC.; and SONY
17  PICTURES TELEVISION INC.

18

19

20

21

22

23

24

25

26

27

28

3

# Table of Contents

I.     INTRODUCTION ........................................................................... 1

II.    LEGAL STANDARD .................................................................... 4

III.   AUTHORITY ................................................................................ 6

    A.    The claims are barred by limitations. ......................................... 7

    B.    The Complaint, grounded in fraud, fails to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). ............................. 10

    C.    The Complaint fails to state a claims under Rule 12(b)(6). ................... 13

        1.    Count I: The Complaint fails to state a claim for fraud and deceit under Cal.Civ. Code §§ 1709–1711. (Complaint at 70–77, ¶¶ 156–95) ........................................................................ 13

        2.    Count II: The Complaint fails to allege a claim for negligent misrepresentation. (Complaint at 77–78, ¶¶ 196–203) ................. 14

        3.    The Complaint fails to allege a claim for unjust enrichment and quasi-contract. (Complaint at 78–79, ¶¶ 204–07) ........................ 15

        4.    Counts IV, V and VI: The Complaint fails to allege claims for Unfair Competition, CLRA, and False Advertising. (Complaint at 79–84, ¶¶ 208–38) ........................................................... 16

        5.    Counts VII and VIII: The Complaint fails to allege plausible breach of express or implied warranty claims.(Complaint at 85–88, ¶¶ 239–54) ........................................................................ 19

    D.    Plaintiff's allegations of vicarious liability fail as a matter of law. (Complaint at 61–66, ¶¶ 132–141) ....................................... 20

IV.   CONCLUSION ............................................................................ 24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

## TABLE OF AUTHORITIES

2

3
**Page(s)**

4
**Cases**

5

6
*Andrade v. Pangborn Corp.,*
   No. C 02-3771 PVT, 2004 WL 2480708 (N.D. Cal. Oct. 22, 2004) ..................... 20

7

8
*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,*
   869 P.2d 454 (Cal. 1994) ................................................................. 21

9

10
*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...................................................................... 5

11

12
*Astiana v. Hain Celestial Group, Inc.,*
   783 F.3d 753 (9th Cir. 2015) ......................................................... 16

13

14
*Avago Techs. U.S., Inc. v. Venture Corp.,*
   No. C 08-03248 JW, 2008 WL 5383367 (N.D. Cal. Dec. 22, 2008) ..................... 20

15

16
*Baugh v. CBS, Inc.,*
   828 F. Supp. 745 (N.D. Cal. 1993) .................................................... 9

17

18
*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................................... 4

19

20
*Boyd v. Keyboard Network Magazine,*
   No. C 99-04430, 2000 WL 274204 (N.D. Cal. Mar. 1, 2000) ............................ 15

21

22
*Cooper v. Pickett,*
   137 F.3d 616 (9th Cir. 1997) ........................................................... 6

23

24
*Critical Care Diagnostics, Inc. v. Amer. Ass'n for Clinical Chem., Inc.,*
   Civil No. 13-cv-1308-L, 2014 WL 634206 (S.D. Cal. Feb. 18, 2014) ................... 18

25
*Daugherty v. Am. Honda Motor Co., Inc.,*
   51 Cal. Rptr. 3d 118 (Cal. Ct. App. 2006), *as modified* (Nov. 8, 2006) ........... 17, 18

26

27
*Dupont Merck Pharm. Co. v. Superior Court,*
   92 Cal. Rptr. 2d 755 (Cal. Ct. App. 2000) ............................................. 3

28

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Durell v. Sharp Healthcare,*
    108 Cal. Rptr. 3d 682 (Cal. Ct. App. 2010) ................................................. 17

*Engalla v. Permanente Med. Group, Inc.,*
    938 P.2d 903 (Cal. 1997) ............................................................................. 10

*Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,*
    122 F.3d 1211 (9th Cir. 1997) ..................................................................... 21

*Exec. Sec. Mgmt., Inc. v. Dahl,*
    830 F. Supp. 2d 883 (C.D. Cal. 2011) ......................................................... 23

*Freeman v. Time Inc.,*
    68 F.3d 285 (9th Cir. 1995) .................................................................... 18, 19

*Fundin v. Chicago Pneumatic Tool Co.,*
    199 Cal. Rptr. 789 (Cal. Ct. App. 1984) ........................................................ 8

*Griffin v. Green Tree Servicing, LLC,*
    No. CV 14-09408, 2015 WL 10059081 (C.D. Cal. Oct. 1, 2015) ............. 11

*Hanberry v. Hearst Corp.,*
    81 Cal. Rptr. 519 (Cal. Ct. App. 1969) ....................................................... 20

*Harrell v. Hornbrook Cmty. Servs. Dist.,*
    No. 2:14-cv-01595-KJM-GGH, 2015 WL 5329779 (E.D. Cal. Sept. 10,
    2015) ............................................................................................................. 12

*In re IPhone 4S Consumer Litig.,*
    No. 14-15487, 2016 WL 758346 (9th Cir. Feb. 25, 2016) ........................... 6

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009) .................................................................. 6, 11

*Kwikset Corp. v. Superior Court,*
    246 P.3d 877 (Cal. 2011) ............................................................................. 17

*Long v. Walt Disney Co.,*
    10 Cal. Rptr. 3d 836 (Cal. Ct. App. 2004) ............................................... 9, 10

*Marder v. Lopez,*
    450 F.3d 445 (9th Cir. 2006) ......................................................................... 2

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*McGuiness v. Motor Trend Magazine*,
  180 Cal. Rptr. 784 (Cal. Ct. App. 1982) ............................................ 9

*Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*,
  No. C 06-7541 PJH, 2007 WL 2288329 (N.D. Cal. Aug. 9, 2007) ...................... 21

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ........................................................ 5

*Neilson v. Union Bank of Cal., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................ 24

*Oja v. U.S. Army Corps of Eng'rs.*,
  440 F.3d 1122 (9th Cir. 2006) ....................................................... 9

*Openwave Sys., Inc. v. Fuld*,
  No. C 08-5683 SI, 2009 WL 1622164 (N.D. Cal. June 6, 2009) ...................... 12

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998) ......................................................... 2

*Perez v. Monster Inc.*,
  No. 15-cv-03885-EMC, 2016 WL 234370 (N.D. Cal. Jan. 20, 2016).................... 20

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
  522 F.3d 1049 (9th Cir. 2008) ....................................................... 8

*Ragland v. U.S. Bank Nat'l Ass'n*,
  147 Cal. Rptr. 3d 41 (Cal. Ct. App. 2012) ........................................ 15

*Rezec v. Sony Pictures Entm't, Inc.*,
  10 Cal. Rptr. 3d 333 (Cal. Ct. App. 2004) .................................... 18, 19

*Riesen v. Leeder*,
  14 Cal. Rptr. 469 (Cal. Ct. App. 1961) ............................................ 8

*Rojas-Lozano v. Google, Inc.*,
  Case No. 15-cv-03751-JSC, 2016 WL 429794 (N.D. Cal. Feb. 3, 2016) ........ 15, 16

*Saunders v. Superior Court*,
  33 Cal. Rptr. 2d 438 (Cal. Ct. App. 1994) ........................................ 24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Shively v. Bozanich,*
    80 P.3d 676 (Cal. 2003) ................................................................ 10

*Snyder v. Phelps,*
    562 U.S. 443 (2011) ...................................................................... 3

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC,*
    634 F. Supp. 2d 1009 (N.D. Cal. 2007) ..................................... 16

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) ..................................................... 5

*Strick v. Superior Court,*
    192 Cal. Rptr. 314 (Cal. Ct. App. 1983) ..................................... 9

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ............................................... 12, 13

*Tamkin v. CBS Broad., Inc.,*
    122 Cal. Rptr. 3d 264 (Cal. Ct. App. 2011) ............................... 3

*Troy Group, Inc. v. Tilson,*
    364 F. Supp. 2d 1149 (C.D. Cal. 2005) ..................................... 19

*United States v. Ritchie,*
    342 F.3d 903 (9th Cir. 2003) ....................................................... 2

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ............................... 6, 11, 21, 22

*Weinstat v. Denstply Int'l Inc.,*
    103 Cal. Rptr. 3d 614 (Cal. Ct. App. 2010) ............................. 20

*Williams v. Gerber Prods. Co.,*
    552 F.3d 934 (9th Cir. 2008) ....................................................... 6

*Winter v. G.P. Putnam's Sons,*
    938 F.2d 1033 (9th Cir. 1991) ................................................... 15

*Wright v. Allstate Ins. Co. of Cal.,*
    No. 15-cv-01020, 2015 WL 1548949 (N.D. Cal. Apr. 7, 2015) ............ 23

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Yamauchi v. Cotterman*,
   84 F. Supp. 3d 993, 1018 (N.D. Cal. 2015) ............................................ 15

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................ 16, 19

Cal. Bus. & Prof Code § 17208 ...................................................................... 8

Cal. Bus. & Prof. Code § 17500 ............................................................... 7, 13

Cal. Civ. Code § 1170 .................................................................................... 17

Cal. Civ. Code sections 1709–1711 ........................................................... 7, 14

Cal. Civ. Code § 1710 ................................................................................. 7, 14

Cal. Civ. Code § 1750 ...................................................................................... 19

Cal. Civ. Code § 1783 ........................................................................................ 8

Cal. Civ. Proc. Code § 338(d) ........................................................................... 8

Cal. Civ. Proc. Code § 339(1) ........................................................................... 8

Cal. Comm. Code § 2313 ................................................................................... 7

Cal. Comm. Code § 2314 ................................................................................... 7

California Civil Procedure Code § 425.16 ........................................................ 4

California's Consumer Legal Remedies Act ............................................. *passim*

California Uniform Single Publication Act (Cal. Civ. Code § 3425.3) ........ 4, 8, 9

**Other Authorities**

First Amendment ...................................................................................... 3, 9, 19

Federal Rule of Civil Procedure 8(a) ............................................................ 6, 7

Federal Rule of Civil Procedure 9(b) ...................................................... *passim*

Federal Rule of Civil Procedure 11 ................................................................. 21

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Federal Rule of Civil Procedure 12(b)(6) .................................................... 2, 4, 14, 18

*Hearing to Review the State of Obesity in the United States: Hearing Before the Subcomm. on Dept. Operations, Oversight, Nutrition and Forestry of the H. Comm. on Agric.*, 111th Cong. 2 (2009) (statement of Rep. Baca, Chairman, Subcomm. on Dept. Operations, Oversight, Nutrition and Forestry of the H. Comm. on Agric) *available at* http://www.gpo.gov/fdsys/ ........................................................... 2

*Raspberry Ketones*, WebMD, http://www.webmd.com/diet/raspberry-ketones-uses-risks (last visited Apr. 1, 2016) ........................................ 7

Rules 8(a) and 12(b)(6) ................................................................... 4

Surgeon General, *The Surgeon General's Call to Action to Prevent and Decrease Overweight and Obesity 2001,* at v (2001) *available at* http://www.surgeongeneral.gov/library ........................................ 2

United States Constitution ................................................................ 3

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Defendant Dr. Oz "has been called "America's Doctor"[1] and hosts the "three time Emmy Award-winning" Dr. Oz Show.[2] According to United States Senator Claire McCaskill, who is quoted in the complaint, Dr. Oz "does a lot of good," "give[s] a lot of great information about health," and does "it in a way that's understandable."[3] Defendants Mehmet C. Oz, M.D., ZoCo Productions, LLC, Sony Pictures Television Inc., and Harpo Productions, Inc., referred to in this Motion collectively as the Media Defendants, jointly move to dismiss all claims asserted against them.

Full recordings of three broadcasts upon which Plaintiff bases her claims against the Media Defendants[4] (the "Complained of Broadcasts") are lodged with the Court as Exhibits 1–3 and the transcripts of each broadcast are attached as Exhibits 4–6.[5] *See*

---

[1] Class Action Complaint at 20–21, ¶ 30, February 2, 2016, ECF No. 1. (hereinafter "Complaint"). Defendants will cite allegations in the Complaint by its ECF page number followed by the specific paragraph. For example, Defendants will refer to paragraph 1, regarding the Court's diversity jurisdiction, as "Complaint at 4, ¶ 1."

[2] Complaint at 20–21, ¶ 30.

[3] Complaint at 16, ¶ 22

[4] Complaint at 7, ¶ 8 n.2 (citing episodes later quoted and relied on at 47, ¶ 97; 49, ¶101; and 51, ¶ 104).

[5] A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998).

---

1

*Declaration of William C. Haggerty ("Haggerty Dec."),* pgs. 1–2, ¶ 4–9 and *Notice of Lodging,* pg. 2.

The Complained of Broadcasts all address weight loss and obesity, which the United States Surgeon General has described as "an epidemic."[6] Congressman Joe Baca stated during congressional hearings on the issue, that "[t]he problem of obesity plagues all Americans."[7] Dr. Oz discusses this public health problem with a variety of guests and offers his solutions, none of which endorse, promote, or even mention specific products or their manufacturers. In fact, at the close of the April 10, 2012 Show, Dr Oz said:

> "In February, we did a show on a weight-loss supplement called raspberry ketone. Now, since then some unscrupulous companies in the supplement world have been using my name and likeness to sell this product. I want you to know that I never ever endorsed supplements or profit from the advice I give. So always be wary of any company or web site which uses my name or face to sell anything."

Ex. 5 at 53, ln. 25–54, ln. 8; *see also* Ex. 2 (video recording of full episode).

On the program recorded on October 23, 2012, Dr. Oz said, "I am going to say something for everybody to hear, I don't sell this stuff. I am not making any money on this. I'm not going to mention any brands to you either." Ex. 4 at 6, ln. 16–20; *see also* Ex. 1 (video recording of full episode); Complaint at 8–9, ¶ 11. Each of the Complained

---

[6] U.S. Dept. of Health and Human Servs., Office of the Surgeon General, *The Surgeon General's Call to Action to Prevent and Decrease Overweight and Obesity 2001,* at v (2001) *available at* http://www.surgeongeneral.gov/library.

[7] *Hearing to Review the State of Obesity in the United States: Hearing Before the Subcomm. on Dept. Operations, Oversight, Nutrition and Forestry of the H. Comm. on Agric.,* 111th Cong. 2 (2009) (statement of Rep. Baca, Chairman, Subcomm. on Dept. Operations, Oversight, Nutrition and Forestry of the H. Comm. on Agric) *available at* http://www.gpo.gov/fdsys/.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

of Broadcasts contained the following statement: "This show is only intended to provide general information and is not specific medical advice." *See* Ex. 7–9 (screenshots of the written disclaimer that aired near the end of each Complained of Broadcast).

As a matter of law, the Complained of Broadcasts consist of core speech on a matter of public concern, namely public health. *Dupont Merck Pharm. Co. v. Superior Court*, 92 Cal. Rptr. 2d 755, 760 (Cal. Ct. App. 2000) (holding that health issues were of significant public concern); *Tamkin v. CBS Broad., Inc.*, 122 Cal. Rptr. 3d 264, 271 (Cal. Ct. App. 2011) (holding that television show "CSI" was a public issue). They are thus entitled to the fullest protection of the First Amendment to the United States Constitution and not, as alleged, the less robust deference accorded commercial speech. *Snyder v. Phelps*, 562 U.S. 443, 452 (2011) ("Speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection.").

At the outset, however, we must point out that Plaintiff's claims are barred by limitations because the Complained of Broadcasts occurred in 2012[8] and the complaint was not filed until 2016. The Plaintiff recognizes this problem and attempts to plead limitation avoidance theories (discovery rule, fraudulent concealment and continuing violation)[9] but these tactics have been rejected under the California Uniform Single

---

[8] Plaintiff concedes that the broadcasts occurred in 2012. *See* Complaint at 47, ¶ 97; 49, ¶ 101; and 51, ¶ 104.

[9] Complaint at 63, ¶¶ 142–44.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Publication Act (Cal. Civ. Code § 3425.3) and cases interpreting the statute. So dismissal is appropriate on this ground alone.

Plaintiff, however, also fails to state a claim under the notice pleading standard of Rules 8(a) and 12(b)(6) or the heightened requirements of Rule 9(b). Although plaintiffs are typically allowed the opportunity to amend, the pleading defects identified here cannot be remedied by amendment and the case should be dismissed with prejudice without leave to amend as to the Media Defendants.[10]

## II.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a

---

[10] In addition, the Media Defendants are intending to file a Special Motion to Strike Plaintiff's Complaint under California Civil Procedure Code § 425.16.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing the party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Additionally, "[w]hen an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word

"fraud" is not used). *Id.* at 1108. Averments of fraud must also contain "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and citations omitted). The plaintiff must set forth *more* than neutral facts necessary to identify the transaction. *See id.* "The plaintiff must set forth what is false or misleading about a statement, *and* why it is false." *See Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (quoting *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)) (emphasis added). Where, as here, the Complaint alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of its claim, the claim is said to be "grounded in fraud" or "sound in fraud" and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b). *Vess*, 317 F.3d at 1103–04.

The Complaint is also subject to dismissal under Rule 8(a) for failure to state plausible claims. To be plausible, the claims alleged in the Complaint must meet the "reasonable consumer" test by showing that members of the public are likely to be deceived. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *In re IPhone 4S Consumer Litig.*, No. 14-15487, 2016 WL 758346, at *1 (9th Cir. Feb. 25, 2016) (affirming dismissal of CLRA, FAL and UCL claims for failure to state a claim under Rule 8(a) where plaintiffs failed to satisfy the reasonable consumer test).

### III.
### AUTHORITY

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Complaint asserts claims for (1) fraud under Cal. Civ. Code sections 1709–1711 (Complaint at 67–74, ¶¶ 156–95); (2) negligent misrepresentation under Cal. Civ. Code § 1710(2) (Complaint at 74–75, ¶¶ 196–203); (3) quasi-contract/unjust enrichment (Complaint at 75–76, ¶¶ 204–07); (4) unfair competition (Complaint at 76–78, ¶¶ 208–24); (5) violations of California's Consumer Legal Remedies Act (CLRA) (Complaint at 79–81, ¶¶ 225–32); (6) false advertising under Cal. Bus. & Prof. Code § 17500 (Complaint at 81-82, ¶¶ 233–38); (7) breach of express warranty under Cal. Comm. Code § 2313 (Complaint at 82–83, ¶¶ 239–47); and (8) breach of implied warranty of merchantability under Cal. Comm. Code § 2314 (Complaint at 83–84, ¶¶ 248–254), *against all Defendants without distinction.*

## A.     The claims are barred by limitations.

Regardless of the pleading standard applied, the Complaint relies on 2012 television broadcasts. On a nationally televised Show, Dr. Oz discussed various natural weight-loss aids, including coffee bean extract,[11] raspberry ketones,[12] and garcinia cambogia,[13] using the words "magic weight-loss cure," "miracle pill can burn fat fast," "revolutionary fat buster," "it could be a magic ingredient that lets you lose weight without diet or exercise," "I've got the number one miracle in a bottle to burn your fat, it's

---

[11] Green coffee bean extract derives from coffee beans in their raw, green form. Ex. 5 at 17, ln. 2–7.
[12] Raspberry ketone is a natural chemical that gives raspberries their aroma. *See Raspberry Ketones*, WebMD, http://www.webmd.com/diet/raspberry-ketones-uses-risks (last visited Apr. 1, 2016).
[13] Garcinia cambogia is a pumpkin-like plant that grows in Southeast Asia. Ex. 4 at 3, ln. 7–8.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

raspberry ketone." *See* Complaint at 4, 6 & 44–48, ¶¶ 8 n.2, 9, 13, 95, 97, 101 and 104.

This action was filed on February 2, 2016.

Negligent misrepresentation, breach of express warranty and breach of implied warranty of merchantability claims are subject to the two year statute of limitations. *See* Cal. Civ. Proc. Code § 339(1); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (negligent misrepresentation); *Fundin v. Chicago Pneumatic Tool Co.*, 199 Cal. Rptr. 789, 795–96  (Cal. Ct. App. 1984) (breach of express warranty); *Riesen v. Leeder*, 14 Cal. Rptr. 469, 470 (Cal. Ct. App. 1961) (breach of implied warranty). Fraud, quasi contract/unjust enrichment, and violations of the CLRA are governed by three year statute of limitations. *See* Cal. Civ. Proc. Code § 338(d); Cal. Civ. Code § 1783. Unfair competition and false advertising are subject to four year limitations. *See* Cal. Bus. & Prof Code § 17208.

These causes of action, however, are time barred because they sound in *prima facie* tort and, therefore, fall within the ambit of tortious conduct within the meaning of the Uniform Single Publication Act ("USPA") (Cal. Civ. Code § 3425.3), under which no person may have more than one cause of action for damages for libel or slander or invasion of privacy "*or any other tort*" founded upon any single publication, "*such as any one television broadcast.*" Cal. Civ. Code § 3425.3 (emphasis added). Both in language and intent, the USPA is a broad enactment, that is interpreted expansively in light of the significant First Amendment issues implicated by "the vast multiplicity of suits which

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

could arise from mass publications which transcend a variety of medias and state lines, and the attendant problems of choice of law, indefinite liability, and endless tolling of the statute of limitations." *Long v. Walt Disney Co.*, 10 Cal. Rptr. 3d 836, 839 (Cal. Ct. App. 2004) (quoting *Strick v. Superior Court*, 192 Cal. Rptr. 314, 319 (Cal. Ct. App. 1983)). "Under this rule, the aggregate communication can give rise to only one cause of action in the jurisdiction where the dissemination occurred, and result in only one statute of limitations period that runs from the point at which the original dissemination occurred." *Oja v. U.S. Army Corps of Eng'rs.*, 440 F.3d 1122, 1130 (9th Cir. 2006); *see also Strick v. Superior Court*, 192 Cal. Rptr. 314, 319 (Cal. Ct. App. 1983) (applying the USPA to causes of action for libel, fraud, and deceit based on publication of a magazine article); *McGuiness v. Motor Trend Magazine*, 180 Cal. Rptr. 784, 786 (Cal. Ct. App. 1982) (applying the USPA to cause of action for negligence); *Baugh v. CBS, Inc.*, 828 F. Supp. 745, 756 (N.D. Cal. 1993) (applying the USPA to claims for seclusion, trespass, unfair competition, fraud, and intentional and negligent infliction of emotional distress).

Thus, under the single publication rule, the cause of action accrues and the period of limitations commences on the date of publication, *regardless* of when the plaintiff became aware of the publication. *See Shively v. Bozanich*, 80 P.3d 676, 685 (Cal. 2003) (holding that the discovery rule did not operate to postpone accrual of individual's otherwise time barred defamation action); *Walt Disney Co.*, 10 Cal. Rptr. 3d at 841–842 (holding that fraudulent concealment was inapplicable where images on national

television broadcast were "in plain view" even if plaintiffs did not see them).

Consequently, Plaintiff's attempts to toll limitations on the basis of delayed discovery, fraudulent concealment, and continuing accrual fail as a matter of law with regard to the Media Defendants and the statements made on the Show. Plaintiff's claims, therefore, accrued on the 2012 dates of the Complained of Broadcasts and are barred by limitations.

**B.    The Complaint, grounded in fraud, fails to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b).**

Under California law, the indispensable elements of a fraud claim include (1) misrepresentation (false representation, concealment, or nondisclosure), (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *See Engalla v. Permanente Med. Group, Inc.,* 938 P.2d 903, 917 (Cal. 1997). "While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently, to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess,* 317 F.3d at 1103. Further, claims are subject to the heightened pleading standard of Rule 9(b) where they allege facts that would necessarily constitute fraud, "even if the word 'fraud' is not used." *Kearns* 567 F.3d at 1124 (quoting *Vess,* 317 F.3d at 1105).

Here, the gravamen of the Complaint is that each Defendant conspired and "aided and abetted" every other Defendant to commit fraud by promoting ineffective weight-loss

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

supplements to consumers[14] through "false and fraudulent advertising," of the Products and "promot[ing] the products and their ingredients on a nationally televised show . . . an essential element to carry out the fraudulent sales and marketing of the Labrada products."[15] Every claim re-alleges and incorporates by reference all prior allegations. Thus, all Plaintiff's claims arise from a purported unified course of fraudulent conduct and, therefore, must be pleaded with particularity and satisfy the requirements of Rule 9(b).[16] *See Kearns*, 567 F.3d at 1125 (applying Rule 9(b) to claims under the CLRA and UCL and rejecting plaintiff's argument that fraud was not an element of his consumer protection claims); *Griffin v. Green Tree Servicing, LLC*, No. CV 14-09408, 2015 WL 10059081, at *15 (C.D. Cal. Oct. 1, 2015) (applying Rule 9(b) to claims for fraud and negligent misrepresentation).

Further, Plaintiff brings identical claims against multiple defendants, so she "must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (affirming dismissal of claims for fraud and violations of Washington consumer protection statute, in part, because plaintiff's "complaint [was] shot through with general allegations that the

---

[14] Complaint at 61–62, ¶¶ 137–139.

[15] Complaint at 62, ¶ 141.

[16] "Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from filing complaints as a pretext to discover unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties, and society enormous social and economic costs absent some factual basis." *Kearns*, 567 F.3d at 1125 (citing *In re Stac Elecs. Sec. Lit.*, 89 F.3d 1399, 1405 (9th Cir. 1996)) (internal quotation marks omitted).

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

'defendants' engaged in fraudulent conduct") (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'requires plaintiff to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz*, 476 F.3d at 764–65 (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)); *see also Openwave Sys., Inc. v. Fuld*, No. C 08-5683 SI, 2009 WL 1622164, at *5 (N.D. Cal. June 6, 2009). Plaintiff may not, as she has done here, "refer to defendants collectively and incorporate previously alleged facts by reference wholesale regardless of their relevance." *Harrell v. Hornbrook Cmty. Servs. Dist.*, No. 2:14-cv-01595-KJM-GGH, 2015 WL 5329779, at *13 (E.D. Cal. Sept. 10, 2015). As a result, the Complaint fails the pleading requirements for cases involving multiple defendants and it should be dismissed. *See Swartz*, 476 F.3d at 767.

The Complaint fails to meet the heightened pleading standard of Rule 9(b) because it fails to plead *any specific facts* whatsoever against the Media Defendants, including Dr. Oz, to support the conclusory allegations of (1) knowingly making false of statements of material fact, (2) concealment of and omission of material facts, (3) a duty owed to consumers, (4) intent to disseminate false information, (5) damages occasioned by Plaintiff as a direct and proximate result of any complained of statements, actions or omissions, and (6) malicious and reckless disregard, and reprehensible conduct by the

Media Defendants. *See* Complaint at 70–78, ¶¶ 156–203 (Count I: Claim for Fraud and Deceit and Count II: Claim for Negligent Misrepresentation). It fails to plead *any specific facts* whatsoever to support the conclusory allegations that the Media Defendants were "unjustly enriched in retaining revenues derived from . . . purchases of the Products," as a result of the allegedly fraudulent conduct. (Complaint at 78–79, ¶¶ 204–207) (Count III: Claim for Quasi-Contract/Unjust Enrichment). Likewise, the Complaint utterly fails to state the who, what when, where, and particular circumstances surrounding the alleged violations of the UCL, CLRA and false advertising claim, Cal. Bus. & Prof. Code § 17500 ("FAL"), and breach of warranty claims *as to these Media Defendants*. *See* Complaint at 79–88, ¶¶ 208–254) (Count IV: UCL, Count V: CLRA, and Count VI: FAL, Count VII: Breach of express warranty and Count VIII: Breach of Warranty of Merchantability). Indeed, there are no specific factual allegations to support the conclusory claim that that each Media Defendant "promotes and markets the Labrada Products." *See* Complaint at 20–23, ¶¶ 30, 32, 33, and 34. For the foregoing reasons, the Complaint fails to satisfy Rule 9(b) and should be dismissed.

**C.     The Complaint fails to state a claims under Rule 12(b)(6).**

The Complaint is so devoid of factual allegations against the Media Defendants that it also warrants dismissal under the lower standard of Rule 12(b)(6).

  *1.     Count I: The Complaint fails to state a claim for fraud and deceit under Cal. Civ. Code §§ 1709–1711. (Complaint at 70–77, ¶¶ 156–95)*

13

California Civil Code § 1710 defines "deceit" as (1) "[t]he suggestion, as fact, which is not true, by one who does not believe it to be true;" (2) "[t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;" (3) "[t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact," or (4) "[a] promise, made without any intention of performing it." The Complaint fails to plead any facts supporting these elements with regard to the Media Defendants. Consequently, in addition to its failure to plead facts with particularity as required by Rule 9(b), the Complaint fails to state a claim of fraud under Rule 12(b)(6).

2.    *Count II: The Complaint fails to allege a claim for negligent misrepresentation. (Complaint at 77–78, ¶¶ 196–203)*

A negligent misrepresentation claim must set forth: "(1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Ragland v. U.S. Bank Nat'l Ass'n*, 147 Cal. Rptr. 3d 41, 54 (Cal. Ct. App. 2012); *see also Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1018 (N.D. Cal. 2015). The Complaint merely alleges that, "Defendants negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products." Complaint at 78, ¶ 199. The Complaint fails to set forth facts that support any element of a negligent misrepresentation claim, including that the Media Defendants owed Plaintiff a

duty. *See Winter v. G.P. Putnam's Sons*, 938 F.2d 1033, 1037 (9th Cir. 1991); *see also*

*Boyd v. Keyboard Network Magazine*, No. C 99-04430, 2000 WL 274204, at *2 (N.D.

Cal. Mar. 1, 2000) (holding that publishers are under no duty to investigate potentially

misleading advertising). Plaintiff's negligent misrepresentation claim, therefore, fails to

satisfy 12(b)(6) as well as Rule 9(b) and should be dismissed. *See Rojas-Lozano v.

Google, Inc.*, Case No. 15-cv-03751-JSC, 2016 WL 429794, at *12 (N.D. Cal. Feb. 3,

2016) (dismissing defendant Google because plaintiff failed to sufficiently plead an

actionable misrepresentation or omission).

> 3.   *The Complaint fails to allege a claim for unjust enrichment and quasi-contract. (Complaint at 78–79, ¶¶ 204–07)*

First, "[t]here is no cause of action in California for unjust enrichment." *Sonoma

Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1018 (N.D. Cal.

2007) (quoting *Melchior v. New Line Productions, Inc.*, 131 Cal. Rptr. 2d 347 (Cal. Ct.

App. 2003)). Second, a plaintiff must plead the following elements for a quasi-contract

claim: (1) lack of an enforceable express contract; (2) defendant receives a benefit; (3) at

another's expense; and (4) that it would be unjust for the defendant to retain the benefit.

*See Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *see also

Rojas-Lozano*, 2016 WL 429794, at *12 (dismissing a plaintiff's quasi-contract claim

because the plaintiff failed to sufficiently plead an actionable misrepresentation or

omission). No facts are pled in the Complaint to support any of the above-referenced

elements against any one of the Media Defendants. Accordingly, the Complaint fails to

state a claim for unjust enrichment or quasi-contract.

4.   *Counts IV, V and VI: The Complaint fails to allege claims for Unfair Competition, CLRA, and False Advertising. (Complaint at 79–84, ¶¶ 208–38)*

California Business & Professional Code § 17200 ("UCL") prohibits "any

unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or

misleading advertising." A private plaintiff must make a twofold showing: "he or she

must demonstrate injury in fact *and* a loss of money or property caused by unfair

competition." *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 691–92 (Cal. Ct. App.

2010) (affirming dismissal of UCL cause of action without leave to amend where

complaint failed to allege plaintiff was harmed "as a result of" defendant's conduct)

(quoting *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 589 (Cal. Ct. App. 2008)) (emphasis

in original). Under California Civil Code § 1170, a plaintiff must show "unfair methods

of competition and unfair or deceptive acts or practices" in transactions for the sale or

lease of goods or services to consumers. Cal. Civ. Code §1170 (a); *Daugherty v. Am.

Honda Motor Co., Inc.*, 51 Cal. Rptr. 3d 118, 125 (Cal. Ct. App. 2006), *as modified* (Nov.

8, 2006). The CLRA likewise is limited to those who suffered damage from a defendant's

deceptive conduct. *Durell*, 108 Cal. Rptr. 3d at 696–97 . To assert a false advertising

claim, plaintiff must "show that the economic injury was the result, i.e. *caused by*, the . . .

false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 246

P.3d 877, 885 (Cal. 2011).

Here the Complaint alleges nothing more than conclusory allegations that

"Plaintiff has suffered injury in fact as a result of," Defendants conduct. *See, e.g.*,

Complaint at 81 & 84, ¶¶ 221 & 234. The Complaint is devoid of factual allegations

showing any instance of physical injury or any safety concerns. The Complaint also fails

to identify any specific representations *by the Media Defendants* that the Labrada

Products had any characteristic that they do not have, or are of a standard or quality they

are not. *See Daugherty*, 51 Cal. Rptr. 3d at 125. The conclusory allegations of

concealment also fail because no facts have been pled to show that the Media Defendants

have an affirmative duty to disclose anything and indeed, as the court held in *Daugherty*,

"[w]e cannot agree that a failure to disclose a fact that one has no affirmative duty to

disclose is 'likely to deceive' anyone within the meaning of the UCL." *Id.* at 128.

Further, the Complaint does not state any facts demonstrating the Media Defendants were

engaged in transactions for the sale or lease of goods with consumers; no doubt because

there were none. Instead, formulaic recitations and mere legal conclusions (again)

abound.

Additionally, to state a claim under the UCL and FAL, one must show that

"members of the public are likely to be deceived by" the defendants' acts. *See Freeman*

*v. Time Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (holding that a plaintiff failed to state a

claim under Rule 12(b)(6) where promotions upon which plaintiff based his claims "expressly and repeatedly stated the conditions which must be met to win. None of the qualifying language was hidden or unreadably small . . . [a]ny person who thought that they had won the sweepstakes would be put on notice that this was not guaranteed simply by doing sufficient reading to comply with instructions for entering the sweepstakes") (quoting *Bank of the West v. Superior Court*, 833 P.2d 545, 553 (Cal. 1992)). Consumer protection laws, like the unfair competition law, govern only commercial speech." *Rezec v. Sony Pictures Entm't, Inc.*, 10 Cal. Rptr. 3d 333, 337 (Cal. Ct. App. 2004); *see also Critical Care Diagnostics, Inc. v. Amer. Ass'n for Clinical Chem., Inc.*, Civil No. 13-cv-1308-L, 2014 WL 634206, at * 8 (S.D. Cal. Feb. 18, 2014). Commercial speech is typically limited to "speech that does no more than propose a commercial transaction." *Rezec*, 10 Cal. Rptr. 3d at 338 (quoting *Gerawan Farming, Inc. v. Lyons*, 12 P.3d 720, 732 (Cal. 2000)). Dr. Oz's statements referenced in the Complaint are nonactionable opinion and hyperbole. No reasonable consumer would understand Dr. Oz's statements to propose a transaction. *See* Complaint at 7 & 47–48, ¶¶ 8, 97, 101, and 104. "It has long been the rule that the First Amendment protects from liability 'statements that cannot [be] interpreted as actual facts.'" *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1157 (C.D. Cal. 2005) (quoting *Milkovich v. Lorain Journal Co.*, 479 U.S. 1, 20 (1990)). Moreover, as stated in the Complaint, Dr. Oz repeatedly warned television viewers that he does not promote, sell or endorse any products. Complaint at 9, ¶ 11. Also, though

omitted from the Complaint, each episode of the Show contained a disclaimer that "[t]his show is only intended to provide general information and is not specific medical advice." Ex. 7–9. Consequently, the Complaint fails to sufficiently plead the requisite reasonable consumer test and the false or misleading advertising and unfair practices claims, when evaluated from the vantage of a reasonable consumer. *See Freeman*, 68 F.3d at 289–290. As a result, the Complaint does not allege a plausible claim for relief under Cal. Bus. & Prof. Code §§ 17200 or 17500, or Cal. Civ. Code § 1750 and Counts IV, V and VI should be dismissed.

5.    *Counts VII and VIII: The Complaint fails to allege plausible breach of express or implied warranty claims.(Complaint at 85–88, ¶¶ 239–54)*

To state a cause of action for breach of an express warranty, a plaintiff must sufficiently allege the following elements: (1) the exact terms of the warranty; (2) reasonable reliance on the warranty; and (3) a breach of warranty that proximately causes the plaintiff's injury. *See Avago Techs. U.S., Inc. v. Venture Corp.*, No. C 08-03248 JW, 2008 WL 5383367, at *4 (N.D. Cal. Dec. 22, 2008) (citing *Williams v. Beechnut Nutrition Corp.*, 229 Cal. Rptr. 605 (Cal. Ct. App. 1986)). Further, Plaintiff must prove that (1) the seller's statements constitute an affirmation of fact or promise or description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached. *See Perez v. Monster Inc.*, No. 15-cv-03885-EMC, 2016 WL 234370, at *7 (N.D. Cal. Jan. 20, 2016); *Weinstat v. Denstply Int'l Inc.*, 103 Cal. Rptr. 3d 614, 626 (Cal. Ct. App. 2010). A claim for breach of implied warranty of merchantability must as a

threshold matter allege facts that at the time of the purchase, the defendant was in the business of selling the product. *See Andrade v. Pangborn Corp.*, No. C 02-3771 PVT, 2004 WL 2480708, at \*23 (N.D. Cal. Oct. 22, 2004). Under California law, warranty claims cannot be asserted against anyone who is not a manufacturer or supplier of the products. *See Hanberry v. Hearst Corp.*, 81 Cal. Rptr. 519, 524 (Cal. Ct. App. 1969).

There are no facts alleging that the Media Defendants were "in the business of selling the product." *Andrade*, 2004 WL 2480708, at \*23. The Complaint contains no facts that any Media Defendant manufactured, sold or supplied the products at issue, nor could it within the parameters of Rule 11. Thus, Counts VII and VIII should be dismissed.

**D.     Plaintiff's allegations of vicarious liability fail as a matter of law. (Complaint at 61–66, ¶¶ 132–141)**

The Complaint alleges four theories of vicarious liability: (1) civil conspiracy; (2) joint venture liability; (3) an agency theory; and (4) aiding and abetting. All are inadequately plead.[17]

Civil conspiracy comprises three elements: (1) the formation and operation of a conspiracy; (2) wrongful conduct in furtherance of the conspiracy; and (3) damages arising from the wrongful conduct. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869

---

[17] Separate from the pleading failure, civil conspiracy is not a separate and distinct cause of action under California law. *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997). Thus, Plaintiff's vicarious liability claims fail because no substantive claim states a plausible ground for relief.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

P.2d 454, 457 (Cal. 1994). "Civil conspiracy allegations must be separately pled as to each of the substantive causes of action." *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, No. C 06-7541 PJH, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007) (citing *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 947–48 (N.D. Cal. 2003)).

In *Vess v. Ciba-Geigy Corp. USA*, the Ninth Circuit affirmed the dismissal of conspiracy claims similar to Plaintiff's. 317 F.3d 1097 (9th Cir. 2003). The *Vess* plaintiff alleged a fraudulent conspiracy to misrepresent the efficacy of Ritalin, a prescription drug. *See Vess*, 317 F.3d at 1106. The Ninth Circuit held that the plaintiff's complaint was properly dismissed under Rule 9(b) because the plaintiff did not "provide the particulars of when, where, or how the alleged conspiracy occurred." *Id.* The plaintiff alleged that Defendant American Psychiatric Association "received financial contributions" from the drug's manufacturer to promote the drug. *Id.* But dismissal was proper because plaintiff "offer[ed] scant specifics as to when or between whom the money changed hands." *Id.*

Here, Plaintiff's allegations are more vague than the allegations in *Vess*. The Complaint alleges mere conclusions that each Media Defendant "promotes and markets" the supplements. *See, e.g.*, Complaint at 22, ¶ 33. The Complaint then recites the elements of conspiracy without facts. *See* Complaint at 64, ¶ 137 ("Each Defendant was aware of the fact that each co-conspirator Defendant planned to commit fraud and other

unlawful acts. Each Defendant intended that the fraud and other unlawful acts be committed and each Defendant overtly acted in furtherance of the goals of said civil conspiracies."). The Complaint never identifies the Media Defendants alleged roles, never identifies "when or between whom" money was exchanged, and never identifies the alleged agreement(s) any Media Defendant entered, when it was entered, or who entered it. *See Vess*, 317 F.3d at 1106. Accordingly, the Complaint fails to plausibly allege conspiracy.

The Complaint's other theories of vicarious liability fail for the same reasons. To establish joint venture, (Complaint at 61–62, ¶¶ 132–33), Plaintiff must allege facts that demonstrate: (1) joint control over the venture; (2) shared profits; and (3) an ownership interest in the enterprise. *Wright v. Allstate Ins. Co. of Cal.*, No. 15-cv-01020, 2015 WL 1548949, at *3 (N.D. Cal. Apr. 7, 2015) (stating the three required elements for a joint venture allegation and granting a motion to dismiss for failure to properly allege a joint venture). The Complaint contains no factual allegations that plausibly suggest the Media Defendants satisfy any element of participating in an alleged joint venture related to the manufacturing of dietary supplements.

The same is true of the Complaint's insufficient agency allegations. *See* Complaint at 63–64, ¶¶ 134–36. Under California law, an agency relationship exists when "one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests

assent or otherwise consents so to act." *Exec. Sec. Mgmt., Inc. v. Dahl*, 830 F. Supp. 2d 883, 899 (C.D. Cal. 2011) (quoting *Huong Que, Inc. v. Luu*, 58 Cal. Rptr. 3d 527, 535 (Cal. Ct. App. 2007)).

The Complaint does not allege how any one of the Media Defendants is an agent of another Defendant, nor does it identify who is purportedly an agent of any Media Defendant. Instead, the Complaint provides, "Defendants, and each of them, were an agent of each of the other Defendants." Complaint at 63–64, ¶ 134; *see also* Complaint at 64, ¶ 135 ("each member of each of the joint ventures described above, were agents of the joint ventures and the other members of the joint ventures described above"). The Complaint's vague, conclusory allegations cannot support a theory of vicarious liability through agency.

Plaintiff's aiding and abetting allegations similarly fail. Under California law, liability may be imposed on one who aids and abets the commission of an intentional tort if the person: (1) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act; or (2) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person. *See Saunders v. Superior Court*, 33 Cal. Rptr. 2d 438, 446 (Cal. Ct. App. 1994) (citing RESTATEMENT (SECOND) OF TORTS § 876 (b), (c) (1965)); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1134–35 (C.D. Cal. 2003) (describing the difference between conspiracy

and aiding and abetting under California law). The Complaint is devoid of any factual allegation that plausibly demonstrates any Media Defendant's substantial assistance in any wrongful conduct, knowledge of wrongful conduct, or encouragement. Thus, the agency claims also fail as a matter of law.

## IV.
## CONCLUSION

The Media Defendants respectfully submit that Plaintiff's Complaint be dismissed in its entirety with prejudice because it fails to satisfy the pleading requirements of Federal Rules of Civil Procedure 9(b) and 12(b)(6) and 8(a) and leave to amend would be futile.

Respectfully submitted,

Dated: April 4, 2016        BY:__/S/_____

William C. Haggerty, Esq.
Bar No. 76652
bill@fwhb.com
Katherine M. Harwood, Esq.
Bar No. 225202
kharwood@fwhb.com
FORD, WALKER, HAGGERTY &
BEHAR
One World Trade Center, 27th Floor
Long Beach, California  90831-2700
Tel. (562) 983-2500; Fax (562) 590-3546

Charles L. Babcock, IV, Esq.,
Bar No. 01479500
cbabcock@jw.com
Edwin M. Buffmire, Esq.
Bar No. 24078283 (Pro Hac Vice Pending)

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ebuffmire@jw.com
JACKSON WALKER, L.L.P.
1401 McKinney Avenue, Suite 1900
Houston, Texas 77010
Tel. (713) 752-4200; Fax (713) 752-4221

*Attorneys for Defendants,*
DR. MEHMET C. OZ, M.D.; ZOCO
PRODUCTIONS, LLC; HARPO
PRODUCTIONS, INC.; and SONY
PICTURES TELEVISION INC.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## **DECLARATION OF WILLIAM C. HAGGERTY**

I, William C. Haggerty, declare:

1.     I am an attorney at law, duly authorized to practice law before all of the courts of the State of California and the United States District Court for the Central District of California.  I am a partner with the law firm of FORD, WALKER, HAGGERTY, & BEHAR, and counsel of record for defendants DR. MEHMET C. OZ, M.D.; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC. ("Harpo"), and SONY TELEVISION PICTURES INC. (individually "Sony" and collectively "Defendants") in the above-captioned matter. I am over 21 years of age and competent in all respects to execute this declaration.  All matters stated herein are true and correct and within my personal knowledge.

2.     I submit this declaration in support of Defendants' Motions to Dismiss the Complaint in this action.

3.     On March 24, 2016, I, along co-counsel on this case, Charles Babcock and Edwin Buffmire (*pro hac vice* applications pending), and Katherine M. Harwood of my office, conducted a conference call with plaintiff's counsel, Michael Houchin.  The purpose of the call was to meet and confer with plaintiff's counsel regarding the grounds for Defendants' Motions to Dismiss in compliance with Local Rule 7-3.  Defense counsel advised Mr. Houchin of the specific grounds for Defendants' Motions to Dismiss.  After discussing the grounds for the Motions, Mr. Houchin indicated that plaintiff may consider dismissing certain defendants, i.e., Harpo and Sony, from this case upon receipt of declarations showing the lack of their involvement in the subject telecast.  However, until then, Mr. Houchin would not dismiss any of the Defendants.  Since the parties have not reached an agreement by which plaintiff will dismiss Defendants, Defendants' Motions to Dismiss followed.

4.     Pursuant to Local Rules 5-4.2(b)(1) and 11-5.1, Defendants lodged three non-paper exhibits with the Court.  *See* Notice of Lodging filed concurrently herewith.

5.      Lodged as **Exhibit 1** is a true and correct recording of the Dr. Oz television program concerning Garcinia Cambogia recorded on October 23, 2014, which is referenced in Plaintiff's Complaint.

6.      Lodged as **Exhibit 2** is a true and correct recording of the Dr. Oz television program concerning Green Coffee Bean Extract recorded on April 10, 2012, which is referenced in Plaintiff's Complaint.

7.      Lodged as **Exhibit 3** is a true and correct recording of the Dr. Oz television program concerning Raspberry Ketones recorded on January 17, 2012, which is referenced in Plaintiff's Complaint.

8.      Attached hereto as **Exhibit 4** is a true and correct copy of the transcript of the Dr. Oz television program recorded on October 23, 2014, concerning Garcinia Cambogia.

9.      Attached hereto as **Exhibit 5** is a true and correct copy of the transcript of the Dr. Oz television program recorded on April 10, 2012, concerning Green Coffee Bean Extract.

10.     Attached hereto as **Exhibit 6** is a true and correct copy of the transcript of the Dr. Oz television program recorded on January 17, 2012, concerning Raspberry Ketones.

11.     Attached hereto as **Exhibit 7** is a true and correct screenshot of the disclaimer shown at the end of the Dr. Oz television broadcast concerning Garcinia Cambogia at Exhibit 1.

12.     Attached hereto as **Exhibit 8** is a true and correct screenshot of the disclaimer that aired at the end of the Dr. Oz television broadcast concerning Green Coffee Bean Extract at Exhibit 2.

13.     Attached hereto as **Exhibit 9** is a true and correct screenshot of the disclaimer that aired at the end of the Dr. Oz television broadcast concerning Raspberry Ketones at Exhibit 3.

2

14.   I declare under penalty of perjury that the foregoing is true and correct. Executed this ___4th___ day of April, 2016, in Long Beach, California.

William C. Haggerty

1MM\16\005\pl\Mtn to Dismiss\pl (Joint Motion to Dismiss-FINAL).doc

3

DECLARATION OF WILLIAM C. HAGGERTY