Matthew L. Marshall, Esq.  SBN: 168013
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:      (213) 891-9100
Facsimile:       (213) 488-1178
mmarshall@mpplaw.com

Beth A. Goodman, Esq. SBN: 299155
**MORRIS POLICH & PURDY LLP**
600 West Broadway, Suite 500
San Diego, California 92101-3554
Telephone:      (213) 891-9100
Facsimile:       (213) 488-1178
bgoodman@mpplaw.com

Attorney for Defendant
INTERHEALTH NUTRACEUTICALS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| VEDA WOODARD on behalf of herself, all others similarly situated, and the general public,<br><br>                  Plaintiff,<br><br>          vs.<br><br>LEE LABRADA, LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC., d/b/a OZ MEDIA; ZOCO PRODUCTIONS LLC; HARPO PRODUCTIONS, INC.; SONY PICTURES TELEVISION, INC.; NATUREX, INC.; and INTERHEALTH NUTRACEUTICALS, INC.,<br><br>                  Defendants. | Case No. 5:16-cv-00189-JGB (SPx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     July 18, 2016<br>Time:     9:00 a.m.<br>Crtrm:    1<br>Judge:    Hon. Jesus G. Bernal |

1

PLEASE TAKE NOTICE that on July 18, 2016 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Department 1 of the above-captioned Court located at 3470 Twelfth Street, Riverside, California 92501, Defendant InterHealth Nutraceuticals, Inc., hereby will and does move the Court, pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6) for an Order to dismiss Plaintiff's Complaint.

This motion is brought on the following grounds:

1. THE ALLEGATIONS OF THE COMPLAINT LACK THE REQUISITE SPECIFICITY FOR CLAIMS GROUNDED IN FRAUD.

2. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST INTERHEALTH AND IS INSUFFICIENTLY PLEADED.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 11, 2016.

This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, Plaintiff's Complaint, the matters on which the Court may take judicial notice, and the Court's file in this action, as well as oral argument that may be presented at the time of the hearing.

Dated:  April 18, 2016                    Respectfully submitted,

                                          **MORRIS POLICH & PURDY LLP**


                                          By: /s/ Beth A. Goodman
                                               Matthew L. Marshall
                                               Beth A. Goodman
                                               Attorneys for Defendant,
                                               InterHealth Neutraceuticals, Inc.

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ........................................................................... 1

II.   STATEMENT OF FACTS ............................................................. 2

III.  LEGAL STANDARD ..................................................................... 4

    A.   Legal Standard Under Federal Rule of Civil Procedure 12(b)(6) .......... 4

    B.   Legal Standard Under Federal Rule of Civil Procedure 9(b) For Pleadings Grounded In Fraud ................................................................ 5

IV.   ARGUMENT .................................................................................. 6

    A.   The Entire Complaint is Grounded in Fraud and Generally Lacks the Specificity of Allegations That is Required for Fraud Claims. ......... 6

    B.   The Complaint Fails to Sufficiently Plead Each of the Separate Causes of Action  Against InterHealth ............................................... 10

        1.   Plaintiff's First Cause of Action Fails to Adequately Plead Fraud and Deceit Claims Against InterHealth. ........................... 10

        2.   Plaintiff's Second Cause of Action for Negligent Misrepresentation Fails to Adequately Plead Facts Which Would Create any Duty Owed to Plaintiff by InterHealth. ......... 10

        3.   Plaintiff's Third Cause of Action for Quasi-Contract/Unjust Enrichment Fails to Adequately State a Claim Against InterHealth. ................................................................................... 11

        4.   Plaintiff's Fourth, Fifth, and Sixth Causes of Action for Unfair Competition, Violation of California's Consumer Legal Remedies Act, and False Advertising Fail to State a Claim Against InterHealth. ........................................................... 12

        5.   Plaintiff's Seventh Cause of Action for Breach of Express Warranty and Implied Warranty of Merchantability Fails Because Plaintiff Concedes that InterHealth was not the Seller of the Product. .................................................................. 14

    C.   The Complaint Fails to Adequately Plead Claims of Joint Liability Against InterHealth ................................................................ 14

        1.   Plaintiff's Complaint Fails to Adequately Plead the Existence of a Joint Venture Between InterHealth and the Other Defendants. ........................................................................ 15

i

2.   Plaintiff's Complaint Fails to Plead that an Agency Relationship Existed Between InterHealth and Any Other Defendant. ..................................................................... 16

3.   Plaintiff's Complaint Fails to Adequately Plead a Claim of Civil Conspiracy. ............................................................. 16

4.   Plaintiff's Complaint Fails to Adequately Plead that InterHealth Aided and Abetted Any Other Defendant. ............... 17

V.   CONCLUSION ............................................................................. 18

ii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alan Neuman Prods., Inc. v. Albright,*
   862 F.2d 1388 (9th Cir. 1988) ............................................................. 6

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,*
   7 Cal. 4th 503 (1994) ....................................................................... 17

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................ 4, 5, 15, 16

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1990) ............................................................. 5

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ........................................................ 4, 5, 15, 16

*Bowoto v. Chevron Texaco Corp.,*
   312 F. Supp. 2d 1229 (N.D. Cal. 2004) ............................................ 16

*Bruton v. Gerber Products Co.,*
   No. 12-CV-02412-LHK, 2014 WL 172111, at *9 (N.D. Cal. Jan. 15,
   2014) ................................................................................................ 12

*Buckland v. Threshold Enters.,*
   155 Cal.App.4th 798 (2007) ............................................................ 13

*Casey v. U.S. Bank Nat'l Ass'n,*
   127 Cal. App. 4th 1138 (2005) ......................................................... 18

*Collins v. eMachines, Inc.,*
   202 Cal.App.4th 249 (2011) ............................................................ 11

*Conservation Force v. Salazar,*
   646 F.3d 1240 (9th Cir. 2011) ........................................................... 4

*Destfino v. Reiswig,*
   630 F.3d 952 (9th Cir. 2011) ............................................................. 6

*Eddy v. Sharp,*
   199 Cal. App. 3d 858 (1988) ........................................................... 10

*Ehrlich v. BMW of N. Am., LLC,*
   801 F. Supp. 2d 908 (C.D. Cal. 2010) ............................................. 13

*Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,*
   122 F.3d 1211 (9th Cir. 1997) ......................................................... 16

iii

*Fogo v. Cutter Laboratories, Inc.* ,
   68 Cal.App.3d 744 (1977) ........................................................................ 14

*Garcia v. Superior Court*,
   50 Cal. 3d 728 (1990) ......................................................................... 9, 10

*Hockey v. Medhekar*,
   30 F. Supp. 2d 1209 (N.D. Ca. 1998) .................................................... 6

*Howard v. Sup. Ct.*,
   2 Cal.App.4th 745 (1992) ...................................................................... 18

*In re Glenfed, Inc. Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994) ................................................................. 6

*In re Infonet Servs. Corp. Sec. Litig.*,
   310 F. Supp. 2d 1080 (C.D. Cal. 2003) ............................................... 9

*In re Tobacco II Cases*,
   46 Cal. 4th 298, 326 (2009) ................................................................. 13

*Ingles v. Westwood One Broadcasting, Servs., Inc.*,
   129 Cal.App.4th 1050, 28 Cal.Rptr.3d 933 (2005) ............................ 12

*Jeld–Wen. Inc. v. Superior Court*,
   131 Cal.App. 4th 853, 872 (2005) ....................................................... 15

*Kane v. Chobani, Inc.*,
   No. 12–cv–2425–LHK, 2013 WL 5289253, at *6 (N.D.Cal. Sept. 19,
   2013) ..................................................................................................... 12

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................... 5, 7

*Kidron v. Movie Acquisition Corp.*,
   40 Cal. App. 4th 1571 (1995) .............................................................. 17

*Lauriedale Assocs., Ltd. v. Wilson*,
   7 Cal. App. 4th 1439 (1992) ................................................................ 11

*Manor Inv. Co. v. F. Woolworth Co.*,
   159 Cal. App. 3d 586 (1984) ............................................................... 17

*McBride v. Boughton*,
   123 Cal. App. 4th 379 (2004) .............................................................. 11

*Melchior v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003) .............................................................. 11

*Mirkin v. Wasserman*,
   5 Cal.4th 1082 (1993) ........................................................................... 9

iv

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531 (9th Cir. 1989) ................................................................ 6, 8

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ...................................................................... 5

*Neilson v. Union Bank of Cal., N.A.*,
  290 F.Supp.2d 1101 (C.D.Cal. 2003) ...................................................... 10

*Saunders v. Superior Court*,
  27 Cal.App.4th 832 (1994) ...................................................................... 12

*Schulz v. Neovi Data Corp.*,
  152 Cal.App.4th 86 (2007) ...................................................................... 18

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ...................................................................... 5

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................ 7, 8

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .................................................................... 6

*Viggiano v. Hansen Nat. Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) .................................................... 13

*Woodrum v. Woodward County*,
  866 F.2d 1121 (9th Cir.1989) .................................................................. 16

**Statutes**

Cal. Bus. & Prof. Code § 17200 (Unfair Competition Law "UCL").......... 1, 12, 13

Cal. Com. Code § 2313(1)(a) .................................................................... 14

California Consumer Legal Remedies Act ("CLRA") .............................. 1, 12, 13

California False Advertising Law ("FAL") .................................................. 1, 12

**Other Authorities**

California Civil Jury Instructions, CACI, No. 123 .............................. 14

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM
OF POINTS AND AUTHORITIES

1

## Rules

2   Fed. R. Civ. P. 8 .................................................................................. 2, 5

3   Fed. R. Civ. P. 8(a) .............................................................................. 4

4   Fed. R. Civ. P. 8(a)(2) ...................................................................... 1, 5

5   Fed. R. Civ. P. 9(b) ............................................... 1, 5, 7, 8, 9, 10, 17, 19

6   Fed. R. Civ. P. 12(b)(6) ........................................... 1, 2, 4, 5, 10, 19

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**

# I.    INTRODUCTION

InterHealth Neutraceuticals, Inc. ("InterHealth") is entitled to dismissal pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b), and 12(b)(6) because (1) the gravamen of the complaint is grounded in fraud and its allegations fail to meet the exacting pleading standards of Rule 9(b), and (2) Plaintiff fails to sufficiently plead a plausible claim against InterHealth as a matter of law.

First, Plaintiff's entire complaint is premised on allegedly fraudulent misrepresentations and omissions made by "Defendants" about the products at issue.  Therefore, her entire complaint is "grounded" in fraud and must meet the specific pleading requirements of Rule 9(b).  Plaintiff, however, has failed to set forth the requisite specificity required for such fraud claims and has failed to identify a single claim, advertisement or other representation made by InterHealth about the products that she allegedly purchased.  Instead, Plaintiff ignores her clear obligations and simply alleges in a broad and conclusory manner that Defendants, and each of them, misrepresented the effectiveness and quality of the products at issue without any reference to the particular misconduct by InterHealth.  For that reason alone, the Court must dismiss the Complaint, as the allegations are not specific enough to give InterHealth notice of the particular misconduct underlying the claims.

Second, the Complaint is insufficiently pleaded as to InterHealth in that it fails to establish a plausible theory of liability or causation, *to wit:*

- The Complaint fails to set forth a factual basis that InterHealth was involved in the product labeling, marketing, and advertising that make up the basis of Plaintiff's claims under the UCL, CLRA, and FAL;

- The Complaint fails to establish Plaintiff's right to recover under an unjust enrichment/quasi-contract theory given her adequate remedies at law;

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM
OF POINTS AND AUTHORITIES

- The Complaint fails to allege sufficient facts that would create any duty owed by InterHealth to Plaintiff;
- The Complaint fails to allege that InterHealth ever sold the product to Plaintiff, thus negating any potential breach of warranty claims; and
- The Complaint fails to allege facts sufficient to establish any joint liability between InterHealth and any of the other defendants.

As a result of all of the foregoing, the Complaint falls short of Rule 8's pleading requirements and must be dismissed as against InterHealth pursuant to Rule 12(b)(6).

## II.   STATEMENT OF FACTS

This case is a class action lawsuit involving the packaging, labeling, advertising, and marketing of Labrada weight-loss supplement products, including the Labrada Garcinia Cambogia DUAL ACTION FAT BUSTER, the Labrada Green Coffee Bean Extract FAT LOSS OPTIMIZER, the Labrada Raspberry Ketones METABOLIC ENHANCER, and the Labrada FAT BUSTER FAT LOSS AID ("The Products").

The Products are developed, manufactured, promoted, marketed, distributed, and sold by Defendants Lee Labrada, Labrada Bodybuilding Nutrition, Inc., and Labrada Nutritional Systems, Inc. ("The Labrada Defendants"). (Compl. ¶¶ 27-29.) According to Plaintiff, these products were marketed and promoted by Defendants Dr. Mehment C. Oz, M.D. ("Dr. Oz"), Entertainment Media Ventures, Inc. d/b/a/ Oz Media ("Oz Media"), Zoco Productions, LLC ("Zoco"), Harpo Productions, Inc. ("Harpo") and Sony Pictures Television, Inc. ("Sony") ("The Media Defendants"). (Compl. ¶¶ 30-35.)

InterHealth is an ingredient supplier who provides ingredients to manufacturers of dietary supplements and functional foods & beverages.

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**

(Compl. ¶ 40.)  In this case, InterHealth provided the ingredient Supercitrimax®

to the Labrada Defendants for use in products developed, manufactured, labeled

and sold by them.  InterHealth does not manufacture Supercitrimax®.  (Compl. ¶

14.)  Further, as merely an ingredient supplier, InterHealth does not develop,

manufacture, label, package, distribute or sell any of The Products.  Plaintiff does

not, and cannot, plead any facts supporting her claim that InterHealth has any

involvement in the development, manufacture, distribution, or sale of the

Labrada Garcinia Cambogia with Supercitrimax® product.

Plaintiff's claims are based on alleged misrepresentations she saw prior to,

and at the time she purchased The Products from Vitamin Shoppe in June 2013.

(Compl. ¶¶ 24, 25.)  Plaintiff alleges she relied on the representations made on

The Products' labels and on The Doctor Oz Show in deciding to purchase The

Products.  (Compl. ¶¶ 25, 88-106.)  Plaintiff further bases her claims on

"materially false and misleading statements regarding the efficacy of [T]he

Products [disseminated] through a broad range of advertisement medium,

including branded websites, brand sponsorship, earned advertising, editorial

content in magazines, and through social media" including the Labrada

Defendants website, their affiliated websites, the Labrada Defendants YouTube,

and Labrada Defendants' web banners. (Compl. ¶¶ 79-84.)

Plaintiff alleges eight causes of action against InterHealth including fraud

and deceit, negligent misrepresentation, quasi-contract/unjust enrichment, unfair

competition, violations of the Consumer Legal Remedies Act, false advertising,

and breach of an express warranty and implied warranty of merchantability.  (See

Compl. Claims for Relief Count 1-8.)

///

///

///

3

### III.  LEGAL STANDARD

#### A.  Legal Standard Under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 124142 (9th Cir. 2011).  To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, the pleading "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court established a two-step process based on Federal Rule of Civil Procedure 8(a) for determining whether a complaint meets the standard to survive a motion to dismiss.  556 U.S. at 680-81.  First, the court must identify those allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  *See id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id*. at 678 (citing *Twombly*, 550 U.S. at 555), nor do "formulaic recitation[s] of the elements of [the] cause[s] of action" with no facts to support the claims, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Complaints comprised of "'naked assertion[s]' devoid of 'further factual enhancement'" are plainly insufficient. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

Second, the court should assume the truth of well-pleaded factual allegations, if the complaint contains any, and determine whether they plausibly give rise to an entitlement to relief.  *See id.* at 681.  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988

(9th Cir. 2001). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and it, therefore, should be dismissed. *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Rule 8 pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Courts must dismiss claims that assert only "a sheer possibility that a defendant has acted unlawfully." *Id.*

In light of *Twombly* and *Iqbal,* the Ninth Circuit summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990)

## B. Legal Standard Under Federal Rule of Civil Procedure 9(b) For Pleadings Grounded In Fraud

If a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as a basis of the claim, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading…as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009). To avoid dismissal, Rule 9(b) requires that a plaintiff who alleges fraud "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

The Ninth Circuit has interpreted Rule 9(b) to mean that the plaintiff must

1   state the time, place, and specific content of the false representations, as well as

2   the identities of the parties to the misrepresentation.  *Alan Neuman Prods., Inc. v.*

3   *Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988).  In other words, "[a]verments

4   of fraud must be accompanied by the 'who, what, when, where, and how' of the

5   misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

6   Cir. 2003) (citation omitted).  The plaintiff alleging fraud must also "set forth an

7   explanation as to why the statement or omission complaint of was false or

8   misleading."  *Hockey v. Medhekar*, 30 F. Supp. 2d 1209, 1213 (N.D. Ca. 1998)

9   (citing *In re Glenfed, Inc. Sec. Litig*., 42 F.3d 1541, 1548 (9th Cir. 1994)

10  (overruled by statute on other grounds)).  The complaint must be "specific

11  enough to give defendants notice of the particular misconduct…so that they can

12  defend against the charge and not just deny that they have done anything wrong."

13  *Vess,* 317 F.3d at 1106 (internal quotation omitted).

14      Further, where there are multiple defendants, "Rule 9(b) 'does not allow a

15  complaint to…lump multiple defendants together but require[s] plaintiffs to

16  differentiate their allegations when suing more than one defendant."  *Destfino v.*

17  *Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (dismissal for failure to "set out which

18  of the defendants made which of the fraudulent statements/conduct" and alleging

19  only "'everyone did everything' allegations.");  *see also Moore v. Kayport*

20  *Package Exp., Inc.,* 885 F.2d 531, 541 (9th Cir. 1989) (complaint must "[identify]

21  the rule of each defendant in each scheme").

22  **IV.  ARGUMENT**

23      **A.    The Entire Complaint is Grounded in Fraud and Generally Lacks**

24          **the Specificity of Allegations That is Required for Fraud Claims.**

25      Each and every one of the claims asserted by Plaintiff is based on the core

26  and conclusory allegation that all defendants aided and abetted one another and

27  conspired to commit various acts of fraud.  These alleged acts include knowingly

28

agreeing to sell ineffective weight-loss supplements to consumers, "actively marketing and promoting the ineffective and fraudulent weight-loss supplements," "falsely and fraudulently advertising and selling [The Products]," making "material misrepresentations…that [The Products] are effective at providing weight loss benefits," falsely representing that "Dr. Oz does not endorse specific brands," falsely representing that The Products are "made in the USA," falsely representing that The Products "contain 'standardized' amounts of ingredients," and concealing the truth about The Products by not disclosing facts about the studies supposedly supporting The Products. The Complaint further alleges that all defendants knew that these representations were false and misleading and were made with the intent to defraud. (Compl. ¶¶ 137-141, 160-63, 171, 178-179.)

Plaintiff's Complaint relies on this alleged fraudulent conduct as an underlying factual basis for all of her claims (i.e. fraud and deceit, negligent misrepresentation, quasi-contract/unjust enrichment, unfair competition, violations of the Consumer Legal Remedies Act, false advertising, and breach of an express warranty and implied warranty of merchantability), as she incorporates these allegations into each allegation in the Complaint. (Compl. ¶¶ 156, 196, 208, 225, 233, 239, 248.) Consequently, all of the claims are grounded in fraud and the pleading as a whole must satisfy the particularly requirement of Rule 9(b)." *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1127 (9th Cir. 2009)

Here, Plaintiff falls far short of satisfying the heightened pleading standards of Rule 9(b). In *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007), the court affirmed the dismissal of a fraud claim against two of the defendants, Presidio and DB, because the plaintiffs failed to adequately plead that Presidio and DB actually made the alleged misrepresentations. The complaint alleged generally that the defendants engaged in fraudulent conduct and that two

other defendants, KPMG and B&W, made misrepresentations. *Id*. The complaint also alleged that Presidio and DB were part of a conspiracy with KPMG and B&W, and that Presidio and DB were the agents of KPMG and B&W. *Id*. Plaintiff therefore argued that Rule 9(b) was satisfied with respect to the fraud claims against Presidio and DB. *Id*. The court, however, disagreed because in a fraud suit the plaintiffs must, at a minimum, "identify the role of each defendant in the alleged fraudulent scheme." *Id*. (quoting *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 541 (9th Cir. 1989) (internal brackets omitted)).

Like in *Swartz*, throughout the Complaint, Plaintiff simply lumps together all defendants in alleging the fraudulent conduct, but fails to allege InterHealth's specific role in the labeling, marketing, promotion, advertising or sale of The Products.  Plaintiff attempts to cure this defect by making the conclusory allegation that  InterHealth has joint liability with all other defendants.  Simply alleging InterHealth has joint liability with the other defendants is not enough to establish liability under Rule 9(b).  Plaintiff cannot simply "lump together" all of the defendants in this fashion.  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rather, a plaintiff must "differentiate [his] allegations when suing more than one defendant." *Id*.  Plaintiff's failure to do so is fatal to her claims.[1]

Further, the Complaint falls far short of Rule 9(b)'s exacting pleading standard with respect to InterHealth.  First, for Plaintiff to successfully assert a

---

[1] The lumping together of multiple defendants is not merely confined to the core fraud allegations regarding the labeling, marketing, promotion, advertising or sale of The Products.  Plaintiff concedes that Defendants Naturex and InterHealth are ingredient suppliers (Compl. ¶¶ 37 and 40) while concurrently (and inconsistently) alleging that each of them, along with the Labrada Defendants, "develops, manufactures, promotes, markets, distributes, and/or sells…the Labrada [product]" without making any distinction among them. (Compl. ¶¶ 27-29, 36, 39.)

fraud claim, she must plead actual reliance.  *See Mirkin v. Wasserman*, 5 Cal.4th 1082, 1092 (1993), quoting *Garcia v. Superior Court*, (1990) 50 Cal. 3d 728, 737 (A plaintiff asserting fraud by misrepresentation is obliged to plead and prove actual reliance.); *see also Mirkin*, 5 Cal.4th at 1093 (Actual reliance is also an element of fraud claims based on omission.)  Plaintiff has failed to plead any particular facts indicating she ever saw or actually relied on any representation made by InterHealth, and instead simply concludes that she "justifiably relied on all misrepresentations made by InterHealth…because the representations were repeated to Plaintiff…through the comprehensive marketing scheme described [in the Complaint]."  (Compl. ¶ 183.)  The Complaint pleads reliance based only on the purchase of The Products (Compl. ¶ 184), statements made by Dr. Oz (Compl. ¶ 185), and representations on the packaging and in the advertising materials for The Products.   (Compl. ¶ 186.)   As an ingredient supplier, InterHealth had nothing to do with any packaging, marketing, or advertising of The Products by The Labrada Defendants or The Media Defendants.

Further, Plaintiff has failed to plead any particular facts relating to InterHealth's alleged fraudulent statements, "[including] time, place, persons, statements made, [and] explanations of why or how such statements are false or misleading."  *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1093 (C.D. Cal. 2003) (citation and quotations omitted).  Because the Complaint fails to allege the who, when, what, and how with the required particularity, Plaintiff has not satisfied Rule 9(b) and the Complaint should be dismissed.

///
///
///
///
///

9

**B.** **The Complaint Fails to Sufficiently Plead Each of the Separate Causes of Action[2] Against InterHealth .**

    **1.** **Plaintiff's First Cause of Action Fails to Adequately Plead Fraud and Deceit Claims Against InterHealth.**

As stated above, because the gravamen of Plaintiff's entire Complaint is premised in fraud, the Complaint's general lack of particularity fails to satisfy Rule 9(b).    Plaintiff's first cause of action for fraud and deceit, by definition, is subject to the same heightened pleading requirements of Rule 9(b), and  fails to satisfy its requirements for all of the same reasons set forth *supra*.

    **2.** **Plaintiff's Second Cause of Action for Negligent Misrepresentation Fails to Adequately Plead Facts Which Would Create any Duty Owed to Plaintiff by InterHealth.**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint alleging negligent misrepresentation must satisfy Federal Rules of Civil Procedure, Rule 9(b).  *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1141 (C.D.Cal. 2003).   As described *supra*, Plaintiff fails to meet the heightened pleading standard of Rule 9(b) with respect to the entire Complaint.  Plaintiff's cause of action for negligent misrepresentation is further untenable because it is premised on an erroneously presumed duty owed to Plaintiff by InterHealth.   Indeed, to be viable, this claim requires a legally cognizable duty.  *See Garcia v. Superior Court*, 50 Cal. 3d 728, 735 (1990) (negligent misrepresentation requires plaintiff to show duty to exercise reasonable care was owed to person whom representation was made); *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988) ("As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty....owed by a

---

[2] The Complaint refers to the several causes of action alleged in the Complaint as "Counts".

defendant to the injured person.")  Plaintiff fails to address why InterHealth owed any duty to her as an ingredient supplier who does not package, advertise, market, or sell The Products.

> **3.    Plaintiff's Third Cause of Action for Quasi-Contract/Unjust Enrichment Fails to Adequately State a Claim Against InterHealth.**

Plaintiff's claim for unjust enrichment is improper as a matter of law as "there is no cause of action in California for unjust enrichment." *Melchior v. New Line Prods., Inc*., 106 Cal. App. 4th 779, 793 (2003) (affirming trial court's dismissal of "unjust enrichment" claim as no such independent cause of action exists in California); *see also Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) (stating that "[t]he phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect…").  Further, a quasi-contract claim is simply a way of describing the "basis for the equitable remedy of restitution when an unjust enrichment has occurred." *McBride v. Boughton,* 123 Cal. App. 4th 379, 388 n. 6 (2004).

Courts have found that when "plaintiffs' remedies at law are adequate (counts alleged under the CLRA, the UCL, and common law fraud), a claim for restitution, alleging that [a defendant] has been unjustly enriched by its fraud, is unnecessary. This conclusion follows from the general principle of equity that equitable relief (such as restitution) will not be given when the plaintiff's remedies at law are adequate. [Citations]."  *Collins v. eMachines, Inc*. (2011) 202 Cal.App.4th 249, 260.  Thus, when a Plaintiff has adequate legal remedies, the complaint does not state a claim for restitution based on unjust enrichment.  *Id*.  Here, too, Plaintiff seeks damages, including restitution, under her statutory CLRA and unfair competition claims.  Therefore, Plaintiff's remedies at law are adequate and her claim for unjust enrichment/quasi-contract should be dismissed.

### 4. Plaintiff's Fourth, Fifth, and Sixth Causes of Action for Unfair Competition, Violation of California's Consumer Legal Remedies Act, and False Advertising Fail to State a Claim Against InterHealth.

California's Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. An unlawful business practices claim under section 17200 "borrows violations of other laws and treats them as unlawful practices independently actionable under section 17200 *et seq*." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838–39 (1994) (quotation omitted). Accordingly, a defendant "cannot be liable under § 17200 for committing unlawful business practices without having violated another law." *Ingles v. Westwood One Broadcasting, Servs., Inc*., 129 Cal.App.4th 1050, 1060 (2005). Because Plaintiff has failed to allege that InterHealth violated any other law in the Complaint, she has not sufficiently alleged that InterHealth is liable for an unlawful business practice.

Further, as described *supra,* Plaintiff's claims under the UCL, California's Consumer Legal Remedies Act ("CLRA"), and California's False Advertising Law ("FAL") all fail because her claims are based on misrepresentations and fraudulent conduct and Plaintiff does not, and cannot, plead actual reliance on any representations made by InterHealth.

For claims under the UCL, actual reliance is required to establish statutory standing under the all three prongs of the UCL whenever the underlying alleged misconduct is deceptive or fraudulent. *See Bruton v. Gerber Products Co*., No. 12-CV-02412-LHK, 2014 WL 172111, at *9 (N.D. Cal. Jan. 15, 2014) (unlawful prong); *see also Kane v. Chobani, Inc*., No. 12–cv–2425–LHK, 2013 WL 5289253, at *6 (N.D.Cal. Sept. 19, 2013) ("the actual reliance requirement also applies to claims under the UCL's unfair prong to the extent such claims are

based on fraudulent conduct"); *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) (Imposing an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong.)  For claims under the CLRA based on misrepresentations and fraud, Plaintiff also must plead actual reliance.  *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 919 (C.D. Cal. 2010) citing *Buckland v. Threshold Enters*., (2007) 155 Cal.App.4th 798, 810. Finally, where claims under the FAL are premised on allegedly misleading communications, California courts require evidence of reliance before they will find that causation and injury in fact have been proved.  *Viggiano v. Hansen Nat. Corp*., 944 F. Supp. 2d 877, 886 (C.D. Cal. 2013).

First, Plaintiff fails to plead any facts that InterHealth, as an ingredient supplier, was involved in any packaging, marketing or advertising of The Products.  Indeed, as an ingredient supplier, InterHealth was not involved in the packaging, marketing, or advertising of The Products by The Labrada Defendants or The Media Defendants. The only representations Plaintiff alleges InterHealth actually made concern statements on InterHealth's website and are about an ingredient used by the Labrada Defendants in their Products, and not about The Products themselves.  Plaintiff also alleges that InterHealth allegedly omitted material facts regarding "the true nature of the Supercitrimax® Product and the true nature of the 'clinical studies' that Defendants claim to support [The Products] advertising claims" but fails to allege that InterHealth made any material omissions about The Products allegedly used by the Plaintiff.   (Compl. ¶¶ 109-110.)  The Complaint alleges reliance based only on the purchase of The Products (Compl. ¶ 184), statements made by Dr. Oz (Compl. ¶ 185), and representations on the packaging and in the advertising materials for The Products. (Compl. ¶ 186.)     However, Plaintiff pleads no facts claiming that she actually relied on any statement, representation or omission on InterHealth's

website in making the decision to purchase The Products.  Plaintiff fails to allege she ever even visited or read InterHealth's website prior to her purchase of The Products.  Plaintiff's failure to plead the requisite reliance for her UCL, CLRA, and FAL claims warrants dismissal of these claims.

> **5.** **Plaintiff's Seventh Cause of Action for Breach of Express Warranty and Implied Warranty of Merchantability Fails Because Plaintiff Concedes that InterHealth was not the Seller of the Product.**

A cause of action for breach of express and implied warranty cannot be brought against InterHealth, as InterHealth did not sell the Products.  A sale is ordinarily an essential element of any warranty, express or implied . . ." *Fogo v. Cutter Laboratories, Inc.* (1977) 68 Cal.App.3d 744, 759 [internal citations omitted]; see also Cal. Com. Code § 2313(1)(a), ("Express warranties by the seller are created   [by] fact or promise made *by the seller* to the buyer…") (emphasis added); California Civil Jury Instructions, CACI, No. 1231, (essential factual elements for implied warranty of merchantability include "1. That [name of plaintiff] bought the [product] from [name of defendant].")  The Products were sold by The Labrada Defendants and Vitamin Shoppe Store, not by InterHealth. (Compl. ¶¶ 24, 27-29)   Thus, on its face, the allegations in the Complaint do not, and cannot, support a plausible claim for breach of express or implied warranty as to InterHealth.

## C.   The Complaint Fails to Adequately Plead Claims of Joint Liability Against InterHealth

The claims of joint liability are inadequately pleaded because all of Plaintiff's claims are based the labeling, marketing, advertising and/or sale of The Products to Plaintiff.  Notwithstanding these allegations, Plaintiff concurrently alleges and concedes that InterHealth was not involved in the packaging, labeling, marketing,

advertising, or sale of The Products at issue.  Plaintiff cannot circumvent this inconsistency by simply adding the conclusory and boilerplate allegations that InterHealth is vicariously liable for statements made on the labeling/packaging and in the advertising of The Products based on theories of a joint venture, civil conspiracy, an agency theory, and aiding and abetting.  Such boilerplate claims fail to meet the pleading standards set forth in *Twombly* and *Iqbal*.

> ### 1.  Plaintiff's Complaint Fails to Adequately Plead the Existence of a Joint Venture Between InterHealth and the Other Defendants.

First, Plaintiff alleges that "[e]ach and every Defendant named in [the] complaint have combined their property, skill, and knowledge to carry out a single business undertaking in that they produce, promote, and distribute weight-loss supplements," (Compl. ¶ 132) that "[t]he Labrada Defendants and Defendant InterHealth…have combined their property, skill, and knowledge to carry out a single business undertaking in that they develop, manufacture, promote, market, distribute, and/or sell [The Products]," and that The Labrada Defendants and InterHealth "have formed an agreement to jointly share the control, profits, and losses of the…joint venture."  (Compl. ¶ 133(c).)

Courts apply the joint venture doctrine to hold each joint venturer liable when three elements are satisfied: (1) the members must have joint control over the venture; (2) the members must share the profits of the undertaking; and (2) the members must each have an ownership interest in the enterprise." *Jeld–Wen. Inc. v. Superior Court*, 131 Cal.App. 4th 853, 872 (2005).  Plaintiff has failed to allege any facts related to whether InterHealth controls, shares profits, or has an ownership interest in in The Labrada Defendants, or any other defendants' enterprise.  Instead, Plaintiff simply parrots the elements of this cause of action in conclusory fashion, which is not sufficient to support the application of joint

venture liability.  *See Iqbal*, 129 S. Ct. at 1949–50.

### 2. Plaintiff's Complaint Fails to Plead that an Agency Relationship Existed Between InterHealth and Any Other Defendant.

Plaintiff further suggests that InterHealth could be liable on an agency theory. To establish an agency relationship "a party must demonstrate (1) a manifestation by the principal that the agent shall act for him; (2) the agent accepting the undertaking; and (3) an understanding between the parties that the principal is to be in control of the undertaking.  *Bowoto v. Chevron Texaco Corp*., 312 F. Supp. 2d 1229, 1239 (N.D. Cal. 2004).  Plaintiff's agency allegations fail to establish any agency relationship and simply conclude that "Defendants, and each of them, were an agent of each of the other Defendants, and in doing the acts alleged herein, we reacting within the course and scope of such agency."  (Compl. ¶ 134.) Plaintiff does not plead facts establishing who the principal is, who the agent is, that the agent accepted the undertaking, or any indication that there was an agreement or understanding between the parties as to the agency relationship. In other words, this is just boilerplate. These "'naked assertion[s]' devoid of 'further factual enhancement'" are plainly insufficient to plead an agency theory.  *Iqbal* at 678 (quoting *Twombly*, 550 U.S. at 557).

### 3. Plaintiff's Complaint Fails to Adequately Plead a Claim of Civil Conspiracy.

Further, Plaintiff's conclusory allegations that a conspiracy exists are insufficient to state a claim.  *See Twombly,* 550 U.S. at 556-557; *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989).  First, civil conspiracy is not an independent tort.  *Entm't Research Group, Inc. v. Genesis Creative Group*, *Inc*., 122 F.3d 1211, 1228 (9th Cir. 1997).  Rather, it is a "legal doctrine that imposes liability on persons who, although not actually committing a tort

16

themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd*., 7 Cal. 4th 503, 510-511(1994) (citation omitted). Simply stated, "to establish liability on the basis of conspiracy the facts must show something was done, which, without conspiracy, would give rise to a cause of action." *Manor Inv. Co. v. F. Woolworth Co*., 159 Cal. App. 3d 586, 59 (1984) (citations omitted).

Plaintiff's civil conspiracy claim fails because, as established above, Plaintiff has not adequately alleged that InterHealth committed any underlying civil tort. *Manor Inv.*, 159 Cal. App. 3d at 593. Furthermore, even assuming that Plaintiff stated a claim for any of her causes of action, the boilerplate civil conspiracy claim still fails because Plaintiff has not provided any facts establishing the formation and operation of a conspiracy. *Kidron v. Movie Acquisition Corp*., 40 Cal. App. 4th 1571, 1581 (1995) (requiring allegation of (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct).

Finally, because Plaintiff's conspiracy claim is based on fraudulent conduct (See Compl. ¶¶ 137-139), it too is subject to Rule 9(b)'s heightened standard of pleading. However, Plaintiff only includes boilerplate recitations of the elements of a claim of conspiracy and provides no facts alleging when the conspiracy was formed, where the wrongful conduct in furtherance of the conspiracy took place, who entered the conspiracy, or how the conspiracy occurred. These conclusory allegations fail to establish a civil conspiracy.

### 4. Plaintiff's Complaint Fails to Adequately Plead that InterHealth Aided and Abetted Any Other Defendant.

Plaintiff's Complaint similarly fails to plead facts in support of her allegations of aiding and abetting. Aiding and abetting liability requires that

17

Plaintiff allege knowledge of wrongful conduct by the defendant, substantial assistance or encouragement of that wrongful conduct by the defendant, and that the wrongful conduct was a substantial factor in causing Plaintiff's alleged harm. *See Schulz v. Neovi Data Corp.*, 152 Cal.App.4th 86, 93 (2007).  Thus, Plaintiff must plead facts establishing not only that InterHealth knew of other defendants conduct, but that it made a "*conscious decision to participate in tortious activity* for the purpose of assisting another in performing a wrongful act."  *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1146 (2005) (quoting *Howard v. Sup. Ct.*, 2 Cal.App.4th 745, 748-49 (1992), emphasis in original).

Plaintiff alleges no facts indicating that InterHealth made any decision to participate in any of the alleged wrongful conduct of the other defendants in regard to the packaging, labeling, marketing, advertising and sale of The Products.  Indeed, Plaintiff's allegations that InterHealth "gave substantial assistance or encouragement to the Labrada Defendants" amount to nothing more than objectively benign conduct, i.e. supplying the ingredient, permitting use of the ingredient logo, and referrals to published clinical studies.  (Compl., ¶ 141.) She does not allege that such acts were wrongful or in further of a conscious decision to perform a wrongful act.  Since the Plaintiff also concedes that InterHealth did not have control over the final content of the actual packaging, labeling, marketing and advertising of The Products, these conclusory and boilerplate allegations of 'aiding and abetting' do not satisfy the requirements of Rule 8.

## V.   CONCLUSION

Based on the Complaint, the case is about a purchaser of products who claims she was fraudulently misled by the labeling and advertising of those products.  However, InterHealth, as an ingredient supplier, did not manufacture, label or sell the products at issue.  As indicated in the Motion, Plaintiff's

18

allegations that attempt to shoehorn InterHealth into this fraud/false advertising case fall far short of the requirements of Rules 8(a)(2) and 9(b) and the Complaint should be dismissed pursuant to Rule 12(b)(6).

Indeed, Plaintiff's entire complaint is grounded in fraud, requiring each claim to be pleaded with the required specificity of Rule 9(b).  Plaintiff fails to meet this burden as to InterHealth as she alleges no specific facts that show that  InterHealth made any  fraudulent statements or advertisements relating to The Products, or that she relied on any specific statements or advertisements made by InterHealth about The Products.  These deficiencies are fatal to all of the causes of action alleged in the Complaint (not just the first cause of action for Fraud) since all of the causes of action are  premised on the purported false advertising of The Products or the sale of The Products.

The Complaint suffers from further defects in pleading, such as Plaintiff's clumsy and impermissible attempts to lump all of the Defendants together with specifying the specific actionable conduct done by each and how said misconduct caused her alleged injury.  Similar defects are reflected in Plaintiff's conclusory and boilerplate recitations of joint liability that are absent specific and sufficient supporting facts.

For all of these reasons, this Court should grant Defendant InterHealth's Motion to Dismiss Plaintiff's Complaint in its entirety, pursuant to Fed. R. Civ. Proc. 12(b)(6).

Dated:  April 18, 2016        MORRIS POLICH & PURDY, LLP

By: /s/ Beth A. Goodman
    Matthew L. Marshall
    Beth A. Goodman
    Attorney for Defendant,
    InterHealth Nutraceuticals, Inc.

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2016, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and will be served electronically to designated CM/ECF participant counsel through the Court's electronic filing system.

**MORRIS POLICH & PURDY LLP**

/s/  Beth A. Goodman
Attorneys for Defendant,
INTERHEALTH
NUTRACEUTICALS, INC.

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**