1  | William C. Haggerty, Esq., Bar No. 76652
   | bill@fwhb.com
2  | Katherine M. Harwood, Esq., Bar No. 225202
   | kharwood@fwhb.com
3  | FORD, WALKER, HAGGERTY & BEHAR
   | One World Trade Center, Twenty-Seventh Floor
4  | Long Beach, California 90831-2700
5  | Tel. (562) 983-2500; Fax (562) 590-3546

6  | Charles L. Babcock, IV, Esq., Bar No. 01479500 (*Pro Hac Vice*)
   | cbabcock@jw.com
7  | William A. I. McDonald , III, Bar No. 24071360 (*Pro Hac Vice*)
   | wmcdonald@jw.com
8  | JACKSON WALKER, L.L.P.
9  | 1401 McKinney Avenue, Suite 1900
   | Houston, Texas 77010
10 | Tel. (713) 752-4200; Fax (713) 752-4221

11 | Attorneys for Defendants, DR. MEHMET C. OZ, M.D.; ZOCO PRODUCTIONS, LLC; SONY
12 | PICTURES TELEVISION INC.; and HARPO PRODUCTIONS, INC.

13 | UNITED STATES DISTRICT COURT

14 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 | VEDA WOODARD, TERESSA RIZZO-          ) No. 5:16-cv-00189-JGB-SP
16 | MARINO, and DIANE MORRISON, on       )
   | behalf of themselves, all others similarly )
17 | situated, and the general public,     )
   |                                        ) NOTICE OF MOTION AND MOTION TO
18 |                          Plaintiff,   ) DISMISS PLAINTIFFS' FIRST AMENDED
   |                                        ) COMPLAINT BY DEFENDANTS, DR.
19 |              Vs.                       ) MEHMET C. OZ, M.D., ZOCO
   |                                        ) PRODUCTIONS, LLC, HARPO
20 | LEE LABRADA; LABRADA                  ) PRODUCTIONS, INC. AND SONY
21 | BODYBUILDING NUTRITION, INC.;        ) PICTURES TELEVISION, INC. ("THE
   | LABRADA NUTRITIONAL SYSTEMS,         ) MEDIA DEFENDANTS"); MEMORANDUM
22 | INC.; DR. MEHMET C. OZ, M.D.;        ) OF POINTS AND AUTHORITIES; AND
   | ENTERTAINMENT MEDIA VENTURES,        ) DECLARATION OF WILLIAM C.
23 | INC., d/b/a OZ MEDIA; ZOCO           ) HAGGERTY IN SUPPORT THEREOF
   | PRODUCTIONS, LLC; HARPO              )
24 | PRODUCTIONS, INC; SONY PICTURES      ) [*Proposed Order filed concurrently
25 | TELEVISION, INC.; NATUREX, INC.; and ) *herewith*]
   | INTERHEALTH NUTRACEUTICALS,          )
26 | INC.,                                 ) Hearing Date:    August 15, 2016
   |                                        ) Time:            9:00 a.m.
27 |                        Defendants.    ) Room:            1
   |                                        )
28 |

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OF DEFENDANTS, DR. MEHMET C. OZ,
M.D., ZOCO PRODUCTIONS, LLC, HARPO PRODUCTIONS, INC. AND SONY PICTURES TELEVISION, INC.
("THE MEDIA DEFENDANTS")

16462692v.2

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 15, 2016, at 9:00 a.m., in Courtroom 1 of the United States District Court for the Central District of California, Eastern Division, located at 3470 Twelfth Street, Riverside, California 92501-3801, Defendants Dr. Mehmet C. Oz, M.D., ZoCo Productions, LLC, Harpo Productions, Inc. and Sony Pictures Television, Inc. will move this Court for an Order to dismiss Plaintiffs Veda Woodard, Teressa Rizo-Marino, and Diane Morrison's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 16, 2016. *See Declaration of William C. Haggerty*, pg. 1, ¶ 3.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, and a red-lined comparison between the Original Complaint and the First Amended Complaint ("FAC") attached hereto as Exhibit A which are submitted in support of the Motion, all papers and pleadings on file in this action, and upon such

///

///

///

///

///

2

oral and documentary evidence as may be introduced at the hearing on this Motion.

Dated:  June 24, 2016.

Respectfully submitted,


BY: /s/ Charles L. Babcock
      William C. Haggerty, Esq.
      Bar No. 76652
      bill@fwhb.com
      Katherine M. Harwood, Esq.
      Bar No. 225202
      kharwood@fwhb.com
      FORD, WALKER, HAGGERTY & BEHAR
      One World Trade Center, 27th Floor
      Long Beach, California  90831-2700
      Tel. (562) 983-2500; Fax (562) 590-3546

      Charles L. Babcock, IV, Esq.
      (Pro Hac Vice)
      Bar No. 01479500
      cbabcock@jw.com
      William A. I. McDonald, III
      (Pro Hac Vice)
      Bar No. 24071360
      wmcdonald@jw.com
      JACKSON WALKER, L.L.P.
      1401 McKinney Avenue, Suite 1900
      Houston, Texas  77010
      Tel. (713) 752-4200; Fax (713) 752-4221

      *Attorneys for Defendants,*
      DR. MEHMET C. OZ, M.D.; ZOCO
      PRODUCTIONS, LLC; HARPO
      PRODUCTIONS, INC.; and SONY
      PICTURES TELEVISION INC.

# Table of Contents

I. INTRODUCTION ............................................................................................. 1

II. PROCEDURAL BACKGROUND ................................................................. 1

III. THE FAC ASSERTS SIX CLAIMS AGAINST THE MEDIA DEFENDANTS
    ARISING FROM THREE 2012 EPISODES OF THE DR. OZ SHOW AND ONE
    2012 POST ON DOCTOROZ.COM .............................................................. 2

IV. THE STATUTE OF LIMITATIONS BARS PLAINTIFFS' CLAIMS FOR FRAUD
    AND DECEIT UNDER COUNT II; NEGLIGENT MISREPRESENTATION
    UNDER COUNT III, THE CLRA UNDER A PART OF COUNT IV AND THE
    NEW YORK CLAIMS FOR UNFAIR TRADE PRACTICES AND FALSE
    ADVERTISING UNDER COUNTS XI
    AND XII................................................................................................................. 3

V. PLAINTIFFS' TOLLING THEORIES ARE WITHOUT MERIT AS A MATTER OF
    LAW ...................................................................................................................... 5

    A.    The Discovery Rule Does Not Apply ......................................................... 5

          1.    Fraudulent Concealment Does Not Apply. ..................................... 8

          2.    Continuing Violations Theory Does Not Apply. ............................ 9

VI. PLAINTIFFS HAVE NOT REMEDIED THEIR PLEADING DEFICIENCIES
    WITH REGARD TO ZOCO, HARPO AND SPT AND THEY SHOULD BE
    DISMISSED ........................................................................................................ 9

VII. PLAINTIFF DOES NOT PLEAD A CLRA CLAIM AND IT SHOULD BE
    DISMISSED ...................................................................................................... 11

VIII. CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alberghetti v. Corbis Corp.,*
   713 F. Supp. 2d 971 (C.D. Cal. 2010) ...................................................................6

*Baugh v. CBS, Inc.,*
   828 F. Supp. 745 (N.D. Cal. 1993) .......................................................................7

*Canatella v. Van De Kamp,*
   486 F.3d 1128 (9th Cir. 2007) ..............................................................................8

*Gristede's Foods, Inc. v. Unkechauge Nation,*
   532 F. Supp. 2d 439 (E.D.N.Y. 2007) ..................................................................5

*Hidalgo v. Johnson & Johnson Consumers Companies, Inc.,*
   15-CV-5199, 2015 WL 8375196 (S.D.N.Y Dec. 8, 2015) ...................................5

*Oja v. US. Army Corps of Eng'rs.,*
   440 F.3d 1122 (9th Cir. 2006) ..............................................................................7

*Roberts v. McAfee, Inc.,*
   660 F.3d 1156 (9th Cir. 2011) ..............................................................................9

**California Cases**

*Long v. Walt Disney Co.,*
   116 Cal. App. 4th 868, 10 Cal. Rptr. 3d 836 (Cal. Ct. App. 2004) ....................7, 8

*McGuiness v. Motor Trend Magazine,*
   129, Cal. App. 3d 59, 62, 180 Cal. Rptr. 784 (Cal. Ct. App. 1982) ....................7

*Shively v. Bozanich,*
   31 Cal. 4th 1230, 80 P.3d 676 (Cal. 2003) ...................................................6, 7, 8, 9

*Strick v. Superior Court,*
   843 Cal. App. 3d 916, 192 Cal. Rptr. 314 (Cal. Ct. App. 1983) .........................7

**California Statutes**

CAL. BUS & PROF. CODE §§ 17200 .............................................................................2

CAL. CIV. CODE § 1750 ..........................................................................................5, 9,11

ii

Uniform Single Publication Act (CAL. CIV. CODE§ 3425.3)..............................................6, 7, 8, 9

**New York State Statutes**

NY GEN. BUS. LAW § 349 ................................................................................................2, 5

NY GEN. BUS. LAW § 350 ................................................................................................2, 5

**Other Authorities**

U.S. Constitution First Amendment ....................................................................................6, 7

Federal Rule of Civil Rule 12(b)(6) .........................................................................................1

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OF DEFENDANTS, DR. MEHMET C. OZ, M.D., ZOCO PRODUCTIONS, LLC, HARPO PRODUCTIONS, INC. AND SONY PICTURES TELEVISION, INC. ("THE MEDIA DEFENDANTS")

## MEMORANDUM OF POINTS AND AUTHORITIES

The Media Defendants bring this Motion pursuant to Rule 12(b)(6) directed at the First Amended Complaint ("FAC") of Veda Woodard ("Woodard"), Teresa Rizzo-Marino ("Rizzo-Marino") and Diane Morrison ("Morrison") (collectively "Plaintiffs") and would show the Court as follows:

### I.
### INTRODUCTION

The FAC now clarifies that the broadcasts and an internet post that Plaintiffs complain about were all published in 2012.  Accordingly, all claims with a two or three year statute of limitations should be dismissed unless one of Plaintiffs' three tolling theories apply, which they do not as a matter of law.

In addition, the Court's decision dismissing Defendants ZoCo Productions, LLC, Harpo Productions, Inc., and Sony Pictures Television, Inc. ("SPT"), should stand because Plaintiffs have not cured their pleading defects as to these Defendants.

### II.
### PROCEDURAL BACKGROUND

The procedural posture of this case is accurately described in this Court's ruling granting in part and denying in part the Media Defendants' motion to dismiss Woodard's initial complaint. (Doc. 85).  Following that decision, Woodard amended her complaint adding two plaintiffs and dropping certain claims against the Media Defendants.  For the Court's convenience, we have provided a red-lined document

1

comparing the initial Complaint with the FAC and attach that hereto as Exhibit A.

## III.
## THE FAC ASSERTS SIX CLAIMS AGAINST THE MEDIA DEFENDANTS ARISING FROM THREE 2012 EPISODES OF THE DR. OZ SHOW AND ONE 2012 POST ON DOCTOROZ.COM

The FAC asserts claims against the Media Defendants for Fraud Deceit and Suppression of Facts (Count II)[1]; Negligent Misrepresentation (Count III); Unfair Competition (Count IV); False Advertising (Count VI); Morrison and Rizzo-Marino's claim under New York Law for Unfair Trade Practices N.Y. Bus. Law § 349 (Count and Morrison and Rizzo-Marino's claim under New York for False Advertising Law, N.Y. Bus. Law § 350 (Count XII).

According to the FAC, "in 2012, Dr. Oz featured a guest on the Dr. Oz Show named "Doctor" Lindsay Duncan ("Duncan") who touted the weight loss benefits of green coffee bean extract."[2] ("Green Bean I"). Plaintiffs then quote large portions of Dr. Oz's interview with Duncan which, they allege, occurred "during a 2012 episode the Dr. Oz Show."

The FAC further alleges that "following Duncan's appearance on the show in April," a fact sheet was posted to Doctoroz.com on April 26, 2012 which, Plaintiffs promoted a LaBrada branded product. ("Green Bean Post")[3].

---

[1] We think Plaintiffs inadvertently omitted the Count number in the FAC. *See* Doc. 88 p. 60. All page references are to the ECF page.
[2] Doc. 88 ¶ 17 p. 12.
[3] Doc. 88 ¶¶ 121-22 n. 34 p 48.

Then Plaintiffs allege that "following the April episode that featured Green Coffee Bean Extract, Dr. Oz did a second show about green coffee bean extract to defend against criticism he received from the first show.  During this second episode, conducted his own study on 100 of his audience members."[4]  ("Green Bean II"). Plaintiff Morrison states that she "specifically recalls seeing an episode of the Dr. Oz Show in 2012 where Dr. Oz conducted an experiment on his audience members regarding the efficacy of green coffee bean extract."[5]

Finally, Plaintiffs allege that "an episode of The Doctor Oz show believed to have aired on October 29, 2012"[6] dealt with garcinia cambogia and is referred to by Plaintiffs as the "garcinia episode."  ("Garcinia")[7]

Green Bean I, Green Bean II and Garcinia are collectively referred to as "The Complained Of Broadcasts."  The Green Bean Post is referred to as the "Complained of Post."  The Complained of Broadcasts and the Complained of Post are collectively referred to as "The Dr. Oz Publications."

## IV.
## THE STATUTE OF LIMITATIONS BARS PLAINTIFFS' CLAIMS FOR FRAUD AND DECEIT UNDER COUNT II; NEGLIGENT MISREPRESENTATION UNDER COUNT III, THE CLRA UNDER A PART OF COUNT IV AND THE NEW YORK CLAIMS FOR UNFAIR TRADE PRACTICES  AND FALSE ADVERTISING UNDER COUNTS XI AND XII

---

[4] Doc. 88 ¶ 122 p. 48.

[5] Doc. 88 ¶ 35 p. 18.

[6] Doc. 88 ¶ 111 p. 41.

[7] The Plaintiffs have dropped their claims regarding a Dr. Oz broadcast relating to Raspberry Ketone, a fact confirmed by Plaintiffs' counsel during our meet and confer regarding this Motion.

3

The Court denied the Media Defendants' initial Motion To Dismiss[8] based on limitations because (i) the running of the statute was not apparent on the face of the complaint;[9] and (ii) the Court could not consider matters outside the pleadings.[10] The FAC removes the ambiguity of the original complaint which stated that the broadcasts were "in or around 2012"[11] and now expressly pleads that the Complained of Broadcasts and the Complained of Post were all aired or published in 2012. There is allegation that they were published other than in 2012 and thus "the running of the statute [of limitations] is apparent on the face of the complaint."[12] This was done, we are informed, to avoid the needless expense of litigating claims that will be barred unless one of Plaintiffs' three tolling theories applies. The Court did not address those theories in its prior opinion.

The Court's opinion noted that "claims for negligent misrepresentation ... are subject to a two-year statute of limitations." Plaintiffs did not dispute this. The Court also recited the Media Defendants' undisputed contention that "claims for fraud ... and violations of the CLRA are subject to a three-year statute of limitations."[13] Rizzo-Rizzo-Marino's and Morrison's claims under New York law are also subject to the three year limitations period. *See Hidalgo v. Johnson & Johnson Consumers*

---

[8] Doc. 85.

[9] Doc. 85 p. 6.

[10] *Id.*

[11] *See* Doc. 1 ¶ 101.

[12] Doc. 85 p. 6 where the court noted the 12(b)(6) pleading standard for a limitations defense citing *U.S. ex rel. Air Control Techs, Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013).

4

*Companies, Inc.*, 15-CV-5199, 2015 WL 8375196, *5 (S.D.N.Y Dec. 8, 2015); *Gristede's Foods, Inc. v. Unkechauge Nation,* 532 F. Supp. 2d 439, 453 (E.D.N.Y. 2007).

Given the now undisputed dates of the Dr. Oz Publications and the applicable limitations periods Plaintiffs' claims under Count II (fraud), Count III (misrepresentation), Count IV (to the extent predicated on the CLRA),[14] Count XI GEN. BUS. LAW § 349 (McKinney 2014)), and Count XII (NY GEN. BUS. LAW § 350 (McKinney 2016)) must be dismissed unless one of Plaintiffs' tolling theories applies, to which we now turn.

# V.
## PLAINTIFFS' TOLLING THEORIES
## ARE WITHOUT MERIT AS A MATTER OF LAW

**A.     The Discovery Rule Does Not Apply**

The FAC does not appear to plead the discovery rule as to the Dr. Oz but rather confines itself to "the Products' labels."[15]  The FAC defines "Products" as The Labrada Green Coffee Bean Extract Fat LOSS OPTIMIZER and B. The Labrada Garcinia Cambogia DUAL ACTION FAT BUSTER.[16]  In any event, for the sake of completeness we explain why the discovery rule does not apply to the Complained of Broadcasts or Post.

---

[13] Doc. 85 p 5.
[14] Doc. 88 ¶ 216(f)(g)(h) pp. 68-69.
[15] Doc. 88 ¶ 126 p. 49.
[16] Doc. 88 ¶ 69 p. 29 and ¶ 77 p. 31.

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OF DEFENDANTS, DR. MEHMET C. OZ, M.D., ZOCO PRODUCTIONS, LLC, HARPO PRODUCTIONS, INC. AND SONY PICTURES TELEVISION, INC. ("THE MEDIA DEFENDANTS")

In *Shively v. Bozanich*, 31 Cal. 4th 1230, 80 P.3d 676 (Cal. 2003), the Supreme Court held that the discovery rule does not apply to publications by the mass media. It relied on the single publication rule which is a part of California common and which "largely has been codified in the Uniform Single Publication Act."[17] In case, the trial court had granted a demurrer but was reversed by the Court of Appeal. The Supreme Court ruled that the appellate court had erred. *See also Alberghetti v. Corbis Corp.*, 713 F. Supp. 2d 971, 977 (C.D. Cal. 2010) ("The single publication rule prevents any meaningful application of the 'discovery rule' ...")

The Uniform Single Publication Act ("USPA") (CAL. CIV. CODE § 3425.3), provides that no person may have more than one cause of action for damages for libel slander or invasion of privacy "*or any other tort*" founded upon any single "*such as any one ... broadcast over ... television.*" CAL. CIV. CODE § 3425.3 (West 2016) (emphasis added). Both in language and intent, the USPA is a broad enactment, that is interpreted expansively in light of the significant First Amendment issues implicated by "the vast multiplicity of suits which could arise from mass publications which transcend a variety of medias and state lines, and the attendant problems of choice of law, indefinite liability, and endless tolling of the statute of limitations." *v. Walt Disney Co.*, 116 Cal. App. 4th 868, 10 Cal. Rptr. 3d 836, 839 (Cal. Ct. App. 2004) (quoting *Strick v. Superior Court*, 843 Cal. App. 3d 916, 924, 192 Cal. Rptr.

---

[17] 31 Cal. 4th at 1246, 80 P.3d at 685.

319 (Cal. Ct. App. 1983)). "Under this rule, the aggregate communication can give to only one cause of action in the jurisdiction where the dissemination occurred, and result in only one statute of limitations period that runs from the point at which the original dissemination occurred." *Oja v. US. Army Corps of Eng'rs.*, 440 F.3d 1122, 1130 (9th Cir. 2006); *see also Strick v. Superior Court*, 143 Cal. App. 3d 916, 924, Cal. Rptr. 314, 319 (Cal. Ct. App. 1983) (applying the USPA to causes of action for libel, fraud, and deceit based on publication of a magazine article); *McGuiness v. Trend Magazine*, 129, Cal. App. 3d 59, 62, 180 Cal. Rptr. 784, 786 (Cal. Ct. App. (applying the USPA to cause of action for negligence); *Baugh v. CBS, Inc.*, 828 F. Supp. 745, 756 (N.D. Cal. 1993) (applying the USPA to claims for seclusion, trespass, unfair competition, fraud, and intentional and negligent infliction of emotional distress).

Thus, under the single publication rule, the cause of action accrues and the of limitations commences on the date of publication, *regardless* of when the plaintiff became aware of the publication. *See Shively*, 31 Cal. 4th at 1246, 80 P.3d at 685 (holding that the discovery rule did not operate to postpone accrual of individual's otherwise time barred defamation action); *Walt Disney Co.*, 116 Cal. App. 4th at 874-874-75, 10 Cal. Rptr. 3d at 841-842 (holding that fraudulent concealment was inapplicable where images on national television broadcast were "in plain view" even plaintiffs did not see them). The single publication rule has been applied to claims for

7

both damages and equitable relief.  *Canatella v. Van De Kamp*, 486 F.3d 1128, 1133-1133-1136 (9th Cir. 2007) ("Canatella sought both damages and declaratory or injunctive relief...").

## 1.    Fraudulent Concealment Does Not Apply.

The California Supreme Court in *Shively* and the Second District Court of Appeal in *Disney* both held that fraudulent concealment may not be used as a tool to avoid the statute of limitations as the *Disney* court held:

> "The doctrine of fraudulent concealment is similarly inapplicable in this case … Plaintiffs here, as did plaintiffs in the other cases, assert that they did **not** see or become aware of the broadcasts at the time they were made … The fact that these plaintiffs did not see the broadcasts does **not** change that—unlike a report hidden in a credit file, these images were in plain view."

116 Cal. App. 4th at 874-75, 10 Cal. Rptr. 3d at 841-42.  Of course two of the here claim they did see one or more of the Complained of Broadcasts which, they say, influenced their purchasing decision.  The FAC alleges that Ms. Woodard "saw episodes of *The Dr. Oz Show* that promoted the Products ..."[18] and Ms. Morrison "specifically recalls seeing an episode of The Dr. Oz Show in 2012 where Dr. Oz

---

[18] Doc. 88 ¶ 31 p. 16.

conducted an experiment ... regarding the efficacy of green coffee bean extract."[19] There is no allegation that Ms. Rizzo-Marino ever saw the Dr. Oz Publications.

### 2.    Continuing Violations Theory Does Not Apply.

The Plaintiffs' allegation regarding continuing violation is one sentence long appears to be directed against the manufacturer defendants ("unlawful advertising and labeling").[20]   In any event, under the USPA, the claim accrues "on the first general distribution of the publication to the public."   *See Shively*, 31 Cal. 4th at 1245-46, 80 P.3d at 685.   That the post was once on the internet does not abrogate the single publication rule. *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1166-67 (9th Cir. 2011).

Consequently, Plaintiffs' attempts to toll limitations on the basis of delayed discovery, fraudulent concealment, and continuing accrual fail as a matter of law with regard to the Media Defendants and the Dr. Oz Publications.   Plaintiffs' claims, therefore, accrued on the 2012 dates of the Complained of Broadcasts and Complained of Post and are barred by limitations with respect to all but Count IV (Unfair Competition), except where it invokes the CLRA, which has a four-year limitations period.

### VI.
### PLAINTIFFS HAVE NOT REMEDIED THEIR PLEADING DEFICIENCIES WITH REGARD TO ZOCO, HARPO AND SPT AND THEY SHOULD BE DISMISSED

---

[19] Doc. 88 ¶ 35 p. 18.
[20] Doc. 88 p. 50.

The Court noted that "the Complaint's only factual allegations with respect to Zoco, Harpo and SPT are that these defendants help produce or distribute Dr. Oz's show" and because "plaintiff alleges no facts indicating Zoco, Harpo and SPT participated in a joint venture or civil conspiracy **with Dr. Oz or were in any way involved in furthering Dr. Oz's alleged misconduct**" these defendants are dismissed.[21]

The FAC does remedy the pleading deficiency noted by the Court.

First, there are no substantive changes in the allegations about Dr. Oz.[22] There no allegation that he participated in a joint venture or conspiracy with Harpo, Zoco or SPT, nor is it alleged that Dr. Oz was involved with these three entities in furthering alleged misconduct.[23]   The allegations regarding Harpo and Sony are unchanged.[24] Zoco, a paragraph is added stating that on information and belief, that company "provided substantial assistance" to Dr. Oz without describing what it is.   The paragraph also states that Plaintiffs "believe" Dr. Oz is an employee of Zoco because 2012 he had a "business email address ending with the domain name "@Zoco".[25]

Second, Plaintiffs assert that "the Media Defendants are general partners" but not allege that Dr. Oz's alleged improper activities are within the business of the

---

[21] Doc 85 p. 7.

[22] The FAC changes his residence from New York to New Jersey and alleges that his conduct affected New Yorkers, presumably to cover the two new Plaintiffs who reside there.

[23] Doc. 88 pp. 20-21.

[24] *See* Doc. 88 pp. 24-25.

[25] Doc. 88 pp. 23-24.

10

partnership nor do they allege that the Media Defendants are conspiring with each other.  They attach, but do not incorporate, an Exhibit C, an unauthenticated document which is at least over seven years old (it is undated but says "the show is expected to premier in September 2009") and it does not purport to be anything more than a prediction of what "will be" happening sometime in the future.  It does not satisfy pleading requirements.  We need not burden the Court with our prior briefing on this issue which is found at Doc. 45, pages 30-34 and incorporated here by reference.  It is sufficient to note that the Court gave the Plaintiffs a second chance to replead and they didn't take it.

## VII.
## PLAINTIFFS DO NOT PLEAD A CLRA CLAIM AND IT SHOULD BE DISMISSED

The Court found that an essential element of a CLRA claim is that Defendants were "engaged in transactions for the sale or lease off goods with consumers"[26] but there were no such allegations and "plaintiff offers no response to this argument"[27]

Plaintiffs drop their stand-alone claim under the CLRA but make it a part of the claim under Count IV (Unfair Competition).  To the extent that Plaintiffs rely on the CLRA, their claims should be dismissed for the same reasons outlined by the court in its order.

---

[26] Doc. 85 p. 9.

[27] *Id.*

11

# VIII.
## CONCLUSION

This case is likely to be protracted and expensive.  It does the parties no good to be litigating claims that are barred by limitations.  Furthermore, the pleading defect in the claims against Zoco, Harpo and SPT still exist and the Court should adhere to its initial decision and dismiss them from this suit.

Dated:  June 24, 2016.

Respectfully submitted,

BY: /s/ Charles L. Babcock

William C. Haggerty, Esq.
Bar No. 76652
bill@fwhb.com
Katherine M. Harwood, Esq.
Bar No. 225202
kharwood@fwhb.com
FORD, WALKER, HAGGERTY &
BEHAR
One World Trade Center, 27th Floor
Long Beach, California  90831-2700
Tel. (562) 983-2500; Fax (562) 590-3546

Charles L. Babcock, IV, Esq.,
Bar No. 01479500
cbabcock@jw.com
William A. I. McDonald, III
Bar No. 2589983
wmcdonald@jw.com
JACKSON WALKER, L.L.P.
1401 McKinney Avenue, Suite 1900
Houston, Texas  77010
Tel. (713) 752-4200; Fax (713) 752-4221

Attorneys for Defendants,
DR. MEHMET C. OZ, M.D.; ZOCO

12

1    PRODUCTIONS, LLC; HARPO
2    PRODUCTIONS, INC.; and SONY
     PICTURES TELEVISION INC.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OF DEFENDANTS, DR. MEHMET C.
OZ, M.D., ZOCO PRODUCTIONS, LLC, HARPO PRODUCTIONS, INC. AND SONY PICTURES TELEVISION,
INC. ("THE MEDIA DEFENDANTS")

## DECLARATION OF WILLIAM C. HAGGERTY

I, William C. Haggerty, declare:

1.      I am an attorney at law, duly authorized to practice law before all of the courts of the State of California and the United States District Court for the Central District of California.  I am a partner with the law firm of FORD, WALKER, HAGGERTY, & BEHAR, and counsel of record for defendants DR. MEHMET C. OZ, M.D.; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC. ("Harpo"), and SONY PICTURES TELEVISION, INC. (individually "SPT" and collectively "Defendants") in the above-captioned matter. I am over 21 years of age and competent in all respects to execute this declaration.  All matters stated herein are true and correct and within my personal knowledge.

2.      I submit this declaration in support of Defendants' Motions to Dismiss the First Amended Complaint in this action.

3.      On June 16, 2016, I, along with co-counsel on this case, Charles Babcock, and Katherine M. Harwood of my office, conducted a conference call with plaintiffs' counsel.  The purpose of the call was to meet and confer with plaintiffs' counsel regarding the grounds for Defendants' Motion to Dismiss in compliance with Local Rule 7-3.  Defense counsel advised plaintiffs' counsel of the specific grounds for Defendants' Motion to Dismiss. The parties were unable to reach an agreement by which plaintiffs will dismiss Defendants.  Therefore, Defendants' Motion to Dismiss followed.

///
///
///
///
///
///

1

4.  A true and correct copy of the red-lined comparison between the Original Complaint and First Amended Complaint is attached hereto as Exhibit "A."

5.  I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of June, 2016, in Long Beach, California.

William C. Haggerty

DECLARATION OF WILLIAM C. HAGGERTY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OF DEFENDANTS, DR. MEHMET C. OZ, M.D., ZOCO PRODUCTIONS, LLC, HARPO PRODUCTIONS, INC. AND SONY PICTURES TELEVISION, INC. ("THE MEDIA DEFENDANTS")

PROOF OF SERVICE BY MAIL – F.R.Civ.P. 5)
Woodard v. Labrada, et al.
USDC Case No.: 5:16-cv-00189-JGB (SPx)
1MM16 005

UNITED STATES DISTRICT COURT            )
                                        )
CENTRAL DISTRICT OF CALIFORNIA          )

     I am employed in the aforesaid county;  I am over the age of eighteen years and not a party to the within entitled action; my business address is:  One World Trade Center, Twenty-Seventh Floor, Long Beach, California   90831-2700

     On June 24, 2016 I served the within: NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS, DR. MEHMET C. OZ, M.D., ZOCO PRODUCTIONS, LLC, HARPO PRODUCTIONS, INC. AND SONY PICTURES TELEVISION, INC. ("THE MEDIA DEFENDANTS"); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF WILLIAM C. HAGGERTY IN SUPPORT THEREOF ( Proposed Order filed Concurrently Herewith) on the interested parties in said action,

**SEE ATTACHED SERVICE LIST**

\_\_\_\_  by personally delivering it to the person(s) indicated below in the manner as provided in FRCivP5(b);

\_\_\_\_  by depositing it in the United States Mail at Long Beach, California, in a sealed envelope with the postage fully prepaid to the following;

 X   (BY ELECTRONIC SERVICE) I caused such document to be Electronically Served on all parties through the CM/ECF United States District Central District Court website, for the above-entitled case.  This service complies with CCP § 1010.6.  The file transmission was reported as complete and a copy of the "Filing Receipt" page will be maintained with the original document in our office.

\_\_\_\_  I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

 XX  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

 XX  I hereby certify under the penalty of perjury that the foregoing is true and correct.

     Executed on June 24, 2016, at Long Beach, California.

Diana Boyadjian

1

PROOF OF SERVICE

**Woodard v. Labrada, et al.**
**USDC Case No.: 5:16-cv-00189-JGB (SPx)**
**1MM16 005**
**Mailing List**

<u>**Attorneys for Plaintiff VEDA WOODARD:**</u>

Ronald A. Marron, Esq. (SBN 175650)
Ron@consumersadvocates.com
Skye Resendes, Esq. (SBN 278511)
Skye@consumersadvocates.com
Michael T. Houchin, Esq. (SBN 305441)
Mike@consumersadvocates.com
Law Offices of Ronald A. Marron
651 Arroyo Drive
San Diego, California 92103

(619) 696-9006 (telephone)
(619) 564-6665 (facsimile)

<u>**Attorneys for Defendant ENTERTAINMENT MEDIA VENTURES, INC. d/b/a OZ MEDIA:**</u>

Jeffer Mangels Butler & Mitchell, LLP
Michael A. Gold, Esq. (SBN 90667)
Mag@jmbm.com
Christopher H. Doyle, Esq. (SBN 124823)
Chd@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL, LLP
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
(415) 398-8080 (telephone)
(415) 398-5584 (facsimile)

<u>**Attorneys for Defendant INTERHEALTH NUTRACEUTICALS, INC.:**</u>

Matthew L. Marshall, Esq. (SBN 168013)
Mmarshall@mpplaw.com
MORRIS POLICH & PURDY, LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017

(213) 891-9100 (telephone)
(213) 488-1178 (facsimile)

2

PROOF OF SERVICE

1

**Attorneys for Defendant NATUREX, INC.:**

2

Valerie M. Goo, Esq. (SBN 187334)

3

Vgoo@orrick.com

Raija J. Horstman, Esq. (SBN 277301)

4

Rhorstman@orrick.com

ORRICK, HERRINGTON & SUTCLIFFE, LLP

5

777 South Figueroa Street

Suite 3200

6

Los Angeles, California  90017

7

8

(213) 629-2020 (telephone)

(213) 612-2499 (facsimile)

9

**Attorneys for Defendants LEE LABRADA, LABRADA BODYBUILDING NUTRITION,**

10

**INC., and LABRADA NUTRITIONAL SYSTEMS, INC.:**

11

Craig S. Hubble, Esq. (SBN 200789)

12

Craig@davidson-lawfirm.com

LAW OFFICES OF CRAIG HUBBLE

13

1500 Rosecrans Avenue, Suite 500 PMB464

14

Manhattan Beach, California  90266

15

(310) 684-3027 (telephone)

16

(310) 446-2598 (facsimile)

17

18

19

20

21

22

23

24

25

26

27

28

3