Matthew L. Marshall, Esq.  SBN: 168013
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:     (213) 891-9100
Facsimile:     (213) 488-1178
mmarshall@mpplaw.com

Beth A. Goodman, Esq. SBN: 299155
**MORRIS POLICH & PURDY LLP**
600 West Broadway, Suite 500
San Diego, California 92101-3554
Telephone:     (213) 891-9100
Facsimile:     (213) 488-1178
bgoodman@mpplaw.com

Attorney for Defendant
INTERHEALTH NUTRACEUTICALS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON on behalf of themselves, all others similarly situated, and the general public,<br><br>        Plaintiff,<br><br>        vs.<br><br>LEE LABRADA, LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC., d/b/a OZ MEDIA; ZOCO PRODUCTIONS LLC; HARPO PRODUCTIONS, INC.; SONY PICTURES TELEVISION, INC.; NATUREX, INC.; and INTERHEALTH NUTRACEUTICALS, INC.,<br><br>        Defendants. | Case No. 5:16-cv-00189-JGB (SPx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     October 17, 2016<br>Time:     9:00 a.m.<br>Crtrm:   1<br>Judge:   Hon. Jesus G. Bernal |

PLEASE TAKE NOTICE that on October 17, 2016 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Department 1 of the above-captioned Court located at 3470 Twelfth Street, Riverside, California 92501, Defendant InterHealth Nutraceuticals, Inc., hereby will and does move the Court, pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6) for an Order to dismiss Plaintiff's First Amended Complaint.

This motion is brought on the following grounds:

1. THE ALLEGATIONS OF THE FIRST AMENDED COMPLAINT LACK THE REQUISITE SPECIFICITY FOR CLAIMS GROUNDED IN FRAUD.

2. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST INTERHEALTH AND IS INSUFFICIENTLY PLEADED.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 14, 2016.

This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, Plaintiff's First Amended Complaint, the matters on which the Court may take judicial notice, and the Court's file in this action, as well as oral argument that may be presented at the time of the hearing.

Dated:  July 15, 2016                    Respectfully submitted,

**MORRIS POLICH & PURDY LLP**


By: /s/ Beth A. Goodman
        Matthew L. Marshall
        Beth A. Goodman
        Attorneys for Defendant,
        InterHealth Neutraceuticals, Inc.

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**

1
2

# <u>TABLE OF CONTENTS</u>

**Page**

3   I.    INTRODUCTION AND RELEVANT PROCEDURAL
4         BACKGROUND. ............................................................................ 1

5   II.   SUMMARY OF ARGUMENT ....................................................... 2

6   III.  STATEMENT OF FACTS ............................................................ 3

7   IV.   LEGAL STANDARD ................................................................... 5

8   V.    ARGUMENT ................................................................................ 6

9         A.   The Entire First Amended Complaint is Grounded in Fraud and
10             Generally Lacks the Specificity of Allegations That is Required
               for Fraud Claims. ................................................................... 6

11        B.   The First Amended Complaint Fails to Sufficiently Plead Each of
               the Separate Causes of Action Against InterHealth. ........................... 10

12             1.   Plaintiffs' Cause of Action For Fraud Fails to Adequately
13                  Plead Facts Against InterHealth. .................................... 10

14             2.   Plaintiffs' Cause of Action for Negligent Misrepresentation
                    Fails to Adequately Plead Facts Which Would Create any
15                  Duty Owed to Plaintiff by InterHealth. ............................. 10

16        C.   Plaintiffs' Causes of Action for Unfair Competition, Violation of
               California's Consumer Legal Remedies Act, and False
17             Advertising Fail to State a Claim Against InterHealth. ....................... 11

18             1.   Plaintiffs' Fail to Allege an Actionable Transaction Under
19                  the CLRA ................................................................. 11

20             2.   Plaintiffs Fail to Allege Specific and Actionable
                    Misrepresentations by InterHealth and Reliance Thereon to
21                  Support Their Claims under FAL, UCL and CLRA. .................. 12

22        D.   Plaintiffs' Cause of Action for Breach of Express Warranties to
               Intended Third Party Beneficiaries Fails Because InterHealth
23             Made No Express Warranties and Plaintiffs Are Not Intended
24             Third Party Beneficiaries as a Matter of Law. ................................. 15

25        E.   Plaintiffs' Cause of Action for Violation of The Magnuson-Moss
               Warranty Act Fails Because InterHealth is Neither a Supplier Nor
26             a Warrantor. ......................................................................... 17

27
28

i

1

F.    Plaintiffs' Causes of Action for Unfair Trade Practices and False
Advertising Under New York Law Fail Because InterHealth Did
Not Engage in a Consumer-Oriented Action. ...................................... 19

VI.   CONCLUSION............................................................................................. 19

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page(s)**

### Cases

*Alan Neuman Prods., Inc. v. Albright,*
    862 F.2d 1388 (9th Cir. 1988) ............................................................... 6

*Arevalo v. Bank of Am. Corp.,*
    850 F. Supp. 2d 1008 (N.D. Cal. 2011) .............................................. 12

*Artiglio v. Gen. Elec. Co.,*
    61 Cal. App. 4th 830 (1998) ................................................................. 11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................... 5

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir. 1990) ................................................................. 5

*Bancomer S.A. v. Superior Court,*
    44 Cal.App.4th 1450 (1996) ................................................................ 16

*Barabino v. Dan Gamel, Inc.,*
    No. 2:04–cv–2359–MCE–PA, 2006 WL 2083257, *4 (E.D.Cal. July 25,
    2006) ...................................................................................................... 18

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................... 5

*Blankenheim v. E.F. Hutton & Co.,*
    217 Cal.App.3d 1463 (1990) ............................................................... 10

*Bruton v. Gerber Products Co.,*
    No. 12-CV-02412-LHK, 2014 WL 172111, at *9 (N.D. Cal. Jan. 15,
    2014) ...................................................................................................... 14

*Buckland v. Threshold Enters.,*
    155 Cal.App.4th 798 (2007) ................................................................ 14

*California Emergency Physicians Medical Group v. PacifiCare of
    California,*
    111 Cal.App.4th 1127 (2003) ........................................................ 16, 17

*Casey v. U.S. Bank Nat'l Ass'n,*
    127 Cal. App. 4th 1138 (2005) .............................................................. 8

*Chamberlin v. Los Angeles,*
    92 Cal.App.2d 330 (1949) ................................................................... 16

*Dash v. Seagate Tech. (U.S.) Holdings, Inc.*,
   27 F. Supp. 3d 357 (E.D.N.Y. 2014) ........................................................ 19

*Davis v. HSBC Bank Nevada, N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ................................................................. 12

*Destfino v. Reiswig*,
   630 F.3d 952 (9th Cir. 2011) ................................................................... 6

*E. Aviation Grp., Inc. v. Airborne Express, Inc.*,
   6 Cal. App. 4th 1448 (1992) .................................................................... 17

*Eddy v. Sharp*,
   199 Cal. App. 3d 858 (1988) ................................................................... 10

*Ehrlich v. BMW of N. Am., LLC*,
   801 F. Supp. 2d 908 (C.D. Cal. 2010) .................................................... 14

*Fogo v. Cutter Laboratories, Inc.*,
   68 Cal.App.3d 744 (1977) ....................................................................... 15

*Fundin v. Chicago Pneumatic Tool Co.*,
   199 Cal. Rptr. 789 (Cal. Ct. App. 1984) ................................................. 9

*Garcia v. Superior Court*,
   50 Cal. 3d 728 (1990) ........................................................................ 7, 10

*Gristede's Foods, Inc. v. Unkechauge Nation*,
   532 F. Supp. 2d 439 (E.D.N.Y. 2007) .................................................... 9

*Hockey v. Medhekar*,
   30 F. Supp. 2d 1209 (N.D. Ca. 1998) ..................................................... 6

*Howard v. Sup. Ct.*,
   2 Cal.App.4th 745 (1992) ........................................................................ 8

*In re Glenfed, Inc. Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994) ................................................................... 6

*In re Infonet Servs. Corp. Sec. Litig.*,
   310 F. Supp. 2d 1080 (C.D. Cal. 2003) .................................................. 8

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) ............................................................................ 14

*Johnson v. Harcourt, Brace, Jovanovich, Inc.*,
   43 Cal. App. 3d 880 (Ct. App. 1974) ...................................................... 9

*Kane v. Chobani, Inc.*,
   *No.* 12–cv–2425–LHK, 2013 WL 5289253, at *6 (N.D.Cal. Sept. 19,
   2013) ......................................................................................................... 14

iv

*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009) .......................................................... 5, 7

*Kwikset Corp. v. Superior Court,*
   51 Cal.4th 310 (2011) ........................................................................ 13

*Lozano v. AT&T Wireless Servs., Inc.,*
   504 F.3d 718 (9th Cir. 2007) ............................................................. 13

*Luis v. Orcutt Town Water Co.,*
   204 Cal.App.2d 433 (1962) ........................................................... 16, 17

*Mirkin v. Wasserman,*
   5 Cal.4th 1082 (1993) .......................................................................... 7

*Moore v. Kayport Package Exp., Inc.,*
   885 F.2d 531 (9th Cir. 1989) ............................................................. 6, 9

*Moss v. U.S. Secret Serv.,*
   572 F.3d 962 (9th Cir. 2009) ............................................................... 5

*Neilson v. Union Bank of Cal., N.A.,*
   290 F.Supp.2d 1101 (C.D.Cal. 2003) .................................................. 10

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,*
   522 F.3d 1049 (9th Cir. 2008) .............................................................. 9

*Reid v. Johnson & Johnson,*
   780 F.3d 952 (9th Cir. 2015) .............................................................. 13

*Shively v. Bozanich,*
   31 Cal. 4th 1230 (2003) ........................................................................ 9

*Shurpin v. Elmhirst,*
   148 Cal.App.3d 94 (1983) ................................................................... 16

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001) ................................................................ 5

*Stanwood v. Mary Kay, Inc.,*
   941 F. Supp. 2d 1212 (C.D. Cal. 2012) .............................................. 13

*Stutman v. Chemical Bank,*
   95 N.Y.2d 24, 731 N.E.2d 608 (2000) ............................................... 19

*Swartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) ................................................................ 9

*VanDerhoof v. Chambon,*
   121 Cal.App. 118 (1932) ..................................................................... 16

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................ 6

*Viggiano v. Hansen Nat. Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) .......................................... 14

*Walters v. Calderon*,
   25 Cal.App.3d 863 (1972) ........................................................... 16

*Williams v. Gerber Products Co.*,
   552 F.3d 934 (9th Cir. 2008) ...................................................... 13

**Statutes**

15 U.S.C. § 2301(1) ........................................................................ 18

15 U.S.C. § 2301(4) .................................................................. 17, 18

15 U.S.C. § 2301(5) .................................................................. 17, 18

15 U.S.C. § 2301(7) ........................................................................ 18

Cal. Bus. & Prof. Code § 17200 .................................................... 13

Cal. Bus. & Prof. Code § 17204 .................................................... 13

Cal. Bus. & Prof. Code § 17500 .................................................... 12

Cal. Civ. Code § 1573 ................................................................... 10

Cal. Civ. Code § 1761(e) ............................................................... 11

Cal. Civ. Code § 1770 .............................................................. 11, 12

Cal. Civ. Code § 1783 ..................................................................... 9

Cal. Civ. Proc. Code § 338(d) ......................................................... 9

Cal.Com.Code § 2313 ................................................................... 15

N.Y. Gen. Bus. Law § 349 ........................................................ 3, 19

N.Y. Gen. Bus. Law § 350 ........................................................ 3, 19

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH
NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**

1

## Rules

2    Fed. R. Civ. P. 8 ........................................................................................... 3

3    Fed. R. Civ. P. 8(a)(2) ................................................................................. 2

4    Fed. R. Civ. P. 9(b) .................................................................................. 2, 6

5    Fed. R. Civ. P. 12(b)(6).............................................................................. 2, 3

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.  INTRODUCTION AND RELEVANT PROCEDURAL BACKGROUND.

Plaintiffs originally filed their Complaint on February 2, 2016, and in response thereto, the several Defendants [including InterHealth Neutraceuticals, Inc. ("InterHealth")] moved to dismiss the Complaint based on, *inter alia,* Plaintiffs' failure to alleged facts sufficient to constitute viable causes of action, including Fraud, violations of the Unfair Competition Law ("UCL"), violations of the Consumer Legal Remedies Act ("CLRA"), violations of the False Advertising Law ("FAL") and various claims premised on joint liability.

The first of the prior motions to dismiss on which the Court ruled was filed by co-Defendants defendants Harpo Productions, Inc., Dr. Mehmet C. Oz, Zoco Productions, LLC, and Sony Pictures Television, Inc. (collectively, the "Media Defendants"), which the Court granted, in part, and denied, in part on May 12, 2016 (Doc. 85).

As to InterHealth, the FAC reasserts the causes of action for Fraud, Negligent Misrepresentation, alleged violations of the UCL, alleged violations of the CLRA, and alleged violations of the FAL.  The FAC also adds a new, and novel, cause of action for Breach of Express Warranties to Intended Third Party Beneficiaries. Finally, the FAC adds new causes of action for alleged violations of the *Magnuson Moss Warranty Act*, a claim for Unfair Trade Practices under New York Law, and for False Advertising under New York Law.[1] Due to the pleading deficiencies in these causes of action, this Motion to Dismiss has followed.

---

[1] The labeling of the causes of action alleged in the FAC are inconsistent, misnumbered and confusing.  For purposes of this Motion, InterHealth will refer to title of the cause of action rather the numerical identification (e.g. First, Second, etc.), or otherwise by the page number of the FAC on which the claims are identified.

## II. SUMMARY OF ARGUMENT

InterHealth is entitled to a dismissal pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b), and 12(b)(6) because (1) the gravamen of the First Amended Complaint ("FAC") remains grounded in fraud and its allegations fail to meet the exacting pleading standards of Rule 9(b), and (2) Plaintiffs fail to sufficiently plead a plausible claim for relief against InterHealth as a matter of law.

First, Plaintiffs' entire FAC is premised on allegedly fraudulent misrepresentations and omissions made by "Defendants" about the products at issue. Therefore, the entire FAC is "grounded" in fraud and must meet the specific pleading requirements of Rule 9(b). Plaintiffs, however, have failed to set forth the requisite specificity required for such fraud claims and have failed to identify a single claim, advertisement or other representation made by InterHealth about the products that they allegedly purchased and on which they allegedly relied. Instead, Plaintiffs simply allege in a broad and conclusory manner that Defendants, and each of them, misrepresented the effectiveness and quality of the products at issue without any reference to a particular statement or misconduct by InterHealth. For that reason alone, the Court must dismiss the FAC, as the allegations are not specific enough to give InterHealth notice of the particular misconduct underlying the claims.

Second, the FAC is insufficiently pleaded as to InterHealth in that it fails to establish a plausible theory of liability or causation, *to wit:*

- The FAC fails to set forth a factual basis that InterHealth was involved in the product labeling, marketing, and advertising that make up the basis of Plaintiffs' claims under the UCL, CLRA, and FAL;
- The FAC fails to allege that InterHealth ever sold the product to Plaintiffs or that Plaintiffs were intended third party beneficiaries to any

2

contract between InterHealth and the Labrada Defendants, thus negating any potential breach of warranty claims, however creatively they have been styled in the FAC;

• The FAC fails to allege that InterHealth engaged in any consumer-oriented activities as defined under *New York General Business Law* §§ 349, 350; and

• The FAC fails to allege facts sufficient to alleged facts that could plausibly establish any joint liability between InterHealth and any of the other defendants.

As a result of all of the foregoing, the FAC falls short of Rule 8's pleading requirements and must be dismissed as against InterHealth pursuant to Rule 12(b)(6).

## III.  STATEMENT OF FACTS

This case is a class action lawsuit involving the packaging, labeling, advertising, and marketing of Labrada weight-loss supplement products, including the Labrada Garcinia Cambogia DUAL ACTION FAT BUSTER and the Labrada Green Coffee Bean Extract FAT LOSS OPTIMIZER ("The Products").

According to Plaintiffs, The Products are developed, manufactured, promoted, marketed, distributed, and sold by Defendants Lee Labrada, Labrada Bodybuilding Nutrition, Inc., and Labrada Nutritional Systems, Inc. ("the Labrada Defendants").  (FAC ¶¶ 37, 41-43.)  There are no allegations that InterHealth sold any product to either of the Plaintiffs.  According to Plaintiffs, these products were marketed and promoted by the Media Defendants.  (FAC ¶¶ 44-56.)

InterHealth is an ingredient supplier who provides ingredients to manufacturers of dietary supplements and functional foods & beverages.  (FAC ¶

3

65.)  In this case, InterHealth provided the ingredient Super Citrimax® to the Labrada Defendants for use in products developed, manufactured, labeled and sold by them. (FAC ¶13)  Further, as merely an ingredient supplier, InterHealth does not develop, manufacture, label, package, distribute or sell any of The Products.  Plaintiffs do not, and cannot, plead any facts supporting their claim that InterHealth has any involvement in the development, manufacture, distribution, sale, labeling or advertising of the Labrada Garcinia Cambogia with Super Citrimax® product that Plaintiffs contend they purchased.  Certainly, none of these activities are alleged as to InterHealth in the FAC.

Plaintiff Veda Woodard's claims are based on alleged misrepresentations she saw prior to, and at the time she purchased The Products from Vitamin Shoppe in June 2013.  (FAC ¶ 30-31.)  Plaintiff Woodard alleges she relied on the representations made on The Products' labels and on The Doctor Oz Show in deciding to purchase The Products.  (FAC ¶ 31.)  Plaintiff Teresa Rizzo-Marino's claims are based on alleged misrepresentations she saw prior to, and at the time she purchased Labrada Green Coffee Bean Extract FAT LOSS OPTIMIZER from CVS, Rite Aid, and Wal-Mart beginning in January 2014.  (FAC ¶ 32-33.) Plaintiff Diane Morrison's claims are based on alleged misrepresentations she saw prior to, and at the time she purchased The Products from various retail store, including Walgreens, between summer 2012 and late 2013.  (FAC ¶ 34-35.)  Plaintiff Morrison alleges she relied on the representations made on The Products' labels and on The Doctor Oz Show in deciding to purchase The Products.  (FAC ¶ 35.)

Plaintiffs allege nine causes of action against InterHealth including fraud, deceit and suppression of facts, negligent misrepresentation, unfair competition, violations of the Consumer Legal Remedies Act, false advertising (under California and New York law), claim for breach of express warranties to

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**

1  intended third party beneficiaries, violation of the Magnuson-Moss Warranty
2  Act, and unfair trade practices.  (See FAC Claims for Relief at pp. 51, 63-64, 67,
3  70-71, 75, 77-79.)

4  **IV.  LEGAL STANDARD**

5        To sufficiently state a claim to relief, and survive a motion to dismiss, the
6  pleading "does not need detailed factual allegations," but the "[f]actual allegations
7  must be enough to raise a right to relief above the speculative level." *Bell Atl.*
8  *Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements
9  of a cause of action, supported by mere conclusory statements, do not suffice," *id*.
10  at 678 (citing *Twombly*, 550 U.S. at 555), nor do "formulaic recitation[s] of the
11  elements of [the] cause[s] of action" with no facts to support the claims, *Ashcroft*
12  *v. Iqbal,* 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555.  While the court
13  should assume the truth of well-pleaded factual allegations, it is not "required to
14  accept as true allegations that are merely conclusory, unwarranted deductions of
15  fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors,* 266 F.3d
16  979, 988 (9th Cir. 2001).  "In sum, for a complaint to survive a motion to dismiss,
17  the nonconclusory factual content, and reasonable inferences from that content,
18  must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v.*
19  *U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).   Apart from factual
20  insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it
21  lacks a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696,
22  699 (9th Cir. 1990)

23        If a plaintiff alleges a unified course of *fraudulent* conduct and relies
24  entirely on that course of conduct as a basis of the claim, "the claim is said to be
25  'grounded in fraud' or to 'sound in fraud,' and the pleading…as a whole must
26  satisfy the particularity requirement of Rule 9(b)."  *Kearns v. Ford Motor Co*.,
27  567 F.3d 1120, 1125 (9th Cir. 2009).  To avoid dismissal, Rule 9(b) requires that

28

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH
NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**

a plaintiff who alleges fraud "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has interpreted Rule 9(b) to mean that the plaintiff must state the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentation. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988). In other words, "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). The plaintiff alleging fraud must also "set forth an explanation as to why the statement or omission complaint of was false or misleading." *Hockey v. Medhekar*, 30 F. Supp. 2d 1209, 1213 (N.D. Ca. 1998) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (overruled by statute on other grounds)).

Further, where there are multiple defendants, "Rule 9(b) 'does not allow a complaint to…lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (dismissal for failure to "set out which of the defendants made which of the fraudulent statements/conduct" and alleging only "'everyone did everything' allegations."); *see also Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 541 (9th Cir. 1989) (complaint must "[identify] the rule of each defendant in each scheme").

## V.   ARGUMENT

### A.   The Entire First Amended Complaint is Grounded in Fraud and Generally Lacks the Specificity of Allegations That is Required for Fraud Claims.

Each and every one of the claims asserted by Plaintiffs is based on alleged acts of fraud and material misrepresentation. These include "making material

representations …that the [The Products] are effective at providing weight loss," making "material misrepresentations…that [T]he [P]roducts contain 'Zero Filler, Zero Binder, and Zero Artificial Ingredients,'" falsely representing that "Dr. Oz does not endorse specific brands," falsely representing that The Products are "made in the USA," falsely representing that The Products "contain 'standardized' amounts of ingredients," and concealing the truth about The Products by not disclosing facts about the studies supposedly supporting The Products.  The FAC further alleges that all defendants knew that these representations were false and misleading and were made with the intent to defraud.  (FAC ¶¶ 70-86, 145-153, 150, 155-158, 174-175, 183, 187-193.)

Plaintiffs' FAC relies on this alleged fraudulent conduct (i.e. intentional or negligent misrepresentations, concealment of material facts, deceptive or misleading statements, inducement, etc.) as the core underlying factual basis for all of their claims,  and consequently, all of the claims are grounded in fraud and the pleading as a whole must satisfy the particularly requirement of Rule 9(b)." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).  Plaintiffs fall far short of satisfying Rule 9(b)'s heightened pleading standards, and as such, the Motion should be granted for the following reasons.

First, for Plaintiffs to successfully assert a fraud claim, they must also plead actual reliance.  *See Mirkin v. Wasserman*, 5 Cal.4th 1082, 1092 (1993), quoting *Garcia v. Superior Court*, (1990) 50 Cal. 3d 728, 737 (A plaintiff asserting fraud by misrepresentation is obliged to plead and prove actual reliance.); *see also Mirkin*, 5 Cal.4th at 1093 (Actual reliance is also an element of fraud claims based on omission.)  Here, Plaintiffs have failed to plead any particular facts indicating they ever saw or actually relied on any alleged representation made by InterHealth.  In fact, the FAC fails to identify a single specific representation made by InterHealth on which the Plaintiffs based their respective decisions to

purchase The Products.  The FAC pleads reliance based only on the purchase of The Products (FAC ¶ 159), statements made by Dr. Oz (FAC ¶¶ 194-196), and representations made on the packaging of The Products.  (FAC ¶ 70-86)  As an ingredient supplier, InterHealth had nothing to do with any packaging, marketing, or advertising of The Products by the Labrada Defendants or the Media Defendants.

Second, Plaintiffs have failed to plead any particular foundational facts relating to InterHealth's alleged fraudulent statements (to the extent any are even made), "[including] time, place, persons, statements made, [and] explanations of why or how such statements are false or misleading."  *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1093 (C.D. Cal. 2003) (citation and quotations omitted).  Because the FAC fails to allege the who, when, what, and how with the required particularity, Plaintiffs have not satisfied Rule 9(b).

Finally, Plaintiffs attempt to cure their defective pleading by alleging that InterHealth is liable by "aiding and abetting" the commissions of the Labrada Defendants' alleged tortious conduct by providing them with substantial assistance and encouragement with knowledge of the Labrada Defendants' wrongful conduct.  (FAC ¶ 142.)  However, aiding and abetting liability requires Plaintiffs to plead facts establishing not only that InterHealth knew of other defendants' conduct, but that it made a "conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act."  *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1146 (2005) (quoting *Howard v. Sup. Ct.*, 2 Cal.App.4th 745, 748-49 (1992)). [2]

_____

[2] Although it is unclear from the FAC, to the extent any derivative claims against InterHealth are based upon statements made by Dr. Oz [see FAC at ¶187,] such claims are time barred.  Plaintiffs allege that one episode of The Doctor Oz show dealt with garcinia cambogia and aired on October 29, 2012.  (FAC ¶ 41.)  Plaintiffs' claims for negligent misrepresentation and breach of express

Plaintiffs allege no facts indicating that InterHealth made any decision to participate in any of the alleged wrongful conduct of the other defendants in regard to the packaging, labeling, marketing, advertising and sale of The Products. Further, Plaintiffs fail to identify what "assistance" and "encouragement" InterHealth allegedly gave to the Labrada Defendants. Allegations of fraud must, at a minimum "identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (internal brackets omitted)). Plaintiffs' failure to do so is fatal to their claims.

---

warranty to intended third party beneficiaries are subject to a two-year statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008); *Fundin v. Chicago Pneumatic Tool Co.*, 199 Cal. Rptr. 789, 795-96 (Cal. Ct. App. 1984). Plaintiffs' claims for fraud, violations of the CLRA, and Plaintiffs' claims under New York law are subject to a three-year statute of limitations. *See* Cal. Civ. Proc. Code § 338(d); Cal. Civ. Code § 1783; *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 452-453 (E.D.N.Y. 2007). Accordingly, these facts are stale and cannot be used to support Plaintiffs' claims against InterHealth. Further, Plaintiffs attempts to toll the statute of limitations based on the delayed discovery, fraudulent concealment, and continuing accrual fail as a matter of law. *See Shively v. Bozanich*, 31 Cal. 4th 1230 (2003), as modified (Dec. 22, 2003 ) (holding the discovery rule does not apply to publications by mass media); *Johnson v. Harcourt, Brace, Jovanovich, Inc.*, 43 Cal. App. 3d 880, 896 (Ct. App. 1974) ("The mere fact that plaintiffs were unaware of [a] publication does not provide the necessary ingredient for fraudulent concealment."); *Shively v. Bozanich*, supra, 31 Cal.4th at pp. 1245–1246 ("[A] cause of action accrues and the period of limitations commences, regardless of when the plaintiff…became aware of the publication. [Citations.]") Nonetheless, the allegation at issue [FAC at ¶187] is so vague and ill-plead that InterHealth cannot discern the specific nature of the claim, if any.

**B.   The First Amended Complaint Fails to Sufficiently Plead Each of the Separate Causes of Action Against InterHealth.**

**1.  Plaintiffs' Cause of Action For Fraud Fails to Adequately Plead Facts Against InterHealth.**

As stated above, because the gravamen of Plaintiffs' entire FAC is premised in fraud, the FAC's general lack of particularity fails to satisfy Rule 9(b). Plaintiffs' first cause of action for fraud and deceit, by definition, is subject to the same heightened pleading requirements of Rule 9(b), and  fails to satisfy its requirements for all of the same reasons set forth *supra*.

**2.  Plaintiffs' Cause of Action for Negligent Misrepresentation Fails to Adequately Plead Facts Which Would Create any Duty Owed to Plaintiff by InterHealth.**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint alleging negligent misrepresentation, like a claim for intentional fraud, must satisfy Federal Rules of Civil Procedure, Rule 9(b). *Neilson v. Union Bank of Cal., N.A*., 290 F.Supp.2d 1101, 1141 (C.D.Cal. 2003); *see also Blankenheim v. E.F. Hutton & Co.*, 217 Cal.App.3d 1463, 1472-1473 (1990) ("[C]ase law has long held that negligent misrepresentation is included within the definition of fraud."); Cal. *Civ. Code* §1573.   As described *supra*, Plaintiffs fail to meet the heightened pleading standard of Rule 9(b) with respect to the entire FAC.

Plaintiffs' cause of action for negligent misrepresentation is further untenable because it is premised on an erroneously presumed duty owed to Plaintiffs by InterHealth.   Indeed, to be viable, this claim requires a legally cognizable duty.  *See Garcia v. Superior Cour*t, 50 Cal. 3d 728, 735 (1990) (negligent misrepresentation requires plaintiff to show duty to exercise reasonable care was owed to person whom representation was made); *Eddy v. Sharp*, 199 Cal.

App. 3d 858, 864 (1988) ("As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty....owed by a defendant to the injured person.")  Plaintiffs fail to address why InterHealth owed any legal duty to them, as an ingredient supplier who did not package, advertise, market, or sell The Products that the Plaintiffs purchased.  See *Artiglio v. Gen. Elec. Co*., 61 Cal. App. 4th 830, 839 (1998) ("[C]omponent and raw material suppliers are not liable to ultimate consumers when the goods or material they supply are not inherently dangerous, they sell goods or material in bulk to a sophisticated buyer, the material is substantially changed during the manufacturing process and the supplier has a limited role in developing and designing the end product. When these factors exist, the social cost of imposing a duty to the ultimate consumers far exceeds any additional protection provided to consumers.")

**C.    Plaintiffs' Causes of Action for Unfair Competition, Violation of California's Consumer Legal Remedies Act, and False Advertising Fail to State a Claim Against InterHealth.**

**1.    Plaintiffs' Fail to Allege an Actionable Transaction Under the CLRA**

California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. *Civ. Code* § 1770.  The term "transaction," as it appears in the CLRA, is defined by California *Civil Code* section 1761(e) ("Section 1761(e)") as an "agreement between a consumer and another person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement." Cal. *Civ. Code* § 1761(e).

Plaintiffs claim under the CLRA must fail because they have failed to identify any transaction or agreement between any of them and InterHealth, or

11

that InterHealth was otherwise "engaged in transactions for the sale or lease of goods with consumers," for purposes of California *Civil Code* section 1770. Plaintiffs merely allege they subjectively "understood" that the purchase of The Products involved a direct transaction between themselves and the ingredient manufacturers because their purchase came with the ingredients manufacturers' misrepresentations and warranties that the products were, in fact, safe and effective for weight loss and fat loss, among other things.  (FAC ¶ 31.)  Plaintiffs' subjective "understanding" of this otherwise nonexistent transaction is not supported by law or fact.  Again, Plaintiffs' claims are premised either on what they saw on the Dr. Oz television show or on the label of the Products, and did not arise from any transaction or agreement with InterHealth.

### 2.   Plaintiffs Fail to Allege Specific and Actionable Misrepresentations by InterHealth and Reliance Thereon to Support Their Claims under FAL, UCL and CLRA.

California's FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. "This statute makes it unlawful for a business to disseminate any statement 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]'" *Arevalo v. Bank of Am. Corp.,* 850 F. Supp. 2d 1008, 1023-24 (N.D. Cal. 2011) (internal citation omitted). "The statute has been interpreted broadly to encompass not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public. . . . Consequently, even a perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under this section." *Davis v. HSBC Bank*

*Nevada, N.A.,* 691 F.3d 1152, 1162 (9th Cir. 2012) (internal citations, quotations, and alterations omitted).

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The UCL provides a separate theory of liability under the "unlawful," "unfair," or "fraudulent" prongs. *Stanwood v. Mary Kay, Inc.,* 941 F. Supp. 2d 1212, 1222 (C.D. Cal. 2012) (citing *Lozano v. AT&T Wireless Servs., Inc.,* 504 F.3d 718, 731 (9th Cir. 2007)). The UCL "requires that a plaintiff have 'lost money or property' to have standing to sue. The plain import of this is that a plaintiff now must demonstrate some form of economic injury." *Kwikset Corp. v. Superior Court,* 51 Cal.4th 310, 323 (2011); *see also* Cal. Bus. & Prof. Code § 17204. Under the UCL, "[i]f a party has alleged or proven a personal, individualized loss of money or property in any nontrivial amount, he or she has also alleged or proven injury in fact." *Kwikset Corp.,* 51 Cal.4th at 325.

To state a claim under the FAL and UCL, a plaintiff must allege the defendant's purported misrepresentations are likely to deceive a reasonable consumer. *See Williams v. Gerber Products Co.,* 552 F.3d 934, 938 (9th Cir. 2008) (explaining that unless the advertisement at issue targets a particularly vulnerable group, courts must evaluate claims for false or misleading advertising from the perspective of a reasonable consumer); *see also Reid v. Johnson & Johnson,* 780 F.3d 952, 958 (9th Cir. 2015) ("It is true that violations of the UCL, FAL, and CLRA are evaluated from the vantage point of a 'reasonable consumer.'").

In support of their claims under the UCL and FAL (and the CLRA), the Plaintiffs' entirely fail to identify any specific misrepresentations made by InterHealth, or alternatively, any reliance by the Plaintiffs on any statements allegedly made by InterHealth.

Plaintiffs fail to plead any facts that InterHealth, as an ingredient supplier, was involved in any packaging, marketing or advertising of The Products that Plaintiffs' allege they read and on which they decided to purchase The Products. Indeed, InterHealth was not involved in the packaging, marketing, or advertising of The Products by the Labrada Defendants or the Media Defendants.  Further, Plaintiffs fail to identify *any* representations made by InterHealth at all.  The FAC alleges reliance based only on the purchase of The Products (FAC ¶ 159), statements made by Dr. Oz (FAC ¶¶ 194-196), and representations on the packaging of The Products.  (FAC ¶ 70-86.)  Plaintiffs' subjective "understanding" of the transaction between themselves and Labrada and/or the retailers of The Products does not transfer liability to InterHealth for misrepresentations and warranties that it did not make.  For these reasons, Plaintiffs' claims under the CLRA, the FAL and UCL must be dismissed.

In addition, actual reliance is also required for Plaintiffs' causes of action under the UCL, CLRA, and FAL.  *See Bruton v. Gerber Products Co*., No. 12-CV-02412-LHK, 2014 WL 172111, at *9 (N.D. Cal. Jan. 15, 2014) (unlawful prong); *see also Kane v. Chobani, Inc., No.* 12–cv–2425–LHK, 2013 WL 5289253, at *6 (N.D.Cal. Sept. 19, 2013) (unfair prong); *In re Tobacco II Cases,* 46 Cal. 4th 298, 326 (2009) (fraud prong); *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 919 (C.D. Cal. 2010) citing *Buckland v. Threshold Enters*., (2007) 155 Cal.App.4th 798, 810 (plaintiff must plead actual reliance for claims under the CLRA based on misrepresentations and fraud); *Viggiano v. Hansen Nat. Corp*., 944 F. Supp. 2d 877, 886 (C.D. Cal. 2013) (reliance required for claims under the FAL premised on allegedly misleading communications).

Here, Plaintiffs have failed to plead any particular facts indicating they ever saw or actually relied on any representation allegedly made by InterHealth when purchasing The Products.  The FAC pleads reliance based only on the purchase of

14

1  The Products (FAC ¶ 159), statements made by Dr. Oz (FAC ¶¶ 194-196), and
2  representations made on the packaging of The Products.  (FAC ¶ 70-86.)
3  Plaintiffs' failure to plead the requisite reliance for their UCL, CLRA, and FAL
4  claims warrants their dismissal.

**D.  Plaintiffs' Cause of Action for Breach of Express Warranties to Intended Third Party Beneficiaries Fails Because InterHealth Made No Express Warranties and Plaintiffs Are Not Intended Third Party Beneficiaries as a Matter of Law.**

9  Plaintiffs' bring their claim for breach of express warranties to intended
10  third party beneficiaries under two theories, both of which fail.  First, Plaintiffs
11  allege that "[d]efendants, in their capacity as manufacturers of [T]he Products,
12  expressly warranted that [T]he Products were fit for their intended purpose by
13  making the Express Warranties" (FAC ¶ 276) and "bring this claim against
14  [d]efendants in their capacities as manufacturers of [T]he Products with whom
15  Plaintiff has not dealt with directly."  (FAC ¶ 282.)  First, Plaintiffs'
16  characterization of InterHealth as "manufacturers" of The Products is
17  demonstrably false, and contradicts Plaintiffs' own allegations that InterHealth is
18  the supplier of *an ingredient* in one of The Products.  Second, under the California
19  *Commercial Code*, an express warranty is "[a]ny affirmation of fact or promise
20  made by the seller to the buyer which relates to the goods and becomes part of the
21  basis of the bargain."  Cal.*Com.Code* § 2313.  InterHealth does not sell The
22  Products and thus cannot be held liable for an alleged expressed warranty relating
23  to The Products.  *Fogo v. Cutter Laboratories, Inc*. (1977) 68 Cal.App.3d 744,
24  759

25  Alternatively, Plaintiffs "bring this claim against [d]efendant InterHealth as
26  intended third-party beneficiaries to the contract between InterHealth and Labrada
27  concerning the Labrada garcinia cambogia product."  (FAC. ¶ 283.)  In order to

28

15

enforce a claim as a third party beneficiary, Plaintiffs "must plead a contract which was made expressly for [their] benefit and one in which it clearly appears [they were] a beneficiary." *See Luis v. Orcutt Town Water Co.*, (1962) 204 Cal.App.2d 433, 441-442; *California Emergency Physicians Medical Group v. PacifiCare of California*, (2003) 111 Cal.App.4th 1127, 1138. A third party may not recover on a contract that incidentally benefits him or her, but was not expressly made for his or her benefit. *See Shurpin v. Elmhirst*, (1983) 148 Cal.App.3d 94, 103.

The intent to make an obligation inure to the benefit of a third party must clearly appear in the contract, and if there is any doubt, the contract should be construed against finding an intent to benefit a third party. *See VanDerhoofv. Chambon,* (1932) 121 Cal.App. 118, 131; *Chamberlin v. Los Angeles*, (1949) 92 Cal.App.2d 330, 332. The fact that the contract, if carried out according to its terms, would inure to the third person's benefit, is not sufficient to entitle the third party to demand its fulfillment. It must appear to have been the intention of the parties to secure to him personally the benefits of its provisions. *See Walters v. Calderon*, (1972) 25 Cal.App.3d 863, 870-871; s*ee also Bancomer S.A. v. Superior Court*, (1996) 44 Cal.App.4th 1450, 1458.

"Third party beneficiary status is a matter of contract interpretation." [citation omitted] For that reason, the contract must be set out in the pleadings: "A plaintiff must plead a contract which was made expressly for his benefit and one in which it clearly appears that he was a beneficiary." [citation omitted] *California Emergency Physicians Med. Grp. v. PacifiCare of California*, (2003) 111 Cal.App.4th 1127, 1138. Here, Plaintiffs fail to attach an operative and signed licensing agreement between InterHealth and the Labrada Defendants to the FAC. The agreement that is attached is a "copy of a standard InterHealth trademark licensing agreement" (FAC ¶ 66) that Plaintiffs allege is available

online.  This "sample" licensing agreement is not sufficient, nor is Plaintiffs' subjective belief that "the Labrada Defendants have entered into an agreement with InterHealth that is substantially similar."  (FAC ¶ 66.)

Because Plaintiffs also fail to attach an operative licensing agreement between InterHealth and the Labrada Defendants to the FAC, if one even exists, they must plead the terms of the agreement with sufficient particularity to make clear that the agreement was expressly made for Plaintiffs benefit.  The FAC fails in that regard.  The only terms of the agreement Plaintiffs plead are from the sample agreement, not any actual operative agreement between InterHealth and Labrada.  Further, even if this sample agreement were the operative agreement between InterHealth and Labrada, which it is not, the agreement is not expressly made for any other persons benefit.  (See FAC, Exhibit B.)  Nowhere in the FAC do Plaintiffs allege that any agreement between InterHealth and Labrada was made for their benefit, nor do they even cite to the specific terms that would evidence an express intent by the parties to confer such a benefit to them.  The facts of the FAC are, therefore insufficient to support a claim for breach of contract by a "third party beneficiary." *See e.g., Luis, supra*, 204 Cal.App.2d at 441-442; *Physicians Medical Group*, supra, 111 Cal.App.4th at 1138; *E. Aviation Grp., Inc. v. Airborne Express, Inc*., 6 Cal. App. 4th 1448, 1452-1453 (1992).

**E.    Plaintiffs' Cause of Action for Violation of The Magnuson-Moss Warranty Act Fails Because InterHealth is Neither a Supplier Nor a Warrantor.**

Plaintiffs' FAC does not support a claim against InterHealth for violations of The Magnuson–Moss Warranty Act ("MMWA").  First, contrary to Plaintiffs assertion, InterHealth is neither a supplier, nor a warrantor, as defined in 15 U.S.C. §§ 2301(4) and (5).  The term "supplier" is defined as any person engaged in the business of making a consumer product directly or indirectly available to

consumers.  15 U.S.C. § 2301(4).  A "consumer product" is any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes.   15 U.S.C. § 2301(1).   The term "warrantor" means any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty.  15 U.S.C. § 2301(5).

InterHealth sells ingredients to manufacturers of dietary supplements and functional foods & beverages.  (FAC ¶ 65.)  These ingredients are not consumer products as defined by 15 U.S.C. § 2301(1).   Therefore, InterHealth is not a supplier as defined by 15 U.S.C. § 2301(4).   Further, InterHealth is not a warrantor.  Plaintiffs have pleaded no facts, and cannot plead any facts, supporting an allegation that InterHealth made any express warranties relating to The Products.  InterHealth, as an ingredient supplier, has no involvement or control over the packaging, marketing, or advertising of The Products.  Further, as used in the MMWA, the term implied warranty "means an implied warranty arising under State law ... in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7); *Barabino v. Dan Gamel, Inc.,* No. 2:04–cv–2359–MCE–PA, 2006 WL 2083257, *4 (E.D.Cal. July 25, 2006).  As described *supra,* InterHealth does not sell The Products,  is not a supplier of a consumer product as defined by 15 U.S.C. §§ 2301(1) and (4) and did not sell The Products to the Plaintiffs in this case; therefore, no implied warranty exists as a matter of law.  Accordingly, on its face, Plaintiffs FAC cannot support a claim for violation of the MMWA.

### F. Plaintiffs' Causes of Action for Unfair Trade Practices and False Advertising Under New York Law Fail Because InterHealth Did Not Engage in a Consumer-Oriented Action.

First, Plaintiff Rizzo-Marino cannot bring claims against InterHealth as she alleges she purchased only the Labrada Green Coffee Bean Extract FAT LOSS OPTIMIZER (FAC ¶ 32-33), of which InterHealth has no involvement.

Second, Plaintiff Morrison's conclusory and boilerplate allegations in the FAC do not satisfy the requirements of Rule 8. To state a claim under sections 349 and 350 of the New York General Business Law, plaintiffs must adequately allege three elements: (1) "the challenged act or practice was consumer-oriented"; (2) the act or practice "was misleading in a material way"; and (3) "the plaintiff suffered injury as result of the deceptive act." *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014) *citing Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29, 731 N.E.2d 608 (2000).

InterHealth sells ingredients to manufacturers of dietary supplements and functional foods & beverages. (FAC ¶ 65.) InterHealth does not sell these ingredients to consumers. Therefore, InterHealth has not engaged in any action directed at consumers and any alleged deceptive act or misrepresentation of InterHealth is not a "consumer oriented" act actionable under N.Y. Gen. Bus. Law §§ 349, 350. Further, all of the alleged deceptive, false, or misleading conduct alleged in the FAC is based on the packaging, labeling, advertising, and marketing of The Products, all of which InterHealth has no involvement. Thus, on its face, the allegations in the FAC do not, and cannot, support a plausible claim for Unfair Trade Practices or False Advertising as to InterHealth.

## VI. CONCLUSION

Based on the FAC, this case is about purchasers of products who claim they were fraudulently misled by the labeling and advertising of those products either

19

on the product labels or on a television program.  However, InterHealth, as an ingredient supplier, did not manufacture, label or sell the products at issue in any context.  As indicated in the Motion, Plaintiffs' allegations that attempt to shoehorn InterHealth into this fraud/false advertising case fall far short of the requirements of Rules 8(a)(2) and 9(b) and the Complaint should be dismissed pursuant to Rule 12(b)(6).

Indeed, Plaintiffs' entire complaint is grounded in fraud, requiring each claim to be pleaded with the required specificity of Rule 9(b).  Plaintiffs fails to meet this burden as to InterHealth as they allege no specific facts that show that InterHealth made any statements relating to The Products, or that they relied on any specific statements or advertisements made by InterHealth about The Products.  These deficiencies are fatal to all of the causes of action alleged in the FAC (not just the first cause of action for Fraud) since all of the causes of action are  premised on the purported false advertising of The Products or the sale of The Products.

The FAC suffers from further defects in pleading, such as Plaintiffs' clumsy and impermissible attempts to lump all of the Defendants together with specifying the specific actionable conduct done by each and how said misconduct caused their alleged injuries.  Similar defects are reflected in Plaintiffs' conclusory and boilerplate recitations of their claims that lack specific and sufficient supporting facts.  Plaintiffs had an opportunity to cure earlier defects in their Complaint and failed to take advantage of that opportunity.

For all of these reasons, this Court should grant Defendant InterHealth's Motion to Dismiss Plaintiffs' First Amended Complaint in its entirety, pursuant to Fed. R. Civ. Proc. 12(b)(6), without leave to amend.

1    Dated:  July 15, 2016        MORRIS POLICH & PURDY, LLP

2                                By: /s/ Beth A. Goodman

3                                      Matthew L. Marshall

4                                      Beth A. Goodman

                                      Attorney for Defendant,

5                                      InterHealth Nutraceuticals, Inc.

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**

1   **CERTIFICATE OF SERVICE**

2         I hereby certify that on July 15, 2016, the foregoing document was

3   electronically filed with the Clerk of Court using the CM/ECF system, and will be

4   served electronically to designated CM/ECF participant counsel through the

5   Court's electronic filing system.

6                                    **MORRIS POLICH & PURDY LLP**

7

8                                    /s/  Beth A. Goodman
                                     Attorneys for Defendant,
9                                    INTERHEALTH
                                     NUTRACEUTICALS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9 AND 12(b)(6) BY INTERHEALTH NUTRACEUTICALS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**