Matthew L. Marshall, Esq. SBN: 168013
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
mmarshall@mpplaw.com

Beth A. Goodman, Esq. SBN: 299155
**MORRIS POLICH & PURDY LLP**
600 West Broadway, Suite 500
San Diego, California 92101-3554
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
bgoodman@mpplaw.com

Attorney for Defendant
INTERHEALTH NUTRACEUTICALS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>LEE LABRADA, LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC., d/b/a OZ MEDIA; ZOCO PRODUCTIONS LLC; HARPO PRODUCTIONS, INC.; SONY PICTURES TELEVISION, INC.; NATUREX, INC.; and INTERHEALTH NUTRACEUTICALS, INC.,<br><br>Defendants. | Case No. 5:16-cv-00189-JGB (SPx)<br><br>**DEFENDANT INTERHEALTH NUTRACEUTICALS, INC.'S RULE 26(a)(1)(A) INITIAL DISCLOSURES** |

Defendant InterHealth Nutraceuticals, Inc. ("InterHealth") makes the following initial disclosures pursuant to Federal Rule Civil Procedure 26(a)(1). These disclosures are based on information that is currently available to InterHealth. InterHealth reserves the right to supplement and/or amend these disclosures as further information becomes available.

InterHealth objects to the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. To the extent that InterHealth inadvertently discloses information that may be protected from discovery under the attorney-client privilege, the work product doctrine, or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

By making the following disclosures, InterHealth does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. InterHealth does not waive its right to object to the production of documents or things set herein on the basis of privilege, the work product doctrine, relevancy, third-party confidentiality restriction or any other valid objection under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the U.S. District Court for the Central District of California. InterHealth's disclosures are made without any waiver of (1) the right to object on grounds of competency, privilege, relevancy, and/or materiality, hearsay or any other grounds, to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. InterHealth further reserves the right to introduce any documents and call any witnesses at trial not provided in this statement, should a trial of this matter be necessary.

**A. Rule 26(a)(1)(A)(i): Names, Addresses and Telephone Numbers of Persons Likely to Have Discoverable Information**

InterHealth objects to any *ex parte* contact by Plaintiffs of any designated individuals employed or formerly employed by InterHealth. InterHealth objects to providing the address and telephone numbers of such employees. These employees may be contacted through counsel for InterHealth. Without waiving said objections, the following individuals may possess knowledge of the facts alleged in the Complaint and the issues in dispute in this lawsuit:

| **NAME** | **SUBJECT** |
|---|---|
| 1. Mary Helen Lucero | Licensing |
| 2. Juliana Erickson | Marketing |
| 3. Jason Barnett | Sales |

InterHealth also identifies all Plaintiffs (addresses known to Plaintiffs' counsel), all other Defendants (addresses known to Defendants' counsel), and all other persons identified by all parties in connection with its disclosures and discovery responses pursuant to the Federal Rules of Civil Procedure in the above-captioned matter. InterHealth reserves the right to supplement and amend this response, including the right to identify other individuals regarding the issues of alleged liability and damages not yet identified.

**B. Rule 26(a)(1)(A)(ii): Description of Potentially Relevant Documents by Category and Location.**

InterHealth is still in the process of identifying and collection relevant documents, and InterHealth specifically reserves the right to supplement its production if such additional documents are discovered. Without waiving said objections, to the extent they can be identified, non-privileged responsive documents will be produced.

The following generally describes the categories of documents, electronically stored information, and tangible things that InterHealth believes are relevant to the disputed facts alleged with particularity in the First Amended Complaint, and/or that InterHealth may use to support its defenses:

As to InterHealth, the documents, electronically stored information, and tangible things are in InterHelath's or its counsel's possession, custody, or control:

1. Documents regarding relevant agreements with any of the named Defendants in effect during the relevant time periods identified in the First Amended Complaint, or any amended pleadings filed thereafter;

2. Documents regarding Super Citrimax®;

3. Communications between InterHealth and any of the named Defendants regarding the facts alleged with particularity in the First Amended Complaint during the relevant time periods identified in the First Amended Complaint, or any amended pleadings filed thereafter.

As to Plaintiffs:

1. Documents that support Plaintiffs' claims for liability, causation and damages alleged with particularity in the First Amended Complaint, or any amended pleadings filed thereafter;

As to other Defendants:

1. Documents regarding the facts alleged with particularity in the First Amended Complaint, or any amended pleadings filed thereafter, that relate to InterHealth.

InterHealth hereby incorporates by reference the documents disclosed by all parties in their respective initial disclosures. InterHealth reserves the right to supplement, amend or modify this response.

**C. Rule 26(a)(1)(A)(iii): Computation of Damages**

InterHealth is not claiming any damages other than costs that may be

awarded to it as a prevailing party in this lawsuit. This provision is therefore inapplicable to InterHealth. To the extent that Plaintiff claims economic or other damages, InterHealth reserves the right to elicit and present evidence controverting same.

**D. Rule 26(a)(1)(A)(iv): Insurance Information**

InterHealth is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: October 5, 2016 MORRIS POLICH & PURDY, LLP

By: /s/ Beth A. Goodman
Matthew L. Marshall
Beth A. Goodman
Attorney for Defendant,
InterHealth Nutraceuticals, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2016, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and will be served electronically to designated CM/ECF participant counsel through the Court's electronic filing system.

**MORRIS POLICH & PURDY LLP**

/s/ Beth A. Goodman
Attorney for Defendant,
InterHealth Nutraceuticals, Inc.