**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiffs and the
Proposed Classes*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON, on behalf of themselves, all others similarly situated, and the general public, <br><br> Plaintiffs, <br><br> vs. <br><br> LEE LABRADA; LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC. D/B/A OZ MEDIA; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC; SONY PICTURES TELEVISION, INC; NATUREX, INC.; AND INTERHEALTH NUTRACEUTICALS, INC., <br><br> Defendants. | Case No. 5:16-cv-00189-JGB-SP <br><br> **CLASS ACTION** <br><br> <u>Discovery Dispute</u> <br><br> **JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANT LABRADA BODYBUILDING NUTRITION, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37** <br><br> Hearing Date:   April 25, 2017 <br> Time:            10:00 a.m. <br> Judge:           Hon. Sheri Pym <br> Courtroom:    3 or 4 |

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.   PLAINTIFFS' INTRODUCTORY STATEMENT ..........................................1

II.  DEFENDANTS' INTRODUCTORY STATEMENT ......................................2

III. THE DISCOVERY AT ISSUE..........................................................................3

   A.   PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS .......3

       *Plaintiffs' Contentions*

Calculation to Lead to Admissible Evidence and Proportionality .................25

Failure to Comply with Rule 34(c) ...............................................................26

Boilerplate Objections Are Inadequate .........................................................26

Failure to Produce a Privilege Log ...............................................................27

Discovery is Wide-Open ...............................................................................27

Failure To Explain How The Requests Impose an Undue Burden .................27

Keywords .....................................................................................................28

Specific Categories of Requests....................................................................29

       *Labrada's Contentions*

Calculation to Lead to Admissible Evidence and Proportionality .................31

Failure to Comply with Rule 34(c) ...............................................................31

The Objections are not boilerplate .................................................................31

Privilege Log.................................................................................................32

Undue Burden ...............................................................................................32

Keywords ......................................................................................................32

Specific Categories of Requests....................................................................33

B.   PLAINTIFFS' INTERROGATORIES ........................................................ 34

   *Plaintiffs' Contentions*

Labrada Must Respond to These Interrogatories Fully and Under Oath ........ 44

Calculation to Lead to Admissible Evidence and Proportionality ................. 44

Boilerplate Objections Are Inadequate ............................................................ 45

Discovery is Wide-Open ................................................................................... 45

Failure To Explain How The Requests Impose an Undue Burden ................. 46

   *Labrada's Contentions*

Respond Under Oath .......................................................................................... 47

Calculation to Lead to Admissible Evidence and Proportionality ................. 47

Boilerplate Objections ....................................................................................... 48

Undue Burden ..................................................................................................... 48

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Becker v. Wells Fargo Bank*, *NA, Inc.*,
  2013 WL 5406894 (E.D. Cal. Sept. 25, 2013) .......................................27, 28, 45

*Compact Collections Ltd. v. Indep. Film & Television All.*,
  2013 WL 12142845 (C.D. Cal. Feb. 25, 2013) ..................................................4

*Covington v. Sailormen Inc.*,
  274 F.R.D. 692 (N.D. Fla. 2011) .....................................................................27

*Deere v. American Water Works Co., Inc.*,
  306 F.R.D. 208 (S.D. Ind. 2015) ......................................................................27

*Fenerjian v. Nong Shim Co., Ltd*,
  2016 WL 1019669 (N.D. Cal. Mar. 15, 2016) .................................................28

*Gassaway v. Jarden Corp.*,
  292 F.R.D. 676 (D. Kan. 2013) ........................................................................27

*Heller v. City of Dallas*,
  303 F.R.D. 466 (N.D. Tex. 2014) .....................................................................27

*In re Google Litig.*,
  2011 WL 286173 (N.D. Cal. Jan. 27, 2011) ....................................................28

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310  (2011) .............................................................................25, 44

*Mulero Abreuv. Puerto Rico Police Dept.*,
  675 F.3d 88 (1st Cir. 2012) ............................................................................27

*Patrick v. PHH Mortg. Corp.*,
  298 F.R.D. 333 (N.D. W. Va. 2014) .................................................................27

*Pegoraro v. Marrero*,
  281 F.R.D. 122 (S.D. N.Y. 2012) .....................................................................27

-iii-

Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION REGARDING MOTION TO DEFENDANT LABRADA BODY BUILDING NUTRITION,
INC.'S RESPONSES TO PLAINTIFFS WOODARD'S FIRST SET OF DISCOVERY

*SPH Am., LLC v. Research in Motion, Ltd.*,

   2016 WL 6305414 (S.D. Cal. Aug. 16, 2016) ....................................................4

*Stern v. Weinstein*,

   2010 WL 11459354 (C.D. Cal. Aug. 19, 2010)..................................................4

*Tourgeman v. Collins Fin. Servs., Inc.*,

   2010 WL 3386009 (S.D. Cal. Aug. 26, 2010) ...................................................4

*Walker v. Lakewood Condo. Owners Ass'n*,

   186 F.R.D. 584 (C.D. Cal. 1999) ...........................................................26, 45

**Rules**

Fed. R. Civ. P. 26(b)(5)(A)(ii) ...............................................................................27

Fed. R. Civ. P. 26(c) ................................................................................................3

Fed. R. Civ. P. 26(f) .......................................................................................27, 45

Fed. R. Civ. P. 34(c) ..............................................................................................26

-iv-

Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION REGARDING MOTION TO DEFENDANT LABRADA BODY BUILDING NUTRITION,
INC.'S RESPONSES TO PLAINTIFFS WOODARD'S FIRST SET OF DISCOVERY

# I.   PLAINTIFFS'S INTRODUCTORY STATEMENT

Plaintiffs are purchasers of Defendant Labrada Bodybuilding Nutrition, Inc.'s ("Labrada") DUAL ACTION FAT BUSTER with Supercitirimax® Garcinia Cambogia and the Labrada FAT LOSS OPTIMIZER with Svetol® Green Coffee Bean Extract.  (*See* Plf.'s First Amend. Compl., ECF No. 88 ("FAC"), ¶ 11.)  The products claim to be effective "FAT BUSTERS" that contain "ZERO BINDERS, ZERO FILLERS, AND ZERO ARTIFICIAL INGREDIENTS," and claim to be clinically proven by references on the label. (FAC, ¶ 14.)  The studies, however, do not support the marketing claims, and include at least one retracted study.  (FAC, ¶¶ 15-16.)

In 2014, Co-Defendant Dr. Mehmet C. Oz— host of the daytime television series *The Doctor Oz Show*— testified before a U.S. Senate Subcommittee during a hearing titled "*Protecting Consumers from False and Deceptive Sales of Weight Loss Supplement Products*" (FAC, ¶¶ 5-29). Dr. Oz was under scrutiny for certain episodes of *The Doctor Oz Show* when he promoted bogus weight-loss supplement products. *See id.* Dr. Oz made statements like: "'You may think magic is make-believe, but this little bean has scientists saying they've found the magic weight-loss cure for every body type. It's green coffee extract" and "Garcinia cambogia: it may be the simple solution you've been looking for to bust your body fat for good." (FAC, ¶ 7). At the same time, however, Dr. Oz assured consumers that he does not endorse any products: "Please listen carefully. I don't sell this stuff. I'm not making any money on this. I'm not going to mention any brands to you either. I don't want you conned." (FAC, ¶ 109).

Plaintiffs relied on the Labrada product labels and the Dr. Oz Show about the efficacy of Garcinia Cambogia and Green Coffee Bean Extract and allege that they and the putative class members were duped into buying "worthless" weightloss supplement products. (*See* FAC ¶¶ 10, 159, 160, 161, 164, 167, 194, 197, 198, 201, 203, & 261).

-1-

1   Plaintiffs propounded discovery upon Labrada in order to investigate the
2   claims on the products' labels and to uncover more information regarding
3   Labrada's connections with Dr. Oz and the other media defendants. Plaintiffs
4   served Labrada with thier First Set of Requests for Production of Documents and
5   her First Set of Interrogatories on October 10, 2016. (*See* Declaration of Michael
6   Houchin ("Houchin Decl."   ¶¶ 3-4 & Exs. 1 & 2). Labrada responded on
7   November 9, 2016. (*See id.* ¶¶ 7-8 & Exs. 4 & 5). The parties have met and
8   conferred about Labrada's discovery responses. (*See id.* ¶¶ 11-12 & Ex. 7).   All
9   parties in this action participated in a Rule 26(f) Conference on September 21,
10   2016 and the Parties' Rule 26(f) report was filed on October 3, 2016. (ECF No.
11   121). This Court issued a Stipulated Protective Order on November 29, 2016 (ECF
12   No. 129).   Labrada did not seek a protective order regarding their discovery
13   responses.

14      Labrada has not produced a single document nor has it responded to a single
15   interrogatory, claiming that it was under no obligation to respond to discovery until
16   after a ruling on Labrada's motion to dismiss is entered.

17   ## II.   DEFENDANTS' INTRODUCTORY STATEMENT

18   This motion is unnecessary. The Labrada Defendants' initial objection to
19   discovery was that discovery was premature due to the pending motions to dismiss
20   Plaintiffs' Amended Complaint. (*See also* ECF No. 121, p. 19) (noting that
21   discovery was premature given the numerous pending motions to dismiss).
22   Extensive discovery with a motion to dismiss pending is burdensome. Moreover,
23   the discovery cut-off is not until May 30, 2018—more than a year away—leaving
24   ample time for discovery should any claims survive the Labrada Defendants'
25   motion.

26   The Labrada Defendants, however, tried to compromise with Plaintiffs,
27   proposing limited discovery on any topics Plaintiffs could identify as truly
28

-2-

necessary prior to a ruling on the motions to dismiss. Plaintiffs, however, insisted on responses to all seventy-seven discovery requests.

Finally, in light of Judge Bernal's order on the Media Defendants' Motion to Dismiss (ECF No. 154), and given Judge Pym's order on a recent motion to compel (ECF No. 147), the Labrada Defendants see where the winds are blowing and agreed to produce responsive documents and revised objections within thirty days (and then further offered to shorten the period to twenty-one days). Plaintiffs again found this agreement unsatisfactory.

Because the Labrada Defendants have agreed to produce responsive documents, no need for Court intervention exists at this time.

## III.    THE DISCOVERY AT ISSUE

### A. Plaintiffs' Requests for Production of Documents

Though Plaintiffs have requested discovery regarding a number of different topics, it is impossible for Plaintiffs to specifically address each of Defendant's individual objections because Defendant did not produce a single document in response to Plaintiffs' discovery requests - Labrada flat out refused to participate in discovery.  Each request includes at least the same objection: "Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss."   Labrada used that objection despite the fact that a Rule 26(f) conference was held.  (ECF No. 121.)

The only way to limit the scope of discovery is through a Court Order, and there are none in this action which limits discovery after the 26(f) conference.  The only proper way to prevent discovery from occurring is for a party to file a Motion for Protective Order.  Fed. R. Civ. P. 26(c); *Renfrow v. Redwood Fire & Cas. Ins. Co.*, 288 F.R.D. 514, 521 (D. Nev. 2013) (holding that protective order is a proper method to request delay of discovery responses based on motions yet to be filed). Limits  to  discovery  requests,  including  limiting  discovery  requests  due  to

-3-

Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION REGARDING MOTION TO COMPEL DEFENDANT LABRADA BODY BUILDING NUTRITION, INC.'S RESPONSES TO PLAINTIFFS WOODARD'S FIRST SET OF DISCOVERY REQUESTS

bifurcation, can only be made by order of the Court.  *Compact Collections Ltd. v. Indep. Film & Television All.*, No. CV1206855SVWJEMX, 2013 WL 12142845, at *1 (C.D. Cal. Feb. 25, 2013).  Discovery propounded after the Rule 26 meeting is not premature.  *Stern v. Weinstein*, No. CV091986DMGPLAX, 2010 WL 11459354, at *2 (C.D. Cal. Aug. 19, 2010).  In the interest of judicial economy, the disclosure of information should happen sooner in the case so that parties can follow up before the close of fact discovery.  *SPH Am., LLC v. Research in Motion, Ltd.*, No. 13CV2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016).  Failure to produce discovery based on an objection that discovery is premature is justification for sanctions.  *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08CV1392 JLS NLS, 2010 WL 3386009, at *2 (S.D. Cal. Aug. 26, 2010), *objections overruled*, No. 08-CV-1392 JLS NLS, 2010 WL 4117416 (S.D. Cal. Oct. 18, 2010).

Labrada's boilerplate objection that it does not have to participate in discovery until the Court rules on its motion to dismiss is not a valid objection or reason to avoid Labrada's obligation to respond to discovery.  Only an order of the Court may limit discovery, and as there has been no order of the Court, either on the motions discussed in the objections, Labrada has the obligation to respond to this discovery.  Labrada's objections do not meet the purpose of judicial economy, and are subject to sanctions.  That Labrada produced no documents only increases the justification for sanctions.  The scope of discovery is all documents calculated to lead to admissible evidence, and no objection changes that scope.

Plaintiffs are required by local rule to list all of the discovery requests and responses at issue.  Unfortunately, because of Labrada's refusal to participate in discovery, <u>all of the requests are at issue</u>, increasing the time and costs of preparing this joint stipulation.  The following are Plaintiffs' Requests for Production of Documents, and Plaintiffs' other issues with Defendant's objections will be addressed at the conclusion of the requests.

-4-

Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION REGARDING MOTION TO COMPEL DEFENDANT LABRADA BODY BUILDING
NUTRITION, INC.'S RESPONSES TO PLAINTIFFS WOODARD'S FIRST SET OF DISCOVERY REQUESTS

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1.

Every written contract, agreement, and/or understanding between YOU and Naturex, Inc.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as vague, in that it is unclear what an "understanding" between Labrada and Naturex, Inc is and how that would manifest itself in a tangible thing or document. Labrada further objects to the extent that this request is not limited in time. Finally, Labrada objects to the extent that this request is overbroad in seeking "every" written contract and is not limited to the products or ingredients at issue in this case.

### REQUEST NO. 2.

Every written contract, agreement, and/or understanding between YOU and Interhealth Nutraceuticals, Inc.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion. Labrada further objects to this request as vague, in that it is unclear what an "understanding" between Labrada and Interhealth Natraceuticals, Inc. is and how that would manifest itself in a tangible thing or document. Labrada further objects to the extent that this request is not limited in time. Finally,  Labrada objects to the extent that this request is overbroad in seeking "every" written contract and is not limited to the products or ingredients at issue in this case.

### REQUEST NO. 3.

Every written contract, agreement, and/or understanding between YOU and Zoco Productions, LLC.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending

1   motion to dismiss. Labrada further objects to this request as vague, in that it is

2   unclear what an "understanding" between Labrada and Zoco Productions, LLC. Is

3   and how that would manifest itself in a tangible thing or document. Labrada further

4   objects to the extent that this request is not limited in time. Finally, Labrada objects

5   to the extent that this request is overbroad in seeking "every" written contract and

6   is not limited to the products or ingredients at issue in this case.

7   **REQUEST NO. 4.**

8   Every written contract, agreement, and/or understanding between YOU and

9   Dr. Mehmet C. Oz, M.D.

10   **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

11   that discovery should not commence until the Court rules on Labrada's pending

12   motion to dismiss. Labrada further objects to this request as vague, in that it is

13   unclear what an "understanding" between Labrada and Dr. Mehmet C. Oz, M.D. is

14   and how that would manifest itself in a tangible thing or document. Labrada further

15   objects to the extent that this request is not limited in time. Finally, Labrada objects

16   to the extent that this request is overbroad in seeking "every" written contract and

17   is not limited to the products or ingredients at issue in this case.

18   **REQUEST NO. 5.**

19   Every written contract, agreement, and/or understanding between YOU and

20   Labrada Nutritional Systems, Inc., including indemnification agreements and

21   insurance policies.

22   **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

23   that discovery should not commence until the Court rules on Labrada's pending

24   motion to dismiss. Labrada further objects to this request as vague, in that it is

25   unclear what an "understanding" between Labrada and Labrada Nutritional

26   System, Inc. is and how that would manifest itself in a tangible thing or document.

27   Labrada further objects to the extent that this request is not limited in time. Finally,

28   Labrada objects to the extent that this request is overbroad in seeking "every"

-6-

Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION REGARDING MOTION TO COMPEL DEFENDANT LABRADA BODY BUILDING
NUTRITION, INC.'S RESPONSES TO PLAINTIFFS WOODARD'S FIRST SET OF DISCOVERY REQUESTS

written contract and is not limited to the products or ingredients at issue in this case.

**REQUEST NO. 6.**

Every written contract, agreement, and/or understanding between YOU and Lee Labrada, including indemnification agreements and insurance policies.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as vague, in that it is unclear what an "understanding" between Labrada and Lee Labrada is and how that would manifest itself in a tangible thing or document. Labrada further objects to the extent that this request is not limited in time. Finally, Labrada objects to the extent that this request is overbroad in seeking "every" written contract and is not limited to the products or ingredients at issue in this case.

**REQUEST NO. 7.**

The Articles of Incorporation for Labrada Bodybuilding Nutrition, Inc. and all amendments thereto.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects that these documents are publically [sic] available, and, as such, are equally available to the Plaintiffs. Finally, Labrada objects that the Articles of Incorporation for Labrada Bodybuilding Nutrition, Inc. are irrelevant to Plaintiffs' claims in this case and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 8.**

The corporate bylaws for Labrada Bodybuilding Nutrition, Inc. and all amendments thereto.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending

-7-

motion to dismiss. Labrada also objects that the corporate bylaws for Labrada Bodybuilding Nutrition, Inc. are irrelevant to Plaintiffs' claims in this case and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 9.**

A copy of the Stock Ledger for Labrada Bodybuilding Nutrition, Inc. and all amendments thereto.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects that the stock ledger for Labrada Bodybuilding Nutrition, Inc. is irrelevant to Plaintiffs' claims and unlikely to lead to the discovery of admissible evidence.

**REQUEST NO. 10.**

The minutes of all shareholder meetings for Labrada Bodybuilding Nutrition, Inc.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as substantially overbroad in seeking the minutes of "all" shareholder meetings, as this request is not limited in time nor limited to meetings that might be relevant to Plaintiffs' claims or the products at issue. Labrada further objects that the minutes of shareholder meetings are irrelevant to Plaintiffs' claims and not likely to the discovery of admissible evidence.

**REQUEST NO. 11.**

The minutes of all board of director's meetings for Labrada Bodybuilding Nutrition, Inc.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as substantially

-8-

overbroad in seeking the minutes of "all" board of director's meetings, as this request is not limited in time nor limited to meetings that might be relevant to Plaintiffs' claims or the products at issue. Labrada further objects that the minutes of board of directors meetings are irrelevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 12.**

 Copies of all shareholders reports disseminated by Labrada Bodybuilding Nutrition, Inc., including monthly reports, quarterly reports, annual reports and all amendments thereto.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as substantially overbroad in seeking "all" reports as this request is in no way limited in time. Labrada further objects that shareholder reports are irrelevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 13.**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Naturex, Inc. that concern Svetol®.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad and unduly burdensome in seeking "all" documents and because this request is not limited in time nor is it limited to the products at issue.

**REQUEST NO. 14.**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Intherhealth that concern Supercitrimax®.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending

1   motion to dismiss. Labrada further objects to this request as overbroad and unduly
2   burdensome in seeking "all" documents and because this request is not limited in
3   time nor is it limited to the products at issue.

4       **REQUEST NO. 15.**

5       All documents constituting or reflecting internal analytical testing of the
6   PRODUCTS for any purpose.

7       **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
8   that discovery should not commence until the Court rules on Labrada's pending
9   motion to dismiss. Labrada further objects to this request as vague in that the term
10  "analytical testing" is not defined and subject to multiple interpretations. Labrada
11  also objects to the extent that this request is not limited in time.

12      **REQUEST NO. 16.**

13      All documents constituting or reflecting analytical testing of the
14  PRODUCTS performed at YOUR request or on YOUR behalf by anyone outside
15  Labrada Nutritional Systems, Inc., specifically including any testing performed by
16  Labrada Bodybuilding Nutrition, Inc. or any other Labrada entity.

17      **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
18  that discovery should not commence until the Court rules on Labrada's pending
19  motion to dismiss. Labrada further objects to this request as vague in that the term
20  "analytical testing" is not defined and subject to multiple interpretations. Labrada
21  also objects to the extent that this request is not limited in time.

22      **REQUEST NO. 17.**

23      Every document not produced in response to any preceding request which
24  discusses, refers to, or otherwise reflects the presence or absence of any ingredient
25  in the PRODUCTS.

26      **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
27  that discovery should not commence until the Court rules on Labrada's pending
28  motion to dismiss. Labrada further objects to this request as so substantially

-10-

overbroad in requesting "every document not produced in response to any preceding request" that refers to the products, that it is harassing. This request also fails to identify with any modicum of specificity what documents Plaintiffs are seeking. Labrada also objects that this request is overbroad in that it is not limited in time.

### REQUEST NO. 18.

All DOCUMENTS and COMMUNICATIONS concerning the paper titled *Randomized, double-blind, placebo-controlled, linear dose, crossover study to evaluate the efficacy and safety of a green coffee bean extract in overweight subjects.*

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to the extent that this request is not limited in time. Labrada also objects to this request as overbroad and unduly burdensome in calling for Labrada to produce "all" documents and communications concerning the paper.

### REQUEST NO. 19.

Copies of YOUR claim substantiation files, if any, for each of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects that the term "claim substantiation files" is vague and undefined. Labrada also objects in that this request is not limited in time.

### REQUEST NO. 20.

A color reproduction of every print, email, or online internet advertisement and marketing/promotional piece for the PRODUCTS from their inception to date.

-11-

1   **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
2   that discovery should not commence until the Court rules on Labrada's pending
3   motion to dismiss. Labrada further objects to this request as overbroad and unduly
4   burdensome in requesting "every" piece of advertising material from the inception
5   of the product. Labrada further objects to this request as overbroad in that
6   advertising materials from the date of inception is beyond the relevant period at
7   issue.

8   **REQUEST NO. 21.**

9   A color reproduction of a representative sample of each email and direct-
10   mail advertisement and marketing/promotional campaign for the PRODUCTS
11   from their inception to date.

12   **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
13   that discovery should not commence until the Court rules on Labrada's pending
14   motion to dismiss. Labrada further objects to this request as overbroad and unduly
15   burdensome in requesting "each" piece of advertising material from the inception
16   of the product. Labrada further objects to this request as overbroad in that
17   advertising materials from the "date of inception" is beyond the relevant period at
18   issue.

19   **REQUEST NO. 22.**

20   A color reproduction of every point-of-sale/point-of-purchase advertisement
21   and marketing/promotional piece for the PRODUCTS from their inception to date.

22   **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
23   that discovery should not commence until the Court rules on Labrada's pending
24   motion to dismiss. Labrada further objects to this request as overbroad and unduly
25   burdensome in requesting "every" piece of advertising material from the inception
26   of the product. Labrada further objects to this request as overbroad in that
27   advertising materials from the "date of inception" is beyond the relevant period at
28   issue.

-12-

1

**REQUEST NO. 23.**

2

A   color   reproduction   of   every   email   advertisement   and

3

marketing/promotional piece for the PRODUCTS from their inception to date.

4

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

5

that discovery should not commence until the Court rules on Labrada's pending

6

motion to dismiss. Labrada further objects to this request as overbroad and unduly

7

burdensome in requesting "every" piece of advertising material from the inception

8

of the product. Labrada further objects to this request as overbroad in that

9

advertising materials from the "date of inception" is beyond the relevant period at

10

issue.

11

**REQUEST NO. 24.**

12

A   color   reproduction   of   every   other   advertisement   and

13

marketing/promotional price for the PRODUCTS shared via electronic

14

transmission, including all advertisements in all social media platforms from

15

inception to date.

16

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

17

that discovery should not commence until the Court rules on Labrada's pending

18

motion to dismiss. Labrada further objects to this request as overbroad and unduly

19

burdensome in requesting "every" piece of advertising material from the inception

20

of the product. Labrada further objects to this request as overbroad in that

21

advertising materials from the "date of inception" is beyond the relevant period at

22

issue.

23

**REQUEST NO. 25.**

24

A color reproduction of every writing (including brochures, pamphlets,

25

leaflets, flyers, and the like) bearing any Svetol® logo.

26

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

27

that discovery should not commence until the Court rules on Labrada's pending

28

motion to dismiss, and until the Court determines how discovery will proceed in

-13-

1  this case. Labrada further objects to this request as overbroad and unduly
2  burdensome in requesting "every" writing bearing the Svetol logo and is not
3  limited to the products at issue. Labrada also objects because this request is not
4  limited in time.
5      **REQUEST NO. 26.**
6      A color reproduction of every writing (including brochures, pamphlets,
7  leaflets, flyers, and the like) bearing any Supercitrimax® logo.
8      **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
9  that discovery should not commence until the Court rules on Labrada's pending
10  motion to dismiss. Labrada further objects to this request as overbroad and unduly
11  burdensome in requesting "every" writing bearing the Supercitrimax logo and is
12  not limited to the products at issue. Labrada also objects because this request is not
13  limited in time.
14      **REQUEST NO. 27.**
15      A color reproduction of a representative sample of every packaging for
16  every line or line extension of the PRODUCTS.
17      **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
18  that discovery should not commence until the Court rules on Labrada's pending
19  motion to dismiss. Labrada further objects to this request as overbroad and unduly
20  burdensome in seeking a sample of "every" packaging. Labrada also objects that
21  this request is vague in that the term "line extension" is undefined and subject to
22  multiple interpretations. Labrada also objects to the extent that this request is not
23  limited in time.
24      **REQUEST NO. 28.**
25      Copies of all videos that have appeared on the YouTube "Labrada Nutrition
26  Channel" that mention the PRODUCTS.
27      **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
28  that discovery should not commence until the Court rules on Labrada's pending

-14-

1  motion to dismiss. Labrada further objects to this request as overbroad and unduly

2  burdensome because it is not limited in time. Labrada also objects that YouTube

3  videos are equally available to the Plaintiffs, and the mere fact that a product is

4  mentioned, does not mean that the video is relevant to Plaintiffs' claims or likely to

5  lead to the discovery of admissible evidence.

6  **REQUEST NO. 29.**

7  All scripts for consumer call centers or otherwise used for interaction with

8  consumers concerning the PRODUCTS.

9  **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

10  that discovery should not commence until the Court rules on Labrada's pending

11  motion to dismiss. Labrada further objects to this request as overbroad and unduly

12  burdensome because it is not limited in time and calls for production of "all"

13  scripts. Finally, Labrada objects to the extent "otherwise used for interaction with

14  consumers" is vague and undefined.

15  **REQUEST NO. 30.**

16  All responses to consumer letters, emails, messages, or other

17  communications which responses directly or indirectly refer to the design and

18  manufacture of the PRODUCTS, including chemicals, ingredients, or additives

19  contained or not contained in the PRODUCTS.

20  **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

21  that discovery should not commence until the Court rules on Labrada's pending

22  motion to dismiss. Labrada further objects to this request as overbroad and unduly

23  in that it is not limited in time and calls for Labrada to provide "all" responses to

24  consumer letters. Labrada also objects to this request as vague in that it is unclear

25  how a response to a letter could "indirectly" refer to something.

26  **REQUEST NO. 31.**

27  Every document containing or reflecting internal company communications

28  regarding the proposed or actual content advertising for the PRODUCTS or other

-15-

marketing materials, specifically including all marketing plans, including any documents discussing or referring to their potential or intended impact upon consumer perceptions of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad because it is not limited in time and requests "every" document containing internal communications regarding advertising. Labrada also objects to this request as overbroad in seeking irrelevant information that is not likely to lead to the discovery of admissible evidence. This case is about consumer advertising, communications regarding "proposed" advertising are irrelevant to Plaintiffs' claims.

**REQUEST NO. 32.**

Every document containing or reflecting communications between you and someone outside Labrada Bodybuilding Nutrition, Inc. regarding the proposed or draft or actual content of advertising or other marketing materials concerning the PRODUCTS, specifically including any documents discussing or referring to their potential or intended impact upon consumer perceptions of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad because it is not limited in time and requests "every" communication regarding advertising that Labrada had with someone outside the company. Read literally, this request would encompass all communications Labrada had with all of its customers. Such a request is unduly burdensome. Labrada also objects to this request as overbroad in seeking irrelevant information that is not likely to lead to the discovery of admissible evidence. This case is about consumer advertising, communications regarding "draft" advertising are irrelevant to Plaintiffs' claims.

-16-

**REQUEST NO. 33.**

Every document containing or reflecting internal company communications regarding proposed or actual packaging or labeling for the PRODUCTS, specifically including any documents discussing or referring to its potential or intended impact upon consumer perceptions of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad and unduly burdensome because it is not limited in time and requests "every" internal communication regarding packaging. Labrada also objects to this request as overbroad in seeking irrelevant information that is not likely to lead to the discovery of admissible evidence. This case is about consumer advertising, communications regarding "proposed" packaging are irrelevant to Plaintiffs' claims.

**REQUEST NO. 34.**

Every document containing or reflecting communications between you and someone outside Labrada Bodybuilding Nutrition, Inc. regarding proposed or actual packaging or labeling for the PRODUCTS, specifically including any documents discussing or referring to its potential or intended impact upon consumer perceptions of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad and unduly burdensome because it is not limited in time and requests "every" communication with any third party regarding packaging. Labrada also objects to this request as overbroad in seeking irrelevant information that is not likely to lead to the discovery of admissible evidence. This case is about consumer advertising, communications regarding "proposed" packaging are irrelevant to Plaintiffs'

-17-

claims.

**REQUEST NO. 35.**

Every document not produced in response to a preceding response, which document discusses, refers to, or otherwise reflects a marketing strategy for the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss.  Labrada further objects to this request as so substantially overbroad in requesting "every document not produced in response to a preceding response" that reflects a marketing strategy. This request also fails to identify with any modicum of specificity what documents Plaintiffs are seeking. Labrada also objects that this request is overbroad in that it is not limited in time.

**REQUEST NO. 36.**

Every marketing agreement, marketing proposal, or other contract entered between YOU and someone outside of Labrada Bodybuilding Nutrition, Inc. with respect to the advertising or marketing of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad in seeking "every" agreement related to advertising. Labrada also objects to this request as overbroad in that it is not limited in time.

**REQUEST NO. 37.**

Every document that discusses, refers to, or otherwise reflects the ideal, potential, desired or actual demographic(s) for consumers of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as vague in seeking documents related to "ideal, potential [or] desired" demographics, as those terms

-18-

are subjective, and it is unclear how this information would be reflected in a document or tangible thing. Labrada also objects to this request as overbroad as it is not limited in time. Finally, Labrada objects as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence. This case is about consumer advertising that actually occurred. Labrada's subjective goals regarding advertising are irrelevant to Plaintiffs' claims.

**REQUEST NO. 38.**

Every document that discusses, refers to, or otherwise reflects the rationale(s) for pricing the PRODUCTS at their given price point at any time.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad in that it seeks information "at any point at any time," which includes information well beyond the relevant period in this case. Labrada further objects to this request as vague, in that the term "reflects the rationale" is undefined and subject to multiple interpretations. Labrada also objects that this request is overbroad and unduly burdensome, in that, read literally, "every document" related to the "rationale for pricing" could encompass every document that merely reflects the price of the products, including all invoices, sales receipts, etc.

**REQUEST NO. 39.**

Every document that constitutes, discusses, refers to, or otherwise reflects the existence of any consumer survey performed by YOU or on YOUR behalf concerning the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada also objects to this request as overbroad because it is not limited in time. Labrada further objects to this request as overbroad and vague in that the terms "survey" is undefined and could possible encompass surveys

-19-

1  beyond topics that are relevant to the issues in this lawsuit.

2  **REQUEST NO. 40.**

3  Every document that constitutes, discusses, refers to, or otherwise reflects
4  the existence of any focus group regarding the PRODUCTS' potential or actual
5  marketing claims.

6  LABRADA'S RESPONSE: Labrada objects to this request on the grounds
7  that discovery should not commence until the Court rules on Labrada's pending
8  motion to dismiss. Labrada also objects to this request as overbroad because it is
9  not limited in time. Labrada further objects to this request as overbroad in
10  requesting information related to "potential" marketing claims, as this case is about
11  actual marketing claims and "potential" marketing claims is are irrelevant.

12  **REQUEST NO. 41.**

13  Every document that constitutes, discusses, refers to, or otherwise reflects
14  the existence of any focus group regarding the PRODUCTS' potential or actual
15  packaging, labelling, advertising slogans or brand name.

16  **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
17  that discovery should not commence until the Court rules on Labrada's pending
18  motion to dismiss. Labrada also objects to this request as overbroad because it is
19  not limited in time. Labrada further objects to this request as overbroad in
20  requesting information related to "potential" packaging, labeling, advertising
21  slogans or brand name, as this case is about the actual advertising; "potential"
22  packaging, labeling, advertising slogans or brand name is therefore irrelevant to
23  Plaintiffs' claim and not likely to lead to the discovery of admissible evidence.

24  **REQUEST NO. 42.**

25  All documents reflecting the cost to produce the PRODUCTS, including cost
26  of materials and production, over the past six years.

27  **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds
28  that discovery should not commence until the Court rules on Labrada's pending

motion to dismiss. Labrada further objects to this request as overbroad in calling for Labrada to produce "all documents" reflecting the cost to produce the products, as read literally, would encompass every document related to products.

## REQUEST NO. 43.

All communications between Labrada Bodybuilding Nutrition, Inc. and Labrada Nutritional Systems, Inc., or any other Labrada entity, discussing or referring in any way to the advertising or marketing of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad and unduly burdensome in calling for Labrada to produce "all communications" regarding advertising or marketing. Labrada further objects to this request as overbroad as it is not limited in time.

## REQUEST NO. 44.

All communications between Labrada Bodybuilding Nutrition, Inc. and Labrada Nutritional Systems, Inc., or any other Labrada entity, discussing or referring in any way to the label design or manufacture of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad and unduly burdensome in calling for Labrada to produce "all communications" regarding label design. Labrada further objects to this request as overbroad as it is not limited in time.

## REQUEST NO. 45.

All communications between Labrada Bodybuilding Nutrition, Inc. and Labrada Nutritional Systems, Inc., or any other Labrada entity, discussing or referring in any way to the testing of the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

-21-

1 that discovery should not commence until the Court rules on Labrada's pending

2 motion to dismiss. Labrada further objects to this request as overbroad and unduly

3 burdensome in calling for Labrada to produce "all communications" regarding

4 testing. Labrada further objects to this request as overbroad as it is not limited in

5 time.

6       **REQUEST NO. 46.**

7       Organizational charts reflecting the composition of Labrada Nutritional

8 Systems, Inc., including its marketing department, from its inception to the present.

9       **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

10 that discovery should not commence until the Court rules on Labrada's pending

11 motion to dismiss. Labrada further objects to this request as overbroad in

12 requesting organization charts from the inception of Labrada to the present. Only

13 organization charts during the class period are relevant.

14       **REQUEST NO. 47.**

15       All current and past document retention/destruction policies at Labrada

16 Bodybuilding Nutrition, Inc.

17       **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

18 that discovery should not commence until the Court rules on Labrada's pending

19 motion to dismiss. Labrada further objects to this request as overbroad in that it is

20 not limited in time.

21       **REQUEST NO. 48.**

22       All documents reflecting the allocation between Labrada Bodybuilding

23 Nutrition, Inc. and Labrada Nutritional Systems, Inc. of responsibilities for the

24 PRODUCTS, including the design, manufacture, advertising, marketing, and sales

25 of the PRODUCTS.

26       **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

27 that discovery should not commence until the Court rules on Labrada's pending

28 motion to dismiss. Labrada further objects that the term "allocation . . .of

responsibilities" is vague, unclear, and subject to multiple interpretations. This request is better addressed in an Interrogatory. Labrada also objects that this request is overbroad because it is not limited in time.

**REQUEST NO. 49.**

All DOCUMENTS reflecting the transfer of documents, if any, from Labrada Bodybuilding Nutrition, Inc. to Labrada Nutritional Systems, Inc., or vice versa, during the past six years.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects that the term "transfer of documents" is vague and undefined.

**REQUEST NO. 50.**

All DOCUMENTS that discuss or refer in any way to the loss or destruction of any DOCUMENTS relating in any way to the PRODUCTS and/or their ingredients.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects as this request is vague. It is unclear what document would refer to loss or destruction of documents. Labrada further objects that this request is overbroad in that it is not limited in time.

**REQUEST NO. 51.**

All documents, including but not limited to communications, studies, or analyses, relating to any price increase, price premium, or amount of money consumers are willing to pay for the PRODUCTS.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada also objects to this request as overbroad in requesting "all documents" relating to amount of money consumers are willing to pay,

-23-

because, read literally, this would encompass every sales receipt or document with a price contained therein. Labrada further objects that this request is overbroad because it is not limited in time.

### REQUEST NO. 52.

To the extent not produced in response to any prior requests, all DOCUMENTS CONCERNING THE PRODUCTS' product marketplace ratings data (such as by Nielsen, SPINS, Arbitron, and IRI).

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada also objects to this request as overbroad because it is not limited in time. Labrada further objects to this request as overbroad ins seeking "all" documents. Finally, Labrada objects that the term "marketplace ratings" is largely undefined, and, as such, aside from the four examples, is undefined.

### REQUEST NO. 53.

Documents sufficient to identify each and every distributor, retailer, or other entity to whom you sold the products during the past six years, including the time period(s) during which you did so.

**LABRADA'S RESPONSE:** Labrada objects to this request on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad and unduly burdensome in calling for documents "sufficient to identify each and every distributor, retailer, or other entity" to whom Labrada sold the products. Such a request is better suited for an interrogatory. Labrada further objects to this request as overbroad to the extent it seeks documents outside the class period.

### REQUEST NO. 54.

Documents sufficient to identify, with respect to each of the PRODUCTS, during the past six years: (i) monthly RETAIL UNIT sales; (ii) the costs of goods sold per RETAIL UNIT; (iii) monthly gross sales; (iv) monthly net sales; (v)

-24-

Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION REGARDING MOTION TO COMPEL DEFENDANT LABRADA BODY BUILDING
NUTRITION, INC.'S RESPONSES TO PLAINTIFFS WOODARD'S FIRST SET OF DISCOVERY REQUESTS

1   AVERAGE RETAIL PRICE; and (vi) monthly profits.

2   **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

3   that discovery should not commence until the Court rules on Labrada's pending

4   motion to dismiss. Labrada further objects to this request as overbroad and unduly

5   burdensome in calling for documents to identify the various categories of sales

6   information. Such a request is better suited for an interrogatory. Labrada further

7   objects to this request as overbroad to the extent it seeks documents outside the

8   class period. Labrada further objects that most of these categories are irrelevant to

9   Plaintiffs' claims. Plaintiffs' stated relief is a refund of the purchase price.

10  Therefore, information regarding profits, costs of goods sold, etc. are irrelevant to

11  Plaintiffs' claims and unlikely to lead to the discovery of admissible evidence.

12  Labrada further objects to this request as overbroad to the extent that it seeks sales

13  data from outside the class period.

14  **REQUEST NO. 55.**

15  Identify all communications concerning any alleged "litigation hold" and/or

16  "preservation order" you possess or possessed instructing persons to preserve

17  documents or tangible things concerning the allegations in this litigation. Identify

18  the exact date the alleged litigation hold was issued, identify the persons to whom

19  you allege it was furnished, and produce all documents related thereto.

20  **LABRADA'S RESPONSE:** Labrada objects to this request on the grounds

21  that discovery should not commence until the Court rules on Labrada's pending

22  motion to dismiss.

23  **PLAINTIFFS' CONTENTIONS:**

24  **Calculation to Lead to Admissible Evidence and Proportionality**

25  Plaintiffs Woodard's complaint alleges straightforward deceptive advertising

26  claims under California's consumer laws, which are intentionally framed in

27  "broad, sweeping language." *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310,

28  320 (2011) (explaining that the UCL includes "anything that can properly be called

-25-

a business practice and that at the same time is forbidden by law" and that the FAL is "equally comprehensive within the narrower field of false and misleading advertising."). Indeed, both the UCL and FAL are "intended to preserve fair competition and protect consumers from market distortions." *Id.* at 331 ("Contrary to that general purpose, if we were to deny standing to consumers who have been deceived by label misrepresentations in making purchases, we would impair the ability of consumers to rely on labels, place those businesses that do not engage in misrepresentations at a competitive disadvantage, and encourage the marketplace to dispense with accuracy in favor of deceit."). The requests here go towards Plaintiffs' claims against Labrada, including but not limited to information about the products, sales of the products, the ingredients of the products, studies about the products, communications with other companies about the product, the structure of Labrada, the development of the products' packaging, consumer perceptions of the products, and other issues relating to Labrada's marketing of the Products. Labrada has not established that any of these requests are not calculated to lead to discoverable information, which is the proper standard here. Accordingly, Labrada must be ordered to produce responses to these requests.

### Failure to Comply with Rule 34(c)

Federal Rule of Civil Procedure 34(c) further provides that "An objection must state whether any responsive materials are being withheld on the basis of that objection." *See* Fed. R. Civ. P. 34(c). Defendant Labrada has failed to specify whether responsive materials are being withheld on the basis of his objections.

### Boilerplate Objections Are Inadequate

Labrada asserts boilerplate objections, like unduly burdensome and vague. However, these objections are insufficient because "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[O]bjections

-26-

should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable."). Furthermore, in the Ninth Circuit, there is established law that a defendant "must actually explain why" the requests would be burdensome and "provide details." *See Becker v. Wells Fargo Bank*, *NA, Inc.*, 2013 WL 5406894, at *14 (E.D. Cal. Sept. 25, 2013).[1] Labrada has not done so.

### Failure to Produce a Privilege Log

Defendant Labrada has further objected on the basis of attorney-client and attorney work-product doctrine, but he has failed to produce a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

### Discovery is Wide-Open

The parties held a Rule 26(f) conference on September 21, 2016. As explained above, discovery is open after the Rule 26(f) conference, and therefore Labrada was required to obtain a Court order to relieve itself of its obligation to respond to discovery. As there is no Court order, Labrada was required to participate in discovery. Its failure is sanctionable.

### Failure To Explain How The Requests Impose an Undue Burden

Defendant Labrada has asserted an objection based on undue burden to Plaintiffs' RPD Numbers 13, 14, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 38, 43, 44, 45, 53, and 54. In the Ninth Circuit, there is established law that

---

.[1] *See also Mulero Abreuv. Puerto Rico Police Dept.*, 675 F.3d 88, 93, 82 (1st Cir. 2012) ("blanket objections" are not sufficient); *Deere v. American Water Works Co., Inc.*, 306 F.R.D. 208, 215 (S.D. Ind. 2015); *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (strongly criticizing practices of "blanket" and "boilerplate" objections); *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D. W. Va. 2014); *Gassaway v. Jarden Corp.*, 292 F.R.D. 676, 681 (D. Kan. 2013); *Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D. N.Y. 2012) (describing boilerplate objections as "a paradigm of discovery abuse"); *Covington v. Sailormen Inc.,* 274 F.R.D. 692, 693-94 (N.D. Fla. 2011) ("shotgun-style" boilerplate objections are improper.).

a defendant "must actually explain why" the requests would be burdensome and "provide details." *See Becker v. Wells Fargo Bank, NA, Inc.*, 2013 WL 5406894, at *14 (E.D. Cal. Sept. 25, 2013).[2] Defendant Labrada's generalized, boilerplate objections fail to explain how Plaintiffs' requests would constitute an undue burden; thus, Labrada has failed to satisfy his discovery obligations.

## Keywords

Each of the keywords referenced in Requests for Production are relevant to this matter and documents that contain these keywords will likewise be relevant. The "instructions" section of Plaintiffs' Requests states that "Plaintiffs encourage YOU to search ELECTRONICALLY STORED INFORMATION using the specified word or phrase as the search term. All 'hits' generated from the search using the specified word or phrase as a search term would be responsive to Plaintiffs' request." Thus, it hard to conceive how a simple computer search will constitute an undue burden on Labrada. *See, e.g., Fenerjian v. Nong Shim Co., Ltd*, No. 13-CV-04115, 2016 WL 1019669, at *6 (N.D. Cal. Mar. 15, 2016) (holding that "an ESI search would not likely cause an undue burden, because something

---

[2] *See also In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 286173, at *6 (N.D. Cal. Jan. 27, 2011) ("Google argues that electronic searches based on keywords are required to avoid an undue burden in producing responsive documents. But beyond these attorney arguments, Google once again offers no evidence to support its undue burden claims. In particular, Google fails to serve even a single declaration from a competent witness describing the resources required to complete a manual, as opposed to electronic, search of documents responsive to SRA's requests. As a result, no estimate of the number of hours, business distraction, or cost of production is included in the record. Nor does the record include any specific proposal for a keyword search (including, for example, the proposed keywords themselves and the comparative results of a statistically significant split sample of one or more document sources or custodians) that demonstrates the efficacy of the proposed search as opposed to manual review. The court is thus left to presume undue burden, as opposed to evaluating burden in light of an evidentiary record. This the court will not do.").

1  like running the word 'ramen' on their client's email would involve a simple
2  search.") (internal quotations omitted).

3  <u>**Specific Categories of Requests**</u>

4  Labrada makes many objections regarding agreements between Labrada and
5  other Defendants, stating that they are overbroad because they are not limited to
6  products or ingredients at issue in this case.  (RFP Nos. 1-6.)  These objections are
7  meritless, as the relationship and communications between the parties are at issue
8  in this case, including economic interests between the parties.    Further,
9  "understanding" is not vague, as understandings are commonly written down
10  before being converted to a formal written contract or agreement.  The relationship
11  between the entities is not limited in time, and therefore a lack of time period in the
12  requests does not prevent Labrada's response.

13  Labrada's objections to requests for Labrada's Articles of Incorporation,
14  corporate bylaws, Stock Ledger, minutes, and reports are unfounded.  (RFP Nos. 7-
15  12.)   Objections to Labrada's organizational relations and relations to other
16  defendants are similarly unfounded.   (RFP Nos. 43-46, 48-49, 53.)   Those
17  documents may demonstrate ownership information regarding Labrada, and may
18  explain internal operations of Labrada, and therefore may lead to admissible
19  information.

20  Labrada makes other objections to the time period of certain document
21  requests that are unfounded.  (RFP Nos. 13-19.)  The time period for these
22  documents is not limited to the time period for this action because the requests are
23  relevant to Labrada and other defendants' knowledge about the PRODUCTS and
24  Svetol, which could have occurred at any time.

25  Labrada makes objections to the production of advertisements,
26  communications with customers, and company information that occurred prior to
27  the statutory time period.  (RFP Nos. 20-27, 29, 30, 43, 44, 45, 48, 50, 51, 53, 54.)
28  These objections are not valid.  Changes in the advertisements over the years may

-29-

lead to admissible evidence regarding Labrada's state of mind during the relevant time period, and therefore the request is calculated to lead to admissible information.   Additionally, the objection does not prevent production of the advertisements during the statutory period, but Labrada still did not produce documents.

Labrada makes objections to requests asking for internal communications about, strategies regarding, and drafts of advertisements and pricing of products. (RFP Nos. 31-38, 40-42.)  The proposed advertisements and documents regarding the price of the product, demographics, and analysis of consumer protections all go towards Labrada's intent of communication with consumers and knowledge about the products.  These are all relevant to the case.

### Conclusion

Defendant's failure to participate in basic discovery makes it impossible for Plaintiffs and this Court to nail down and rule on the exact discovery disputes at hand.  With no documents produced, Plaintiffs cannot evaluate what discovery is missing and which of Defendant's many objections are challengeable.  Plaintiffs respectfully requests that the Court compel Labrada to participate in discovery and produce responses to the Requests for Production, either producing all responsive documents and state under oath that all responsive documents within its care, custody, and/or control have been produced to Plaintiffs or, in the alternative, state under oath that there are no responsive documents within its care, custody, and/or control that are responsive to Plaintiffs' Requests.  Only after the production is first made can Plaintiffs perform a proper review of the documents to see if Defendant's response is lacking, and whether a further motion to compel is warranted.

### DEFENDANTS' CONTENTIONS

As an initial matter, the Labrada Defendants have agreed to produce responsive, non-privileged documents within twenty-one days given the recent rulings of Judge Bernal on the Media Defendants' Motion to Dismiss and Judge

-30-

Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION REGARDING MOTION TO COMPEL DEFENDANT LABRADA BODY BUILDING
NUTRITION, INC.'S RESPONSES TO PLAINTIFFS WOODARD'S FIRST SET OF DISCOVERY REQUESTS

Pym on a motion to compel.  Therefore, the necessity of this motion is unclear. Nevertheless, the Labrada Defendants will respond briefly to each of Plaintiffs' points:

### Calculation to Lead to Admissible Evidence and Proportionality

Labrada objected to three classes of Plaintiffs' requests as seeking irrelevant information.  First, Plaintiffs sought intrusive and unnecessary documents related to the Labrada Defendants' corporate structure. (Request Nos. 7, 8, 10, 11.)  For example, meeting minutes from every shareholder meeting, unrelated to the products or claims at issue in this case, seeks a broad swath of information that is completely unrelated to Plaintiffs' claims. Likewise, stock ledgers are also irrelevant and not likely to lead to the discovery of admissible evidence. Second, Plaintiffs sought information about "proposed advertising."  (Request Nos. 31, 32, 33, 34, 37, 40, and 41.) This is a case about actual consumer advertising. "Proposed advertising" that was never used and that Plaintiffs certainly did not rely upon in purchasing the products is irrelevant. Third, Plaintiffs seek information about gross profits. This figure is unrelated to Plaintiffs' damage figure, which is a refund.

### Failure to Comply with Rule 34(c)

The Labrada Defendants withheld all documents because discovery is premature, not because of a privilege. However, given that the Labrada Defendants have agreed to produce documents, should any responsive documents be withheld, the Labrada Defendants will, per Rule 34(c), identify those documents.

### The Objections are not boilerplate

Plaintiffs misunderstand the term "boilerplate." The Labrada Defendants identified and explained its objections.  For example, if a term was vague, the Labrada Defendants identified the term and explained why it was vague. Likewise, the Labrada Defendants made several objections to the relevant period for discovery. The period at issue is the class period, yet Plaintiffs consistently seek

-31-

documents from the "date of inception" of the products at issue. This is not a boilerplate objection of "overbroad" because the Labrada Defendants identified and explained the objection.   Ironically, Plaintiffs merely make a boilerplate objection that the Labrada Defendants' objections are boilerplate, as Plaintiffs fail to identify any specific example of a boilerplate objection.

## Privilege Log

Labrada withheld all documents because discovery is premature, not because of a privilege. However, given that Labrada has agreed to produce responsive non-privileged documents, should any documents be withheld as privileged, the Labrada Defendants will provide a privilege log.

## Undue Burden

Many of Plaintiffs' requests seek "every" or "all" documents in a given category, and many requests go beyond the specific products at issue.   For example, Request No. 26 seeks "every writing (including brochures, pamphlets, leaflets, flyers, and the like) bearing any Supercitrimax® logo." This request goes so far beyond what is relevant to this case that it is unduly burdensome. Likewise, Request No. 1 seeks "every written contract, agreement, and/or understanding between YOU and Naturex, Inc." Contracts unrelated to the products at issue in this case are irrelevant, rendering this request overbroad and unduly burdensome.

The Labrada Defendants have agreed to produce responsive documents. After producing documents, the Labrada Defendants will further evaluate whether and to what extent Plaintiffs' requests are unduly burdensome.

## Keywords

Selection of key words was not at issue in Plaintiffs' requests for production. However, the Labrada Defendants are aware of no Rule allowing Plaintiffs to mandate specific search terms. Furthermore, the Labrada Defendants' actual objection was to Plaintiffs' instructions. Plaintiffs mandated a very specific form of production of ESI. For example, Plaintiffs instructed, "ESI will be produced in

-32-

Concordance load file format," as well as other burdensome instructions. Plaintiffs' instructions go beyond what is required by the Federal Rules of Civil Procedure.

## Specific Categories of Requests

<u>Agreements with other parties:</u>  Agreements that the Labrada Defendants may have had with other parties unrelated to the ingredients or products at issue are irrelevant to Plaintiffs' claims and is an obvious fishing expedition.

<u>Organizational documents:</u>  The Labrada Defendants do not disagree that Plaintiffs are entitled to an organizational chart and other relevant documents to understand the Labrada Defendants' corporate structure.  Such documents will be produced in twenty-one days. But Plaintiffs' request goes far beyond simply discovering "ownership information."  For example, shareholder meeting minutes, predating the class period and unrelated to the products at issues (or any issues in this lawsuit) is substantially overbroad. Likewise, stock ledgers are also irrelevant to this case.

<u>Time period:</u>  This is a consumer class action.  The issue is whether the advertising, during the class period, was deceptive (it was not). Prior advertising, from the inception of the products, is overbroad and harassing.  Likewise, the Labrada Defendants' subjective "state of mind" is irrelevant to the issues in this case.

## Conclusion

As noted above, the Labrada Defendants have agreed to withdraw their primary objection that discovery is premature due to the pending motions to dismiss and produce responsive documents and supplemental responses within twenty-one days. No need for this motion exists.  However, even after production, based on the over breadth of nearly all of Plaintiffs' requests, issues may persist.  It would be more efficient to address these issues, to the extent that the parties cannot resolve them, after the Labrada Defendants produce responsive documents.

-33-

### A.   PLAINTIFFS' INTERROGATORIES

Just as Labrada did not produce any documents, Labrada also refused to answer any of the interrogatories Plaintiffs propounded.  Labrada raised the same unfounded objection to each interrogatory:  "Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss."  Due to this boilerplate, blanket objection, Plaintiffs are unable to fully evaluate the merits of Labrada's other objections.  Plaintiffs incorporate the timing of discovery arguments for the production of documents from the section above.  Labrada's refusal to participate in discovery is a waste of judicial resources and sanctionable.  As required by local rules, Plaintiffs must list each request and Labrada's response despite Labrada's refusal to participate in discovery.

### PLAINTIFFS' INTERROGATORIES

### INTERROGATORY NO. 1:

Please IDENTIFY, in chronological order, (a) every lot number of the Labrada PRODUCTS sold in the United States during the RELEVANT TIME PERIOD, (b) the dates when each lot number was available for purchase within the United States (excluding dates relating solely to geographically limited test markets), and (c) whether a specimen or a sample from each of the lot numbers is within your care, custody, and/or control.

**LABRADA'S  ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects in that request is substantially overbroad in requesting Labrada to identify every lot number sold for the Products at issue during the last four years and identifying when each lot number was available for purchase.

Labrada also objects to the extent the "relevant time period" as defined is broader than the class period at issue.

**INTERROGATORY NO. 2:**

For each lot number identified in response to Interrogatory Number One above, IDENTIFY every ingredient (including fillers, binders, and artificial ingredients), noting any changes or variation over time, and the geographical source of each of the ingredients.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to the extent that this request is substantially overbroad in requesting Labrada to identify every ingredient in every lot sold during the class period. Labrada also objects to this request as overbroad in requesting Labrada to identify the geographic source of each of the ingredients. Finally, Labrada objects to this request as vague, in that it is unclear what a "geographical source of each ingredient" means. Labrada also objects to the extent the "relevant time period" as defined is broader than the class period at issue.

**INTERROGATORY NO. 3:**

Please IDENTIFY, in chronological order, (a) every UPC-A NUMBER assigned to each of the Labrada PRODUCTS sold in the United States during the RELEVANT TIME PERIOD, (b) every Manufacturer's Identification Number used by YOU to identify each of the Labrada PRODUCTS sold in the United States during the RELEVANT TIME PERIOD, and (c) every known SKU NUMBER for each of the PRODUCTS sold in the United States during the RELEVANT TIME PERIOD, and the RETAILER that the SKU NUMBER is associated with.

1

2   **LABRADA'S ANSWER:** Labrada incorporates the general objections

3   above. Labrada objects to this Interrogatory on the grounds that discovery should

4   not commence until the Court rules on Labrada's pending motion to dismiss.

5   Labrada also objects to this Interrogatory as substantially overbroad in asking

6   Labrada to identify each UPC-A number assigned to each of the products, every

7   manufacturer's identification number used by Labrada, and every known SKU

8   number during the class period. Labrada also objects to the extent the "relevant

9   time period" as defined is broader than the class period at issue. Labrada also

10  objects to the extent the "relevant time period" as defined is broader than the class

11  period at issue.

12  **INTERROGATORY NO. 4:**

13  Please IDENTIFY, in chorological order, the Manufacturer's Suggested

14  Retail Price (MSRP) for each of the Labrada PRODUCTS sold in the United States

15  during the RELEVANT TIME PERIOD broken down by the UPC-A Number, and

16  DESCRIBE the reason for any change(s) in the MSRP.

17  **LABRADA'S ANSWER:** Labrada incorporates the general objections

18  above. Labrada objects to this Interrogatory on the grounds that discovery should

19  not commence until the Court rules on Labrada's pending motion to dismiss.

20  Labrada further objects to this request as overbroad and unduly burdensome by

21  requiring Labrada to respond by identifying each UPC-A number. Labrada also

22  objects to the extent the "relevant time period" as defined is broader than the class

23  period at issue.

24  **INTERROGATORY NO. 5:**

25  Please IDENTIFY every RETAILER to whom YOU have sold the Labrada

26  PRODUCTS to during the RELEVANT TIME PERIOD, including (a) each date of

27  sale for each RETAILER in chronological order, (b) the quantity of RETAIL

28

-36-

UNITS sold to each retailer during each sale date (broken down by UPC-A NUMBERS), the price per RETAIL UNIT shown in dollars.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to Plaintiffs' Interrogatory as substantially overbroad in asking Labrada to identify every retailer to whom Labrada sold the product. Such information is overbroad and not likely to lead to the discovery of admissible evidence. Labrada also objects to the extent the "relevant time period" as defined is broader than the class period at issue.

**INTERROGATORY NO. 6:**

To the extent that it is not duplicate of any prior interrogatory, please IDENTIFY the gross sales of the PRODUCTS that were sold to RETAILERS, shown in dollars and RETAIL UNITS, for each of the PRODUCTS sold in:

    (a.) the United States during the RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year,

    (b.) California during the RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year, and

    (c.) New York during RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to the extent that it does not maintain a breakdown of sale by geographic region nor does it maintain data broken down by "month, quarter, and calendar year." Labrada also objects to the extent the "relevant time period" as defined is broader than the class period at issue.

**INTERROGATORY NO. 7:**

To the extent that it is not duplicate of any prior interrogatory, please IDENTIFY the gross RETAIL UNIT SALES, shown in dollars and RETAIL UNITS, for each of the Labrada PRODUCTS sold, including on the Labrada website, in

(a.) the United States during the RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year,

(b.) California during the RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year, and

(c.) New York during RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to the extent that it does not maintain a breakdown of sale by geographic region nor does it maintain data broken down by "month, quarter, and calendar year." Labrada also objects to the extent the "relevant time period" as defined is broader than the class period at issue.

## INTERROGATORY NO. 8:

Please IDENTIFY the costs of goods sold, in dollars and RETAIL UNITS, for each of the Labrada PRODUCTS sold in:

(a.) the United States during the RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year;

(b.) California during the RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year; and

(c.) New York during RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should

not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to the extent that it does not maintain a breakdown of sale by geographic region nor does it maintain data broken down by "month, quarter, and calendar year." Labrada also objects to the extent the "relevant time period" as defined is broader than the class period at issue. Labrada further objects that the "cost of goods" is vague and undefined.

**INTERROGATORY NO. 9:**

Please IDENTIFY the AVERAGE RETAIL PRICE, in dollars and RETAIL UNITS, for each of the Labrada PRODUCTS sold in:

> (a.) the United States during the RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year;
>
> (b.) California during the RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year; and
>
> (c.) New York during RELEVANT TIME PERIOD, broken down by month, quarter, and calendar year.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to the extent that it does not maintain a breakdown of sale by geographic region nor does it maintain data broken down by "month, quarter, and calendar year." Labrada also objects to the extent the "relevant time period" as defined is broader than the class period at issue.

**INTERROGATORY NO. 10:**

Please IDENTIFY the percentage of YOUR total gross profits that is attributable to the sales of the PRODUCTS for the calendar years 2012, 2013, 2014, 2015, and 2016, shown in dollars and RETAIL UNITS.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should

-39-

Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION REGARDING MOTION TO COMPEL DEFENDANT LABRADA BODY BUILDING NUTRITION, INC.'S RESPONSES TO PLAINTIFFS WOODARD'S FIRST SET OF DISCOVERY REQUESTS

not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to the extent that it its gross profits is irrelevant this lawsuit, as Plaintiffs' seek a refund of the purchase price paid, not disgorgement of profits. Labrada also objects to the extent that this interrogatory seeks information outside the class period.

**INTERROGATORY NO. 11:**

Please identify all e-mail, text, and/or mailing lists used to communicate with consumers who have purchased the PRODUCTS in the United States during the RELEVANT TIME PERIOD, including the customer loyalty program.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects that its customer list is a trade secret and, therefore, protected from discovery. Labrada also objects to the extent the "relevant time period" as defined is broader than the class period at issue.

**INTERROGATORY NO. 12:**

Please state all facts supporting any contention that this case does not meet the requirements for class certification under Federal Rule of Civil Procedure 23.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this request as overbroad in calling for Labrada to "state all facts." Discovery has not yet commenced, and, as such, Labrada does not yet know "all facts" supporting any contentions it may have regarding class certification.

**INTERROGATORY NO. 13:**

1   Please IDENTIFY by name, title, and last known address, every executive,

2   officer, and board member for Labrada Bodybuilding Nutrition, Inc. from its

3   inception to the present.

4   **LABRADA'S ANSWER:** Labrada incorporates the general objections

5   above. Labrada objects to this Interrogatory on the grounds that discovery should

6   not commence until the Court rules on Labrada's pending motion to dismiss.

7   Labrada further objects to this Interrogatory as substantially overbroad and unduly

8   burdensome in requesting Labrada to identify "every executive, officer, and board

9   member" from the inception of the company. Moreover, only the names of those

10  on the board at the time of this suit are relevant to this suit.

11  **INTERROGATORY NO. 14:**

12  Please IDENTIFY by name, title, and last known address, every PERSON

13  involved in conceiving, creating, or executing any advertising or marketing

14  campaign or piece for the PRODUCTS, whether employed by YOU or employed

15  elsewhere (for example, at an advertising/marketing agency or media outlet).

16  **LABRADA'S ANSWER:** Labrada incorporates the general objections

17  above. Labrada objects to this Interrogatory on the grounds that discovery should

18  not commence until the Court rules on Labrada's pending motion to dismiss.

19  Labrada further objects to this Interrogatory as substantially overbroad and unduly

20  burdensome in asking Labrada to identify "every person involved conceiving,

21  creating, or executing any advertising or marketing campaign." Real literally, this

22  request is tantamount to asking Labrada to identify all employees. Labrada further

23  objects to this request as overbroad in that it is not limited in time.

24  **INTERROGATORY NO. 15:**

25  Please set forth the advertising/marketing budget for each of the

26  PRODUCTS for each of the past four years, including the amounts allocated for

27  any particular budget line items.

28

-41-

1  **LABRADA'S ANSWER:** Labrada incorporates the general objections
2  above. Labrada objects to this Interrogatory on the grounds that discovery should
3  not commence until the Court rules on Labrada's pending motion to dismiss.
4  Labrada also objects to this Interrogatory as seeking information that is irrelevant
5  to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.
6  It is unconceivable how Labrada's advertising budget relates to Plaintiffs' claims.

7  **INTERROGATORY NO. 16:**

8  Please IDENTIFY, by name and date of publication, every print or online
9  publication or website in which the PRODUCTS have been advertised.

10  **LABRADA'S ANSWER:** Labrada incorporates the general objections
11  above. Labrada objects to this Interrogatory on the grounds that discovery should
12  not commence until the Court rules on Labrada's pending motion to dismiss.
13  Labrada further objects that this interrogatory is substantially overbroad and
14  unduly burdensome in requesting Labrada to identify "every print or inline
15  publication or website" on which the products have been advertised. Labrada
16  further objects to this request as overbroad in that Labrada does not have control
17  over what parties post on their web site or provide links to Labrada's website. As
18  worded, this interrogatory requests Labrada to identify advertising beyond its
19  control. Finally, Labrada objects to this request as overbroad in that it is not limited
20  in time.

21  **INTERROGATORY NO. 17:**

22  IDENTIFY all consumer surveys, reports, or other documents that pertain to
23  consumer interpretation of the marketing and advertising of the PRODUCTS.

24  **LABRADA'S ANSWER:** Labrada incorporates the general objections
25  above. Labrada objects to this Interrogatory on the grounds that discovery should
26  not commence until the Court rules on Labrada's pending motion to dismiss.
27  Labrada also objects to this Interrogatory as vague, in that documents pertaining to
28  "consumer interpretation of the marketing and advertising of the Products" is

-42-

unclear and subject to multiple interpretations. Labrada further objects that this Interrogatory is overbroad in that it is not limited in time.

**INTERROGATORY NO. 18:**

IDENTIFY all PERSONS, including third party laboratories, who have performed testing on the PRODUCTS, including testing that was performed in connection with Current Good Manufacturing Practice (CGMP) (<u>See</u> 21 CFR 111.75(a)(1)(i)).

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada also objects that this Interrogatory calls for a legal conclusion and work-product regarding what procedures comply with 21 CFR 111.75(a)(1)(i). Labrada further objects that this Interrogatory is overbroad in that it is not limited in time.

**INTERROGATORY NO. 19:**

Please IDENTIFY every purchase YOU have made of Supercitrimax® during the RELEVANT TIME PERIOD, including the (a) date of the purchase, (b) the quantity of Supercitrimax® that was purchased, (c) the purchase price shown in dollars, and (d) the invoice number.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this Interrogatory as substantially overbroad in that "relevant time" is broader than the class period, nor is it limited to purchases of Supercitrimax for the products at issue in this lawsuit.

**INTERROGATORY NO. 20:**

Please IDENTIFY every purchase YOU have made of Svetol® during the RELEVANT TIME PERIOD, including the (a) date of the purchase, (b) the

-43-

quantity of Svetol® that was purchased, (c) the purchase price shown in dollars, and (d) the invoice number.

**LABRADA'S ANSWER:** Labrada incorporates the general objections above. Labrada objects to this Interrogatory on the grounds that discovery should not commence until the Court rules on Labrada's pending motion to dismiss. Labrada further objects to this Interrogatory as substantially overbroad in that "relevant time" is broader than the class period, nor is it limited to purchases of Svetol for the products at issue in this lawsuit.

## PLAINTIFFS' CONTENTIONS

### Labrada Must Respond to These Interrogatories Fully and Under Oath

Labrada's responses to interrogatories do not comply with Federal Rule of Civil Procedure 33(b)(3). That rule requires interrogatories to be "answered separately and fully in writing under oath." See Fed. R. Civ. P. 33(b)(3). Labrada did not answer any interrogatories. Thus, Plaintiffs respectfully requests an Order compelling Labrada to respond to the interrogatories fully and under oath.

### Calculation to Lead to Admissible Evidence and Proportionality

Plaintiffs Woodard's complaint alleges straightforward deceptive advertising claims under California's consumer laws, which are intentionally framed in "broad, sweeping language." *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011) (explaining that the UCL includes "anything that can properly be called a business practice and that at the same time is forbidden by law" and that the FAL is "equally comprehensive within the narrower field of false and misleading advertising."). Indeed, both the UCL and FAL are "intended to preserve fair competition and protect consumers from market distortions." *Id.* at 331 ("Contrary to that general purpose, if we were to deny standing to consumers who have been deceived by label misrepresentations in making purchases, we would impair the ability of consumers to rely on labels, place those businesses that do not engage in misrepresentations at a competitive disadvantage, and encourage the marketplace

-44-

1  to dispense with accuracy in favor of deceit.").  The interrogatories here go
2  towards Plaintiffs's claims against Labrada, including but not limited to
3  information about the products, sales of the products, the ingredients of the
4  products, studies about the products, communications with other companies about
5  the product, the structure of Labrada, the development of the products' packaging,
6  consumer perceptions of the products, and other issues relating to Labrada's
7  marketing of the Products.  Labrada has not established that any of these
8  interrogatories are not calculated to lead to discoverable information, which is the
9  proper standard here.  Accordingly, Labrada must be ordered to produce responses
10  to these interrogatories.

## Boilerplate Objections Are Inadequate

12  Labrada asserts boilerplate objections, like unduly burdensome and vague.
13  However, these objections are insufficient because "Boilerplate, generalized
14  objections are inadequate and tantamount to not making any objection at all." *See*
15  *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999);
16  *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[O]bjections
17  should be plain enough and specific enough so that the court can understand in
18  what way the interrogatories are alleged to be objectionable.").  Furthermore, in
19  the Ninth Circuit, there is established law that a defendant "must actually explain
20  why" the requests would be burdensome and "provide details." *See Becker v.*
21  *Wells Fargo Bank*, *NA, Inc.*, 2013 WL 5406894, at *14 (E.D. Cal. Sept. 25, 2013).
22  Labrada has not done so.

## Discovery is Wide-Open

24  The parties held a Rule 26(f) conference on September 21, 2016. As
25  explained above, discovery is open after the Rule 26(f) conference, and therefore
26  Labrada was required to obtain a Court order to relieve itself of its obligation to
27  respond to discovery.  As there is no Court order, Labrada was required to
28  participate in discovery.  Its failure is sanctionable.

-45-

**Failure To Explain How The Requests Impose an Undue Burden**

Defendant Labrada has asserted an objection based on undue burden to certain interrogatories. In the Ninth Circuit, there is established law that a defendant "must actually explain why" the requests would be burdensome and "provide details." *See Becker v. Wells Fargo Bank, NA, Inc.*, 2013 WL 5406894, at *14 (E.D. Cal. Sept. 25, 2013).[3] Defendant Labrada's generalized, boilerplate objections fail to explain how Plaintiffs' interrogatories would constitute an undue burden; thus, Labrada has failed to satisfy his discovery obligations.

**Conclusion**

Defendant's failure to participate in basic discovery makes it impossible for Plaintiffs and this Court to nail down and rule on the exact discoveyr disputes at hand.  With no documents produced, Plaintiffs cannot evaluate what discovery is missing and which of Defendant's many objections are challengable.  Plaintiffs respectfully requests that the Court compel Labrada to participate in discovery and answer these interrogatories.  Only after the Labrada answers the interrogatories

---

[3] *See also In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 286173, at *6 (N.D. Cal. Jan. 27, 2011) ("Google argues that electronic searches based on keywords are required to avoid an undue burden in producing responsive documents. But beyond these attorney arguments, Google once again offers no evidence to support its undue burden claims. In particular, Google fails to serve even a single declaration from a competent witness describing the resources required to complete a manual, as opposed to electronic, search of documents responsive to SRA's requests. As a result, no estimate of the number of hours, business distraction, or cost of production is included in the record. Nor does the record include any specific proposal for a keyword search (including, for example, the proposed keywords themselves and the comparative results of a statistically significant split sample of one or more document sources or custodians) that demonstrates the efficacy of the proposed search as opposed to manual review. The court is thus left to presume undue burden, as opposed to evaluating burden in light of an evidentiary record. This the court will not do.").

1   can Plaintiffs perform a proper review of the documents to see if Defendant's

2   response is lacking, and whether a further motion to compel is warranted.

3   ### DEFENDANT'S CONTENTIONS

4   As with the Requests for Production, based on recent rulings, the Labrada

5   Defendants have agreed to respond within twenty-one days. This motion serves no

6   purpose. Nevertheless, the Labrada Defendants respond as follows:

7   ### Respond Under Oath

8   Objection-only responses do not need to be verified.   When the Labrada

9   Defendants provide substantive responses, they will verify those responses.

10   ### Calculation to Lead to Admissible Evidence and Proportionality

11   Most of Plaintiffs request are overbroad in that they request needless and

12   exacting detail that is likely to serve no purpose.  For example, Plaintiffs request

13   that the Labrada Defendants identify every UPC-A number, every retailer to whom

14   Labrada sold the products, and then list the sales in chronological order.  And in a

15   later request, Plaintiffs request the Labrada Defendants to identify the gross sales.

16   The Labrada Defendants recognize that Plaintiffs are entitled to discovery

17   regarding damages. But Plaintiffs' requests often go too far in request irrelevant

18   and burdensome details.  The sensible approach at this point is for the Labrada

19   Defendants to produce responsive documents—which the Labrada Defendants

20   have agreed to do within twenty-one days—and for Plaintiffs to then determine if

21   they are lacking information.

22   Other information is plainly irrelevant: advertising budget (Interrogatory No.

23   15), every executive, board member, officer from the inception of the company

24   (Interrogatory No. 13), and every purchase of various ingredients, even if for

25   products not at issue in this lawsuit. (Interrogatory Nos. 19, 20.)

26

27

28

**Boilerplate Objections**

Plaintiffs fail to identify which objections are boilerplate.  As noted above, ironically, Plaintiffs' objection that the Labrada Defendants' objections are boilerplate is a boilerplate objection.

**Undue Burden**

Many of Plaintiffs' Interrogatories demand unnecessary detail.  For example, Plaintiffs request that the Labrada Defendants list, in chronological order, "every lot number of the Labrada Products sold." To the extent that the Labrada Defendants do not maintain information in this form, responding to this request is unduly burdensome.  The Plaintiffs repeat this approach in numerous Interrogatories.

However, the Labrada Defendants agreed to provide supplemental, substantive responses within twenty-one days. At that time, the Labrada Defendants will be better able to evaluate whether the request is burdensome, and what, if any, reasonable alternatives may exist.

**CONCLUSION**

For the foregoing reasons, the Parties respectfully submit this Joint Stipulation for a Determination of a Discovery Dispute.

-48-

1

2   Dated: March 24, 2017

3                                    Respectfully submitted,

4

5                                    /s/ *Michael T. Houchin*
                                     Michael T. Houchin
6

7                                    **LAW OFFICES OF RONALD A. MARRON**

8                                    Ronald A. Marron
                                     ron@consumersadvocates.com
9                                    Michael T. Houchin
                                     mike@consumersadvocates.com
10                                   651 Arroyo Drive
11                                   San Diego, CA 92103
                                     Telephone: (619) 696-9006
12                                   Fax: (619) 564-6665
13

14  Dated: March 24, 2017

15                                   Respectfully submitted,

16

17

18                                   /s/ *James G. Munisteri__*

19
                                     **GARDERE**
20                                   JAMES G. MUNISTERI
21                                   *jmunisteri@gardere.com*
                                     2000 Wells Fargo Plaza
22                                   1000 Louisiana Street
23                                   Houston, Texas 77002
                                     Tel:  713.276.5752
24                                   Fax: 713.276.6752
25

26

27

28

-49-