**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**COHELAN KHOURY & SINGER**
TIMOTHY D. COHELAN (SBN 60827)
*TCohelan@CKSLaw.com*
ISAM C. KHOURY (SBN 58759)
*IKhoury@CKSLaw.com*
MICHAEL D. SINGER (SBN 115301)
*msinger@ckslaw.com*
JAMES J. HILL (SBN 179630)
*JHill@CKSLaw.com*
605 C St #200
San Diego, California 92101
Telephone:  (619) 239-8148
Facsimile:   (619) 595-3000
*Attorneys for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>LEE LABRADA; LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC. D/B/A OZ MEDIA; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC; SONY PICTURES TELEVISION, INC; NATUREX, INC.; AND INTERHEALTH NUTRACEUTICALS, INC.,<br><br>Defendants. | Case No. 5:16-cv-00189-JGB-SP<br><br>**CLASS ACTION**<br><br>Discovery Dispute<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT NATUREX, INC.'S RESPONSES TO PLAINTIFFS' INTERROGATORIES**<br><br>Hearing Date:  January 9, 2018<br>Time:          10:00 AM<br>Judge:         Hon. Sheri Pym<br>Courtroom:     3 |

-1-

Case No. 5:16-cv-00189-JGB-SP
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL
DEFENDANT NATUREX, INC.'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

Pursuant to Local Civil Rule 37-2.3, Plaintiffs Veda Woodard, Teresa Rizzo-Marino, and Diane Morrison ("Plaintiffs") respectfully submit this Supplemental Memorandum of Law in Support of their Motion to Compel Defendant Naturex, Inc.'s ("Naturex") Responses to Plaintiffs' Interrogatories that was filed on November 28, 2017. (ECF Nos. 219 & 220).

## I.    INTRODUCTION

Plaintiffs' Motion to Compel concerns the following three categories of Interrogatories: (A.) Identification of all third parties to whom Naturex has sold the rights or licensed Svetol® (Interrogatory Numbers 9 and 15); (B.) Information concerning the sales of Svetol® (Interrogatory Numbers 10, 14, and 23); and (C.) Information concerning the marketing of Svetol® (Interrogatory Numbers 20, 21, and 24). In its portion of the Joint Stipulation (ECF No. 220), Naturex argues that Plaintiffs' discovery requests seek irrelevant information that is not limited to just the Labrada products. However, Naturex overlooks the fact that relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

Plaintiffs' discovery requests are relevant to the issues in this litigation and Naturex is improperly attempting to limit the scope of discovery. Naturex's contentions also have no basis in law or fact. For example, Naturex cites to *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620 (N.D. Cal. 2013) for the proposition that discovery should not be permitted into defendant's entire product line. *See* Joint Stipulation, ECF No. 220 at 19. However, the *Ogden* case actually supports Plaintiffs' position. In *Ogden*, "Bumble Bee argue[d] that because Ogden purchased only the Sardines and the Tuna Salad, she has no standing for claims regarding its other products, and so information about those other products is irrelevant to her claims." *Ogden*, 292 F.R.D. at 623. After conducting a detailed analysis of the pre-

-1-

certification discovery standard, the *Ogden* court concluded that discovery concerning other Bumble Bee products that contain the ingredient Omega-3— the same challenged ingredient that was present in the products purchased by plaintiff— was permissible. *Id.* at 627. The *Ogden* court held that "Bumble Bee's discovery obligation therefore is to produce information for products that advertise the same Omega–3 claims as the Sardines and Tuna Salad that Ogden purchased ***or that have similar ingredients***[.]" *Id*. (emphasis added).

Plaintiffs here are not seeking discovery into Naturex's entire product line. Plaintiffs are instead seeking information about similar supplement products that all contain the same purported weight-loss ingredient, Svetol®. Because Svetol® is the challenged ingredient in the Labrada Green Coffee Bean Extract that was purchased by Plaintiffs (FAC ¶ 60), information concerning the marketing and sales of the Svetol® ingredient is relevant to this litigation and should be produced. *Id.* As set forth below, each of Plaintiffs' Interrogatories are within the scope of permissible discovery and Plaintiffs' Motion to Compel should be granted in its entirety.

## II. ARGUMENT

### A. *Category A: Identification of All Third Parties to Whom Naturex Has Sold the Rights or Licensed Svetol® (Interrogatory Numbers 9 and 15)*

Plaintiffs' Interrogatory Numbers 9 and 15 seek the identification of all third parties to whom Naturex has sold the rights or licensed Svetol®. *See* Declaration of Michael T. Houchin in Support of Plaintiffs' Motion to Compel ("Houchin Decl"), ECF No. 220-1, ¶ 3 & Ex. 1. The identification of all third parties to whom Svetol® was sold is highly relevant because these third parties will likely have further information about Naturex's marketing and advertising of Svetol®, as well as the purported science that Naturex contends supports the efficacy of Svetol®. These third parties will also likely have further information about Naturex's practices and procedures for approving labeling statements that appear on supplement products

1 that contain Svetol®. *See Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 298 (E.D. Pa. 1980) (granting a motion to compel the "identification of all labelling and/or relabelling agreements" between a defendant and third parties).

Plaintiffs allege that Naturex's licensing agreements give "Naturex substantial control over the content of the labels that appear on the Labrada Green Coffee product." FAC ¶ 63. Naturex disputes this allegation and states that "Naturex has produced its trademark license agreement with Labrada, which plainly states that Naturex's 'review and approval' of the label was limited to the use of the Svetol® trademark and accuracy of chemical product integrity." *See* Joint Stipulation at 4-5. However, Plaintiffs' First Amended Complaint ("FAC") attaches a licensing agreement between Naturex and a third party concerning the use of Svetol® in another supplement product. (ECF No. 88-1). The Court has already determined that the type of language used in the agreement that is attached to the FAC would be sufficient to impose secondary liability upon Naturex. *See Woodard v. Labrada*, No. EDCV1600189JGBSPX, 2017 WL 3309765, at *9 (C.D. Cal. July 31, 2017) ("Plaintiffs sufficiently allege [Naturex] had knowledge of, and authorized the misrepresentations on the Products' labels to adequately state a claim for fraud. Plaintiffs allege that the front label of the Labrada "FAT LOSS OPTIMIZER" displays the Svetol Trademark as its active ingredient. Plaintiffs attach a sample licensing agreement that requires Licensees (i.e., Labrada) to agree to submitting 'samples of proposed labeling of any new product containing [Svetol] for [Naturex's] review and approval of the use of the [Svetol logo] at least 30 days before use begins.'"). Discovery has now confirmed that the actual trademark licensing agreement between Labrada and Naturex does in fact contain the same type of language that is alleged in the FAC. *See* Declaration of Amy Byrd in Support of the Joint Stipulation ("Byrd Decl."), ECF No. 220-10, ¶ 6 & Ex. E. This fact alone shows that Plaintiffs have a high probability of prevailing on their claims of secondary liability against Naturex.

-3-

Case No. 5:16-cv-00189-JGB-SP
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT NATUREX, INC.'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

1    Identification of all third parties to whom Naturex has licensed the rights to
2    Svetol® would additionally help Plaintiffs show that Naturex has a pattern and
3    practice of asserting substantial control over supplement companies that
4    manufacture products that contain the ingredient Svetol®. Not only does Naturex
5    assert substantial control over the content of the labels of the Labrada products, it is
6    also highly likely that Naturex has a routine practice of asserting substantial control
7    over the content of all labels for Svetol® containing products. Courts routinely allow
8    discovery that may reveal a defendant's pattern or practice of behavior. *See, e.g.,*
9    *Indep. Living Ctr. of S. California v. City of Los Angeles, Cal.*, 296 F.R.D. 632, 636
10   (C.D. Cal. 2013) (collecting authority). Plaintiffs' motion to compel should therefore
11   be granted.

   ***B.    Category B: Information Concerning Sales of Svetol®***
   ***(Interrogatory Numbers 10, 14, and 23)***

14   Plaintiffs' Interrogatory Numbers 10, 14, and 23 seek information concerning
15   the sales of Svetol®. *See* Houchin Decl., ¶ 3 & Ex. 1. This information is relevant
16   for purposes of determining damages, including punitive damages. *See* Joint
17   Stipulation at 15.  In addition, information about the overall sales of Svetol® is
18   relevant for purposes of showing the "Dr. Oz Effect." Plaintiffs' FAC alleges that
19   the Dr. Oz Effect is "a phenomenon in which discussion of a product on the program
20   causes an increase in consumer demand." FAC ¶ 17. Plaintiffs' FAC also includes a
21   quote from a director of research at Naturex who stated that "Naturex has seen a
22   noticeable uptick in awareness of green coffee extract and Naturex's Svetol® brand
23   of this ingredient" after Svetol® was featured on the Doctor Oz Show and that "'The
24   show has also helped us to capture the interest of new consumers and we have seen
25   an increase in the amount of Svetol® ordered with existing consumers[.]'" FAC ¶
26   21. The Court has previously held that "Plaintiffs satisfy the pleading requirements
27   of Rule 12(b)(6) and Rule 9(b) to state a claim for fraud and negligent
28   misrepresentation against ZoCo and Harpo because the FAC alleges ZoCo and

-4-

1  Harpo either provided substantial assistance to, aided and abetted, employed, entered
2  a joint venture and/or were involved in a civil conspiracy with Dr. Oz, and either one
3  of the Labrada Defendants *or the Supplier Defendants*." *Woodard v. Labrada*, No.
4  EDCV160189JGBSPX, 2017 WL 1018307, at *11 (C.D. Cal. Mar. 10, 2017)
5  (emphasis added). Information concerning the sales of Svetol® will help Plaintiffs
6  to determine the "Oz Effect" and the amount of assistance that Dr. Oz provided to
7  Naturex by featuring Svetol® on The Doctor Oz Show. Plaintiffs' Motion to
8  Compel information relating to the sales of Svetol® should be granted.

### C. Category C: Information Concerning the Marketing of Svetol® (Interrogatory Numbers 20, 21, and 24)

Plaintiffs' Interrogatory Numbers 20, 21, and 24 seek information concerning the marketing of Svetol®. *See* Houchin Decl., ¶ 3 & Ex. 1. This marketing information is relevant to show aiding and abetting. For example, Plaintiffs allege that Naturex promotes Svetol® by claiming that "Svetol® is the most studied and proven green coffee bean extract for losing weight and increasing lean body mass." FAC ¶ 12. These types of marketing representations have assisted and encouraged manufactures like Labrada to sell supplement products that contain Svetol®. Naturex argues that in a meet and confer letter, it "clearly and unambiguously stated that it was aware of no such documents…" Joint Stipulation at 23. But this is no substitute for answering an interrogatory under oath as is required by Federal Rule of Civil Procedure 33(b)(3). Moreover, "[a] party opposing discovery is 'required to carry a heavy burden of showing' why discovery should be denied." *The Sherwin-williams Co. v. JB Collision Servs., Inc.*, No. 13-CV-1946-LAB (WVG), 2014 WL 12577591, at *2 (S.D. Cal. Aug. 15, 2014) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Naturex has failed to meet its burden and provides Plaintiffs and the Court with only generalized, boilerplate objections.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel should be granted.

-5-

Case No. 5:16-cv-00189-JGB-SP
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL
DEFENDANT NATUREX, INC.'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

| | |
|---|---|
| DATED: December 26, 2017 | */s/ Michael T. Houchin*<br>    Michael T. Houchin |

**LAW OFFICES OF**
**RONALD A. MARRON**
RONALD A. MARRON
*ron@consumersadvocates.com*
Michael T. Houchin
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**COHELAN KHOURY & SINGER**
TIMOTHY D. COHELAN
*TCohelan@CKSLaw.com*
ISAM C. KHOURY
*IKhoury@CKSLaw.com*
MICHAEL D. SINGER
*msinger@ckslaw.com*
JAMES J. HILL
*JHill@CKSLaw.com*
605 C St #200
San Diego, California 92101
Telephone:   (619) 239-8148
Facsimile:   (619) 595-3000

*Counsel for Plaintiffs and the Proposed Classes*

-6-

Case No. 5:16-cv-00189-JGB-SP
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT NATUREX, INC.'S RESPONSES TO PLAINTIFFS' INTERROGATORIES