# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON, on behalf of themselves, all others similarly situated, and the general public,<br><br>      Plaintiffs,<br><br> vs.<br><br>LEE LABRADA; LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC. D/B/A OZ MEDIA; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC; SONY PICTURES TELEVISION, INC; NATUREX, INC.; AND INTERHEALTH NUTRACEUTICALS, INC.,<br><br>      Defendants. | Case No. 5:16-cv-00189-JGB-SP<br><br>CLASS ACTION<br><br>**JOINT STIPULATION OF SETTLEMENT** |

1  This Joint Stipulation of Settlement ("Agreement", "Settlement Agreement"
2  or "Stipulation") is made and entered into by and between Plaintiffs Veda
3  Woodard, Teresa Rizzo-Marino, and Diane Morrison on behalf of themselves and
4  the Settlement Class Members defined below (hereafter collectively referred to as
5  "Plaintiffs" or the "Class"), and Defendants Dr. Mehmet C. Oz, M.D., Zoco
6  Productions, LLC, Entertainment Media Ventures, Inc., and Harpo Productions,
7  Inc. (the "Media Defendants") (collectively the "Settling Parties") and resolves in
8  full the class action lawsuit (the "Action") as to the Media Defendants. Subject to
9  Court approval pursuant to the applicable Federal Rules of Civil Procedure, and as
10 provided herein, the Parties hereby stipulate and agree that, in consideration for the
11 promises and covenants set forth in this Settlement Agreement and upon the entry
12 by the Court of a Final Judgment and Order Approving Settlement and the
13 occurrence of the Effective Date, the Action shall be settled and compromised
14 upon the terms and conditions contained herein.

## **RECITALS**

## I.  **PROCEDURAL BACKGROUND**

17    1.1.    WHEREAS, on February 2, 2016, Plaintiff Veda Woodard filed a
18 class action complaint in the United States District Court for the Central District of
19 California, Case No. 5:16-cv-00189-JGB-SP against Defendants Lee Labrada,
20 Labrada Bodybuilding Nutrition, Inc., Labrada Nutritional Systems, Inc., Dr.
21 Mehmet C. Oz, M.D., Entertainment Media Ventures, Inc., Zoco Productions,
22 LLC, Harpo Productions, Inc., Sony Pictures Television, Inc., Naturex, Inc. and
23 Interhealth Nutraceuticals, Inc. alleging causes of action for (1.) fraud and deceit;
24 (2.) Negligent Misrepresentation; (3.) Quasi-Contract/ Unjust Enrichment; (4.)
25 Violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§
26 17200, et seq.; (5.) Violations of California's Consumers Legal Remedies Act, Cal.
27 Civ. Code §§ 1750 *et seq.*; (6.) Violations of California's False Advertising Law,
28 Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (7.) Breach of Express Warranty, Cal.

-1-

Comm. Code § 2313; and, (8.) Breach of Implied Warranty of Merchantability, Cal. Comm. Code § 2314.

1.2.     WHEREAS, on April 4, 2016, the Media Defendants filed a Motion to Dismiss Plaintiff Woodard's class action complaint (ECF No. 45) and on April 11, 2016 the Media Defendants filed a Special Motion to Strike Plaintiff Woodard's Class Action Complaint pursuant to California Civil Procedure Code section 425.16 (California's "anti-SLAPP law"). (ECF No. 49).

1.3.     WHEREAS, on April 18, 2016, Plaintiff Woodard filed a Motion to Defer Ruling on the Media Defendants' Special Motion to Strike and for Leave to Conduct Discovery Pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 60).

1.4.     WHEREAS, on May 12, 2016, the Court entered an Order Granting in Part and Denying in Part the Media Defendants' Motion to Dismiss with Leave to Amend and Granting Plaintiff Woodard's Motion to Defer Ruling on the Media Defendants' Special Motion to Strike and for Leave to Conduct Discovery. (ECF No. 85).

1.5.     WHEREAS, on June 2, 2016, Plaintiffs Veda Woodard Teresa Rizzo-Marino, and Diane Morrison (collectively the "Plaintiffs") filed a First Amended Complaint against Defendants Lee Labrada, Labrada Bodybuilding Nutrition, Inc., Labrada Nutritional Systems, Inc., Dr. Mehmet C. Oz, M.D., Entertainment Media Ventures, Inc., Zoco Productions, LLC, Harpo Productions, Inc., Sony Pictures Television, Inc., Naturex, Inc. and Interhealth Nutraceuticals, Inc. alleging causes of action for (1.) fraud and deceit; (2.) Negligent Misrepresentation; (3.) Violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4.) Violations of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; (5.) Violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (6.) Breach of Express Warranty, Cal. Comm. Code § 2313; and, (7.) Breach of Implied Warranty of Merchantability, Cal. Comm. Code

§ 2314; (8.) Breach of Express Warranty, N.Y. U.C.C. § 2-313; (9.) Breach of Implied Warranty of Merchantability, N.Y. U.C.C. § 2-314; (10.) Breach of Express Warranties to Intended Third Party Beneficiaries; (11.) Violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; (12.) Violations of New York's Unfair Trade Practices Law, N.Y. Gen. Bus. Law § 349; and (13.) Violations of New York's False Advertising Law, N.Y. Gen. Bus. Law § 350.

1.6.     WHEREAS, on June 24, 2016, the Media Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint. (ECF No. 94).

1.7.     WHEREAS, on March 10, 2017, the Court issued an Order Granting in Part and Denying in Part the Media Defendants' Motion to Dismiss the First Amended Complaint and dismissed Defendant Sony Pictures Television, Inc. from the action with prejudice. (ECF No. 154).

1.8.     WHEREAS, Plaintiffs and the Media Defendants attended three mediation sessions before the Honorable Judge Leo S. Papas (Ret.) on September 26, 2017, December 13, 2017, and February 15, 2018. Judge Papas is a highly experienced and well-regarded mediator who served as a Magistrate Judge for the U.S. District Court, Southern District of California from 1991 to 2009, including a tenure as the Presiding Judge from 2002 to 2007.  The Parties submitted mediation statements, supplemental statements and supporting documents in connection with the mediation.  Between the second and third mediation sessions, Judge Papas held several private telephone caucuses with respective counsel.   Judge Papas' guidance with the negotiations between Class Counsel and the Media Defendants resulted in an agreement in principle, which is now finalized as reflected in this Settlement Agreement, which Plaintiffs and Class Counsel believe provides benefits to the Settlement Class, is fair, reasonable and adequate, and is in the best interests of Plaintiffs and the Settlement Class Members.

1.9.     WHEREAS, this Settlement Agreement was reached after extensive review of the underlying facts and after extensive arm's length negotiations

between Class Counsel and counsel for the Media Defendants. During the litigation of this Action, the parties have propounded and responded to several sets of written discovery and produced several thousands of pages of documents and electronic records.  In addition, the Defendants have deposed each of the Class Representatives and Class Counsel has deposed the Media Defendants' Fed. R. Civ. P. 30(b)(6) designee and other personal.

1.10.       WHEREAS, based upon the discovery and investigation to date and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs and Class Counsel have agreed to settle, subject to court approval, the claims asserted in the Action pursuant to the provisions of this Settlement Agreement. In so doing, Plaintiffs and Class Counsel have considered the terms of this Stipulation, the numerous risks of continued litigation and other factors, including but not limited to the following:

    a.  The expense and length of time necessary to prosecute this Action through trial;

    b.  The uncertainty outcome at trial and the possibility of an appeal by either side following the trial;

    c.  The possibility that a contested class might not be certified, and if certified, the possibility that such certification would be reversed on appeal;

    d.  The fact that the Media Defendants would file a motion for summary judgment that, if granted, would dispose of all or many of the claims in this Action;

    e.  The fact that the Media Defendants could prevail on their Special Motion to Strike; and

    f.  The benefits being made available to Plaintiffs and the Settlement Class Members under the terms of this Agreement.

1.11.    WHEREAS, weighing the above factors, as well as all other risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Plaintiffs and Class Counsel are satisfied that the terms and conditions of this settlement are fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Settlement Class Members.

1.12.    WHEREAS, the Media Defendants deny (a) any liability or any wrongdoing of any kind whatsoever; (b) that they violated any applicable laws; (c) that they owe any damages or compensation to anyone with respect to the facts or claims asserted in the Action; and (d) that class certification for litigation purposes is proper. Nevertheless, without admitting or conceding any liability, the Media Defendants consider it desirable that the Action be resolved upon the terms and conditions set forth in this Settlement Agreement in order to avoid the expense, risk, uncertainty, and interference with ongoing business operations inherent in any litigation, and to obtain the releases as described herein. Any stipulations or statements by the Media Defendants herein are made solely for settlement purposes.

1.13.    WHEREAS, the Parties have engaged in long and hard-fought settlement negotiations. The combined result of the extensive negotiations is memorialized in the terms set forth in this Settlement Agreement.

1.14.    **NOW, THEREFORE,** without any admission or concession whatsoever on the part of Plaintiffs of the lack of merit of this Action, or any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by the Media Defendants, it is hereby stipulated and agreed by the undersigned, on behalf of Plaintiffs, the Settlement Class, and the Media Defendants that the Action and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the terms and conditions set forth herein and upon the Effective Date (as defined below).

1.15.    Each party to this Settlement Agreement affirms that the recitals above as to such party are true and accurate as to such party and are hereby made a part of this Settlement Agreement.

## II.    TERMS AND CONDITIONS OF SETTLEMENT

### Definitions

2.1.    As used in this Settlement Agreement and the annexed exhibits hereto, the following terms and phrases have the following meanings, unless a section or subsection of this Settlement Agreement or its exhibits provides otherwise. Unless otherwise indicated, defined terms include the plural as well as the singular. Other capitalized terms used in this Settlement Agreement but not defined above shall have the meaning ascribed to them in this Settlement Agreement and the exhibits attached hereto.

A.    "Action" means the civil action filed in the United States District Court for the Central District of California, styled *Veda Woodard et al., v. Lee Labrada, et al.*, Case No. 5:16-cv-00189-JGB-SP.

B.    "Settlement Agreement" means this Joint Stipulation of Settlement, including all Exhibits thereto.

C.    "Authorized Claimant" means any Claimant who has timely and completely submitted a Proof of Claim Form that has been reviewed and validated by the Claims Administrator.

D.    "Claim" means a request for relief pursuant to section 6.2(a) submitted on  a Proof of Claim Form by a Class Member to the Claims Administrator.

E.    "Claims Deadline" means the date set by the Court in the Preliminary Approval Order by which Settlement Class Members must submit a claim to obtain the Class Benefits described in Section VI of this Settlement Agreement.

F.    "Claim Form" or "Proof of Claim Form" means the documents to be submitted by Claimants seeking payment pursuant to this Settlement Agreement

that will be available online at the Settlement Website, substantially in the form attached hereto as Exhibit A.

G.     "Claimant" means any Class Member who seeks a Settlement Payment that submits a Claim Form pursuant to this Settlement Agreement.

H.     "Claims Administration Expenses" means the fees and expenses incurred by the Claims Administrator in completing the claims administration process set forth in this Agreement.

I.     "Claims Administrator" or "Settlement Administrator" means KCC, LLC Administration, which will provide the Class Notice and administer the claims process. Plaintiffs shall select a successor in the event one becomes necessary, subject to approval by the Media Defendants, which approval shall not be unreasonably withheld.

J.     "Claim Deadline" or "Claim Period Close Date" means the date 120 days (not including the day of the event) following the later of: (i) the last published notice as identified in the Notice Plan; or (ii) establishment of the Settlement Website.

K.     "Class Counsel" means, subject to Court approval to represent the Settlement Class, the Law Offices of Ronald A. Marron, APLC and the law firm of Cohelan, Khoury, and Singer and any attorneys at those firms assisting in the representation of the Class in this Action.

L.     "Class Notice" means the Court-approved notices to the Class to be disseminated by the Claims Administrator as set forth in the Claims Administrator's Notice Media Plan and in accordance with the Court's Preliminary Approval Order, but which may be modified as necessary to comply with the provisions of this Settlement Agreement, and which are to be provided to the Class Members pursuant to this Settlement Agreement.

M.     "Class Period" or "Settlement Class Period" shall mean and refer to the time period beginning on February 2, 2012 and ending on the date until the date of the Order of Preliminary Approval of this Agreement.

N.     "Class Representatives" means named Plaintiffs Veda Woodard, Teresa Rizzo-Marino, and Diane Morrison.

O.     "Class Representative Enhancement" or "Incentive Award" means any award sought by application to and approved by the Court that is payable to the Class Representatives and named Plaintiffs from the Settlement Fund for their role as the class representatives and/or named plaintiffs and for the responsibility and work attendant to those roles.

P.     "Court" means the United States District Court for the Central District of California.

Q.     "Defendants" or "Media Defendants" means Defendants Dr. Mehmet C. Oz, M.D., Zoco Productions, LLC, Harpo Productions, Inc., and Entertainment Media Ventures, Inc.

R.     "Defense Counsel" means the law firms of Jackson Walker, LLP and Ford, Walker, Haggerty, & Behar, LLP and any attorneys at those firms assisting in the representation of the Media Defendants in the Action.

S.     "Escrow Account" means the escrow account managed by the Escrow Agent, which shall be the sole escrow account for compensation of Class Members under the Settlement Agreement.

T.     "Escrow Agent" means the agreed-upon entity to address and hold for distribution the funds identified in this Settlement Agreement. The Parties agree that KCC, LLC shall serve as the Escrow Agent and will place the Settlement Funds in an interest bearing account, subject to approval by the Court.

U.     "Fee and Expense Award" means the amount of any attorneys' fees and reimbursement of litigation expenses awarded to Class Counsel under their Fee Application based on their work prosecuting the Action and creating the benefits of

this Settlement Agreement.

V.    "Final Approval Date" or "Effective Date" means the first date that is three business days after all of the following have occurred: (i) the Court has entered an order granting final approval of the Settlement Agreement in accordance with the terms of this Settlement Agreement; (ii) the time for any challenge or objection to the Settlement Agreement, both in the Court and on appeal, has elapsed; and (iii) the Settlement Agreement has become final, either because no timely challenge or objection was made to it or because any timely challenge or objection has been finally adjudicated and rejected. [For purposes of this paragraph, an "appeal" shall not include any appeal that concerns solely the issue of Class Counsel's request for attorneys' fees and expenses and for Incentive Awards to the Class Representatives.]

W.    "Final Judgment" means the "Final Judgment and Order of Dismissal" to be entered by the Court, which, among other things, fully and finally approves the Settlement and dismisses the litigation with prejudice, and retains continuing jurisdiction over the interpretation, implementation, and enforcement of the settlement.

X.    "Notice" or "Class Notice" means the Court approved "Notice of Proposed Class Action Settlement" attached as Exhibits "A" and "D").

Y.    "Notice Date" or "Notice Deadline" means the date on which the Settlement Administrator completes the Online Notice, consistent with the Preliminary Approval Order, to Settlement Class Members.

Z.    "Objection" is the written communication that a Settlement Class Member may file with the Court in order to object to this Agreement as provided for in Section IV, 4.4 of this Settlement Agreement.

AA.    "Objection/Exclusion Deadline" means the date the Court orders in its Preliminary Approval Order, as referred to in Section 4.3 of this Agreement.

-9-

*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF SETTLEMENT

BB.   "Party" or "Parties" means Plaintiffs and the Media Defendants in this litigation.

CC.   "Plaintiffs" means the class representatives, Veda Woodard, Teresa Rizzo-Marino, and Diane Morrison, on behalf of themselves and each of the Settlement Class Members.

DD.   "Person" means any individual, corporation or any other entity of any nature whatsoever.

EE.   "Preliminary Approval Date" means the date of entry of the Court's order granting preliminary approval of the Settlement Agreement.

FF.   "Preliminary Approval Order" means the Court's order to be entered by the Court, substantially in the form of Exhibit E, preliminarily approving the Settlement Agreement, certifying the Settlement Class, setting the due date of the Final Approval Hearing approving the Settlement Notice Plan, and Claim Form, and setting the Opt Out Date, Objection Date and Notice Date.

GG.   "Products" and "Class Products" means the following Products purchased by the Class Members: (A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of  Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of Doctoroz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss.

HH.   "Released Claims" or "Class Released Claims" means any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Persons, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of or relating to any act, failure to act, omission, misrepresentation, statement, fact, event, transaction, matter, occurrence or allegation that were raised or could have been raised in the Action, including allegations of false, misleading or deceptive statements or misrepresentations or any other statements relating to the purchase of (A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of Doctoroz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss. The parties and each of them do hereby assume the above-mentioned risks and agree that the settlement agreement shall apply to all unknown or unanticipated results of the occurrences described above, as well as those known and anticipated, and upon advice of counsel, each party does hereby knowingly waive any and all rights and protections under California Civil Code Section 1542 and like statutes from other states, which section has been duly explained to the Settling Parties and states  as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of

-11-
*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF SETTLEMENT

1    executing the release, which if known by him or her must have
2    materially affected his or her settlement with the debtor."

3    Additionally, Plaintiffs and all class members who do not timely opt out of
4    the defined class in the Settlement Agreement will covenant not to sue the
5    Released Parties.

6    II.    "Released Persons" means Dr. Mehmet C. Oz, M.D., Zoco
7    Productions, LLC, Harpo Productions, Inc., Sony Pictures Television Inc., and
8    Entertainment Media Ventures, Inc., each, any and all of their respective past,
9    present, and future heirs, executors, administrators, predecessors, successors,
10   assigns, parent companies, owners, subsidiaries, divisions, joint venturers, entities
11   in which the Media Defendants have a controlling interest, holding companies,
12   employees, agents, consultants, marketing partners, resellers, lead generators,
13   telemarketers, independent contractors, insurers, reinsurers, directors, officers,
14   partners, principals, attorneys, accountants, financial advisors, investors,
15   investment bankers, underwriters, shareholders, auditors, legal representatives,
16   successors in interest, affiliates, trusts, and corporations; and each and all of the
17   past, present, and future officers, directors, principals, representatives, employees,
18   agents, shareholders, attorneys, successors, executors, and assigns of any of the
19   foregoing entities. ("Released Parties"). This release specifically excludes Non-
20   Settling Defendants Interhealth Nutraceuticals, Inc., Naturex, Inc., Lee Labrada,
21   Labrada Bodybuilding Nutrition, Inc., and Labrada Nutritional Systems, Inc.

22   JJ.    "Request for Exclusion" means the written communication that must
23   be sent to the Settlement Administrator and postmarked on or before the
24   Objection/Exclusion Deadline by a Settlement Class Member who wishes to be
25   excluded from the Settlement Class.

26   KK.    " Settlement Agreement" means this agreement, including its attached
27   exhibits (which are incorporated herein by reference), duly executed by Class
28   Counsel, Media Defendants' counsel and EMV counsel.

-12-

*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP

JOINT STIPULATION OF SETTLEMENT

LL.   "Settlement Class Member(s)" or "Member(s) of the Settlement Class" or "Class Members" means: All persons in the United States who purchased (A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of  Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of Doctoroz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss.

Excluded from the Settlement Class are: (1) all judges and magistrates who have presided or are presiding over this action (or the judge or Magistrate presiding over the action through which this matter is presented for settlement); (2) the defendants, defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) legal representatives, successors or assigns of any such excluded person.

MM.  "Settlement Fund" means the  amount to be deposited by the Media Defendants into the Escrow Account from which the Claims Administrator shall pay all expenses associated with Settlement as approved by the Court including without limitation, Class Notice, administration, Claims, the Settlement Payment, Class Representative Enhancement or Incentive awards and Class Counsel legal expenses and attorneys' fees, as described in Section VI.

NN.    "Settlement Hearing" or "Fairness Hearing" means the hearing(s) , to be held after notice has been provided to the Settlement Class in accordance with this Settlement Agreement (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Class Representatives as the representatives of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the Settlement Agreement; (2) to consider whether to enter the Final Approval Order; and (3) to rule on Class Counsel's Fee and Expense Award application. The Parties shall ask the Court to schedule a date for the Settlement Hearing 120 days after the Court enters the Preliminary Approval Order, and no sooner than 90 days after the date the Motion for Preliminary Approval is filed to permit the necessary notices under the Class Action Fairness Act of 2005 (28 U.S.C. §1715).

OO.    "Settlement Notice and Other Administrative Costs" means all fees, costs and expenses actually incurred by the Settlement Administrator in the creation and dissemination of Class Notice, establishment of the Settlement Website, and the processing, handling, reviewing, and paying of claims made by Claimants.

PP.    "Settlement Payment" means the amount to be paid to Authorized Claimants as described in Section VI.

QQ.    "Settlement Website" means the website to be created and maintained by the Claims Administrator to provide the Settlement Class with information relating to the Settlement, including relevant documents and electronic and printable forms relating thereto, including the Claim Form which can be submitted online through an Internet-based form or printed and mailed. The Settlement Website shall be activated no later than ten (10) days after the Court enters the Preliminary Approval Order.

2.2.   Other capitalized terms used in this Stipulation but not defined above shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## III.   <u>CERTIFICATION OF A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY</u>

3.1   The Media Defendants hereby consent, solely for purposes of the settlement set forth herein, to the certification of a nationwide Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(3) to the appointment of Class Counsel as counsel for the Settlement Class, and to the conditional approval of Plaintiffs as suitable representatives of the Class; provided, however, that if this Settlement Agreement fails to receive Court approval or otherwise fails to be consummated, including, but not limited to, [the Judgment not becoming final as provided in § IX of this Stipulation,] then the Media Defendants retain all rights they had immediately preceding the execution of this Settlement Agreement to object to the maintenance of this Action as a class action, and in that event, nothing in this Settlement Agreement or other papers or proceedings related thereto shall be used as evidence or argument by any Party concerning whether any aspect of the Action including whether it alleges meritorious claims or  may properly be maintained as a class action.

## IV.   <u>APPROVAL PROCEDURES AND RELATED PROVISIONS</u>

### <u>Dismissal of Defendants</u>

4.1.   Plaintiffs shall request dismissal of Dr. Mehmet C. Oz M.D. and Entertainment Media Ventures, Inc., with prejudice from the Action, and will request such dismissal in their motion for final approval and at the hearing seeking final approval of this Settlement Agreement.

### <u>Public Statements</u>

4.2.   Once the Court approves this Settlement Agreement, the Parties will issue the agreed upon joint statement which includes, without limitation, language

that notes that Dr. Mehmet Oz M.D., and Entertainment Media Ventures, Inc., were previously dismissed with prejudice, and that Harpo Productions, Inc., and Zoco Productions, LLC have not admitted wrongdoing but continue to deny allegations of the complaint, attached hereto as Exhibit B. Plaintiffs are prohibited from issuing any public statement regarding the underlying action and/or settlement agreement without prior approval from the Media Defendants.

**Motion for Preliminary Approval and Good Faith Determination**

4.3.   Upon the execution of this Settlement Agreement, the Parties shall concurrently file  (1) a motion seeking a determination of good faith settlement from the Court on Media Defendants' motion pursuant to Cal. Civ. P. 877.6, and (2) a motion seeking Preliminary Approval of this Settlement, including all Exhibits, and shall jointly move the Court for entry of an order, which by its terms shall:

(a)   Determine preliminarily that this Settlement Agreement falls within the range of reasonableness meriting possible final approval and dissemination of Class Notice to the Settlement Class;

(b)   Determine preliminarily that the Class Representatives are members of the Settlement Class and that, for purposes of the Settlement Agreement, they satisfy the requirements of Rule 23 and that they adequately represent the interests of the Settlement Class Members, and appoint them as the Class Representatives of the Settlement Class;

(c)   Conditionally certify the Settlement Class for purposes of the Settlement Agreement under Rule 23(b)(3) for settlement purposes only;

(d)   Appoint the Law Offices of Ronald A. Marron, APLC and the law firm of Cohelan Khoury & Singer as Class Counsel pursuant to Rule 23(g);

(e)   Schedule the Final Approval Hearing to: (i) determine finally whether the Settlement Class satisfies the applicable requirements of Rule 23 and should be finally certified for settlement purposes only; (ii) review objections, if any,

regarding the Settlement Agreement; (iii) consider the fairness, reasonableness and adequacy of the Settlement Agreement; (iv) consider Class Counsel's application for an award of Attorneys' Fees and Expenses; (v) determine the validity of Requests for Exclusion and exclude from the Settlement Class those persons who validly and timely opt out; and (vi) consider whether the Court shall issue the Final Judgment and Order Approving Settlement and dismissing the Actions with prejudice;

(f)     Set a briefing schedule for the Final Approval Hearing;

(g)     Approve the proposed Class Notices and Notice Program;

(h)     Approve the designation of  KCC, LLC as the Settlement Administrator;

(i)     Direct the Settlement Administrator to cause the Class Notices to be disseminated in the manner set forth in the Notice Program on or before the Notice Dates;

(j)     Determine that the Class Notices and the Notice Program:  (i) meet the requirements of Rule 23(c)(3) and due process; (ii) are the best practicable notice under the circumstances; (iii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, opt out of the Settlement Class, or participate within the timeframe provided herein; and (iv) are reasonable and constitute due, adequate and sufficient notice to all those entitled to receive notice;

(k)     Require each Settlement Class Member who wishes to opt out of the Settlement Class to submit a timely written Request for Exclusion, on or before the Opt Out and Objection Date, to the Claims Administrator, to Class Counsel, and to Defendants' Counsel, as specified in Section VIII of this Settlement Agreement;

(l)     Rule that any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders and judgments in the Action;

-17-

*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF SETTLEMENT

(m)     Require any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, to the award of Attorneys' Fees and Expenses, or to the Incentive Awards, to submit to the Settlement Administrator and deliver to Class Counsel and Defendants' Counsel, by the Opt Out and Objection Date, a statement of his or her objection, as well as the specific reason for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, and to state whether the Settlement Class Member and/or his or her counsel wishes to make an appearance at the Final Approval Hearing, or be forever barred from separately objecting; and

(n)     Establish the following:

(i)     The date and time of the Final Approval Hearing;

(ii)    The Notice Dates:   The Parties propose that the Class Settlement Notice Date be within forty-five (45) days after the entry of the Preliminary Approval Order and at least fifty-five (55) days before the Final Approval Hearing, and the Settlement Fund distribution be no more than sixty (60) days after the Effective Date;

(iii)   The Opt Out and Objection Date:  The Parties propose that the Opt Out and Objection Date be the date that is thirty (30) days prior to the Final Approval Hearing;

(iv)    Claims Deadlines:   The Parties propose that the Claims Deadline for submission of Claims be one-hundred thirty-five (135) days after the Court first sets a date for the Final Approval Hearing.

4.4.          Requests for Exclusion.

a.     Any Settlement Class Member who does not wish to participate in this Settlement Agreement must submit a Request for Exclusion to the Claims Administrator stating an intention to be "excluded" from this Settlement. The

-18-

*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF SETTLEMENT

request for exclusion must contain the Settlement Class Member's name, current address, and telephone number. The Request for Exclusion must be either (i) personally signed by the Settlement Class Member, dated and mailed to the Claims Administrator and postmarked on or before the Objection/Exclusion Deadline, or (ii) electronically signed by the Settlement Class Member, and submitted to the Claims Administrator through the Settlement Website on or before the Objection/Exclusion Deadline. So-called "mass" or "class" opt-outs shall not be allowed. The date of the postmark on the return mailing envelope and/or the date of online submission through the Settlement Website shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Settlement Class Member whose request to be excluded from the Settlement Class is approved by the Court will not be bound by this Settlement Agreement and will or have no right to object, appeal or comment thereon.

b. Any Settlement Class Member who does not timely submit a Request for Exclusion as provided in the preceding paragraph shall be bound by all subsequent proceedings, orders, and the Final Judgment in the, even if he or she has pending, or subsequently initiates litigation, arbitration, or any other proceeding against Defendants relating to the Released Claims.

4.5.    Objections to the Settlement

a. Any Settlement Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement or Class Counsel's application for an Award of Attorneys' Fees and Expenses and/or the Incentive Awards. Any Objection must be in writing and include the contents described in Paragraph (b) below, and must be filed with the Court and sent to counsel for the Parties as set forth below via U.S. Mail and e-mail, on or before the Objection/Exclusion Deadline or as the Court otherwise directs. Any Objections not raised properly and timely are will be waived. Objections must be sent to each of the following persons:

-19-

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Email: ron@consumersadvocates.com

Charles L. Babcock
**JACKSON WALKER, LLP**
1401 McKinney Suite 1900
Houston, Texas 77010
Telephone: 713.752.4200
Facsimile: 713.752.4221
Email: *cbabcock@jw.com*

b.     To be effective, any Objection described in Paragraph (a) must contain all the following information: (i) a reference at the beginning to the title of the Action, i.e., , *Veda Woodard et al. v. Lee Labrada*, *et al.*; (ii) the objector's full name, address, and telephone number (and your lawyer's name, address and telephone number if you are objecting through counsel); (iii) a statement of his/her membership in the Settlement Class, including a verification under oath as to the date and location of their purchase of  Class Products and/or a Proof of Purchase reflecting such purchase and any other information required by the Claim Form; (iv) a written statement of all grounds for the Objection, accompanied by any legal support for such objection; (v) copies of any papers, briefs, or other documents upon which the Objection is based; (vi) a list of all persons who will be called to testify in support of the Objection; (vii) a statement of whether the objector intends to appear at the Settlement Hearing (Note, if the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Settlement Hearing); (viii) a list of the exhibits the objector may offer during the fairness hearing, along with copies of such exhibits; and (ix) the objector's signature. In addition, Settlement Class Members, if applicable, must include with their Objection (i) the identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the

-20-

objection; (ii) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years.

c.     The filing of an Objection allows Class Counsel and The Media Defendants' Counsel to take the objector's deposition consistent with the Federal Rules of Civil Procedure at an agreed upon location, and to seek any documentary evidence or other tangible things that are relevant to the Objection. Failure by an objector to make himself or herself available for a deposition or otherwise comply with expedited discovery requests may result in the Court striking the objector's objection and otherwise denying the objector the opportunity to make an Objection or be further heard.

d.     Any Settlement Class Member who fails to file and serve timely a written Objection containing all of the information listed above in the previous paragraphs, including notice of his/her intent to appear at the final approval hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement Agreement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

e.     The Media Defendants have the right, at their sole option, to withdraw from the Settlement Agreement if the Requests for Exclusion exceed 10%. Further, the Media Defendants have the right to withdraw from this Settlement Agreement if this term is not approved by the Court.  If Media Defendants withdraw approval of the Settlement Agreement, the Settlement Fund shall be promptly returned to the Media Defendants.  Any reasonable costs incurred by the Class Administrator prior to that time will be borne equally by the Media Defendants and the Plaintiffs, such that Plaintiffs shall promptly reimburse one-half of such costs to the Media Defendants.

**Cooperation**

4.6.   The Settling Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation, in seeking Preliminary Approval and Final Approval of the Settlement Agreement and the settlement embodied herein, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement Agreement. The Parties shall cooperate in good faith and undertake all reasonable actions and steps in order to accomplish the events described in this Settlement Agreement.

## V.   CLASS NOTICE OF SETTLEMENT

**General Terms**

5.1.   The Class Notice shall:

a.   inform Settlement Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed settlement;

b.   contain a short, plain statement of the background of the Litigation, the Class certification and the proposed settlement;

c.   describe the proposed settlement relief outlined in this Stipulation;

d.   explain the impact of the proposed settlement on any existing litigation, arbitration or other proceeding; and

e.   state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement.

f.   state the Plaintiffs' counsel will seek an award of attorneys fees and expenses from the Settlement Funds.

-22-

5.2.    Following Preliminary Approval, all activity in the Action shall be stayed except to the extent necessary to effectuate this Agreement unless and until this Settlement Agreement is terminated pursuant to its terms and conditions.

5.4.    Notice to State and Federal Officials. In compliance with the attorney general notification provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, within ten (10) days after the motion for Preliminary Approval is filed, the Claims Administrator and/or The Media Defendants shall cause notice of this proposed Settlement Agreement to be served on the Attorney General of the United States, and the attorneys general of each state or territory in which a Settlement Class Member resides. Defendants shall file with the Court a certification stating the date(s) on which the CAFA notices were sent. The Claims Administrator and/or The Media Defendants will provide Class Counsel with any substantive responses received in response to any CAFA notice served by it.

5.5    Notice to the Settlement Class Members. Upon Preliminary Approval of this Agreement, the Claims Administrator shall cause the Settlement Notice to be made as follows and as set forth below:

a.    Print Publication Notice. On or before the Notice Deadline, the Claims Administrator will cause Notice, in the form approved by the Court, to be published based on KCC's  Notice Plan with publication strategy which is attached hereto as Exhibit  D.

b.    Settlement Website. On or before the Notice Deadline, the Settlement Administrator shall establish the Settlement Website, from which Settlement Class Members may download or print the Website Notice, a complete copy of this Agreement and the Preliminary Approval Order and submit a Claim Form. The Settlement Website shall include the deadlines for filing claims, requests for exclusion from the Settlement Class, Objections and the Final Approval Date and other information pertaining to the Settlement, a voice recorded IVR with FAQ's and an interactive function that permits Settlement Class Members to download a

-23-

*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF SETTLEMENT

Claim Form online and/or to file a Claim Form via the website or by mail and post-marked by the Claims Deadline. The Claims Administrator shall establish the Settlement Website using a website name to be mutually agreed upon by the Parties. The website shall be operative no later than the Notice Date and shall be accessible for a period of not fewer than five (5) days following the expiration of the time for submissions of claims.

c.      Toll-Free Interactive Voice Response ("IVR"). On or before the Notice Deadline, the Settlement Administrator shall establish a Toll-Free IVR phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form. The phone number shall remain open and accessible through the Claim Deadline. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by potential Settlement Class Members concerning the Action and/or this Settlement Agreement, so that Class Counsel may timely and accurately respond to such inquiries; provided however, the Settlement Administrator shall review the recorded messages before providing them to Class Counsel, and if one or more of the messages requests a blank Claim Form or other similar administrative assistance only, then the Settlement Administrator shall handle such administrative request(s), but the Settlement Administrator shall provide all other messages to Class Counsel for any further response to the Settlement Class Member.

5.6    Retention of Class Action Settlement Administrator. Subject to Court Approval, KCC, LLC shall be retained as the Class Action Settlement Administrator to help implement the terms of the proposed Settlement Agreement.

5.7    Responsibilities of Settlement Administrator: The Settlement Administrator will help implement the terms of this Stipulation of Settlement. The Settlement Administrator shall be responsible for administrative tasks, including,

without limitation, (a) arranging, as set forth in this Section and in the Preliminary Approval Order, for distribution of Class Notice (in the form approved by the Court) and Claims Forms (in the form approved by the Court) to Settlement Class Members, (b) answering inquiries from Settlement Class Members and/or forwarding such written inquiries to Class Counsel or their designee, (c) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding Requests for Exclusion from the Settlement Agreement, (d) posting notices on the Settlement Website, Claim Forms, and other related documents, (e) receiving and processing claims and distributing Settlement Payments, and (f) answering inquiries and providing information reasonably requested by the Media Defendants and (g) otherwise assisting with implementation and administration of the Settlement Agreement terms.

5.8    General Claims Administration and Review of Claims. The Claims Administrator shall be responsible for reviewing and administering all claims to determine their validity. The Claims Administrator shall reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of this Agreement, or is submitted after the Claim Period Close Date.

5.9    Claims Process. The Claims Administrator shall retain copies of all Claims submitted and all documentation of claims approved or denied and all Settlement Payments made. The Claims Administrator agrees to be subject to the direction and authority of the Court with respect to the administration of the Settlement and the payment of refunds for Accepted Claims pursuant to the terms of this Agreement. Upon determining that a Claim submitted pursuant to this Agreement is valid and determining the amount of Settlement Payment, the Claims Administrator shall notify The Media Defendants and Class Counsel of that determination. The Media Defendants shall have 30 days following this notice to challenge the claim. The Media Defendants shall be permitted to submit to the Claims Administrator, with a copy to Class Counsel, any information

demonstrating that the submitted Claim is not valid. The Claims Administrator may then contact the Settlement Class Member who submitted the claim to request any further information. The Claims Administrator shall then make a final determination that is not challengeable by any Party.

5.10   The contract with the Class Action Settlement Administrator shall obligate the Class Action Settlement Administrator to abide by the following performance standards:

i.      the Class Action Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Settlement Agreement in communications with Settlement Class Members;

ii.      the Class Action Settlement Administrator shall provide prompt, accurate, and objective responses to inquiries from Class Counsel, The Media Defendants, or The Defendants' Counsel.

5.11.  All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

5.12.  **Declaration of Compliance**. Within five (5) calendar days of the Claims Deadline, the Settlement Administrator shall provide the Parties with a declaration attesting to completion of the notice process set forth in this section.

## VI.    <u>SETTLEMENT CONSIDERATION</u>

6.1.    Class Benefits. Class Counsel and Class Representatives believe the Settlement Agreement confers substantial benefits upon the Class, as identified below, particularly as weighed against the risk associated with the inherent uncertain nature of a litigated outcome; the complex nature of the Action in which Class Counsel have reviewed internal and confidential documents; the difficulty

-26-

and complexity of calculating actual economic harm attributable to allegedly false representations related to the Media Defendants; and the length and expense of continued proceedings through additional fact depositions, expert depositions, third party document productions and depositions, summary judgment briefing, trial and appeals. Based on their evaluation of such factors, Class Counsel and Class Representatives have determined that the Settlement Agreement, based on the following terms, is in the best interests of the Class.

6.2    The settlement includes cash payments or monetary relief and non-monetary relief as set forth below.

**1.    Monetary Relief.**

a.    With Proof of Purchase.  For class members who submit a claim with receipts that show a purchase of a Class Product, the class members will receive $30.00 cash for each product purchased to be paid from the Settlement Fund, subject to 6.21.d below.

b.    Without Proof of Purchase. For class members who submit a claim without a receipt for purchase of Class Product, The Media Defendants will provide $30.00 cash for each product purchased, to be paid from the Settlement Fund, with a limit of $90.00 per household, subject to 6.21.d below.

c.    Claimants may seek reimbursement by submitting a Claim Form either by mail or electronically. Each Claim Form will be signed (electronic or manual) under penalty of perjury. The actual amount paid to individual Claimants will depend upon the number of valid claims made. Adequate and customary procedures and standards will be used by the Class Action Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.

d.    Insufficient or Excess Funds. If the total amount of eligible claims exceeds the Settlement Fund, then each claim's award shall be proportionately reduced. In the event that there is any remaining cash amount in the Settlement

Fund after payment of Notice and Claim Administration Expenses, Attorneys' Fees, any necessary taxes, tax expenses, and any Court-approved service award to Plaintiffs as well as the tallied amount of all Authorized Claims, the Settlement Administrator shall divide the remaining cash amount equally by the number of Authorized Claimants and shall pay each such Authorized Claimant his or her share of the remaining cash amount. If after all valid claims (plus other authorized fees, costs and expenses) are paid and money remains in the settlement fund after *pro rata* distribution to Authorized Claimants, any remaining settlement funds thereafter will be awarded *cy pres* to the Consumers Union subject to Court approval.

      **2.**     **Non-Monetary Relief**

      a.     The Media Defendants agree not to re-air Episode 3-143, Episode 4-018, or Episode 4-052 of *The Dr. Oz Show* ("Episodes"), and to remove all clips of these Episodes from *doctoroz.com*.

      **3.**     **Settlement Fund.**

      a.     The Media Defendants will cause to be paid the amount of $5,250,000.00 into a settlement fund held in an escrow account, no later than thirty-five (35) days following the entry of the Preliminary Approval Order.

      b.     The Settlement Fund shall be applied to pay in full and in order: (i) any necessary taxes and tax expenses; (ii) all costs associated with the Class Action Settlement Administration, including costs of providing notice to the Class Members and processing claims and all costs relating to providing the necessary notices in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; (iii) any Fee and Expense Award made by the Court to Class Counsel under § VIII, 8.2; (iv) any class representative Incentive Award made by the Court to the Class Representatives under § VIII, 8.3; and (v) payments to authorized Claimants and any others as allowed by this Stipulation and to be approved by the Court. The Settlement Fund represents the limit and extent of the Media Defendants' (and any

Released Person's) monetary obligations under this Settlement Agreement.

**4.     Delivery of Payments to Settlement Class Members**

a.     The Class Action Administrator shall send a correspondence to any applicable Settlement Class Member explaining the rejection of any Claim no later than fifteen (15) days after the Effective Date. Settlement Class Members' time to appeal any such rejection shall expire forty-five (45) days after the Effective Date.

b.      The Class Action Administrator will send payment directly to the eligible Settlement Class Member in accordance with the following schedule:

i.      Within thirty (30) calendar days after the entry of a Final Approval Order and Judgment and exhaustion of any appeals, the Settlement Administrator will process direct credit or payment via any of the following options including PayPal, Venmo, Amazon, or electronic Automated Clearing House ("ACH") transactions.

ii.      If Settlement Class Members affirmatively opt for physical check payments, checks will be sent out 120 calendar days after entry of Final Approval.

**5.     Claim Form Availability**

a.     The Claim Form will may be completed and submitted online at the Settlement Website. The Claim Form may also be requested by calling the toll-free number provided by the Class Action Settlement Administrator or by writing to the Class Action Settlement Administrator.

**6.     Eligibility for Monetary Relief**

a.     To be eligible for Monetary Relief under § VI, 6.2(1) of this Agreement, the Settlement Class Member must timely submit a signed and completed Claim Form containing his or her name, mailing address and email address.

b.     To be eligible, Claim Forms must be postmarked or submitted online no later than  120 days following the later of: (i) the last published notice identified in the Notice Plan; or (ii) the establishment of the Settlement Website.

-29-

## VII.  **RELEASES**

7.1    As of the Effective Date, and except as to such rights or claims created by the Settlement, and each Settlement Class Member, and each of their heirs spouses, guardians, executors, administrators, representatives, agents, attorneys, insurers, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons.

7.2    In connection with the Released Claims, each Settlement Class Member shall be deemed to have forever waived any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Class Representatives for themselves and the Settlement Class Members understand and acknowledge the significance of these waivers of § 1542 of the California Civil Code and any similar, comparable or equivalent statute, rule or doctrine.   In connection with the release and waivers herein, the Class Representatives and the Settlement Class Members acknowledge that they are aware they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever, all Released Claims, excluding personal injury claims, with respect to the Released

Persons, and in furtherance of such intention, the releases of the Released Claims will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

7.3    The Final Judgment shall further provide for and effect the release of all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Defendants now have against Plaintiffs, Settlement Class Members, or Class Counsel by reason of any act, omission, harm, matter, cause or event whatsoever arising out of the initiation, prosecution, or settlement of the *Woodard* Litigation or the claims and defenses asserted in the Action.

7.4    Notwithstanding the above, the Court shall retain continuing jurisdiction over the Parties and the Settlement Agreement with respect to the future performance of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made or taken. All Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms embodied in this Settlement Agreement.

## VIII.   CLASS COUNSEL'S ATTORNEYS' FEES, COSTS, EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

8.1    The award of Attorneys' Fees and Expenses shall be made from the Settlement Fund to Plaintiffs and the Settlement Class Members as set forth above. Class Counsel shall make, and Media Defendants agree not to oppose, an application for an award of Attorneys' Fees and Expenses in the Action not to exceed 33% of the Settlement Fund. In the event that the Court manifests a specific concern as to requested Attorneys' Fees as serving as a primary basis to deny approval of the proposed Settlement, the Media Defendants may submit comment and/or potential objection to the fee request, but only after good faith meet and

confer with Class Counsel as to the Media Defendants' specific basis for comment or objection to the fee request.  Class Counsel, in their sole discretion, shall be responsible for allocating and distributing the Attorneys' Fees and Expenses award to Class Counsel.  Subject to the terms and conditions of this Stipulation and any order of the Court, the Fee and Expense Award awarded by the Court to Class Counsel shall be paid out of the Settlement Fund within ten (10) days after the date of the Court's Order granting final approval, subject to Class Counsel providing an undertaking for repayment in the event the District Court order approving the settlement and fee award does not become final following an appeal, if any. Such payment will be in lieu of any statutory fees that Plaintiffs and/or their attorneys might otherwise have been entitled to recover from the Media Defendants.

8.2    Class Counsel shall have the sole and absolute discretion to allocate and distribute the Court's Fee and Expense Award among Plaintiffs' Counsel and any other attorneys for Plaintiffs.

8.3    Class Counsel may ask the Court for the award of an Incentive Award from the Settlement Fund to each of the Class Representatives as follows: $5,000.00 to Plaintiff Veda Woodard, $7,500.00 to Plaintiff Teresa Rizzo-Marino, and $5,000.00 to Plaintiff Diane Morrison. Any Incentive Awards approved by the Court shall be paid from the Settlement Fund within ten (10) days after the Effective Date.

## IX.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

9.1    The Effective Date of this Settlement Agreement shall be the first date after which all of the following events and conditions have been met or have occurred:

A)    The Court has made a determination that the Settlement Agreement was entered into in good faith pursuant to Cal. Civ. P. 877.6 and has been entered thereon;

(B)   The Court has preliminarily approved this Settlement Agreement and entered the Preliminary Approval Order, including but not limited to conditionally certifying the Settlement Class for settlement purposes only;

(C)   The Court has entered the Final Judgment;

(D)   That no more than 10% Requests for Exclusion are received by the Claims Administrator on or before the Opt-Out Date; and

(E)   Unless the Parties otherwise agree in writing to waive all or any portion of the following provision, there has occurred: (i) in the event there is a properly and timely filed Objection to entry of the Final Judgment, the expiration (without the filing or noticing of an appeal) of the time to appeal from the Final Judgment; (ii) the final dismissal of all appeals from the Final Judgment; (iii) affirmance on appeal of the Final Judgment in substantial form; (iv) if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Judgment, the time to petition for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review with respect to such ruling or decision has expired; or (v) if a petition for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review with respect to the Final Judgment is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Judgment in substantial form.

9.2   If all of the conditions specified in §IX of this Settlement Agreement are not met, then this Settlement Agreement shall be canceled and terminated unless Class Counsel and Defendants mutually agree in writing to proceed with this Settlement Agreement.

9.3   In the event that this Settlement Agreement is not approved by the Court or the settlement set forth in herein is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective pre-settlement positions in the Action, including with regard to any agreements

-33-

concerning tolling and similar agreements, and this entire Settlement Agreement shall become null and void. The Settlement Fund shall be promptly returned to the Media Defendants. Any reasonable costs incurred by the Class Administrator prior to that time will be borne equally by the Media Defendants and the Plaintiffs, such that Plaintiffs shall promptly reimburse one-half of such costs to the Media Defendants.

## X. MISCELLANEOUS PROVISIONS

10.1 The Parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Settlement Agreement and the terms of the Settlement set forth herein, including taking all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts which may become necessary by order of the Court or otherwise.

10.2 The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Settlement Agreement on behalf of their respective clients.

10.3 This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior agreements or understandings between them. Except for § I, all terms of this Settlement Agreement are contractual and not mere recitals and shall be construed as if drafted by all Parties. The presumption found in California Civil Code section 1654 (and equivalent, comparable or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law) that uncertainties in a contract are interpreted against the party causing an uncertainty to exist hereby is waived by all Parties.

10.4 The terms of this Settlement Agreement are and shall be binding upon each of the Parties, their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter through any of the Parties, including any Settlement Class Member.

-34-

*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF SETTLEMENT

10.5   Whenever this Settlement Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by facsimile, email and/or next day (excluding Sunday) express delivery service as follows:

If to Plaintiffs, then to:

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Email: ron@consumersadvocates.com

If to the Media Defendants, then to:

Charles L. Babcock
**JACKSON WALKER, LLP**
1401 McKinney Suite 1900
Houston, Texas 77010
Telephone: 713.752.4200
Facsimile:  713.752.4221
Email: *cbabcock@jw.com*

10.6   The time periods and/or dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and the Media Defendants' Counsel, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

10.7   All time periods set forth herein shall be computed in business days if seven days or less, and calendar days if eight days or more, unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The

last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in  which weather or other conditions have made the Office of the Clerk or the Court inaccessible, in which event the period shall run until the end of the next day as not one of the aforementioned days. As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

10.8  The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Settlement Agreement in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Stipulation.

10.9  This Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and any of the Media Defendants' Counsel. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

10.10 Neither this Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Media Defendants, or of the propriety of Class Counsel maintaining the Litigation as a class action; or (ii)is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Media Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except that the Media Defendants may file this Stipulation or the Judgment in any action that may be brought against any Released Person in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel,

*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF SETTLEMENT

release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.11 The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.12 This Settlement Agreement shall be deemed to have been executed upon the last date of execution by the undersigned.

10.13 This Settlement Agreement may be executed in counterparts, each of which shall constitute an original.

**IN WITNESS THEREOF**, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives.

**UNDERSTOOD AND AGREED:**

Dated: 6/15/2018

LAW OFFICES OF RONALD A. MARRON

By: _____

Ronald A. Marron
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
Email: *ron@consumersadvocates.com*
**Counsel for Plaintiffs and the Class**

-37-

*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF SETTLEMENT

1

Dated: 6/15/18 _____     **COHELAN, KHOURY, AND SINGER**

2

3

By: _____

4

Timothy D. Cohelan
605 C St #200

5

San Diego, California 92101
Telephone:  (619) 239-8148

6

Facsimile:   (619) 595-3000
Email: *TCohelan@CKSLaw.com*

7

***Counsel for Plaintiffs and the Class***

8

9

Dated:_____     **JACKSON WALKER, LLP**

10

11

12

By: _____

13

Charles L. Babcock
1401 McKinney Suite 1900

14

Houston, Texas 77010
Telephone: 713.752.4200

15

Facsimile: 713.752.4221
Email: *cbabcock@jw.com*

16

***Counsel for Defendants Dr. Mehmet***

17

***C. Oz, M.D., Zoco Productions, LLC,***

18

***and Harpo Productions, Inc.***

19

20

Dated:_____     **JEFFER MANGELS BUTLER &**

21

**MITCHELL, LLP**

22

23

By: _____

24

Michael A. Gold

25

Two Embarcadero Center, 5th Floor
San Francisco, CA 94111

26

Telephone: (415) 398-8080
Facsimile: (415) 398-5584

27

Email: *mgold@jmbm.com*

28

***Counsel for Defendant***

***Entertainment Media Ventures, Inc.***

-38-

1
2
3
4

San Diego, California 92103
Telephone: (619) 696-9006
Facsimile:  (619) 564-6665
Email: *ron@consumersadvocates.com*
***Counsel for Plaintiffs and the Class***

5       Dated:_____
6

**COHELAN, KHOURY, AND SINGER**

7
8       By: _____
9
10
11
12

Timothy D. Cohelan
605 C St #200
San Diego, California 92101
Telephone:   (619) 239-8148
Facsimile:   (619) 595-3000
Email: *TCohelan@CKSLaw.com*
***Counsel for Plaintiffs and the Class***

13
14
15
16
17

18      Dated: June 14, 2018
19

**JACKSON WALKER, LLP**

20      By:  */s/ Charles L. Babcock*
21
22
23
24

Charles L. Babcock
1401 McKinney Suite 1900
Houston, Texas 77010
Telephone: 713.752.4200
Facsimile:  713.752.4221
Email: *cbabcock@jw.com*

25
26

***Counsel for Defendants Dr. Mehmet
C. Oz, M.D., Zoco Productions, LLC,
and Harpo Productions, Inc.***

27
28

-39-

*Woodard et al. v. Labrada et al.*, Case No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF SETTLEMENT

Dated:_____          **COHELAN, KHOURY, AND SINGER**


By: _____
        Timothy D. Cohelan
        605 C St #200
        San Diego, California 92101
        Telephone:  (619) 239-8148
        Facsimile:   (619) 595-3000
        Email: *TCohelan@CKSLaw.com*
        ***Counsel for Plaintiffs and the Class***


Dated:_____          **JACKSON WALKER, LLP**


By: _____
        Charles L. Babcock
        1401 McKinney Suite 1900
        Houston, Texas 77010
        Telephone: 713.752.4200
        Facsimile:  713.752.4221
        Email: *cbabcock@jw.com*
        ***Counsel for Defendants Dr. Mehmet
        C. Oz, M.D., Zoco Productions, LLC,
        and Harpo Productions, Inc.***


Dated:_____          **JEFFER MANGELS BUTLER &
MITCHELL, LLP**


By: _____
        Michael A. Gold
        Two Embarcadero Center, 5th Floor
        San Francisco, CA 94111
        Telephone: (415) 398-8080
        Facsimile: (415) 398-5584
        Email: *mgold@jmbm.com*
        ***Counsel for Defendant
        Entertainment Media Ventures, Inc.***

-38-

1  Dated:_____

2  By: _____

3  Representative of Harpo Productions,

4  Inc. Renata Erlichman

5  VP, Harpo Productions

6

7

8  Dated:_____

9  By: _____

10  Representative of Zoco Productions,

11  LLC

12

13

14  Dated:_____

15  By: _____

16  Dr. Mehmet C. Oz, M.D.

17

18

19

20  Dated:_____

21  By: _____

22  Representative of Entertainment

23  Media Ventures, Inc.

24

25

26

27

28

20933549v.1 2018-06-14 FINAL_WOODARD V. LABRADA_ SETTLEMENT AGREEMENT FINAL

1   Dated:_____

2                                         By: _____

3                                             Representative of Harpo Productions,

4                                             Inc.

5

6

7

8   Dated:_____

9                                         By: _____
                                              Cathy Denise Beaudoin

10                                            Representative of Zoco Productions,

11                                            LLC

12

13

14  Dated:____June 14, 2018____

15                                        By: _____

16

17                                            Dr. Mehmet C. Oz, M.D.

18

19

20  Dated:_____

21                                        By: _____

22

23                                            Representative of Entertainment

24                                            Media Ventures, Inc.

25

26

27

28

-39-

Dated: _____

By: _____

Representative of Harpo Productions, Inc.

Dated: _____

By: _____

Representative of Zoco Productions, LLC

Dated: _____

By: _____

Dr. Mehmet C. Oz, M.D.

Dated: *June 14, 2018*

By: *Sanford R. Climan* _____

Representative of Entertainment Media Ventures, Inc.

*by Sanford R. Climan*
*President*

-39-

# EXHIBIT A

# NOTICE OF CLASS ACTION SETTLEMENT

## *WOODARD, et al. v. LABRADA, et al.*
United states District Court, Central District of California
5:16CV 000189-JGB-SP

## The United States District Court has authorized this notice.
## This is not a solicitation from a lawyer.

## IF YOU PURCHASED

(A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of  Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of Doctoroz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss,
## YOU MAY BE ENTITLED TO A CASH PAYMENT

### THIS NOTICE CONCERNS YOUR LEGAL RIGHTS
### PLEASE READ IT CAREFULLY

## WHY ARE YOU RECEIVING THIS NOTICE?

This settlement resolves a class action lawsuit (the "Action") against Dr. Mehmet C. Oz, M.D., Zoco Productions, LLC, Harpo Productions, Inc., and Entertainment Media Ventures, Inc. ("Media Defendants") for claims associated with the marketing and promotion of weight-loss supplements.

Remaining in the litigation are Defendants Lee Labrada, Labrada Bodybuilding Nutrition, Inc, Labrada Nutritional Systems, Inc., Naturex, Inc., and Interhealth Nutraceuticals, Inc.

You may be a member of the class if you purchased (A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of  Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of Doctoroz.com on or after April 26, 2012 related to Green

Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss.

It is alleged in the lawsuit that Media Defendants violated certain California laws by misleadingly labeling and promoting the marketing of these Products. The Media Defendants deny the allegations and any wrongdoing. The settling Media Defendants have reached a class action settlement.

If you purchased any of these Products listed above between February 2, 2012 and [Date of Class Notice] for your own personal use, and not for resale, you may be a member of the settling Class. The Court requires this Notice because you have the right to know about the proposed Settlement and about all of your options before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available to you as a member of the settling, and how to get them.

All Class Members who do not exclude themselves from the Settlement will receive the relief provided for in the Settlement and will be bound by the orders issued by the Court regarding the Settlement.

The two sides disagree on what relief, and how much, could have been won, if any, if the Action went to trial. The settlement avoids costs and risks to you from continuing the lawsuit, provides benefits and relief to purchasers like you, and releases the Media Defendants from liability for the alleged claims.

The proposed class settlement will provide the Class with $5,250,000 in monetary relief. Class counsel will seek approval of this settlement from the court. Since litigation will continue against the remaining defendants Class counsel will request that the settlement funds be deposited in an interest bearing account until the entire action has been resolved for final distribution to the class. This settlement sum will be available for payment of attorney's fees, costs of litigation, administrative costs, class representative enhancements and notice to the class with the net sum settlement sum after these deductions available for distribution pursuant to court order at a later date.

## BACKGROUND ON THE LAWSUIT AND SETTLEMENT

On February 2, 2016 Plaintiff Veda Woodard filed a class action complaint in the United States District Court for the Central District of California against a number of defendants including those of the "Media Defendants" alleging violations of federal and state consumer protection laws. After court rulings dismissing certain claims with leave to amend, On June 2, 2016 a First Amended Complaint was filed. Motions to dismiss the claims were heard by the court, resulting in dismissal of one defendant.

While litigating this matter, the parties engaged in  substantial investigations, extensive discovery, including depositions and document production, heavy motion practice, and intense settlement discussions.

20933767v.1

After formal, supervised mediations the parties reached a proposed settlement with some defendants as set forth below.

Plaintiffs Veda Woodard, Diane Morrison, and Teresa Rizzo-Marino, on behalf of the putative class ("Plaintiffs") and counsel for Plaintiffs, Law Offices of Ronald A. Marron and Cohelan Khoury & Singer ("Class Counsel") and the Media Defendants  (the Media  Defendants and Plaintiffs, together the "Settling Parties") have agreed to the following principal terms of settlement of all claims asserted against the Media Defendants in *Woodard, et al. v. Labrada, et al.*, Case No. 5:16-cv-00189-JGB-SP, United States District, Court Central District of California.

The proposed settlement class covers the time period of February 2, 2012 to [the date notice is disseminated].

This lawsuit seeks to obtain compensation for violation of California consumer protection statutes including the Unfair Competition Law (UCL), False Advertising Law (FAL), and Consumer Legal Remedies Act (CLRA), and for breach of express and implied warranties.

After the parties engaged in substantial investigation, discovery, and settlement negotiations, Plaintiffs and Media Defendants have reached an agreement providing for the settlement of the lawsuit. The terms of the proposed Settlement are set forth in the Settlement Agreement filed with the Court, which is also available online, at www.weightlossclassaction.com.

Plaintiffs and Class Counsel have evaluated the information made available in the course of the lawsuit and have taken into account the risks and uncertainties of proceeding with this litigation, including the risks and uncertainties of class certification, prevailing on the merits, proving damages at trial, and prevailing on post-trial motions and appeal. Based upon their consideration of these factors, Plaintiffs and Class Counsel believe it is in the bests interests of the Class to settle the lawsuit on the terms described herein.

Media Defendants deny Plaintiffs' allegations and any wrongdoing, and the Class's right to recover anything. Nevertheless, the Media Defendants have agreed to settle the lawsuit for the purpose of avoiding time and expense of further litigation and the uncertainty of trial.

## THE CLASS

The Class is defined as all persons in the United States who purchased (A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of  Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of Doctoroz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss. Excluded from the Settlement Class are: (1) all judges and magistrates who have presided or are presiding over this action (or the judge or Magistrate presiding over the action through which this

matter is presented for settlement); (2) the defendants, defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) legal representatives, successors or assigns of any such excluded person.

## DO I HAVE A LAWYER IN THE CASE?

The Court has appointed Ronald A. Marron of the Law Offices of Ronald Marron, and Timothy Cohelan and Isam C. Khoury of Cohelan Khoury & Singer as Class Counsel in this case. The Court has determined that Class Counsel is qualified to represent you and other Class Members. You will not be charged by Class Counsel.  Class Counsel handling the case are experienced in handling similar class action cases.

Nevertheless, you have the right to consult or retain an attorney of your choice at your own expense to advise you regarding the Settlement and your rights in connection with the Settlement and Final Approval Hearing described below.

## YOUR RIGHTS TO PARTICIPATE IN, EXCLUDE YOURSELF FROM, OR OBJECT TO THE SETTLEMENT

The purpose of this Notice is to inform you of this lawsuit so you can make an informed decision as to whether you should remain in or opt out of this Class Action Settlement. Your legal rights are affected and you have a choice to make now. In response to this Notice, you may (l) ask to  be excluded from the lawsuit, (2) object to the proposed Settlement, or (3) do nothing. Those options are summarized in the following table, and then discussed in greater detail below.

| **Your Legal Rights and Options in This Lawsuit** | |
|---|---|
| **Do Nothing** | **Stay in this lawsuit.  Await the outcome of the litigation against the remaining defendants and participate in a later distribution of settlement funds obtained.** <br><br> By doing nothing, you will later be provided with a procedure to make a claim for a prorate share of the settlement proceeds after court authorized deductions and will give up any right you may have to sue Media Defendants separately about the same legal claims in this lawsuit. |
| **Object** | **Tell the Court why you believe the proposed Settlement is unfair, unreasonable, or inadequate.** <br><br> You may file a written objection no later than _____ and/or appear at the Final Approval Hearing to tell the Court why you believe the proposed Settlement is unfair, unreasonable, or inadequate. |
| **Ask to be Excluded** | **Get out of this lawsuit.  Get no benefits from it.  Keep rights.** <br><br> If you ask to be excluded, you will not be bound by what the Court does in this case, and you will keep any right you might have to sue Media Defendants separately about the same legal claims in this lawsuit.  If there is a recovery in this case, including under that proposed settlement, you will not share in that recovery. |

**1.      Submit a Claim Form to Receive Compensation**

If you are a member of the Class you may submit a claim form online by visiting
www.weightlossclassaction.com.

**2.      Exclude Yourself from the Settlement and Do No Receive Compensation**

If you do not want to be bound by this Settlement, you must request to be excluded from the Class.
If you request to be excluded from the Class, you will retain any individual rights you have against
Media Defendants and will not have "released" Media Defendants from any claims. However, you
will not receive the compensation described above. If you exclude yourself from this class action
settlement, you may not object to the Settlement under this option. If you wish to be excluded from
the Class (sometimes referred to as "opting out"), you must download and print an Opt-Out Form
from the Settlement Website, fill out and sign the form, and mail it to the class action administrator
postmarked on or before _____,  at the following address: www.weightlossclassaction.com.

**3.      Object to the Settlement**

If you want to express an objection to part or all of the Settlement, you may appear at the Final
Approval Hearing and/or object to the proposed Settlement. If the Settlement is approved, you will
still receive the Settlement compensation and be bound by the Settlement Release.

If you wish to object or  to appear at the Final  Approval  Hearing,  you must, no later than
_____, file with the Court and serve on Class Counsel and Defense Counsel at the
addresses set forth below, a written objection that provides contact information and a statement of
the facts and law supporting your objection. In addition, if you intend to appear at the Final
Approval Hearing, you must also, no later than _____, file with the Court and serve on
Class Counsel and Defense Counsel a Notice of Intent to Appear, whether in person or through an
attorney. More detailed instructions and requirements for objecting are set forth in the Court's
Preliminary Approval Order, which is available  on  the  Class  Settlement  Website,  at
www.weightlossclassaction.com.

| **Class Counsel** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Ronald A. Marron | Timothy D. Cohelan | Charles Babcock |
| Law Offices of Ronald | Cohelan Khoury & Singer | Jackson Walker LLP |
| Marron 651 Arroyo Drive | 605 C St Suite 200 | 1401 McKinney Suite 1900 |
| San Diego, CA 92103 | San Diego, Ca 92101 | Houston, Texas 77008 |

**4.      Do Nothing**

If you do nothing, you will later share in the pending settlement with the Media Defendants and
any other funds obtained from the remaining defendants. But, unless you exclude yourself, you
will not be able to start a lawsuit, continue a lawsuit or be part of any other lawsuit against Media
Defendants about the claims in this case.

20933767v.1

## RELEASE OF CLAIMS

If the Court approves the Settlement and you have not excluded yourself as described above, you will be bound by the Settlement and will be barred from suing Media Defendants and related entities for the claims released in the Settlement. This applies whether you currently know about the existence of such claims or not.

The claims you will give up are:

> Any and all claims, demands, rights, suits, liabilities, and cause of action of every nature and description whatsoever, known or unknown, matured or unmatured, at law or in equity, existing under federal or state law, that any Class Member has or may have against the Released Persons[1] arising out of or related in any way to the transactions, occurrences, events, behaviors, conduct, practices, and policies alleged in the Action, that have been brought, could have been brought, or are currently pending in any forum in the United States.

The Court has scheduled a Final Approval Hearing to determine whether the Court should approve the Settlement as fair, reasonable, and adequate to the Class, and whether Judgment should be entered in accordance with the Settlement Agreement. The Court will also consider at the Final Approval Hearing the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as well as the request of the Class Representatives for incentive award for serves rendered on behalf of the Class.

**The Final Approval Hearing will occur at _____ on _____, in Courtroom 1 of the United States District Court, Central District of California, the Honorable Jesus G. Bernal presiding, 3470 Twelfth Street, Riverside, California 925013**

Your attendance at the Final Approval Hearing is not required. However, you may be heard orally at the hearing in opposition to the proposed Settlement if you wish. You may also enter an appearance through an attorney retained at your own expense. If you do not enter an appearance through an attorney, and do not object, Class Counsel will represent you at the hearing.

---

[1] "Released Persons" means Dr. Mehmet C. Oz, M.D., Zoco Productions, LLC, Harpo Productions, Inc., Sony Pictures Television Inc., and Entertainment Media Ventures, Inc., each, any and all of their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, parent companies, owners, subsidiaries, divisions, joint venturers, entities in which the Media Defendants have a controlling interest, holding companies, employees, agents, consultants, marketing partners, resellers, lead generators, telemarketers, independent contractors, insurers, reinsurers, directors, officers, partners, principals, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, auditors, legal representatives, successors in interest, affiliates, trusts, and corporations; and each and all of the past, present, and future officers, directors, principals, representatives, employees, agents, shareholders, attorneys, successors, executors, and assigns of any of the foregoing entities. ("Released Parties"). This release specifically excludes Non-Settling Defendants Interhealth Nutraceuticals, Inc., Naturex, Inc., Lee Labrada, Labrada Bodybuilding Nutrition, Inc., and Labrada Nutritional Systems, Inc.

## WHERE CAN I GET MORE INFORMATION?

The Notice's description of the case and Settlement is general. For more details of the matters involved in this lawsuit and the Settlement, you may review the Settlement Agreement and related pleadings as set forth below.

If you want more detailed information about the lawsuit and proposed Settlement, including reviewing the Settlement documents, you may visit the Settlement Website at www.weightlossclassaction.com.

If you wish to review the Court's docket in this case, you may do so through the "Public Access to Court Electronic Records" or PACER service. PACER is a browser based electronic retrieval system that provides criminal and civil summaries and docket information using a computer terminal. PACER also provides access to scanned civil judgments, order and minute orders. To establish a PACER account, contact the PACER Service Center at http://pacer.psc.uscourts.gov/ or 800-676-6856.

**DO NOT TELEPHONE or ADDRESS ANY QUESTIONS ABOUT THE CASE OR SETTLEMENT TO THE CLERK OF THE COURT OR TO THE JUDGE. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS. THE COURT EXPRESSES NO VIEW AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED BY ANY PARTY TO THE ACTION.**

# EXHIBIT B

## JOINT PUBLIC STATEMENT

A proposed class of plaintiffs has reached a settlement agreement concerning a class action lawsuit filed on February 2, 2016 against media defendants Sony Pictures Television, Inc., Harpo Productions, Inc., ZoCo Productions, LLC, Dr. Mehmet Oz ("Dr. Oz"), and Entertainment Media Ventures, Inc. The lawsuit was regarding episodes of *The Dr. Oz Show* in 2012 related to Green Coffee Bean Extract and Garcinia Cambogia. The court previously dismissed Sony Pictures Television, Inc. from the lawsuit, and the plaintiffs are now requesting that the court also dismiss Dr. Oz and Entertainment Media Ventures, Inc. None of the media defendants have been found liable for any wrongdoing and are pleased with the resolution of this matter.

# EXHIBIT C

*WOODARD, et al. v. LABRADA, et al.*
United states District Court, Central District of California
5:16CV 000189-JGB-SP

## CLASS ACTION SETTLEMENT CLAIM FORM

### CLAIM FORM INSTRUCTIONS

In order for you to qualify to receive a payment related to *Woodard, et al. v. Labrada, et al.*, Case No. 5:16-cv-00189-JGB-SP, United States District, Court Central District of California, as described in the notice of settlement (the, "Class notice") you must file a Claim Form, as described below to process your claim.

### REQUIREMENT FOR FILING A CLAIM FORM

1. Please review the Notice of Class Action Settlement (the Notice). A copy of the Notice is also available at www.weightlossclassaction.com

2. Accurately complete all required portions of this Claim Form

3. Sign the claim form including the Certification.

4. By signing and submitting this Claim Form, you are hereby certifying that you purchased (A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of Doctoroz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss.

5. In order for you to receive a cash payment, you must complete and submit a completed form on line at www.weightlossclassaction.com or mail the completed and signed Claim Form and Certification by First Class U.S. Mail postage prepaid, postmarked no later than _____2018:

   To:
   Supplement Class Action Settlement
   [Address]

6. Your failure to completer and submit the Claim Form postmarked by _____,2018 will preclude you from receiving any payment in this Settlement.

*WOODARD, et al. v. LABRADA, et al.*
United states District Court, Central District of California
5:16CV 000189-JGB-SP

## CLASS ACTION SETTLEMENT
## CLAIM FORM

**Your Name**:

**Your Mailing Address (with zip code)**:

**Your Phone Number**:

**Your Email Address**:

**Did you purchase one of the following products:** (A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of  Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of Doctoroz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss.

_____ YES                      ____NO

**Date of Purchase.** For each Product you claim you purchased, give the date of the purchase. If you do not have a receipt for your purchase, give the approximate date:

Date(s):

**Copy of Your Receipt.** If you have a receipt for your purchases, enclose a copy of all receipts with this form.

**Location of Purchase**. For each Product you purchased, identify the address of the store where the purchase was made. (Example: CVS Pharmacy, 225 Main Street, Cedar Rapids, Iowa).

**Claim Your Settlement Award[1]**.

I hereby certify that the foregoing is true and correct.

Signature: _____          Date: _____

---

[1] The settlement awards are described in detail in Section D of the Settlement Agreement.

# EXHIBIT D

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>LEE LABRADA; LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC. d/b/a OZ MEDIA; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC; SONY PICTURES TELEVISION, INC; NATUREX, INC.; and INTERHEALTH NUTRACEUTICALS, INC.;<br><br>Defendants. | Case No. 5:16-cv-00189-JGB-SP<br><br>**DECLARATION OF CARLA PEAK IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL** |

I, Carla Peak, declare as follows:

1.     I have personal knowledge of the matters set forth herein, and I believe them to be true and correct. I am Vice President of Legal Notification Services at KCC, LLC ("KCC"). KCC is an experienced national class action notice provider and class administrator with experience in administering class action settlements. KCC's services include pre-settlement consulting, settlement fund escrow, disbursement and tax reporting, class member data management, legal notification, call center support, and claims administration.

2.     This declaration will describe KCC's experience, as well as the notice program (the "Notice Plan") proposed for this case, including how the Notice Plan was developed.

## EXPERIENCE

3.     KCC is a class action administrator that specializes in providing comprehensive

DECLARATION OF CARLA PEAK IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL

class action services including, but not limited to, pre-settlement consulting, email and mailing campaign implementation, website design, claims administration, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, class member data management, legal notification, call center support, claims administration, and other related services critical to the effective administration of class actions. KCC has developed efficient, secure and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of settlements to ensure the orderly and fair treatment of class members and all parties in interest. An industry leader, KCC has implemented more than 6,000 successful class action notice and settlement administration matters and handled thousands of distributions in other contexts. Our experience includes many of the largest and most complex settlement administrations of both private litigation and of actions brought by state and federal government regulators.

4.     KCC has administered class action administrations for such defendants as HP-Compaq, LensCrafters, United Parcel Service, Ford, Mitsubishi, Nissan, Whirlpool, ATI Video Cards, and Twentieth Century Fox. Some consumer case examples which KCC has been involved with include: *Wells v. Abbott Laboratories, Inc*., Sup. Ct. Cal., No. BC389753; *Rikos v. The Procter & Gamble Co*. (Align Probiotics), S.D. Ohio, No. 11-cv-00226; *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc*. (Certification) N.D. Cal., No. 4:15-cv-06314; *Houze v. Brasscraft Manufacturing Co*. (EZ-FLO), Sup. Ct. Cal., No. BC493276; *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litigation*, No. 1:15-cv-01364 (N.D. Ill.); *In re Sears, Roebuck and Co. Front-Loading Washer Products Liability Litigation*, No. 1:06-cv-07023 (N.D. Ill.); *Lerma v. Schiff Nutrition International, Inc.*, No. 1:13-CV-07747 (N.D. Ill.); *Cobb v. BSH Home Appliances Corp.*, No. 8:10-CV-0711 (C.D. Cal.); *Roberts v. Electrolux Home Products, Inc.*, No. 8:12-CV-01644 (C.D. Cal.); *Cappalli v. BJ's Wholesale Club, Inc.*, No. 1:10-CV-00407 (D. R.I.); *Stroud v. eMachines, Inc.*, No. CJ-2003-968 L (D. Ct. Cleveland Cnty, Okla.); and *Shames v. The Hertz Corporation*, No. 07cv2174-MMA (S.D. Cal.).

DECLARATION OF CARLA PEAK IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL

## **TARGET AUDIENCE**

5.      The Class is defined as: all persons in the United States who purchased A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of  Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of DoctorOz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss.

6.      Labrada Garcinia Cambogia and Labrada Green Coffee Bean Extract are promoted as weight-loss supplement products. Therefore, GfK MediaMark Research & Intelligence, LLC (MRI)[1] data was studied among a target of adults who have used a meal/dietary/weight loss supplement for weight loss ("likely Settlement Class members"). Knowing the characteristics, demographics, interests, and media habits of a target group aids in the media planning and selection process.

7.      Demographic highlights of likely Settlement Class members include: 96.0% speak English most often; 89.0% have graduated from high school and 58.9% have attended college; 87.7% are 18-64 years of age; 86.7% live in a metropolitan area; 79.2% have a household

---

[1] GfK MRI is a nationally accredited research firm that provides consumer demographics, product and brand usage, and audience/exposure in all forms of advertising media. Established in 1979, MRI measures the usage of nearly 6,000 product and service brands across 550 categories, along with readership of hundreds of magazines and newspapers, internet usage, television viewership, national and local radio listening, yellow page usage, and out-of-home exposure. Based on a yearly face-to-face interview of 26,000 consumers in their homes, MRI's Survey of the American Consumer™ is the primary source of audience data for the U.S. consumer magazine industry and the most comprehensive and reliable source of multi-media audience data available.

DECLARATION OF CARLA PEAK IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL

income of $30,000 or more, 69.2% have a household income of $40,000 or more, and 60.0% have a household income of $50,000 or more; 71.5% are white; and 70.9% are women.

8.      On average, likely Settlement Class members:[2] are 46 years old; have a household income of $79,905; and own a home valued at $248,137.

9.      Compared to the general adult population, likely Settlement Class members are: 36.9% more likely to be women; 28.4% more likely to be of Spanish, Hispanic, or Latino origin or descent and 19.5% more likely to be Black/African American; 22.2% more likely to have a household income between $10,000-$19,999, 17.0% more likely to have a household income between $100,000-$149,999, and 12.8% more likely to have a household income between $40,000-$49,999; 17.0% more likely to be 45-54 years of age, 15.5% more likely to be 25-34 years of age, and 9.7% more likely to be 35-44 years of age; and 15.7% more likely to speak Spanish most often.

10.     Media usage among likely Settlement Class members includes: 64.3% are considered to be moderate to heavy consumers of magazine; and 62.7% are considered to be moderate to heavy consumers of internet.

11.     Internet usage of likely Settlement Class members includes:  90.5% have access to the internet at home using a computer; 88.9% have looked at or used the internet in the last 30 days; and 68.9% have visited Facebook in the last 30 days.

## NOTICE PLAN DETAILS

### *Consumer Publications*

12.     KCC will cause the Summary Notice to appear as a third-page ad unit once in the nationwide print editions of *Glamour*, *Star*, and *In Touch* magazines, as well as their respective online digital replicas.

13.     *Glamour* is a monthly women's magazine featuring articles on fashion trends, beauty, and entertainment. It reaches 7.6% of likely Settlement Class members and likely

---

[2] The average age for U.S. adults is 47, the average household income is $81,761, and the average home value is $268,528.

DECLARATION OF CARLA PEAK IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL

4

Settlement Class members are 82.0% more likely to be readers, as compared to the general adult population.

14.     *Star* is a weekly celebrity news and entertainment magazine featuring the latest and breaking in celebrity, Hollywood, and entertainment news with stories, photos, and videos from the hottest stars. It reaches 3.2% of likely Settlement Class members and likely Settlement Class members are 28.5% more likely to be readers, as compared to the general adult population.

15.     *In Touch* is a weekly celebrity and entertainment news magazine that reports breaking stories and photos of the hottest Hollywood stars and celebrity icons. It reaches 5.2% of likely Settlement Class members and likely Settlement Class members are 2.1 times more likely to be readers, as compared to the general adult population.

### *Internet Advertising*

16.     In addition to the individual notice efforts and consumer publications above, KCC will implement an internet notice effort consisting of banner advertising. Approximately 204.5 million internet impressions will be purchased and distributed over the Google Display Network (GDN), Facebook, and Yahoo! network over a period of 60 days. The impressions will be targeted to likely Settlement Class members and will appear on both mobile and desktop devices. The online ads will include an embedded link to the case website.

17.     GDN is a vast ad network that reaches over 90% of Internet users and harnesses the power of advertising opportunities to over two million websites, including some of the most-visited websites and most recognizable properties on the entire internet.

18.     Facebook is the largest social media platform in terms of both audience size and engagement, with the capability of reaching millions of users daily.

19.     Yahoo! is an Internet portal that incorporates a search engine and a directory of websites organized in a hierarchy of topic categories. The directory provides users with a structured view of hundreds of thousands of websites and millions of webpages. It also provides one of the best ways to search the internet for a given topic.

DECLARATION OF CARLA PEAK IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL

### *Newspaper Notices*

20.      To fulfill California's Consumers Legal Remedies Act notice requirement, KCC will cause the Summary Notice to appear as an eighth-page ad unit once a week for four consecutive weeks in the *Los Angeles Daily News*.

### *Spanish Translation*

21.      Given the demographics of likely Settlement Class members, a Spanish-language tagline/sub-headline will be included in the notice documents. The Spanish-language tagline will be included in all printed notice documents directly beneath the English-language headline and will direct Spanish-speaking readers to visit the case website for more information and to view a copy of the Notice in Spanish.

### *Case Website*

22.      KCC will establish and maintain a case specific website to allow Settlement Class members to obtain additional information and documents about the settlement. The case website will allow users to submit a Claim Form online, and view, download, and print the Settlement Agreement, Preliminary Approval Order, Details Notice (in both English and Spanish), and Claim Form. Settlement Class members will also be able to review a list of Frequently Asked Questions and Answers. The website address will be displayed in the Postcard Notice, Consumer Publications, and Newspaper Notices, and will be accessible through a hyperlink embedded in the individual emails and internet banner notices.

### *Toll-Free Telephone Number*

23.      KCC will establish and host a case specific toll-free number to allow Settlement Class members to learn more about the settlement in the form of frequently asked questions and answers. It will also allow Settlement Class members to request to have a Detailed Notice and Claim Form mailed directly to them. The toll-free number will be displayed in the Email Notice, Postcard Notice, Consumer Publications, Newspaper Notices, Detailed Notice and case website.

### *Settlement Email Address*

DECLARATION OF CARLA PEAK IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL

24.    KCC will establish and monitor a settlement email address where Settlement Class members may submit questions and other case correspondence.

### *Settlement PO Box*

25.    KCC will establish and monitor a post office mailbox where Settlement Class members may submit exclusion requests and other case correspondence.

### <u>CONCLUSION</u>

26.    The proposed Notice Plan is expected to reach approximately 70% of likely Settlement Class members. It is consistent with other effective settlement notice programs, as well as the reach guidelines set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide. It provides the best notice practicable under the circumstances and meets the "desire to actually inform" due process communications standard of *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950).

27.    At the conclusion of the Notice Plan, KCC will provide a final report verifying its adequacy and effective implementation.


I, Carla Peak, declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of June 2018, at Sellersville, Pennsylvania.


_____

Carla A. Peak            *© 2018 KCC LLC*


DECLARATION OF CARLA PEAK IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL

7

# EXHIBIT E

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON, on behalf of themselves, all others similarly situated, and the general public,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>LEE LABRADA; LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC. d/b/a OZ MEDIA; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC; SONY PICTURES TELEVISION, INC; NATUREX, INC.; and INTERHEALTH NUTRACEUTICALS, INC.,<br><br>                    Defendants. | CASE NO. 5:16-cv-00189-JGB-SP<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter having been submitted to the Court by Plaintiffs Veda Woodard, Teresa Rizzo-Marino, and Diane Morrison, on their own behalf and on behalf of the Class defined below (hereafter collectively referred to as "Plaintiff" or "Class Representatives") and Law Offices of Ronald A. Marron, APLC and Cohelan, Khoury, and Singer (together, "Class Counsel") on behalf of the Plaintiffs and by Defendants Zoco Productions, LLC, Harpo Productions, Inc., Dr. Mehmet C. Oz, M.D. and Entertainment Media Ventures, Inc. (hereafter collectively referred to as the "Media Defendants") through their Counsel, by way of the parties' joint motion for preliminary approval of the proposed settlement in the above captioned action;

WHEREAS, the Court having reviewed and considered the parties' joint motion for preliminary approval and supporting materials filed by Class Counsel and counsel for the Media Defendants; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

**IT IS THIS _____ DAY OF _____, 2018**

**ORDERED** that the settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby **PRELIMINARILY APPROVED**. The Court further finds and orders as follows:

1.     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and venue is proper in this district.

2.     The Court has personal jurisdiction over the Class Representatives, Settlement Class Members, and the Media Defendants.

3.     The settlement is the product of arm's length bargaining conducted by experienced legal counsel after extensive discovery and with the assistance of an impartial mediator. The Settlement Agreement is not the result of collusion.

4.     The proceedings that occurred before the parties reached the Settlement Agreement gave counsel and the parties an opportunity to adequately assess the strengths and weaknesses of their respective positions in this case, and,

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
[Proposed] Order Granting Joint Motion for Preliminary Approval of Class Action Settlement

thus, to structure the settlement in a way that adequately accounts for those strengths and weaknesses.

5.     The settlement falls well within the range of reason and has no obvious deficiencies.

6.     Because the settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the settlement, including the Settlement Agreement and all of its exhibits.

7.     The Court finds, for settlement purposes only, that all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied. The Court certifies a Settlement Class of all persons in the United States who purchased (A) any Green Coffee Bean Extract and/or Garcinia Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fat Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any weight loss product, ingredient, and/or plant after viewing, at any time, any portion of  Episode 3-143, Episode 4-018, or Episode 4-052 of The Dr. Oz Show, or viewing, at any time, any portion of Doctoroz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss.[1]

---

[1] Excluded from the Settlement Class are: (1) all judges and magistrates who have presided or are presiding over this action (or the judge or Magistrate presiding over the action through which this matter is presented for settlement); (2) the defendants, defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) legal representatives, successors or assigns of any such excluded person.

8. The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

a. Pursuant to Federal Rule of Civil Procedure 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

b. Pursuant to Federal Rule of Civil Procedure 23(a)(2), the Court determines that there are common issues of law and fact for the Settlement Class.

c. Pursuant to Federal Rule of Civil Procedure 23(a)(3), the claims of the Class Representatives are typical of the Settlement Class that they represent.

d. Pursuant to Federal Rule of Civil Procedure 23(a)(4), the Plaintiffs Veda Woodard, Teresa Rizzo-Marino, and Diane Morrison will fairly and adequately represent the interests of all members of the Settlement Class. The interests of Ms. Woodard, Ms. Rizzo-Marino, and Ms. Morrison are not antagonistic to those of the Settlement Class. Ms. Woodard, Ms. Rizzo-Marino, and Ms. Morrison are represented by counsel who are experienced and competent in the prosecution of complex class action litigation. Accordingly, the Court hereby appoints Plaintiffs Veda Woodard, Teresa Rizzo-Marino, and Diane Morrison as Class Representatives for the Settlement Class.

9. The Court further finds that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied, for settlement purposes only, as follows:

a. Questions of law and fact common to the members of the Settlement Class predominate over questions that may affect only individual members; and

b. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

10. The Court has reviewed the content of the notice plan and the Claim Form and finds that they satisfy the requirements of Federal Rule of Civil

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and due process. Accordingly, the Court approves the Notice and the Claim Form.

11.   The Court further approves the methods for giving notice of the settlement to the members of the Settlement Class, as reflected in the Settlement Agreement and proposed in the parties' joint motion for preliminary approval. In addition to the Class Notice, the Court has also reviewed the notice procedures and finds that the members of the Settlement Class will, thereby, receive the best notice practicable under the circumstances. The Court also approves payment of the costs of notice as provided in the settlement. The Court finds that the notice procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and due process.

12.   The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints the Law Offices of Ronald A. Marron, APLC and the law firm of Cohelan, Khoury, and Singer as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

13.   The Court further approves the appointment of KCC, LLC, or equivalent class action administrator identified by the parties to administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants; communicating with Claimants; and distributing payments to qualified Claimants.

14.   The Court directs that pursuant to Federal Rule of Civil Procedure 23(e)(2) a hearing will be held on [_____], 2018, to consider final approval of the settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Settlement Class should be finally certified for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the settlement; (c) Class Counsel's application for

4

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

an award of attorneys' fees and costs; and (d) approval of an award of service payments to the Class Representatives.  The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Settlement Website.

15.   Any member of the Settlement Class wishing to object (an "Objector") to the proposed settlement and/or be heard at the Fairness Hearing shall comply with the following procedures:

a.   To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, with a copy delivered to Class Counsel and the Media Defendants' Counsel at the addresses set forth below:

Ronald A. Marron

**LAW OFFICES OF RONALD A. MARRON**

651 Arroyo Drive

San Diego, CA 92103

Telephone: (619) 696-9006

Email: ron@consumersadvocates.com


Charles L. Babcock

**JACKSON WALKER, LLP**

1401 McKinney Suite 1900

Houston, Texas 77010

Telephone: 713.752.4200

Facsimile:  713.752.4221

Email: cbabcock@jw.com

b.     A written objection filed with the Court regarding or related to the settlement shall contain all of the following information: (i) a reference, in its first sentence, to this Litigation, *Veda Woodard et al. v. Lee Labrada, et al.*, Case No. 5:16-cv-00189-JGB-SP; (ii) the Objector's full, legal name, residential address, telephone number, and email address (along with his/her lawyer's name, business address, telephone number, and email address if objecting through counsel); (iii) a statement describing his/her membership in the Settlement Class, including a verification under oath as to the date, name of the Class Products purchased, and the location and name of the retailer from whom he or she made the purchase of Class Products, along with any  a receipt or online order confirmation he or she has (if any) reflecting such purchase and any other information required by the Claim Form; (iv) a written statement setting forth all grounds for the objection, accompanied by any legal support for such objection; (v) copies of any papers, briefs, or other documents upon which the objection is based; (vi) a list of all persons who will be called to testify in support of the objection, if any; (vii) a statement of whether the Objector intends to appear at the Settlement Hearing (Note: if the Objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys representing the Objector who will appear at the Settlement Hearing); (viii) a list of the exhibits the Objector may offer during the Settlement Hearing, along with copies of such exhibits; and (ix) the Objector's signature. In addition, an Objector must, if applicable, include with their objection: (i) the identity of all counsel who represent the Objector, including former or current counsel who may be entitled to compensation for any reason related to the objection; (ii) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, within the United States during the previous five (5) years. Class Counsel and/or the Media Defendants are hereby granted leave to take the deposition of any Objector.

c.      Any member of the Settlement Class who files and serves a timely written objection in accordance with this Order may also appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness or adequacy of the proposed settlement. Any attorney representing a member of the Settlement Class for the purpose of making objections must also contemporaneously file a Notice of Appearance with the Clerk and serve copies of such by mail to the counsel listed above.

d.      Members of the Settlement Class or their attorneys intending to appear at the Fairness Hearing must, by [_____], 2018, serve on Settlement Class Counsel and counsel for Defendants, and file with the Court, a notice of Intent to Appear, which includes: (i) the name, address and telephone number of the Settlement Class member and, if applicable, the name, address and telephone number of the Settlement Class member's attorney; (ii) the objection, including any papers in support thereof; and (iii) the name and address of any witness(es) to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

e.      Any member of the Settlement Class who does not timely file and serve a Notice of Intent to Appear, and any witness not identified in the Notice of Intent to Appear, shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

16.      Members of the Settlement Class who elect not to participate in the settlement (i.e., "opt-out") must submit a written request for exclusion that is postmarked no later than [_____], 2018.  The Settlement Administrator shall compile a list of all Opt-Outs and the Parties shall file the list of Opt-Outs with the Court by no later than the date of the Fairness Hearing.

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

17.    Any member of the Settlement Class who fails to properly and timely submit a written notice of exclusion shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement and the settlement, including the Release and Order of Final Judgment. The Court shall resolve any disputes concerning the Opt-Out provisions of the settlement.

18.    In order to participate in the settlement and receive a cash payment from the Settlement Fund, members of the Settlement Class must properly complete a Claim Form (online or in paper format) and submit it to the Claims Administrator. To be effective, any such Claim Form must be postmarked no later than [_____], 2018 and must otherwise comply with the procedures and instructions set forth in the Claim Form.

19.    The deadlines for key events are as follows:

| EVENT | DEADLINE |
|---|---|
| Deadline for publishing Notice | |
| Filing of papers in support of Final Approval and Class Counsel's Application for Attorneys' Fees and Expenses | |
| For filing an objection with the Court, or submitting a Request for Exclusion to the Settlement Administrator | |
| Filing of response to objections | |
| Final Approval Hearing | |
| Deadline for submitting claims forms | |

20.    To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

8

21.    In the event that the Settlement does not become effective for any reason, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement. If the Settlement does not become effective, the Media Defendants and any other released persons shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This action shall thereupon revert immediately to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and any related order had not been executed.

22.    Nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Media Defendants, or an admission of the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

23.    All other proceedings in the Action are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement. No discovery with regards to this Action, or with respect to this Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the Settlement, all Settlement Class Members are hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims.

9

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

24.     The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the settlement. Any disputes or controversies arising with respect to the settlement shall be presented by motion to the Court provided, however, that nothing in this paragraph shall restrict the Parties' ability to exercise their rights under Paragraphs 21 and 23 above.

**IT IS SO ORDERED.**

DATED: _____, 2018                    _____

                                              HON. JESUS G. BERNAL
                                              United States District Judge

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT