William C. Haggerty, Esq., Bar No. 76652
bill@fwhb.com
Katherine M. Harwood, Esq., Bar No. 225202
kharwood@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center, Twenty-Seventh Floor
Long Beach, California 90831-2700
Tel. (562) 983-2500; Fax (562) 590-3546
Charles L. Babcock, IV, Esq., Bar No. 01479500 (*Pro Hac Vice*)
cbabcock@jw.com
William A.I. McDonald, III (*Pro Hac Vice*)
Bar No. 2589983
wmcdonald@jw.com
JACKSON WALKER, L.L.P.
1401 McKinney Avenue, Suite 1900
Houston, Texas 77010
Tel. (713) 752-4200; Fax (713) 752-4221

Attorneys for Defendants, DR. MEHMET C. OZ, M.D.; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDA WOODARD TERESSA RIZZO-MARINO, and DIANE MORRISON, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>LEE LABRADA; LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC., d/b/a OZ MEDIA; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC; SONY PICTURES TELEVISION INC.; NATUREX, INC.; and INTERHEALTH NUTRACEUTICALS, INC.,<br><br>Defendants. | No. 5:16-cv-00189-JGB-SP<br><br>NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT TO STIPULATION OF THE PARTIES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN K. EDWARDS; AND [PROPOSED] ORDER<br><br>Date:   July 16, 2018<br>Time:   9:00 a.m.<br>Ctrm:   1<br>Judge:  Hon. Jesus G. Bernal |

1

1

2   **TO THE HONORABLE COURT, PLAINTIFFS AND THEIR ATTORNEYS OF**

3   **RECORD:**

4       **PLEASE TAKE NOTICE THAT** July 16, 2018 at 9:00 a.m., or as soon

5   thereafter as counsel may be heard in Department 1 of the above-captioned Court

6   located at 3470 Twelfth Street, Riverside, California 92501, Defendants Dr. Mehmet

7   C. Oz, M.D., ZoCo Productions, LLC, Harpo Productions, Inc., and Entertainment

8   Media Ventures, Inc., (collectively, the "Media Defendants") will move the court for

9   order pursuant to stipulation of the parties (1) determining the settlement reached

10  between the Media Defendants and Class Plaintiffs and Proposed Class

11  Representatives Veda Woodard, Teresa Rizzo-Marino, and Diane Morrison

12  ("collectively, Plaintiffs") is in good faith pursuant to *Code of Civil Procedure*

13  ("*CCP*") § 877 and 877.6 and (2) barring any current or future cross-complaints or

14  complaints against Media Defendants for equitable contribution or partial or

15  comparative indemnity, based on comparative negligence or comparative fault arising

16  out of the subject matter of the lawsuit.

17

18      Media Defendants bring this motion pursuant to *CCP* §§ 877 and 877.6

19  on the grounds that the settlement entered into between Plaintiffs and Media

20  Defendants is fair and reasonable compensation for the compromise of all claims

21  related to this action.

22      Plaintiffs filed their Complaint [Doc. 01] against the multiple defendants

23  and Media Defendants on February 2, 2016. Thereafter, Plaintiffs filed a First

24  Amended Complaint [Doc. 88] ("FAC") on June 2, 2016. The FAC is the operative

25  pleading and Media Defendants request that the Court dismiss with prejudice the FAC

26  against Media Defendants upon granting this Motion and retain jurisdiction pursuant to

27  *CCP* § 664.6 to enforce the settlement.

28

MEDIA DEFENDANTS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO STIPULATION OF THE PARTIES

The parties to this case that are affected by this motion are:

**Attorneys for Plaintiffs**:

Ronald A. Marron, Esq. (SBN 175650)
Ron@consumersadvocates.com
Michael T. Houchin, Esq. (SBN 305441)
Mike@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
(619) 696-9006 (telephone)
(619) 564-6665 (facsimile)

Timothy D. Cohelan (SBN 60827)
tcohelan@ckslaw.com
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill (SBN 179630)
jhill@ckslaw.com
Janine R. Menhennet (SBN 163501)
jmenhennet@ckslaw.com
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, California 92101
(619) 595-3001 (telephone)
(619) 595-3000 (facsimile)

**Attorneys for Defendant ENTERTAINMENT MEDIA VENTURES, INC. d/b/a OZMEDIA**:

Michael A. Gold, Esq. (SBN 90667)
Mag@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
(310) 203-8080 (telephone)
(310) 203-0567 (facsimile)

3

Michael J. Hassen, Esq. (SBN 124823)
Mjh@jmbm.com
Christopher H. Doyle
cdoyle@JMBM.com
JEFFER MANGELS BUTLER & MITCHELL, LLP
Two Embarcadero Center 5th Floor
San Francisoco, California 94111-3813
(415) 398-8080 (telephone)
(415) 398-5584 (facsimile)

**Attorneys for Defendant INTERHEALTH NUTRACEUTICALS, INC.:**
Matthew L. Marshall (SBN 168013)
mlmarshall@clarkhill.com
CLARK HILL LLP
1055 West Seventh Street, 24th Floor
Los Angeles, CA  90017-2503
(213) 891-9000 (telephone)
(213) 488-1178 (facsimile)

Adam P. O'Connor (SBN 261685)
aoconnor@clarkhill.com
CLARK HILL LLP
600 West Broadway, Suite 500
San Diego, California 92101
(619) 557-0404 (telephone)
(619) 557-0460 (facsimile)

**Attorneys for Defendant NATUREX, INC.:**
Stacy W. Harrison (Bar No. 175028)
Matthew S. Ingles (Bar No. 303653)
Melinda R. Blake Glastein (Bar No. 293924)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
(213) 629-2020 (telephone)
(213) 612-2499 (facsimile)

**Attorneys for Defendants LEE LABRADA, LABRADA BODYBUILDING NUTRITION, INC., and LABRADA NUTRITIONAL SYSTEMS, INC.:**

4

James G. Munisteri (*pro hac vice*)
jmunisteri@gardere.com
Philip J. Morgan
pmorgan@gardere.com
GARDERE WYNNE SEWELL LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX  77002
(713) 276-5500 (telephone)
(713) 276-5555 (facsimile)

Craig S. Hubble, Esq. (SBN 200789)
Craig@davidson-lawfirm.com
LAW OFFICES OF CRAIG HUBBLE
1500 Rosecrans Avenue, Suite 500 PMB464
Manhattan Beach, California 90266
(310) 684-3027 (telephone)
(310) 446-2598 (facsimile)

**Attorneys for Defendants HARPO PRODUCTIONS, INC., ZOCO
PRODUCTIONS, LLC and DR. MEHMET C. OZ, M.D.:**

Charles L. Babcock, Lead Attorney (*pro hac vice*)
Texas State Bar No. 01478500
William A.I. McDonald, III (*pro hac vice*)
Texas State Bar No. 24071360
John K. Edwards (*pro hac vice*)
Texas State Bar No. 24002040
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 (telephone)
(713) 752-4221 (facsimile)

William C. Haggerty, Esq. (Bar #76652)
bill@fwhb.com
Katherine M. Harwood, Esq. (Bar #225202)
kharwood@fwhb.com

1   FORD, WALKER, HAGGERTY & BEHAR
2   One World Trade Center, 27th Floor
3   Long Beach, California 90831-2700
    (562) 983-2500 (telephone)
4   (562) 590-3546 (facsimile)

5
6       This Motion is based on this Notice, the attached Memorandum of Points and
7   Authorities, the Declaration of John K. Edwards and exhibits attached thereto, upon all
8   the pleadings, papers and files in this matter, and upon such oral or documentary
9   evidence as may be produced or heard at the hearing on this motion.

10
11  DATED:      June 15, 2018          Respectfully submitted,
12
13
14                                     /s/ Ronald A. Marron
                                       RONALD A. MARRON
15
16                                     LAW OFFICES OF
                                       RONALD A. MARRON
17                                     RONALD A. MARRON
                                       ron@consumersadvocates.com
18                                     Michael T. Houchin
19                                     mike@consumersadvocates.com
                                       651 Arroyo Drive
20                                     San Diego, California 92103
                                       Telephone: (619) 696-9006
21                                     Facsimile: (619) 564-6665
22
23                                     COHELAN KHOURY & SINGER
24                                     TIMOTHY D. COHELAN
                                       TCohelan@CKSLaw.com
25                                     ISAM C. KHOURY
26                                     IKhoury@CKSLaw.com
                                       MICHAEL D. SINGER
27                                     msinger@ckslaw.com
28                                     JAMES J. HILL

                                        6

1                      *JHill@CKSLaw.com*
605 C St #200
San Diego, California 92101
Telephone:   (619) 239-8148
Facsimile:    (619) 595-3000
**Counsel for Plaintiffs and the Proposed Class**


**JACKSON WALKER, LLP**


Dated: June 15, 2018          By: */s/ Charles L. Babcock*
Charles L. Babcock
1401 McKinney Suite 1900
Houston, Texas 77010
Telephone: 713.752.4200
Facsimile:  713.752.4221
Email: *cbabcock@jw.com*
**Counsel for Defendants Dr. Mehmet C. Oz, M.D., Zoco Productions, LLC, and Harpo Productions, Inc.**


**JEFFER MANGELS BUTLER & MITCHELL, LLP**


Dated: June 15, 2018          By: */s/ Michael A. Gold*
Michael A. Gold
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: (415) 398-8080
Facsimile: (415) 398-5584
Email: *mgold@jmbm.com*
**Counsel for Defendant Entertainment Media Ventures, Inc.**

MEDIA DEFENDANTS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO STIPULATION OF THE PARTIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Media Defendants seek an order determining that the settlement reached with Plaintiffs, in the monetary amount of $5,250,000 and other good and valuable consideration, is in good faith, given that Media Defendants contest liability for any of Plaintiffs' claimed injuries.   Media Defendants bring this Motion pursuant to stipulation of the parties. This motion is unopposed by all the parties except for LEE LABRADA, LABRADA BODYBUILDING NUTRITION, INC., and LABRADA NUTRITIONAL SYSTEMS, INC. ("Labrada Defendants")   (*See* Edwards Dec., ¶ 5 and Exhibit A.) The Labrada Defendants were unable to inform Media Defendants of their position to this Motion by the Court's June 15, 2018 deadline. (*See* Edwards Dec., ¶ 5). Media Defendants will update the Court once Labrada informs Media Defendants of their position to this Motion.

Plaintiffs' Motion for Preliminary Approval is being filed concurrently with this Motion. The settling parties request a single hearing to rule on Plaintiffs' Motion for Preliminary Approval and this Motion as soon as the Court's schedule permits.

### A.    The Action and Damages

Plaintiffs and putative class members allegedly purchased Labrada Garcinia Cambogia DUAL ACTION FAT BUSTER ("GC") and Labrada Green Coffee Bean Extract FAT LOSS OPTIMIZER ("GCBE") (together, the "Products") on multiple occasions.   [Doc. 88 at 5-6].   Plaintiffs claim to have purchased the products after watching episodes[1] of *The Dr. Oz Show* ("TDOS") that referenced GC and GCBE ("Complained of Broadcasts") and/or reading a fact sheet posted on Doctoroz.com on April 26, 2012 regarding GCBE ("GCBE Post").   *Id*. at 16-18, 40-49.

---

[1] Episode 3-143 aired on April 26, 2012 (Green Coffee Bean I); Episode 4-018 aired on September 10, 2012 (Green Coffee Bean II); and Episode 4-052 aired on October 29, 2012 (Garcinia Cambogia I).

The FAC asserts that the Media Defendants made misrepresentations regarding the quality, effectiveness, and sponsorship of these weight-loss supplements manufactured by Labrada. *Id.* at 12-15. Specifically, Plaintiffs allege that the Complained of Broadcasts and GCBE Post fraudulently promoted the weight loss benefits of the Products, misrepresented Dr. Oz's affiliation with products he endorses, and failed to disclose those affiliations to viewers of TDOS. *Id.* at 12-13. Plaintiffs further allege Dr. Oz was paid by co-defendants Labrada, Interhealth, and/or Naturex in exchange for promoting GCBE and GC on TDOS. *Id*

### B. Pleadings and Parties

Plaintiff Veda Woodard filed her Complaint against multiple defendants and the Media Defendants on or about February 2, 2016. (Edwards Dec., ¶ 7.) Plaintiffs filed a First Amended Complaint ("FAC") on or about June 2, 2012. (Exhibit B.)

### C. Settlement

**Settling Parties:** After extensive discovery and lengthy formal and informal, arm's length settlement negotiations, as detailed further in the accompanying Motion for Preliminary Approval, Media Defendants reached a settlement with Plaintiffs, by and through their counsel of record. (Edwards Dec., ¶ 8.)

**Settlement Basis and Amount:** Although Media Defendants deny liability for Plaintiffs' alleged injuries and damages, a settlement payment in the monetary amount of five million, two hundred and fifty thousand dollars ($5,250,000) ("Settlement Sum"), along with other consideration set forth below, to Plaintiffs to buy their peace and to avoid the expense of preparing for and defending this case at trial. Given Plaintiffs' alleged damages exceed ten (10) million dollars and that Media Defendants strongly contest liability to Plaintiffs for their injuries, the Settlement Sum is reasonable and well within the "ballpark". (Edwards Dec., ¶ 8.)

**Additional Terms:** In consideration for payment of the Settlement Sum to Plaintiffs, Plaintiffs have agreed to the following:

2

- To dismiss their First Amended Complaint with prejudice against the Media Defendants;
- To fully and completely release Media Defendants, their agents, insurers and representatives from any and all claims, known or unknown, arising out of or in any way related to this action;
- Each settling party is to bear their own costs and fees and neither will be deemed a prevailing party; and
- The settlement is subject to determination of good faith.

(Edwards Dec., ¶ 8; Exhibit C.)

**Pleadings Affected By Settlement:** The FAC is the pleading affected by this Motion and Defendants request that the Court dismiss with prejudice the FAC against Media Defendants upon granting this Motion and retain jurisdiction to enforce the settlement. There was no collusion, fraud or tortious conduct between the settling parties. (Edwards Dec., ¶ 9.)

**Stipulation of the Parties**

The parties have stipulated to the following: (1) the settlement between Plaintiffs and the Media Defendants is in good faith, is fair, is within the "ballpark" or "reasonable range" of their share of liability, if any, for Plaintiffs' injuries and damages, as provided in *Tech-Bilt v. Woodward-Clyde*, (1985) 38 Cal.3d 488 and per *Code of Civil Procedure* §§ 877 and 877.6, and the settlement is not collusive; (2) to accept service of this Motion; (3) entry of an order by the Court that settlement was made in good faith, which bars and extinguishes any pending and future claims for indemnity, contribution and comparative fault against Media Defendants arising out of this action. (See Exhibit A.)

Based on the foregoing, Media Defendants respectfully request that the Court rule promptly on this Motion and issue an Order finding that the settlement between Plaintiff and Media Defendants is in good faith, thereby barring all claims against

Media Defendants for indemnity or contribution, based on comparative negligence or comparative fault.

## II.  LEGAL AUTHORITY FOR DETERMINATION OF GOOD FAITH SETTLEMENT

California *Code of Civil Procedure* Section 877.6 provides in relevant part as follows:

> (a)(2) …a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms and amount of the settlement.  The notice, application, and proposed order shall be given by certified mail, return receipt requested.  Proof of service shall be filed with the court.  Within 25 days of the mailing of the notice, application, and proposed order, or within 20 days of personal service, a nonsettling party may file a notice of motion to content the good faith of the settlement.  If none of the nonsettling parties files a motion within 25 days of mailing of the notice, application, and proposed order, or within 20 days of personal service, the court may approve the settlement…
>
> (b)  The issue of good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counter affidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.
>
> (d) The party asserting the lack of good faith shall have the burden of proof on that issue.

In *Tech-Bilt,* above, the California Supreme Court set forth the "reasonable range" test to determine whether a settlement has been made in good faith pursuant to CCP section 877.6.  The factors considered include:

> . . . a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among

4

plaintiffs, and a recognition that a settlor shall pay less in settlement than he would if he were found liable after trial. Other relevant considerations include the financial conditions and insurance policy limits of the settling defendants, as well as the existence of collusion, fraud or torturous conduct aimed to injure the interest of non-settling defendants. Finally, practical considerations obviously require that the evaluation be made on the basis of information available at the time of the settlement. (*Ibid*. at 499).

In addition, the law fundamentally supports the settlement of disputes.  As the Court of Appeal has stated:

The law wisely favors settlements . . . [Citations] It is the policy of the law to discourage litigation and to favor compromises of doubtful rights and controversies, made either in or out of court. [Citations.]   Settlement agreements are highly favored as productive of peace and good will in the community, and reducing the expense and persistency of litigation. (Citations.) Indeed, it has been said that a major goal of section 877 is the encouragement of settlement.   [Citations.]   (*Stambaugh v. Superior Court* (1976) 62 Cal.App.3d 231, 236.)

## III.    MEDIA DEFENDANTS' SETTLEMENT IS IN "GOOD FAITH"

A "good faith" settlement under *CCP* § 877.6 bars all liability for contribution to non-settling parties who, in turn, obtain a reduction of the claims against them in the amount stipulated or the amount of consideration paid for the discharge.  (*Standard Pacific v. AA Baxter Corp*, (1989) 216 Cal.App.3d 324.)  Thus, *CCP* §§ 877 and 877.6 foster settlement while simultaneously protecting the interests of non-settling parties.

Pursuant to *Tech-Bilt*, in determining whether a settlement has been made in "good faith," courts should inquire into whether the amount of the settlement is within a reasonable range of the settling tort-feasor's proportionate share of comparative liability and consider the following additional factors:

(1)    A rough approximation of plaintiff's total recovery and the settlor's proportionate liability;

(2)    The amount paid in settlement;

(3)    The allocation of settlement proceeds among plaintiffs;

(4)     Recognition that a settlor should pay less in settlement than it would if it were found liable at trial;

(5)     The financial conditions and insurance policy limits of settling defendants;

(6)     The existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants; and

(7)     Whether the settlement figure is grossly disproportionate to what a reasonable person at the time of a settlement would estimate the settling defendant's liability to be.

(*Tech-Bilt, Inc.*, *supra*, 38 Cal.App.3d at 499.)  Additionally, the court may also apply its own experience in determining whether a settlement was reached in good faith. (*Ibid.* at 500.)

Following the *Tech-Bilt* decision, courts have made it clear that a good faith settlement does not call for a perfect or even nearly perfect apportionment of liability. (*Abbott Ford, Inc. v. Superior Court*, (1987) 43 Cal.3d 858, 874.)  All that is necessary is that there be a rough approximation between a settling tort-feasor's offer of settlement and its proportionate liability.  (*Bay Development Ltd. v. Superior Court*, (1990) 50 Cal.3d 1012, 1027-28.) Moreover, when evaluating the plaintiff's total recovery, the amount is not based on what plaintiff claims to be entitled to, but instead is based on what the plaintiff could actually recover.  (*Horton v. Superior Court*, (1987) 194 Cal.App.3d 727, 735-36.)

A settling party's burden in moving for good faith is to prove there has been a settlement.  (*Fisher v. Superior Court*, (1980) 103 Cal.App.3d 434, 447; *see also Mattco Forge Inc. v. Arthur Young & Co.*, (1995) 38 Cal.App.4th 1337, 1350 fn. 6.) Though all parties have agreed not to oppose this Motion, it should be noted that any party contesting the good faith of the settlement party's settlement has the burden of proof to establish that the settlement was not in good faith.  (*CCP* § 877.6(b).)

MEDIA DEFENDANTS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO STIPULATION OF THE PARTIES

1   As detailed below, the settlement in this case meets the *Tech-Bilt* factors and

2   supports a determination by the court that this settlement is in good faith.

3   **A.    A Rough Approximation of Plaintiff's Total Recovery and the**

4   **Settling Party's Proportionate Liability.**

5   While Media Defendants strongly dispute liability, in the interest of buying

6   peace, they negotiated a settlement with Plaintiffs for the total sum of $5,250,000 and

7   an agreement not to re-air the subject Dr. Oz episodes.  Given that Media Defendants

8   believe there is no evidence to support liability, the amount paid is more than fair and

9   reasonable.  In particular, Media Defendants contend that the issue of reliance varies

10  from putative class member to class member. Thus, the alleged injury (absence of

11  weight loss) is an individualized question, which is not appropriate for class

12  certification.  Furthermore, Media Defendants contend there is no evidence to support

13  Plaintiffs' theory that Dr. Oz (or anyone else affiliated with the show) received

14  payment from the other defendants in exchange for referencing GC and/or GCBE. In

15  addition, the Media Defendants assert that any statements by Dr. Oz about the

16  Products were not material. Thus, there is no basis for liability against Media

17  Defendants and the settlement reached by Media Defendants, therefore, is fair and

18  exceeds their proportionate share of liability.

19  **B.    Amount Paid in Settlement.**

20  The total amount of the settlement is $5,250,000.  (Exhibit C.)

21  **C.    The Existence Of Collusion, Fraud, Or Tortious Conduct Aimed To**

22  **Injure The Interests Of Non-Settling Defendants.**

23  No collusion, fraud, or tortious conduct has occurred between the settling

24  parties.  (Edwards Dec., ¶ 9.)  This settlement is the result of a series of arms' length

25  negotiations between the parties.  (Edwards Dec., ¶ 8.)  All parties have stipulated that

26  the settlement is in good faith and there is no aim to injure the interests of any non-

27  settling party.  (Exhibit A.)

28

7

## IV.   A GOOD FAITH DETERMINATION IS PROPER GIVEN THERE IS NO EVIDENCE OF MOVING PARTY'S LIABILITY

The factors set forth in *Tech-Bilt,* however, are non-exclusive and may not apply in all cases. (*Dole Food Company, Inc. v. Superior Court* (2015) 242 Cal.App.4th 894, 909.) "A judge charting the boundaries of good faith of necessity must avoid a rigid application of the factors set forth in *Tech-Bilt.*" (*North County Contractor's Assn. v. Touchstone Ins. Services* (994) 27 Cal.App.4th 1085, 1090.) An agreement by a defendant to pay little to no amount may be properly deemed a good faith settlement under the *Tech-Bilt* factors. *(Armstrong World Industries, Inc. v. Superior Court* (1989) 215 Cal.App.3d 951, 957-958.)

Although the *Tech-Bilt* factors have been all addressed in this motion, this is a case in which Media Defendants have no liability. Specifically, Plaintiffs cannot establish the requisite elements of their claims because Dr. Oz's statements were not material.

In sum, given that the evidence indicates that, in their view, Media Defendants are unlikely to be found liable for Plaintiffs' claimed injuries, it is not necessary to consider the rough approximation of Plaintiffs' recovery. Of importance is the absence of collusion, fraud or tortious conduct between Plaintiffs and Media Defendants and that settlement is reasonably based on the belief that there was no negligence or fraud by Media Defendants.

## V.   MOVING PARTY IS ENTITLED TO AN ORDER BARRING FUTURE INDEMNITY AND CONTRIBUTION ACTIONS

Pursuant to *Code of Civil Procedure* § 877.6(c), "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Because moving party's settlement

1   with Plaintiffs was made in good faith, all claims for indemnity and/or contribution

2   arising out of Plaintiffs' claims are barred.

3   **VI.   CONCLUSION**

4          Based on the foregoing, Media Defendants respectfully request that the Court

5   grant this Motion and issue an Order determining that the settlement between Plaintiffs

6   and Media Defendants is in good faith, thereby barring and extinguishing any and all

7   existing and future claims by joint tortfeasors or co-obligors for equitable comparative

8   fault, indemnity, contribution, partial and/or comparative indemnity, based upon

9   comparative negligence or comparative fault.

10

11

12   DATED:      June 15, 2018              Respectfully submitted,

13

14

15                                         */s/ Ronald A. Marron*
                                           RONALD A. MARRON

16

17                                         **LAW OFFICES OF**
                                           **RONALD A. MARRON**
18                                         RONALD A. MARRON
19                                         *ron@consumersadvocates.com*
                                           Michael T. Houchin
20                                         *mike@consumersadvocates.com*
21                                         651 Arroyo Drive
                                           San Diego, California 92103
22                                         Telephone: (619) 696-9006
23                                         Facsimile: (619) 564-6665

24                                         **COHELAN KHOURY & SINGER**
25                                         TIMOTHY D. COHELAN
26                                         *TCohelan@CKSLaw.com*
                                           ISAM C. KHOURY
27                                         *IKhoury@CKSLaw.com*
                                           MICHAEL D. SINGER
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

msinger@ckslaw.com
JAMES J. HILL
*JHill@CKSLaw.com*
605 C St #200
San Diego, California 92101
Telephone:  (619) 239-8148
Facsimile:    (619) 595-3000
**Counsel for Plaintiffs and the Proposed Class**


**JACKSON WALKER, LLP**


Dated: June 15, 2018          By: */s/ Charles L. Babcock*
Charles L. Babcock
1401 McKinney Suite 1900
Houston, Texas 77010
Telephone: 713.752.4200
Facsimile:  713.752.4221
Email: *cbabcock@jw.com*
**Counsel for Defendants Dr. Mehmet C. Oz,**
**M.D., Zoco Productions, LLC, and Harpo**
**Productions, Inc.**

**JEFFER MANGELS BUTLER &**
**MITCHELL, LLP**


Dated: June 15, 2018          By: */s/ Michael A. Gold*
Michael A. Gold
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: (415) 398-8080
Facsimile: (415) 398-5584
Email: *mgold@jmbm.com*
**Counsel for Defendant Entertainment Media**
**Ventures, Inc.**

10

1

## **ELECTRONIC SIGNATURE CERTIFICATION**

2

      I, Ronald A. Marron, hereby attest that that all other signatories listed, and on

3

whose behalf the filing is submitted, concur in the filing's content and have authorized

4

the filing.

5

6
                                   /s/ Ronald A. Marron

                                   Ronald A. Marron

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1