UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 16-00189 JGB (SPx) | Date | September 26, 2018 |
|---|---|---|---|
| Title | *Veda Woodard, et al. v. Lee Labrada, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 241); and (2) DENYING Media Defendants' Motion for Good Faith Settlement Determination (Dkt. No. 242) (IN CHAMBERS)

    Two motions are before the Court. On June 15, 2018, Plaintiffs Veda Woodard, Teresa Rizzo-Marino, and Diane Morrison (collectively, "Plaintiffs") and Defendants Dr. Mehmet C. Oz, M.D., Zoco Productions, LLC, Harpo Productions, Inc., and Entertainment Media Ventures, Inc. (collectively, "Media Defendants" or "Settling Defendants") filed a Motion for Preliminary Approval of Class Action Settlement between Plaintiffs and Media Defendants (collectively, "Settling Parties"). ("MPA," Dkt. No. 241.) On the same day, Media Defendants also filed a Motion for Determination of Good Faith Settlement. ("MDGF," Dkt. No. 242.) The Court held a hearing on this matter on August 13, 2018. At conclusion of that hearing, the Court ordered supplemental briefing. The Court held another hearing on September 24, 2018. Upon consideration of the papers filed in support of these motions, as well as oral argument, the Court DENIES both Motions.

## I.   BACKGROUND

    On February 2, 2016, Plaintiff Woodard filed a complaint against Defendants Lee Labrada, Labrada Bodybuilding Nutrition, Inc., Labrada Nutritional Systems, Inc., Dr. Mehmet C. Oz, Harpo Productions, Inc., Sony Pictures Television, Inc., Naturex, Inc., and Interhealth Nutraceuticals, Inc. ("Complaint," Dkt. No. 1.) Harpo Productions, Inc., Dr. Oz, Zoco Productions, LLC, and Sony Pictures Television, Inc. filed a motion to dismiss on April 4, 2016

(Dkt. No. 45), and a motion to strike on April 11, 2016 (Dkt. No. 49).  On May 12, 2016, the Court granted in part and denied in part the motion to dismiss and dismissed Plaintiff's CLRA and breach of warranty claims against moving defendants.  (Dkt. No. 85.)  The Court also dismissed claims against Defendant Zoco Productions, LLC premised on the existence of a joint venture or civil conspiracy.  (Id.)  The Court granted leave to amend and deferred consideration of the motion to strike until the close of discovery.  (Id.)

On June 2, 2016, Plaintiffs Woodard, Rizzo-Marino, and Morrison filed a First Amended Complaint which contains eleven causes of action: (1) fraud, deceit, and suppression of facts (Cal. Civ. Code §§ 1709-1811 and the common law of all states); (2) negligent misrepresentation (Cal. Civ. Code 1710(2) and the common law of all states); (3) violations of the Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, et seq.); (4) violation of the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1700, et seq.); (5) violation of the False Advertising Law ("FAL") (Cal. Bus & Prof. Code §§ 17500, et seq.); (6) breach of express warranty (Cal. Comm. Code § 2313); (7) breach of implied warranty of merchantability (Cal. Comm. Code § 2314); (8) breach of express warranty (N.Y. U.C.C. § 2-313); (9) breach of implied warranty (N.Y. U.C.C. § 2-314); (10) breach of express warranties to intended third party beneficiaries; (11) violation of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, et seq.); (12) unfair trade practices (N.Y. Bus. Law § 349); and (13) False Advertising (N.Y. Bus. Law § 350).  ("FAC," Dkt. No. 88.))  In addition to adding two more plaintiffs, the FAC also joined Entertainment Media Ventures, Inc. doing business as Oz Media, Zoco Productions, LLC, as a defendant.  (Id.)  The FAC also added statutory claims for unfair business practices, false advertising, and breach of warranty under New York law.  (N.Y. Gen. Bus. Law §§ 349, 350; N.Y. U.C.C. §§ 2-313, 2-314) (Id. at 74-75.)  Plaintiffs only asserted the following claims against Media Defendants:

- fraud, deceit, and suppression of facts (Cal. Civ. Code §§ 1709-1811 and the common law of all states
- negligent misrepresentation (Cal. Civ. Code 1710(2) and the common law of all states);
- violations of the Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, et seq.);
- violation of the False Advertising Law ("FAL") (Cal. Bus & Prof. Code §§ 17500, et seq.)
- unfair trade practices (N.Y. Bus. Law § 349); and
- False Advertising (N.Y. Bus. Law § 350).

(Id.)

According to the FAC, Plaintiffs purchased Labrada Garcinia Cambogia Dual Action Fat Buster and Labrada Green Coffee Bean Extract Fat Loss Optimizer (collectively, "the Products").  (Id. ¶¶ 30-35.)  Plaintiffs purchased the Products after watching episodes of *The Dr. Oz Show* which referenced garcinia cambogia ("Complained of Broadcasts") and green coffee bean extract or reading a fact sheet posted on Doctoroz.com which referenced green coffee bean extract ("GCBE Post").  (Id. ¶¶ 30-35, 111–25.)  Plaintiffs believed the Products were safe and

effective for weight and fat loss as advertised. (Id. ¶¶ 30–35.) Plaintiffs group Defendants into three categories: (1) Defendant Lee Labrada, Defendant Labrada Body Building Nutrition, Inc., Defendant Labrada Nutritional Systems, Inc., and the Labrada Joint Enterprise (collectively, the "Labrada Defendants"); (2) Defendant Dr. Mehmet Oz, M.D. ("Dr. Oz"), Defendant Entertainment Media Ventures, Inc. doing business as Oz Media, Defendant Zoco Productions, LLC, Defendant Harpo Productions, Inc., and Defendant Sony Pictures Television (collectively, "Media Defendants"); and (3) Defendant Naturex, Inc. and Defendant Interhealth Nutraceuticals, Inc. ("Supplier Defendants"). (Id. ¶¶ 36–66.) Plaintiffs allege all competent scientific studies conclude the active ingredients in the Products do not provide the touted weight loss benefits. (Id. ¶ 87.) Plaintiffs claim Defendants have misled consumers by stating or implying that the Products are backed by clinical studies; however, these studies are either irrelevant, unreliable, or conducted by Defendants themselves. (Id.) Plaintiffs allege Defendants made false claims and misrepresented the quality of the Products. (Id. ¶¶ 87–105.) Additionally, Dr. Oz has promoted the Products on his television show. (Id. ¶¶ 106–25.)

On June 24, 2016, Harpo Productions, Inc., Dr. Oz, Zoco Productions, LLC, and Sony Pictures Television, Inc. and Entertainment Media Ventures, Inc. filed motions to dismiss. (Dkt. Nos. 94, 98-1.) On March 10, 2017, the Court granted in part and denied in part the motions. (Dkt. No. 154.) The Court dismissed Plaintiffs' claims against Sony Pictures Television, Inc. with prejudice. (Id. at 17.) However, Plaintiffs' claims against Dr. Oz, Entertainment Media Ventures, Inc., Zoco Productions, LLC, and Harpo Productions, Inc. for fraud, negligent misrepresentation, violations of the UCL and FAL under California Law and violations of the analogous New York consumer protection statutes remained. (Id.)

On June 15, 2018, Plaintiffs and Media Defendants filed their MPA and MDGF. They attached the following documents to their MPA:

- Memorandum ("Memo," Dkt. No. 241-1);
- Declaration of Ronald A. Marron ("Marron Decl.," Dkt. No. 241-2);
- Exhibit 1: Joint Stipulation of Settlement ("Settlement Agreement," Dkt. No. 241-3) and accompanying exhibits:
    - Exhibit A: Proposed Notice of Class Action Settlement ("Notice,");
    - Exhibit B: Joint Public Statement;
    - Exhibit C: Proposed Class Action Settlement Claim Form;
    - Exhibit D: Class Action Notice Plan; and
    - Exhibit E: Proposed Order Granting Joint Motion for Preliminary Approval
- Exhibit 2: Biography of Retired Judge and Mediator Leo Papas ("Papas Bio.," Dkt. No. 241-4);
- Exhibit 3: Firm Resume of Law Offices of Ronald A. Marron, APLC ("Marron Firm Resume," Dkt. No. 241-5);
- Declaration of Timothy D. Cohelan ("Cohelan Decl.," Dkt. No. 241-6);
- Exhibit A: Firm Resume of Cohelan Khoury & Singer ("Cohelan Firm Resume," Dkt. No. 241-7);
- Declaration of Carla Peak ("Peak Decl.," Dkt. No. 241-8); and

- Proposed Order (Dkt. No. 241-9).

Plaintiffs attached the following documents to their MDGF:

- Declaration of John K. Edwards ("Edwards Decl.," Dkt. No. 242-1);
- Exhibit A: Stipulation Re: Good Faith between all parties to this action except Lee Labrada, Labrada Bodybuilding Nutrition, Inc., and Labrada Nutritional Systems, Inc. ("Stipulation," Dkt. No. 242-2);
- Exhibit B: FAC (Dkt. No. 242-3);
- Exhibit C: Settlement Agreement (Dkt. No. 242-4) and accompanying exhibits; and
- Proposed Order (Dkt. No. 242-5).

On July 2, 2018, Defendants Interhealth Nutraceuticals, Inc., Lee Labrada, Labrada Bodybuilding Nutrition, Inc., and Labrada Nutritional Systems, Inc. ("Responding Defendants") filed a response and request for clarification of the MPA. ("Response," Dkt. No. 245.) On July 16, 2018, Plaintiffs filed a reply to the Response. ("Reply," Dkt. No. 247.)

At the August 13, 2018 hearing, the Court ordered supplemental briefing regarding the viability of a nationwide settlement class under California consumer protection laws. Plaintiffs and the Media Defendants jointly filed a supplemental brief on August 27, 2018. ("Suppl. Brief," Dkt. No. 266.) Plaintiffs and the Media Defendants also submitted revised long-form and short-form class notice documents.

- Revised Proposed Long-Form Notice of Class Action Settlement ("Revised Notice," Dkt. No. 268-1)
- Revised Proposed Short-Form Notice of Class Action Settlement ("Revised Short-Form Notice," Dkt. No. 268-2.)

The Court held a second hearing on September 24, 2018.

## II. LEGAL STANDARD

Class action settlements must be approved by the Court. See Fed. R. Civ. P. 23(e). Court approval occurs in three steps, the first of which is a preliminary approval hearing. See Manual for Complex Litigation (Fourth) §§ 21.632 (2012). At the preliminary approval stage, the Court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." Id. "The settlement need only be *potentially* fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval." Acosta v. Trans Union, LLC, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (emphasis in original). A court considers the following factors to determine whether a settlement agreement is potentially fair: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of

counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003).

Approval of a class action settlement requires certification of a settlement class. La Fleur v. Med. Mgmt. Int'l, Inc., No. EDCV 13-00398-VAP, 2014 WL 2967475, at *2–3 (C.D. Cal. June 25, 2014) (internal quotation marks omitted). A court may certify a class if the plaintiff demonstrates that the class meets the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). See Fed R. Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996).

Rule 23(a) contains four prerequisites to class certification: (1) the class must be so numerous that joinder is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims of the class representative must be typical of the other class members; and (4) the representative parties must fairly and adequately protect the interests of the class. See Fed R. Civ. P. 23(a). Rule 23(b) requires that the class satisfy one of the following requirements: (1) prosecuting the claims of class members separately would create a risk of inconsistent or prejudicial outcomes; (2) the party opposing the class has acted or refused to act on ground that apply generally to the class, so that final injunctive or declaratory relief benefitting the whole class is appropriate; or (3) common questions of law or fact predominate so that a class action is superior to another method of adjudication. Fed. R. Civ. P. 23(b).

Additionally, when the settlement involves the resolution of state law claims, the court also determines whether the settlement is made in good faith. In re Heritage Bond Litig., No. 02-ML-1475 DT, 2005 WL 1594403, at *3 (C.D. Cal. June 10, 2005). The California Supreme Court has outlined the following criteria for deciding whether a particular settlement is made in good faith pursuant to California Code of Civil procedure § 877.6: "a rough approximation of plaintiffs' total recovery, the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable at trial." Tech-Bilt, Inc. v. Woodward-Cyde & Assoc., 38 Cal.3d 488, 499 (1985) (citations omitted).

### III. CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

The Settling Parties seek certification of the proposed settlement class for purposes of the Settlement Agreement. (Memo. at 17.) The parties define the class as follows:

> All persons in the United States who purchased (A) any Green Coffee Bean Extract and/or Garcina Cambogia product from any manufacturer, including but not limited to the Labrada Dual Action Fact Buster with Supercitrimax® Garcinia Cambogia and the Labrada Fat Loss Optimizer with Svetol® Green Coffee Bean Extract, from February 2, 2012 until the date notice is disseminated in this action, and saw any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants; or (B) any

>weight loss product, ingredient, and/or plant after viewing, at any time, any portion of Episode 3-143, Episode 4-018, or Episode 4-052 of the Dr. Oz Show, or viewing, at any time, any portion of DoctorOz.com on or after April 26, 2012 related to Green Coffee Bean Extract and/or Garcinia Cambogia, or after seeing any fake ad purported to be sourced from or approved by Dr. Oz or Media Defendants, even if it resulted in weight loss.

(Id. at 5.)

As a preliminary matter, the Court addresses Responding Defendants' Response. Responding Defendants seek clarification of Settling Parties' MPA. Although styled as a request for clarification, the Response appears to read as an objection to the MPA. "There is . . . a recognized exception to the general principle barring objections by nonsettling defendants to permit a nonsettling defendant to object where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement." Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987). "[A] nonsettling defendant has standing to object to a partial settlement which purports to strip it of a legal claim or cause of action, an action for indemnity or contribution for example." Id. at 583. Responding Defendants object on the grounds that the Named Plaintiffs do not meet the adequacy requirements; there are differences between the proposed settlement class and the classes set forth in the FAC; and there are differences between the proposed claims to be settled and the claims set forth in the FAC. Responding Defendants, however, do not allege that they will sustain some formal legal prejudice as a result of settlement, as defined above. Thus, the Court OVERRULES the objections as stated in the Response.

The Court first addresses the requirements of Rule 23(a) and then turns to the requirements of Rule 23(b).

**A. Requirements of Rule 23(a)**

Rule 23(a) requires the following: (1) the class must be so numerous that joinder is impracticable (numerosity); (2) there must be questions of law or fact common to the class (commonality); (3) the claims of the class representative must be typical of the other class members (typicality); and (4) the representative parties must fairly and adequately protect the interests of the class (adequacy). See Fed R. Civ. P. 23(a).

1. **Numerosity**

A class satisfies the prerequisite of numerosity if it is so large that joinder of all class members is impracticable. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). To be impracticable, joinder must be difficult or inconvenient, but need not be impossible. Keegan v. Am. Honda Motor Co., 284 F.R.D. 504, 522 (C.D. Cal. 2012). There is no numerical cutoff for sufficient numerosity. Id. However, 40 or more members will generally satisfy the numerosity requirement. Id.

Here, the settlement class includes thousands of consumers who purchased the Class Products. (Memo. at 18.) Accordingly, the numerosity requirement is satisfied.

### 2. Commonality

The commonality requirement is satisfied when plaintiffs assert claims that "depend upon a common contention . . . capable of classwide resolution—which means that a determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).

In this case, Plaintiffs represent there are questions of law and fact common to the settlement class: the same facts give rise to the claims, particularly the alleged misrepresentation of the weight-loss benefits of garcinia cambogia and green coffee bean extract on episodes of *The Dr. Oz Show*. (Memo. at 19.) Further, Plaintiffs claim to bring their action under legal theories common to the Class as a whole. (Id.) At the August 13, 2018 hearing, the Court questioned whether Plaintiffs can bring their action on behalf of a nationwide class under legal theories common to the Class as a whole. The Court need not resolve this question now, as it declines to certify the class for failing to satisfy the typicality requirement.

### 3. Typicality

"The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff, and whether other class members have been injured by the same course of conduct." Wolin v. Jaguar Land Rover No. Am., 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting Hanon, 976 F.2d at 508). Because typicality is a permissive standard, the claims of the named plaintiff need not be identical to those of the other class members. Hanlon, 150 F.3d at 1020.

Here, the Settling Parties argue that Plaintiffs' claims are typical of the class because their claims arise out of the purchase of garcinia cambogia and green coffee bean extract products after relying on alleged representations of Media Defendants. (Memo. at 20.) In the FAC, Plaintiffs limited all alleged classes and subclasses to purchasers for personal or household use. (FAC ¶ 129.) But the Settling Parties defined a nationwide settlement class with no reference to such personal or household use. (Settlement Agreement ¶2.1, LL.) At the September 24, 2018 hearing, the Court asked whether the settlement class was limited to consumers who purchased the products for personal or household use or if it also included resale purchasers. Plaintiffs represented that the settlement class was limited to personal and household use. The Media Defendants represented that the settlement class was negotiated to be as broad as possible and included resale purchasers. After a brief recess, the Settling Parties confirmed that the settlement class included resale purchasers. However, the Named Plaintiffs are all purchasers for personal use, and the FAC alleges no facts that any of their purchases were for resale. (FAC ¶¶ 30-35.) Because none of the Named Plaintiffs were resale purchasers, their claims are not

typical of a class which now includes resale purchasers. Thus, the typicality prong is not satisfied.

### 4. Adequacy

In determining whether a proposed class representative will adequately protect the interests of the class, the court should determine whether the proposed class representative and his counsel have any conflicts of interest with any class members and whether the proposed class representative and his counsel will prosecute the action vigorously on behalf of the class. Johnson v. General Mills, Inc., 275 F.R.D. 282, 288 (C.D. Cal. 2011).

Plaintiffs maintain the named Plaintiffs and Class Counsel have no conflicts of interest with the Class. (Memo. at 20.) Plaintiffs represent that they have advanced and will continue to advance the common interests of all members of the Class. (Id. at 20-21.) Further, Plaintiffs' counsel is experienced in class action and consumer fraud litigation. (Id. at 21 (citing Marron Decl. ¶¶ 20-38; Cohelan Decl., ¶¶ 2-9).) However, as addressed above, Named Plaintiffs' claims are not typical of the entire class. Thus, the Court need not consider whether Named Plaintiffs have a conflict of interest with resale purchasers undermining their incentive to prosecute vigorously the claims on behalf of the resale purchasers.

## B. Requirements of Rule 23(b)

Because the settlement class fails to satisfy the requirements of Rule 23(a), the Court need not consider whether the Class meets the requirements of Rule 23(b).

For the reasons above, the Court declines to certify the proposed settlement class. Accordingly, the Court DENIES the Motion for Preliminary Approval WITHOUT PREJUDICE.

## IV.   PRELIMINARY APPROVAL OF THE SETTLEMENT

Because the Court declines to certify the settlement class, it will not undertake a preliminary approval analysis of the proposed settlement. However, should the Settling Parties choose to revisit class settlement, the Court has the following concerns with the Settlement Agreement. First, the Settlement Agreement lacks broadcast notice of the class settlement in a case where broadcasts are the source of the legal claims for a large swath of the proposed settlement class. If Settling Parties revisit class settlement, the Court advises including broadcast notice or justifying its absence. Second, as the Court addressed at the September 24, 2018 hearing, parties should reconsider or justify the laborious objection procedure in the Settlement Agreement. Third, justifications for the service award to Named Plaintiffs and upward departure for attorneys' fees were missing from the Motion. If Settling Parties revisit class settlement, the Court advises them to include justifications for these awards. Finally, neither the Settlement Agreement nor Motion provided an estimate or calculation formula for litigation costs to be

charged against the settlement fund.  If Settling Parties revisit class settlement, the Court advises including such an estimate and justifying its fairness.

## V.    GOOD FAITH

The Court need not engage in an additional, separate analysis regarding California's "good faith settlement" provision pursuant to California Code of Civil Procedure § 877.6, as the Court has discussed many of the considerations above.  Settling Parties contend that pursuant to Section 877.6(c), "'[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.'"  (MDGF at 8.)  The Court DENIES WITHOUT PREJUDICE the MDGF as MOOT because it DENIES the MPA.

## VI.    CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Preliminary Approval WITHOUT PREJUDICE.  The Court also DENIES WITHOUT PREJUDICE Defendants' Motion for Determination of Good Faith Settlement as moot.

**IT IS SO ORDERED.**