**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
(SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN
(SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN
(SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:   (619) 696-9006
Facsimile:    (619) 564-6665
***Class Counsel***

**COHELAN KHOURY & SINGER**
TIMOTHY D. COHELAN (SBN 60827)
*TCohelan@CKSLaw.com*
ISAM C. KHOURY (SBN 58759)
*IKhoury@CKSLaw.com*
MICHAEL D. SINGER (SBN 115301)
*msinger@ckslaw.com*
J. JASON HILL (SBN 179630)
*JHill@CKSLaw.com*
605 C Street, Suite 200
San Diego, California 92101
Telephone:   (619) 239-8148
Facsimile:    (619) 595-3000

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON, on behalf of themselves, all others similarly situated, and the general public,<br><br>               Plaintiffs,<br><br>     vs.<br><br>LEE LABRADA; LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC. d/b/a OZ MEDIA; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC; SONY PICTURES TELEVISION, INC; NATUREX, INC.; and INTERHEALTH NUTRACEUTICALS, INC.,<br><br>               Defendants. | CASE NO. 5:16-cv-00189-JGB-SP<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:    July 11, 2022<br>Time:   9:00 a.m.<br>Ctrm:   1<br>Judge:  Hon. Jesus G. Bernal<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

# **TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND.......................................2

III.  SUMMARY OF THE PROPOSED SETTLEMENT.......................................4

   A.    The Settlement Classes .............................................................4

   B.    Settlement Consideration ..........................................................5

     1.    Monetary Relief ................................................................5

     2.    Injunctive Relief................................................................5

   C.    The Notice Program and Settlement Administration .........................6

   D.    Claims Process .......................................................................6

   E.    Opt-Out and Objection Procedures...............................................7

   F.    Release of Claims ...................................................................8

   G.    Class Counsel's Fees and Expenses and Plaintiff's Service Award.............8

IV.   LEGAL STANDARD FOR PRELIMINARY APPROVAL ...........................9

V.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL..................................................................................10

   A.    Plaintiff and Class Counsel Have Adequately Represented the Class ........10

   B.    The Settlement was Negotiated at Arm's Length.............................11

   C.    The Relief Provided to the Class Is Adequate ................................11

     1.    The Costs, Risks, and Delay of Trial and Appeal Support Final Approval.........................................................................13

     2.    The Proposed Method of Distribution Is Effective .................13

     3.    The Proposed Attorneys' Fee Award Is Fair and Reasonable................14

     4.    No Side Agreements Were Made in Connection with the Proposed Settlement.......................................................................15

   D.    The Proposed Settlement Treats Class Members Equitably.......................15

VI.   ADDITIONAL FACTORS SUPPORTING APPROVAL OF SETTLEMENT..............................................................................16

i

A.    The Strength of Plaintiff's Case......................................................16

B.    The Extent of Discovery Completed and the State of Proceedings.............16

C.    The Complexity and Duration of Further Litigation ..................................17

D.    The Experience and Views of Counsel.......................................................17

VII. THE PROPOSED FORM AND METHOD OF CLASS NOTICE IS
      ADEQUATE AND SATISFIES THE REQUIREMENTS OF RULE 23 ......17

VIII. PROPOSED SCHEDULE OF EVENTS..........................................................19

IX.   CONCLUSION ..............................................................................................19

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Balderas v. Massage Envy Franchising, LLC*,
    2014 WL 3610945 (N.D. Cal. July 21, 2014) ....................................13

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245 (N.D. Cal. 2015)..............................................................9

*Carlin v. DairyAmerica, Inc.*,
    380 F. Supp. 3d 998 (E.D. Cal. 2019) .....................................................9

*Caudle v. Sprint/United Mgmt. Co.*,
    2019 U.S. Dist. LEXIS 216056 (N.D. Cal. Dec. 16, 2019)................17

*Ching v. Siemens Indus., Inc.*,
    2014 WL 2926210 (N.D.Cal. June 27, 2014) ......................................14

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ....................................................................9

*Curtis-Bauer v. Morgan Stanley & Co., Inc.*,
    2008 WL 4667090 (N.D. Cal. Oct. 22, 2008) .....................................13

*Downey Surgical Clinic, Inc. v. Optuminsight, Inc.*,
    2016 WL 5938722 (C.D. Cal. May 16, 2016) .....................................13

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ..........................................................9, 10

*Haralson v. U.S. Aviation Servs. Corp.*,
    383 F. Supp. 3d 959 (N.D. Cal. 2019)................................................16

*In re Bluetooth Headset Prod. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ....................................................................8

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) .............................................................9, 15

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ..................................................................10

iii

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2007) ................................................................11

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &*
  *Prod. Liab. Litig.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013) .......................14

*Kaupelis v. Harbor Freight Tools*,
  2021 WL 4816833 (C.D. Cal. Aug. 11, 2021) ....................................................16

*Lambert v. Nutraceutical Corp.*,
  870 F.3d 1170 (9th Cir. 2017) ............................................................................12

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) ............................................................................16

*Ma v. Covidien Holding, Inc.*,
  2014 WL 360196 (C.D. Cal. Jan. 31, 2014) .......................................................13

*Muliane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)............................................................................................17

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ........................................................................11

*Perdue v. Kenny A. ex rel. Winn*,
  559 U.S. 542 (2010)............................................................................................15

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ..............................................................................11

*Stovall-Gusman v. W.W. Granger, Inc.*,
  2015 WL 3776765 (N.D. Cal. June 17, 2015) ....................................................13

*Vanwagoner v. Siemens Indus., Inc.*,
  2014 WL 7273642 (E.D. Cal. Dec. 17, 2014) ....................................................14

*Woodard v. Labrada*,
  2019 WL 4509301 (C.D. Cal. Apr. 23, 2019) ....................................................16

*Wren v. RGIS Inventory Specialists*,
  2011 WL 1230826 (N.D. Cal. Apr. 1, 2011)........................................................9

iv

*Zamora Jordan v. Nationstar Mortg., LLC,*
    2019 WL 1966112 (E.D. Wash. May 2, 2019) ......................................................9

**Rules**

Fed. R. Civ. P. 23(a)(4) ........................................................................................10

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................18

Fed. R. Civ. P. 23(e) ..............................................................................................9

Fed. R. Civ. P. 23(e)(1) .........................................................................................18

Fed. R. Civ. P. 23(e)(2)(A) ...................................................................................10

Fed. R. Civ. P. 23(e)(2)(B) ...................................................................................11

Fed. R. Civ. P. 23(e)(2)(C) ...................................................................................12

Fed. R. Civ. P. 23(e)(2)(D) ...................................................................................15

Fed. R. Civ. P. 23(e)(3) .........................................................................................15

Fed. R. Civ. P. 23(g) .............................................................................................10

**Other Authorities**

4 Newberg On Class Actions § 13:48 (5th ed.) ...................................................10

4 Newberg On Class Actions § 13:49 (5th ed.) ...................................................11

4 Newberg On Class Actions § 13:51 (5th ed.) ...................................................12

4 Newberg On Class Actions § 13:53 (5th ed.) ...................................................13

4 Newberg On Class Actions § 13:56 (5th ed.) ...................................................15

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
Memorandum of Points and Authorities in Support of Plaintiff's Motion for
Preliminary Approval of Class Action Settlement

## I. **INTRODUCTION**

After hard-fought litigation with extensive discovery and motion practice, Plaintiff Veda Woodard ("Plaintiff"), on behalf of the certified classes, and Defendant Labrada Bodybuilding Nutrition, Inc. ("Labrada"), have reached a proposed class action settlement. The Settlement Agreement establishes both monetary and injunctive relief and requires Labrada to pay $625,000 into a settlement fund.[1] In addition, the Settlement Agreement requires Labrada to cease selling the disputed Products in this action by August 1, 2022.

Therefore, this motion seeks the entry of an order providing for, among other things: (1.) preliminary Approval of the Settlement; (2.) approval of the Settlement and Notice Administrator; (3.) approval of the Notice program; (4.) Approval of the Claims process; and (5.) the scheduling of a Final Approval Hearing to consider Final Approval of the Settlement.

The proposed settlement is exceedingly fair, and well within the range of preliminary approval for several reasons. First, it provides relief for the Class Members where their recovery, if any, would otherwise be uncertain, especially given Labrada's ability and willingness to continue its vigorous defense of the case. Second, the Settlement was reached only after first engaging in substantial discovery, motion practice, and extensive arm's-length negotiations, including a full-day mediation before a neutral mediator. Third, the Settlement was not conditioned on any amount of attorneys' fees for Class Counsel or an Incentive Award for the Plaintiff, which speaks to the fundamental fairness of the process.

For all of these reasons, and as further described below, Plaintiff respectfully requests that the Court preliminarily approve the Settlement.

---

[1] A copy of the Settlement Agreement ("Agreement") is attached to the concurrently-filed Declaration of Ronald A. Marron in Support of Plaintiff's Motion for Preliminary Approval ("Marron Decl.") as Exhibit 1. Capitalized terms in this motion have the same meaning as the capitalized terms in the Agreement.

1

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## II.   **FACTUAL AND PROCEDURAL BACKGROUND**

On February 2, 2016, Plaintiff Veda Woodard ("Plaintiff") filed a putative class action complaint alleging violations of consumer protections laws against Naturex, Inc. ("Naturex"), Lee Labrada, Labrada Bodybuilding Nutrition, Inc., Labrada Nutritional Systems, Inc., ("Labrada Defendants"); InterHealth Nutraceuticals Inc., ("InterHealth"), Zoco Productions, LLC, Harpo Productions, Inc., and Dr. Mehmet C. Oz, M.D. (the "Media Defendants"). (ECF No. 1). The complaint alleged claims arising from the Defendants' alleged misrepresentations surrounding the effectiveness of the weight-loss supplement products that are manufactured by Labrada, including the Labrada Green Coffee Bean Extract Product and the Labrada Garcinia Cambogia Product.

On April 4, 2016, the Media Defendants filed a motion to dismiss, (ECF No. 45), which Plaintiff Woodard opposed on April 18, 2016. (ECF No. 61). On May 12, 2016, the Court granted in part and denied in part the Media Defendants' motion to dismiss. (ECF No. 85). Then on June 2, 2016, Plaintiff Veda Woodard, along with former plaintiffs Teresa Rizzo-Marino and Diane Morrison, filed the operative First Amended Complaint ("FAC"). (ECF No. 88). On July 21, 2016, Labrada filed a Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 105) and on July 31, 2017, the Court issued an Order Denying Labrada's Motion to Dismiss the FAC. (ECF No. 190). On August 14, 2017, Labrada filed an Answer to the FAC. (ECF No. 201).

Plaintiff and Labrada have engaged in substantial discovery. All Parties to this litigation have collectively produced approximately 30,000 pages of documents and have exchanged approximately 20 sets of formal written discovery. *See* Marron Decl., ¶ 5. In addition, the Defendants have deposed each of the Class Representatives and Class Counsel has deposed Labrada's Fed. R. Civ. P. 30(b)(6) designee, Kyle Workman. *See* Marron Decl., ¶ 5. Class Counsel have also taken the deposition of Lee Labrada, the C.E.O. of Labrada Bodybuilding Nutrition, Inc. *See*

2

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Marron Decl., ¶ 5. In addition to deposing the representatives of Labrada, Class Counsel have also taken several depositions of the representatives of the former defendants in this action relating to, among other topics, their relationship with Labrada. Marron Decl. ¶ 5. Plaintiff and Labrada have also exchanged expert reports and have deposed each other's experts. Marron Decl. ¶ 5.

On March 2, 2020, Plaintiff filed a Motion for Class Certification (ECF No. 351) and Labrada filed a Motion for Summary Judgment. (ECF No. 352). On August 31, 2021, the Court issued an order granting in part and denying in part Plaintiff's Motion for Class Certification and granting in part and denying in part Labrada's Motion for Summary Judgment. (ECF No. 444). The August 31, 2021 Order dismissed the claims of former plaintiffs Diane Morrison and Teresa Rizzo-Marino leaving Plaintiff Veda Woodard as the sole remaining named Plaintiff and class representative. The August 31, 2021 Order also dismissed Plaintiff's claims against defendants Interhealth Nutraceuticals, Inc., Lee Labrada, and Labrada Nutritional Systems, Inc. leaving defendant Labrada Bodybuilding Nutrition, Inc. as the sole remaining defendant in this action.[2] The Court certified the following classes: (1.) "All persons in California who purchased the Labrada Green Coffee Bean Extract Product for personal and household use and not for resale from February 2, 2012 until the date class notice is disseminated" and (2.) "All persons in California who purchased the Labrada Garcinia Cambogia Product for personal and household use and not for resale from February 2, 2012 until the date notice is disseminated." (ECF No. 444 at 57).

On January 27, 2022, Plaintiff and Labrada attended a full-day mediation session before the Honorable Judge Leo S. Papas (Ret.). Marron Decl. ¶ 7. Judge Papas is a highly experienced and well-regarded mediator who served as a

---

[2] The Media Defendants were previously dismissed pursuant to a stipulation of the Parties (ECF No. 418) and defendant Naturex, Inc. was previously dismissed pursuant to a class action settlement agreement that was granted final approval by this Court. (ECF No. 321).

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Magistrate Judge for the U.S. District Court, Southern District of California from 1991 to 2009, including a tenure as the Presiding Judge from 2002 to 2007. Marron Decl. ¶ 7. Plaintiff and Labrada submitted mediation statements and supporting documents in connection with the mediation. Marron Decl. ¶ 7. Judge Papas' guidance with the negotiations between Class Counsel and Labrada resulted in a general framework for the settlement of this action. Marron Decl. ¶ 8. During the ensuing months, Class Counsel and Labrada negotiated the remaining terms of the settlement and reached an agreement in principle, which is now finalized as reflected in the Settlement Agreement. Marron Decl. ¶ 8.

## III.   SUMMARY OF THE PROPOSED SETTLEMENT

The following is a summary of the material terms of the proposed Settlement.

### A.    The Settlement Classes

Consistent with the Court's August 31, 2021 Order regarding class certification (ECF No. 444 at 57), the settlement classes are defined as follows:

**Green Coffee Bean Extract Class**

All persons in California who purchased the Labrada Green Coffee Bean Extract product for personal and household use and not for resale from February 2, 2012, until the date class notice is disseminated.

**Garcinia Cambogia Class**

All persons in California who purchased the Labrada Garcinia Cambogia product for personal and household use and not for resale from February 2, 2012, until the date notice is disseminated.[3]

Agreement § 2.1(II).

---

[3] Excluded from the Settlement Classes are Labrada's current and former officers and directors, members of the immediate families of Labrada's officers and directors, Labrada's legal representatives, heirs, successors, and assigns, any entity in which Labrada has or had a controlling interest during the Class Period, and the judicial officers to whom this lawsuit is assigned. Agreement § 2.1(II).

---

4

### B.     Settlement Consideration

#### 1.     *Monetary Relief*

The Settlement Agreement provides that Labrada will pay $625,000 into a settlement fund. Agreement § 2.1(HH).  This fund will be used for, among other things, to pay authorized claims to the Settlement Class Members, to pay the costs of settlement administration and notice to the Class Members, to pay Class Counsel's fees and expenses, and to pay an incentive award to Plaintiff Woodard. Agreement § 5.1(3)(b).

Class members who submit a claim with a proof of purchase for one or more Class Products will receive $5.00 in cash from the Settlement Fund for each purchase reflected on the proof(s) of purchase for up to ten products purchased during the class period. Agreement § 5.1(1)(a). Class members who submit a claim without a proof of purchase will receive $5.00 in cash from the Settlement Fund for each product purchased during the class period for up to four products. Agreement § 5.1(1)(b). In no event shall any class member receive a cash payment of more than $50.00 total from the Settlement Fund. Agreement § 5.1(1)(c). If the amount of valid claims timely submitted by class members exceeds the amount allocated for cash payments to class members from the Settlement Fund, cash payments to participating class members who submit timely and valid claims will be reduced pro rata until the funds allocated for class member cash payments remaining in the Settlement Fund are exhausted. Agreement § 5.1(1)(d). To the extent that the payments allocated or made from the Settlement Fund are less than $625,000, 50% of the difference, if any, shall revert to Labrada and the remaining 50% of the difference shall be transmitted to Smile Train or in the alternative, Consumers Union, as a *cy pres* beneficiary. Agreement § 5.1(3)(c).

#### 2.     *Injunctive Relief*

Labrada agrees to the following injunctive relief: Labrada shall cease selling the Products by August 1, 2022. Agreement § 5.1(2)(a).

5

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### C.    The Notice Program and Settlement Administration

Pending this Court's approval, Classaura, LLC will serve as the Notice and Settlement Administrator, and will be responsible for administrating the Notice Program and for paying valid claims to Settlement Class Members. The Notice Program consists of five different components: (1) a Settlement Website, (2) direct email notice to class members who purchased Class Products from the Labrada website, (3) Online Notice, (4) Print Publication Notice in compliance with the California Civil Code § 1781(d), and (5) a Press Release via PR Newswire. Agreement at Ex. E [Declaration of Gajan Retnasaba ("Retnasaba Decl."), ¶¶ 6-19]. The forms of the proposed Notices, agreed upon by Class Counsel and Labrada, subject to this Court's approval and/or modification, are attached to the Settlement Agreement as Exhibits B & C. The Notice Administrator will establish a settlement website and toll free number that will remain accessible through the Claim Deadline. Agreement at Ex. E [Retnasaba Decl., ¶¶ 16-19]).

The Notice program is designed to provide the Settlement Class with important information regarding the Settlement and their rights thereunder, including a description of the material terms of the Settlement; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class Members may object to the Settlement, Class Counsel's fee application and/or the request for a Service Award; the date of the Final Approval Hearing; information regarding the Settlement Website where Settlement Class members may access the Agreement, and other important documents.

### D.    Claims Process

The Claims process here is intentionally straightforward, easy to understand for Settlement Class members, and designed so that they can make a claim to their portion of the Settlement Fund without complication. Settlement Class members will make a claim by submitting a valid and timely Claim Form to the Settlement

6

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Administrator. Agreement § 5.1(4)-(6). A copy of the Claim Form is attached to the Settlement Agreement as Exhibit A.[4] Claim Forms may be sent in by hard copy or submitted electronically on the Settlement Website. Agreement § 5.1(5)(a). Once a Settlement Class member submits a Claim Form and it is reviewed and approved by the Settlement Administrator, the Settlement Class Member will automatically receive a cash payment as discussed above. Agreement § 5.1(4)(b).

### E.    Opt-Out and Objection Procedures

Settlement Class members who do not wish to participate in the Settlement may opt-out of the Settlement by sending a written request to the Settlement Administrator at the address designated in the Notice or through the settlement website. Agreement § 3.3(a). Settlement Class members who timely opt-out of the Settlement will preserve their rights to individually pursue any claims they may have against Labrada, subject to any defenses that Labrada may have against those claims. *Id*. The Settlement Agreement details the requirements to properly opt-out of the Settlement Class. *Id*.  A Settlement Class member must opt-out of the Settlement Class by the Objection/Exclusion Deadline. Agreement § 3.3(a).

Settlement Class Members who wish to file an objection to the Settlement likewise must do so no later than the Objection/Exclusion Deadline. Agreement § 3.4.  For an objection to be considered by the Court, it must be in writing and accompanied by any documentary or other evidence and any factual or legal arguments that the objecting Class Member intends to rely upon in making the objection.  Agreement § 3.4(a)-(b). All objections must also (1) clearly identify the case name and number, (2) be filed with the court and mailed to the Settlement Administrator and to counsel for the settling parties, and (3) be postmarked on or before the Objection/Exclusion Deadline. Agreement § 3.4(b).

---

[4] The Claim Form requires basic information from Settlement Class members, including: (1) name; (2) current address; (3) email address; (4) identification and date of the Class Products purchased; (5) location of where the Class Products were purchased from; and (6) a current contact telephone number. Agreement at Ex. A.

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### F.    Release of Claims

As of the Effective Date of the Settlement, each Settlement Class Member shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Class Released Claims against the Released Parties. Agreement § 6.1. The Class Released Claims are defined in Section 2.1(DD) of the Settlement Agreement and include "all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature whatsoever, including without limitation any and all damages, restitution, loss, statutory relief, bad faith claims, costs, expenses, penalties, attorneys' fees, expert fees, and interest, whether known or unknown, suspected or unsuspected, assigned or unassigned, asserted or unasserted, whether as individual claims or claims asserted on a class basis or on behalf of the general public, in law or equity, arising out of or relating to any claim or allegation made in the Litigation, including, without limitation, any and all claims or allegations relating to the advertising, marketing, labeling or sale of the Products." Agreement § 2.1(DD). The Released Parties are defined in Section 2.1(EE) of the Settlement Agreement.

### G.    Class Counsel's Fees and Expenses and Plaintiff's Service Award

The Settlement Agreement provides that Class Counsel shall make an application for attorneys' fees and expenses not to exceed 30% of the Settlement Fund or $187,500, whichever is less. Agreement § 7.1. Because attorneys' fees and expenses are together capped at 30% of the Settlement Fund (or $187,500), Class Counsel expects that their request for attorneys' fees will be less than 25% of the Settlement Fund considering the significant out-of-pocket costs that have been incurred in connection with prosecuting this action. Marron Decl., ¶ 9; *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure). If the Court grants Plaintiffs' Motion for Preliminary

8

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Approval, then Class Counsel will fully address the reasonableness of their requested fee award in their Motion for Attorneys' Fees, Costs, and Incentive Awards.

The Settlement Agreement also provides that Class Counsel may ask for the award of an Incentive Award from the Settlement Fund to Plaintiff Woodard in the amount of $5,000. Agreement § 7.3. This $5,000 incentive award is presumptively reasonable. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) ("a $5,000 payment is presumptively reasonable"); *Wren v. RGIS Inventory Specialists,* No. C-06-05778 JCS, 2011 WL 1230826, at *36 (N.D. Cal. Apr. 1, 2011) ("there is ample case law finding $5,000 to be a reasonable amount for an incentive payment.").

## IV.   LEGAL STANDARD FOR PRELIMINARY APPROVAL

Public policy "strong[ly] . . . favors settlements, particularly where complex class action litigation is concerned." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc) The "2018 amendment to Rule 23(e) establishes core factors district courts must consider when evaluating a request to approve a proposed settlement." *Zamora Jordan v. Nationstar Mortg., LLC*, 2019 WL 1966112, at *2 (E.D. Wash. May 2, 2019). In evaluating the 23(e) factors, it "is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1009 (E.D. Cal. 2019) (citation omitted).

Factors that the Ninth Circuit considers include (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; and (6) the experience and views of counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## V.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A.   Plaintiff and Class Counsel Have Adequately Represented the Class

Rule 23(e)(2)(A) requires the Court to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). This analysis is "redundant of the requirements of Rule 23(a)(4) and Rule 23(g), respectively." 4 NEWBERG ON CLASS ACTIONS § 13:48 (5th ed.). A determination of adequacy of representation requires that "two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000), *as amended* (June 19, 2000) (citing *Hanlon*, 150 F.3d at 1020)).

This Court previously determined that Plaintiff Woodard is an adequate representative of the certified classes. (ECF No. 444 at 45-46). Plaintiff Woodard has no conflicts of interest with other class members and has prosecuted this action diligently on behalf of the Classes. This has included sitting for a tough deposition, consulting with counsel on other discovery issues, submitting declarations, and staying up to date on the case over six years. (ECF No. 351-45 [Declaration of Veda Woodard in Support of Plaintiffs' Motion for Class Certification]).

Class Counsel have also vigorously represented the certified classes and have no conflicts of interest. The Settlement was negotiated by counsel experienced in consumer class action litigation. (ECF No. 351-2 [Declaration of Ronald A. Marron in Support of Motion for Class Certification at ¶¶ 41-60] & ECF No. 351-44 [Declaration of Timothy D. Cohelan in Support of Motion for Class Certification]). Through the discovery process, Class Counsel obtained sufficient information and documents to evaluate the strengths and weaknesses of the case. *See* 4 NEWBERG ON

10

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

CLASS ACTIONS § 13:49 (5th ed.) ("if extensive discovery has been done, a court may assume that the parties have a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information."). Based on such discovery and their experience, Class Counsel believe that the Settlement provides exceptional results for the class while sparing the class from the uncertainties of even more protracted litigation. Marron Decl., ¶ 10. *See, e.g., In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.").

## B.     The Settlement was Negotiated at Arm's Length

Rule 23(e)(2)(B) requires the Court to consider whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). Here, the settlement was negotiated at arm's length under the supervision of Judge Papas after hard-fought litigation and discovery. Marron Decl., ¶ 10. Further, the Parties did not settle until after they had briefed class certification and summary judgment motions. Marron Decl., ¶ 10. Settlement discussions also did not begin until after the Parties had engaged in substantial discovery, including multiple rounds of written discovery, depositions, and the exchange of expert reports. Marron Decl., ¶ 10. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair.").

## C.     The Relief Provided to the Class Is Adequate

Rule 23(e)(2)(C) requires that the Court consider whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the

11

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).

"Before the Rule arrives at the articulation of sub-factors, its general directive asks whether the class's relief is adequate." 4 NEWBERG ON CLASS ACTIONS § 13:51 (5th ed.). "In evaluating the value of the class members' claims, the court need not decide the merits of the case nor substitute its judgment of what the case might be worth for that of class counsel; however, 'the court must at least satisfy itself that the class settlement is within the 'ballpark' of reasonableness.'" *Id.* (citation omitted).

During discovery, Plaintiff obtained sales information for the Labrada Products. This sales information was produced by Labrada and from non-party the Vitamin Shoppe. This sales information was provided to Plaintiffs' damages expert, Charlene L. Podlipna, CPA, who prepared an expert report on damages that was submitted in connection with Plaintiff's Motion for Class Certification. (ECF No. 445-13 [Podlipna Expert Report]). Ms. Podlipna's class wide damages calculation is based on the full refund model, which multiples the total units sold by an average retail price. *See Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1183 (9th Cir. 2017), *rev'd on other grounds*, 139 S. Ct. 710, 203 L. Ed. 2d 43 (2019) ("The full refund model measures damages by presuming a full refund for each customer, on the basis that the product has no or only a *de minimis* value."). Ms. Podlipna concluded that damages to the California Classes total ██████████. (ECF No. 445-13 [Podlipna Expert Report at ¶ 19]).[5] Accordingly, the $625,000 settlement fund accounts for approximately ████████ of total damages that would be available at trial.

---

[5] This amount was determined by multiplying the number of Labrada Products sold in California by the average retail price of the Products in California. (ECF No. 445-13 [Podlipna Expert Report at ¶ 21]).

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This amount is well within the range of reasonableness. *See, e.g., Stovall-Gusman v. W.W. Granger, Inc.*, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (granting final approval of a net settlement amount representing 7.3% of the plaintiffs' potential recovery at trial); *Balderas v. Massage Envy Franchising, LLC*, 2014 WL 3610945, at *5 (N.D. Cal. July 21, 2014) (granting preliminary approval of a net settlement amount representing 5% of the projected maximum recovery at trial); *Ma v. Covidien Holding, Inc.*, 2014 WL 360196, at *5 (C.D. Cal. Jan. 31, 2014) (finding a settlement worth 9.1% of the total value of the action "within the range of reasonableness"); *Downey Surgical Clinic, Inc. v. Optuminsight, Inc.*, 2016 WL 5938722 at *5 (C.D. Cal. May 16, 2016) (granting final approval where recovery was as low as 3.21% of potential recovery at trial). Accordingly, the Court should find that the amount offered in the settlement is reasonable.

## 1.   The Costs, Risks, and Delay of Trial and Appeal Support Final Approval

The costs, risks, and delay of trial and appeal further support final approval. Proceeding in this litigation in the absence of settlement poses various risks such as losing at trial or on appeal. Such considerations have been found to weigh heavily in favor of settlement. *See Curtis-Bauer v. Morgan Stanley & Co., Inc.*, 2008 WL 4667090, at *4 (N.D. Cal. Oct. 22, 2008) ("Settlement avoids the complexity, delay, risk and expense of continuing with the litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff class.").

## 2.   The Proposed Method of Distribution Is Effective

"[T]he goal of any distribution method is to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." 4 NEWBERG ON CLASS ACTIONS § 13:53 (5th ed.). Here, the claims process is straightforward and allows Settlement Class members to make a claim by submitting a valid and timely Claim Form to the Settlement Administrator without complication. *See In re Toyota Motor Corp. Unintended Acceleration Mktg.*,

13

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*Sales Practices, & Prod. Liab. Litig.*, 2013 WL 3224585, at *18 (C.D. Cal. June 17, 2013) ("The requirement that class members download a claim form or request in writing a claim form, complete the form, and mail it back to the settlement administrator is not onerous.").

Further, if valid claims exceed the amount of the settlement fund, cash payments to participating class members who submit timely and valid claims will be reduced pro rata until the funds allocated for class member cash payments remaining in the Settlement Fund are exhausted. Agreement § 5.1(1)(d). To the extent that the payments allocated or made from the Settlement Fund are less than $625,000, 50% of the difference, if any, shall revert to Labrada and the remaining 50% of the difference shall be transmitted to Smile Train or in the alternative, Consumers Union, as a cy pres beneficiary. Agreement § 5.1(1)(c). Class Counsel does not expect that any reversion to Labrada or a cy pres beneficiary will actually occur given the estimated number of claims that are expected to be received. Agreement at Ex. E [Retnasaba Decl., ¶ 25]). However, a small reversion back to Labrada in the amount of 50% of the remaining settlement fund is reasonable. *See Vanwagoner v. Siemens Indus., Inc.,* 2014 WL 7273642, at *7 (E.D. Cal. Dec. 17, 2014) ("The court finds that based on the number of participating members and based on defendant's unwillingness to settle otherwise, the reversionary provision is fair.") (citing *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *5 (N.D.Cal. June 27, 2014) (approving a settlement agreement with a 50 percent reversionary provision). Payment of the remaining 50% of residual funds to Smile Train or in the alternative, Consumers Union, as a cy pres beneficiary is also reasonable. Accordingly, the Court should find the proposed distribution method to be effective.

### 3.   The Proposed Attorneys' Fee Award Is Fair and Reasonable

As discussed above, the Settlement Agreement provides that Class Counsel shall make an application for attorneys' fees and expenses not to exceed 30% of the Settlement Fund or $187,500, whichever is less. Agreement § 7.1. Because

14

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

attorneys' fees and expenses are together capped at 30% of the Settlement Fund (or $187,500), Class Counsel expects that their request for attorneys' fees will be less than 25% of the Settlement Fund considering the significant out-of-pocket costs that have been incurred in connection with prosecuting this action. Marron Decl., ¶ 9. Moreover, the proposed attorneys' fee award will result in a negative multiplier of Class Counsel's total lodestar given the significant amount of time that was devoted to this action. As the Ninth Circuit and Supreme Court have noted, "the lodestar method yields a fee that is presumptively [reasonable]." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 571 (9th Cir. 2019) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). Because the total requested fee award will be less than Class Counsel's lodestar, the Court should find that the requested attorneys' fees are fair and reasonable.

### 4. No Side Agreements Were Made in Connection with the Proposed Settlement

Rule 23(e)(3) requires that the Parties "must file a statement identifying any agreement made in connection with the [settlement] proposal." Fed. R. Civ. P. 23(e)(3). No agreements were made in connection with the settlement aside from the Settlement Agreement itself. Marron Decl., ¶ 11.

### D. The Proposed Settlement Treats Class Members Equitably

Rule 23(e)(2)(D) requires the Court to consider whether the Settlement Agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "A distribution of relief that favors some class members at the expense of others may be a red flag that class counsel have sold out some of the class members at the expense of others, or for their own benefit." 4 NEWBERG ON CLASS ACTIONS § 13:56 (5th ed.). Here, the settlement treats each class member equitably. As discussed above, each class member can make a claim for $5 in cash from the settlement fund for up to ten products purchased with proof(s) of purchase or up to four products purchased without proof of purchase. Agreement § 5.1(1)(a)-(b).

Allowing class members with proof(s) of purchase to claim payment for additional products is reasonable. *See Kaupelis v. Harbor Freight Tools*, 2021 WL 4816833, at *11 (C.D. Cal. Aug. 11, 2021) (noting that class members without proof of purchase "will have difficulty proving that they did in fact purchase the Class Products" and therefore "would have weaker claims...[t]heir lesser relief is therefore justified and equitable.") (alterations in original). Because each class member is treated equitably, the Court should approve the settlement as fair, reasonable, and adequate.

## VI.   ADDITIONAL FACTORS SUPPORTING APPROVAL OF SETTLEMENT

In addition to the factors set forth in Rule 23(e), courts may consider additional factors in contemplating preliminary approval, such as the "strength of the plaintiff's case," "the complexity and likely duration of further litigation," "the extent of discovery completed and the stage of the proceedings," and "the experience and views of counsel" *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 967 (N.D. Cal. 2019). *See also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (same).

### A.   The Strength of Plaintiff's Case

While Plaintiff maintains that her claims are valid and that she would prevail at trial, she acknowledges that he would face challenges. As this Court previously recognized, whether the Products in question are actually ineffective "would like[ly] devolve into an expensive and uncertain 'battle of experts.'" *Woodard v. Labrada*, 2019 WL 4509301, at *10 (C.D. Cal. Apr. 23, 2019). Even if Plaintiff won at trial, Labrada could still appeal which would lead to further protracted proceedings. In contrast, the settlement will provide immediate relief to the Class Members.

### B.   The Extent of Discovery Completed and the State of Proceedings

This factor strongly weighs in favor of settlement approval. The Parties have engaged in substantial discovery and motion practice. As this Court has recognized,

16

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Class Counsel "have both devoted significant time to identify and conduct discovery of Plaintiffs' claims, as indicated by the voluminous evidence submitted with the [Motions for Summary Judgment] and [Motion for Class Certification]." (ECF No. 444 at 46). The parties have now received a ruling on the summary judgment motions and the class certification motion, which provides further insights to the strengths and weaknesses of Plaintiff's claims. Because this case has been heavily litigated, the Court should find that the extent of discovery and state of proceedings support preliminary approval.

### C.    The Complexity and Duration of Further Litigation

The likely duration of further litigation weighs in favor of settlement approval. This action was filed in February of 2016— more than six years ago— and was the work of substantial pre-filing investigation. The action has been hard fought and Plaintiff is mindful proceeding with the action may result in further delay in an action which has already been pending for six years.

### D.    The Experience and Views of Counsel

The Class is represented by the Law Offices of Ronald A. Marron and the law firm of Cohelan, Khoury, and Singer.  They are experienced in consumer fraud litigation involving food and drugs, including FDA regulated supplements. The Court previously found them to be adequate when it appointed them Class Counsel. In Class Counsel's view, the Settlement provides a substantial benefit to the Class. Marron Decl., ¶ 10.

## VII.    THE PROPOSED FORM AND METHOD OF CLASS NOTICE IS ADEQUATE AND SATISFIES THE REQUIREMENTS OF RULE 23

Class notice must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Caudle v. Sprint/United Mgmt. Co.*, 2019 U.S. Dist. LEXIS 216056, at *12 (N.D. Cal. Dec. 16, 2019) (quoting *Muliane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *see also* Fed. R. Civ.

17

P. 23(e)(1). Class notice also must satisfy Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state the following in plain, easily understood language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The proposed class notice, modeled on others that have been approved by California federal courts, does each of these. Direct notice will be provided to class members who purchased the Products from the Labrada.com website. Agreement at Ex. E [Retnasaba Decl., ¶¶ 6-10]. Because the products are sold at retail, a complete list of class members does not exist to notify directly by name. Therefore, the Parties agreed and propose that notice will be disseminated through Facebook targeted at the demographics most likely to purchase the Products. *Id.* ¶¶ 11-12. Additionally, a California targeted press release will be disseminated through PR Newswire. *Id.* ¶ 13. Class Notice will also be published in a newspaper of general circulation over four consecutive weeks in Riverside County, where Plaintiff resides, as required by Section 1781 of the Consumer Legal Remedies Act. *Id.* ¶ 15.

The Proposed Notice Plan shall further include a class notice website, which will include (1) links to the Class Notice, (2) the Settlement Agreement, (3) this Motion for Preliminary Approval, (4) if and when issued, the Court's Order granting preliminary approval, (5) the fee motion, and (6) instructions on opting out and filing of objections. Retnasaba Decl., ¶ 16. The Class Notice is written in plain language and contain the information required by Rule 23(c)(2)(B), as well as a user-friendly "Frequently Asked Questions" format. Agreement at Exs. B & C. Both Class Counsel and Classaura, LLC, an experienced class action settlement administrator,

18

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

will be available to further explain the settlement to class members. Accordingly, the Notice and Notice Plan should, respectfully, be approved.

## VIII.    PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement Agreement, Plaintiff proposes a schedule described in the table below based on the timeline agreed upon in the Settlement Agreement and the date that the Court sets for the Fairness hearing as set forth below.

| Event | Date |
|---|---|
| Deadline for publishing Notice | 45 days after entry of Preliminary Approval Order. |
| Filing of papers in support of Final Approval and Class Counsel's Application for Attorneys' Fees and Expenses | 45 days prior to final approval hearing |
| Objection and Exclusion Deadline | 30 days prior to final approval hearing |
| Filing of response to objections | 10 days prior to final approval hearing |
| Final Approval Hearing | 150 days after notice to the class members |
| Deadline for submitting claim forms | 120 days after notice to the class members |

## IX.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval, approve the proposed notice plan, and enter the Proposed Preliminary Approval Order.

DATED:      June 1, 2022          Respectfully submitted,


                                  */s/ Ronald A. Marron*
                                  RONALD A. MARRON

                                  **LAW OFFICES OF**
                                  **RONALD A. MARRON**
                                  RONALD A. MARRON
                                  *ron@consumersadvocates.com*
                                  Michael T. Houchin
                                  *mike@consumersadvocates.com*
                                  651 Arroyo Drive
                                  San Diego, California 92103
                                  Telephone: (619) 696-9006
                                  Facsimile: (619) 564-6665

                                  **COHELAN KHOURY & SINGER**
                                  TIMOTHY D. COHELAN
                                  *TCohelan@CKSLaw.com*
                                  ISAM C. KHOURY
                                  *IKhoury@CKSLaw.com*
                                  MICHAEL D. SINGER
                                  *msinger@ckslaw.com*
                                  JAMES J. HILL
                                  *JHill@CKSLaw.com*
                                  605 C St #200
                                  San Diego, California 92101
                                  Telephone:   (619) 239-8148
                                  Facsimile:    (619) 595-3000
                                  ***Class Counsel***

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT