**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
(SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN
(SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:   (619) 696-9006
Facsimile:   (619) 564-6665
*Class Counsel*

**COHELAN KHOURY & SINGER**
TIMOTHY D. COHELAN (SBN 60827)
*TCohelan@CKSLaw.com*
ISAM C. KHOURY (SBN 58759)
*IKhoury@CKSLaw.com*
MICHAEL D. SINGER (SBN 115301)
*msinger@ckslaw.com*
J. JASON HILL (SBN 179630)
*JHill@CKSLaw.com*
605 C Street, Suite 200
San Diego, California 92101
Telephone:   (619) 239-8148
Facsimile:   (619) 595-3000

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON, on behalf of themselves, all others similarly situated, and the general public,<br><br>　　　　　　　　Plaintiffs,<br>　vs.<br><br>LEE LABRADA; LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC. d/b/a OZ MEDIA; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC; SONY PICTURES TELEVISION, INC; NATUREX, INC.; and INTERHEALTH NUTRACEUTICALS, INC.,<br><br>　　　　　　　　Defendants. | CASE NO. 5:16-cv-00189-JGB-SP<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:　　July 11, 2022<br>Time:　　9:00 a.m.<br>Ctrm:　　1<br>Judge:　　Hon. Jesus G. Bernal |

I, Ronald A. Marron, declare as follows:

1. I am a member in good standing of the State Bar of California and of the United States District Courts for the Central District of California. I submit this Declaration in Support of Plaintiff Veda Woodard's Motion for Preliminary Approval of Class Action Settlement. I make this Declaration based on my personal knowledge and if called to testify, I could and would competently testify to the matters contained herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the class action Settlement Agreement between Plaintiff Veda Woodard ("Plaintiff") and Defendant Labrada Bodybuilding Nutrition, Inc. ("Labrada"). Attached to the Settlement Agreement are the following five exhibits: Exhibit A – a proposed Class Action Settlement Claim Form; Exhibit B – a proposed Class Action Long Form Notice; Exhibit C – a proposed Class Action Short Form Notice; Exhibit D – a Proposed Order Granting Joint Motion for Preliminary Approval; and Exhibit E – a proposed Class Action Notice Plan.

3. On February 2, 2016, Plaintiff Veda Woodard filed a putative class action complaint alleging violations of consumer protections laws against Naturex, Inc. ("Naturex"), Lee Labrada, Labrada Bodybuilding Nutrition, Inc., Labrada Nutritional Systems, Inc., ("Labrada Defendants"); InterHealth Nutraceuticals Inc., ("InterHealth"), Zoco Productions, LLC, Harpo Productions, Inc., and Dr. Mehmet C. Oz, M.D. (the "Media Defendants"). (ECF No. 1). The complaint alleged claims arising from the Defendants' alleged misrepresentations surrounding the effectiveness of the weight-loss supplement products that are manufactured by Labrada, including the Labrada Green Coffee Bean Extract Product and the Labrada Garcinia Cambogia Product.

4. On April 4, 2016, the Media Defendants filed a motion to dismiss, (ECF No. 45), which Plaintiff Woodard opposed on April 18, 2016. (ECF No. 61). On May 12, 2016, the Court granted in part and denied in part the Media Defendants'

1

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

motion to dismiss. (ECF No. 85). Then on June 2, 2016, Plaintiff Veda Woodard, along with former plaintiffs Teresa Rizzo-Marino and Diane Morrison, filed the operative First Amended Complaint ("FAC"). (ECF No. 88). On July 21, 2016, Labrada filed a Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 105) and on July 31, 2017, the Court issued an Order Denying Labrada's Motion to Dismiss the FAC. (ECF No. 190). On August 14, 2017, Labrada filed an Answer to the FAC. (ECF No. 201).

5. Plaintiff and Labrada have engaged in substantial discovery. All Parties to this litigation have collectively produced approximately 30,000 pages of documents and have exchanged approximately 20 sets of formal written discovery. In addition, the Defendants have deposed each of the Class Representatives and Class Counsel has deposed Labrada's Fed. R. Civ. P. 30(b)(6) designee, Kyle Workman. Class Counsel have also taken the deposition of Lee Labrada, the C.E.O. of Labrada Bodybuilding Nutrition, Inc. In addition to deposing the representatives of Labrada, Class Counsel have also taken several depositions of the representatives of the former defendants in this action relating to, among other topics, their relationship with Labrada. Plaintiff and Labrada have also exchanged expert reports and have deposed each other's experts.

6. On March 2, 2020, Plaintiff filed a Motion for Class Certification (ECF No. 351) and Labrada filed a Motion for Summary Judgment. (ECF No. 352). On August 31, 2021, the Court issued an order granting in part and denying in part Plaintiff's Motion for Class Certification and granting in part and denying in part Labrada's Motion for Summary Judgment. (ECF No. 444). The August 31, 2021 Order dismissed the claims of former plaintiffs Diane Morrison and Teresa Rizzo-Marino leaving Plaintiff Veda Woodard as the sole remaining named Plaintiff and class representative. The August 31, 2021 Order also dismissed Plaintiff's claims against defendants Interhealth Nutraceuticals, Inc., Lee Labrada, and Labrada Nutritional Systems, Inc. leaving defendant Labrada Bodybuilding Nutrition, Inc. as

the sole remaining defendant in this action. The Court certified the following classes: (1.) "All persons in California who purchased the Labrada Green Coffee Bean Extract Product for personal and household use and not for resale from February 2, 2012 until the date class notice is disseminated" and (2.) "All persons in California who purchased the Labrada Garcinia Cambogia Product for personal and household use and not for resale from February 2, 2012 until the date notice is disseminated." (ECF No. 444 at 57).

7. On January 27, 2022, Plaintiff and Labrada attended a full-day mediation session before the Honorable Judge Leo S. Papas (Ret.). Judge Papas is a highly experienced and well-regarded mediator who served as a Magistrate Judge for the U.S. District Court, Southern District of California from 1991 to 2009, including a tenure as the Presiding Judge from 2002 to 2007. https://www.judicatewest.com/adr/leo-papas.

8. Judge Papas' guidance with the negotiations between Class Counsel and Labrada resulted in a general framework for the settlement of this action. During the ensuing months, Class Counsel and Labrada negotiated the remaining terms of the settlement and reached an agreement in principle, which is now finalized as reflected in the Settlement Agreement.

9. The Settlement Agreement provides that Class Counsel shall make an application for attorneys' fees and expenses not to exceed 30% of the Settlement Fund or $187,500, whichever is less. Because attorneys' fees and expenses are together capped at 30% of the Settlement Fund (or $187,500), Class Counsel expects that their request for attorneys' fees will be less than 25% of the Settlement Fund considering the significant out-of-pocket costs that have been incurred in connection with prosecuting this action.

10. Class Counsel believe that the Settlement provides exceptional results for the class while sparing the class from the uncertainties of even more protracted litigation. The settlement was negotiated at arm's length under the supervision of

3

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Judge Papas after hard-fought litigation and discovery. Further, the Parties did not settle until after they had briefed class certification and summary judgment motions. Settlement discussions also did not begin until after the Parties had engaged in substantial discovery, including multiple rounds of written discovery, depositions, and the exchange of expert reports. In Class Counsel's view, the Settlement provides a substantial benefit to the Class.

11. Rule 23(e)(3) requires that the Parties "must file a statement identifying any agreement made in connection with the [settlement] proposal." Fed. R. Civ. P. 23(e)(3). No agreements were made in connection with the settlement aside from the Settlement Agreement itself.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 1st day of June, 2022 in San Diego, California.

/s/ *Ronald A. Marron*
RONALD A. MARRON

4

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT