# EXHIBIT 1

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDA WOODARD, TERESA RIZZO-MARINO, and DIANE MORRISON, on behalf of themselves, all others similarly situated, and the general public,<br><br>            Plaintiffs,<br><br>     vs.<br><br>LEE LABRADA; LABRADA BODYBUILDING NUTRITION, INC.; LABRADA NUTRITIONAL SYSTEMS, INC.; DR. MEHMET C. OZ, M.D.; ENTERTAINMENT MEDIA VENTURES, INC. d/b/a OZ MEDIA; ZOCO PRODUCTIONS, LLC; HARPO PRODUCTIONS, INC; SONY PICTURES TELEVISION, INC; NATUREX, INC.; and INTERHEALTH NUTRACEUTICALS, INC.,<br><br>            Defendants. | CASE NO. 5:16-cv-00189-JGB-SP<br><br><u>CLASS ACTION</u><br><br>**JOINT STIPULATION OF CLASS ACTION SETTLEMENT** |

This Joint Stipulation of Settlement ("Agreement", "Settlement Agreement", or "Stipulation") is made and entered into by and between Plaintiff Veda Woodard on behalf of herself and the Settlement Class Members defined below (hereafter collectively referred to as "Plaintiff" or the "Class"), and Defendant Labrada Bodybuilding Nutrition, Inc. ("Labrada," and together with Plaintiff, the "Settling Parties") and resolves in full the class action lawsuit (the "Action") as to Labrada. Subject to Court approval pursuant to the applicable Federal Rules of Civil Procedure, and as provided herein, the Settling Parties hereby stipulate and agree that, in consideration for the promises and covenants set forth in this Settlement Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, the Action shall be settled and compromised upon the terms and conditions contained herein with respect to Labrada.

## RECITALS

### I.   PROCEDURAL BACKGROUND

1.1     WHEREAS, on February 2, 2016, Plaintiff Veda Woodard filed a class action complaint in the United States District Court for the Central District of California, Case No. 5:16-cv-00189-JGB-SP against Defendants Lee Labrada, Labrada Bodybuilding Nutrition, Inc., Labrada Nutritional Systems, Inc., Dr. Mehmet C. Oz, M.D., Entertainment Media Ventures, Inc., Zoco Productions, LLC, Harpo Productions, Inc., Sony Pictures Television, Inc., Naturex, Inc. and Interhealth Nutraceuticals, Inc. alleging causes of action for (1.) fraud and deceit; (2.) Negligent Misrepresentation; (3.) Quasi-Contract/ Unjust Enrichment; (4.) Violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (5.) Violations of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; (6.) Violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (7.) Breach of Express Warranty, Cal. Comm. Code § 2313; and, (8.) Breach of Implied Warranty of Merchantability, Cal.

Comm. Code § 2314.

1.2    WHEREAS, on April 18, 2016, Labrada filed a Motion to Dismiss Plaintiff Woodard's class action complaint (ECF No. 51) pursuant to Federal Rule of Civil Procedure 12(b)(6)

1.3    WHEREAS, on May 12, 2016, the Court entered an Order Granting in Part and Denying in Part a Motion to Dismiss Plaintiff Woodard's Complaint that was filed by Defendants Dr. Mehmet C. Oz, M.D., Entertainment Media Ventures, Inc., Zoco Productions, LLC, Harpo Productions, Inc., Sony Pictures Television, Inc. (collectively, the "Media Defendants") and granted Plaintiff leave to file a First Amended Complaint. (ECF No. 85).

1.4    WHEREAS, on June 2, 2016, Plaintiffs Veda Woodard, Teresa Rizzo-Marino, and Diane Morrison filed a First Amended Complaint against Defendants Lee Labrada, Labrada Bodybuilding Nutrition, Inc., Labrada Nutritional Systems, Inc., Dr. Mehmet C. Oz, M.D., Entertainment Media Ventures, Inc., Zoco Productions, LLC, Harpo Productions, Inc., Sony Pictures Television, Inc., Naturex, Inc. and Interhealth Nutraceuticals, Inc. alleging causes of action for (1.) fraud, deceit, and suppression of facts; (2.) [omitted]; (3.) Negligent Misrepresentation; (4.) Violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.; (5.) Violations of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.; (6.) Violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.; (7. [misidentified as Count 4]) Breach of Express Warranty, Cal. Comm. Code § 2313; (8. [misidentified as Count 5]) Breach of Implied Warranty of Merchantability, Cal. Comm. Code § 2314; (9. [misidentified as Count 6]) Breach of Express Warranty, N.Y. U.C.C. § 2-313; (10. [misidentified as Count 8]) Breach of Implied Warranty of Merchantability, N.Y. U.C.C. § 2-314; (11. [misidentified as Count 9]) Breach of Express Warranties to Intended Third Party Beneficiaries; (12. [misidentified as Count 10]) Violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.; (13. [misidentified

as Count 11]) Violations of New York's Unfair Trade Practices Law, N.Y. Gen. Bus. Law § 349; and (14. [misidentified as Count 12]) Violations of New York's False Advertising Law, N.Y. Gen. Bus. Law § 350.

1.5   WHEREAS, on July 21, 2016, Labrada filed a Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 105).

1.6   WHEREAS, on July 31, 2017, the Court issued an Order Denying Labrada's Motion to Dismiss the First Amended Complaint (ECF No. 190).

1.7   WHEREAS, on August 14, 2017, Labrada filed an Answer to the First Amended Complaint (ECF No. 201).

1.8   WHEREAS, on March 2, 2020, Plaintiffs filed a Motion for Class Certification (ECF No. 351).

1.9   WHEREAS, on March 2, 2020, Labrada filed a Motion for Summary Judgment (ECF No. 352).

1.10   WHEREAS, on August 31, 2021, the Court issued an order granting in part and denying in part Plaintiffs' Motion for Class Certification and granting in part and denying in part Labrada Motion for Summary Judgment (ECF No. 444). The August 31, 2021 Order dismissed the claims of Plaintiffs Diane Morrison and Teressa Rizzo-Marino leaving Plaintiff Veda Woodard as the sole remaining named Plaintiff. The August 31, 2021 Order also dismissed Plaintiffs claims against all defendants except for remaining Defendant Labrada Bodybuilding Nutrition, Inc. The Court certified the following classes: (1.) "All persons in California who purchased the Labrada Green Coffee Bean Extract Product for personal and household use and not for resale from February 2, 2012 until the date class notice is disseminated" and (2.) "All persons in California who purchased the Labrada Garcinia Cambogia Product for personal and household use and not for resale from February 2, 2012 until the date notice is disseminated."

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF CLASS ACTION SETTLEMENT

1.11    WHEREAS, on January 27, 2022, Plaintiff and Labrada attended a full-day mediation session before the Honorable Judge Leo S. Papas (Ret.). Class Counsel and Labrada reached an agreement in principle, which is now finalized as reflected in this Settlement Agreement, which Plaintiff and Class Counsel believe provides benefits to the Settlement Class, is fair, reasonable and adequate, and is in the best interests of Plaintiffs and the Settlement Class Members.

1.12    WHEREAS, this Settlement Agreement was reached after extensive review of the underlying facts and after extensive arm's-length negotiations between Class Counsel and counsel for Labrada.

1.13    WHEREAS, based upon the discovery and investigation to date and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiff and Class Counsel have agreed to settle, subject to court approval, the claims asserted in the Action against Labrada pursuant to the provisions of this Settlement Agreement. In so doing, Plaintiff and Class Counsel have considered the terms of this Stipulation, the numerous risks of continued litigation and other factors, including but not limited to the following: (a.) The expense and length of time necessary to prosecute this Action through trial; (b.) The uncertain outcome at trial and the possibility of an appeal by either side following the trial; (c.) The fact that Labrada could prevail at trial; and (d.) The benefits being made available to Plaintiff and the Settlement Class Members under the terms of this Agreement.

1.14    WHEREAS, weighing the above factors, as well as all other risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Plaintiff and Class Counsel are satisfied that the terms and conditions of this settlement are fair, reasonable, adequate, and in the best interests of Plaintiff and the Settlement Class Members.

1.15    **NOW, THEREFORE**, without any admission or concession whatsoever on the part of Plaintiff of the lack of merit of this Action, or any admission or concession of liability or wrongdoing or the lack of merit of any

defense whatsoever by Labrada, it is hereby stipulated and agreed by the undersigned, on behalf of Plaintiff, the Settlement Class, and Labrada that the Action and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the terms and conditions set forth herein and upon the Effective Date (as defined below).

## II.   **TERMS AND CONDITIONS OF SETTLEMENT**

**Definitions**

2.1     As used in this Settlement Agreement and the annexed exhibits hereto, the following terms and phrases have the following meanings, unless a section or subsection of this Settlement Agreement or its exhibits provides otherwise. Unless otherwise indicated, defined terms include the plural as well as the singular. Other capitalized terms used in this Settlement Agreement but not defined above shall have the meaning ascribed to them in this Settlement Agreement and the exhibits attached hereto.

A.     "Action" means the civil action filed in the United States District Court for the Central District of California, styled *Veda Woodard et al., v. Lee Labrada, et al.*, Case No. 5:16-cv-00189-JGB-SP.

B.     "Authorized Claimant" means any Claimant who has timely and completely submitted a Proof of Claim Form that has been reviewed and validated by the Claims Administrator.

C.     "Claim" means a request for relief pursuant to section 5.1 submitted on a Proof of Claim Form by a Class Member to the Claims Administrator.

D.     "Claims Deadline" means the date set by the Court in the Preliminary Approval Order by which Settlement Class Members must submit a claim to obtain the Class Benefits described in Section III of this Settlement Agreement.

E.     "Claim Form" or "Proof of Claim Form" means the documents to be submitted by Claimants seeking payment pursuant to this Settlement Agreement that

will be available online at the Settlement Website, substantially in the form attached hereto as Exhibit A.

F. "Claimant" means any Class Member who seeks a Settlement Payment who submits a Claim Form pursuant to this Settlement Agreement.

G. "Claims Administration Expenses" means the fees and expenses incurred by the Claims Administrator in completing the claims administration process set forth in this Agreement.

H. "Claims Administrator" or "Settlement Administrator" means Classaura LLC ("Classaura"), which will provide the Class Notice and administer the claims process. Plaintiff shall select a successor in the event one becomes necessary, subject to approval by Labrada, which approval shall not be unreasonably withheld.

I. "Class Counsel" means, subject to Court approval to represent the Settlement Class, the Law Offices of Ronald A. Marron, APLC and the law firm of Cohelan, Khoury, and Singer and any attorneys at those firms assisting in the representation of the Class in this Action.

J. "Class Period" or "Settlement Class Period" shall mean and refer to the time period beginning on February 2, 2012 and ending on the date the Notice is made to the Settlement Class Members pursuant to Section 4.4 herein.

K. "Class Representative" means named Plaintiff Veda Woodard.

L. "Class Representative Enhancement" or "Incentive Award" means any award sought by application to and approved by the Court that is payable to the Class Representative from the Settlement Fund for Plaintiff Woodard's role as the class representative and for the responsibility and work attendant to that role.

M. "Court" means the United States District Court for the Central District of California.

N. "Defendant" or "Labrada" means Defendant Labrada Bodybuilding Nutrition, Inc.

O.     "Defense Counsel" means the law firm of Foley & Lardner LLP and any attorneys at that firm assisting in the representation of Labrada in the Action.

P.     "Escrow Account" means the escrow account managed by the Escrow Agent, which shall be the sole escrow account for compensation of Class Members under the Settlement Agreement.

Q.     "Escrow Agent" means the agreed-upon entity to address and hold for distribution the funds identified in this Settlement Agreement. The Parties agree that Classaura shall serve as the Escrow Agent and will place the Settlement Funds in an interest-bearing account, subject to approval by the Court.

R.     "Fee and Expense Award" means the amount of any attorneys' fees and reimbursement of litigation expenses awarded to Class Counsel under their Fee Application based on their work prosecuting the Action and creating the benefits of this Settlement Agreement.

S.     "Final Judgment" means the "Final Judgment and Order of Dismissal" to be entered by the Court, which, among other things, fully and finally approves the Settlement and dismisses Labrada from the litigation with prejudice, and retains continuing jurisdiction over the interpretation, implementation, and enforcement of the settlement.

T.     "Notice" or "Class Notice" means the Court approved "Notice of Proposed Class Action Settlement" attached hereto as Exhibits "B" and "C".

U.     "Notice Date" or "Notice Deadline" means the date Notice is made to the Settlement Class Members pursuant to Section 4.4 herein.

V.     "Objection" is a written communication that a Settlement Class Member may file with the Court in order to object to this Agreement as provided for in Section 3.4 of this Settlement Agreement.

W.     "Objection/Exclusion Deadline" is the date by which an Objection or Request for Exclusion by a Settlement Class Member must be postmarked, as ordered by the Court in its Preliminary Approval Order referred to in Section 3.2 of

1  this Agreement.

2      X.    "Party" or "Settling Parties" means Plaintiff Veda Woodard and

3  Defendant Labrada Bodybuilding Nutrition, Inc.

4      Y.    "Plaintiff" means the class representative, Veda Woodard, on behalf of

5  herself and each of the Settlement Class Members.

6      Z.    "Person" means any individual, corporation or any other entity of any

7  nature whatsoever.

8      AA.    "Preliminary Approval Date" means the date of entry of the Court's

9  order granting preliminary approval of the Settlement Agreement.

10     BB.    "Preliminary Approval Order" means the Court's order to be entered

11 by the Court, substantially in the form of Exhibit D, preliminarily approving the

12 Settlement Agreement, certifying the Settlement Class, setting the due date of the

13 Final Approval Hearing, the Objection/Exclusion Deadline, and Notice Date, and

14 approving the Settlement Notice Plan and Claim Form.

15     CC.    "Products," "Class Products," or "Labrada Products" means the

16 Labrada Green Coffee Bean Extract product and the Labrada Garcinia Cambogia

17 product.

18     DD.    "Released Claims" or "Class Released Claims" means all actions,

19 claims, demands, rights, suits, and causes of action of whatever kind or nature

20 whatsoever, including without limitation any and all damages, restitution, loss,

21 statutory relief, bad faith claims, costs, expenses, penalties, attorneys' fees, expert

22 fees, and interest, whether known or unknown, suspected or unsuspected, assigned

23 or unassigned, asserted or unasserted, whether as individual claims or claims

24 asserted on a class basis or on behalf of the general public, in law or equity, arising

25 out of or relating to any claim or allegation made in the Litigation, including, without

26 limitation, any and all claims or allegations relating to the advertising, marketing,

27 labeling or sale of the Products.

28     EE.    "Released Parties" means Defendants Labrada Bodybuilding Nutrition,

Inc. and Lee Labrada, and any and all of their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, parent companies, subsidiaries, divisions, joint venturers, entities in which Labrada had a controlling interest, holding companies, employees, agents, consultants, marketing partners, resellers, lead generators, telemarketers, independent contractors, insurers, reinsurers, directors, officers, partners, principals, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, auditors, legal representatives, successors in interest, affiliates, trusts, and corporations; and each and all of the past, present, and future officers, directors, principals, representatives, employees, agents, shareholders, attorneys, stockholders, successors, executors, claim service managers, subrogees, and assigns of any of the foregoing entities.

FF.   "Request for Exclusion" means the written communication that must be sent to the Settlement Administrator and postmarked on or before the Objection/Exclusion Deadline by a Settlement Class Member who wishes to be excluded from the Settlement Class.

GG.   "Settlement Agreement," "Agreement," or "Settlement" means this Joint Stipulation of Settlement, including all Exhibits thereto (which are incorporated herein by reference), duly executed by Plaintiff, Class Counsel, Labrada, and Counsel for Labrada.

HH.   "Settlement Amount" means the amount of $625,000 that Labrada will cause to be deposited into the Settlement Fund (as defined below). Under no circumstances shall Labrada be responsible for paying more than $625,000 under this Settlement.

II.   "Settlement Classes" or "Settlement Class Member(s)" or "Member(s) of the Settlement Class" or "Class Members" means the following two certified classes:

**Green Coffee Bean Extract Class**

All persons in California who purchased the Labrada Green Coffee Bean

1   Extract product for personal and household use and not for resale from

2   February 2, 2012, until the date class notice is disseminated.

3

4   **Garcinia Cambogia Class**

5   All persons in California who purchased the Labrada Garcinia Cambogia

6   product for personal and household use and not for resale from February 2,

7   2012, until the date notice is disseminated.

8

9   Excluded from the Settlement Classes are Labrada's current and former

10  officers and directors, members of the immediate families of Labrada's officers and

11  directors, Labrada's legal representatives, heirs, successors, and assigns, any entity

12  in which Labrada has or had a controlling interest during the Class Period, and the

13  judicial officers to whom this lawsuit is assigned.

14

15  JJ.   "Settlement Fund" means the Escrow Account into which Labrada shall

16  deposit the Settlement Amount, and from which the Claims Administrator shall pay

17  expenses associated with Settlement as approved by the Court including without

18  limitation, Class Notice, Settlement administration, Claims, the Settlement Payment,

19  the Class Representative Enhancement or Incentive awards, and Class Counsel's

20  legal expenses and attorneys' fees, as described in Section 5.1(3).

21  KK.   "Settlement Hearing" or "Fairness Hearing" means the hearing(s), to be

22  held after notice has been provided to the Settlement Class in accordance with this

23  Settlement Agreement (1) to determine whether to grant final approval to (a) the

24  certification of the Settlement Class, (b) the designation of Class Representatives as

25  the representatives of the Settlement Class, (c) the designation of Class Counsel as

26  counsel for the Settlement Class, and (d) the Settlement Agreement; (2) to consider

27  whether to enter the Final Approval Order; and (3) to rule on Class Counsel's Fee

28  and Expense Award application. The Parties shall ask the Court to schedule a date

for the Settlement Hearing 150 days after the date of the Class Notice.

LL.    "Settlement Notice and Other Administrative Costs" means all fees, costs and expenses actually incurred by the Settlement Administrator in the creation and dissemination of Class Notice, establishment of the Settlement Website, and the processing, handling, reviewing, and paying of claims made by Claimants.

MM. "Settlement Payment" means the amount to be paid to Authorized Claimants as described in Section V.

NN.    "Settlement Website" means the website to be created and maintained by the Claims Administrator to provide the Settlement Class with information relating to the Settlement, including relevant documents and electronic and printable forms relating thereto, including the Claim Form which can be submitted online through an Internet-based form or printed and mailed.

2.2.    Other capitalized terms used in this Stipulation but not defined above shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## III.    APPROVAL PROCEDURES AND RELATED PROVISIONS

**Dismissal of Labrada**

3.1.    Plaintiff shall request dismissal of Labrada and Lee Labrada with prejudice from the Action, and will request such dismissal in her motion for final approval and at the hearing seeking final approval of this Settlement Agreement.

**Motion for Preliminary Approval**

3.2.    Upon the execution of this Settlement Agreement, Plaintiff shall prepare and file a motion seeking Preliminary Approval of this Settlement, including all Exhibits, and shall move the Court for entry of an order, which by its terms shall:

a) Determine preliminarily that this Settlement Agreement falls within the range of reasonableness meriting possible final approval and dissemination of Class Notice to the Settlement Class;

b) Schedule the Final Approval Hearing to: (i) determine finally whether the Settlement Class satisfies the applicable requirements of Rule 23 and should be certified for settlement purposes; (ii) review objections, if any, regarding the Settlement Agreement; (iii) consider the fairness, reasonableness and adequacy of the Settlement Agreement; (iv) consider Class Counsel's application for an award of Attorneys' Fees and Expenses; (v) determine the validity of Requests for Exclusion and exclude from the Settlement Class those persons who validly and timely opt out; and (vi) consider whether the Court shall issue the Final Judgment and Order Approving Settlement and dismissing the Actions with prejudice;

c) Set a briefing schedule for the Final Approval Hearing;

d) Approve the proposed Class Notices and Notice Program;

e) Approve the designation of Classaura as the Settlement Administrator;

f) Direct the Settlement Administrator to cause the Class Notices to be disseminated in the manner set forth in the Notice Program on or before the Notice Dates;

g) Determine that the Class Notices and the Notice Program: (i) meet the requirements of Rule 23(c)(3) and due process; (ii) are the best practicable notice under the circumstances; (iii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, opt out of the Settlement Class, or participate within the timeframe provided herein; and (iv) are reasonable and constitute due, adequate and sufficient notice to all those entitled to receive notice;

h) Require each Settlement Class Member who wishes to opt out of the Settlement Class to submit a timely written Request for Exclusion, on or before the Objection/Exclusion Deadline, to the Claims Administrator, to

12

Class Counsel, and to Defendants' Counsel, as specified in Section 3.3 of this Settlement Agreement;

i)  Rule that any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders and judgments in the Action;

j)  Require any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, to the award of Attorneys' Fees and Expenses, or to the Incentive Awards, to submit to the Settlement

k)  Administrator and deliver to Class Counsel and Defendant's Counsel, by the Objection/Exclusion Deadline, a statement of his or her Objection, as well as the specific reason for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her Objection; and

l)  Establish the following:

i.  The date and time of the Final Approval Hearing;

ii.  The Notice Dates: The Parties propose that the Class Settlement Notice Date be within forty-five (45) days after the entry of the Preliminary Approval Order and that the Settlement Fund distribution be no more than sixty (60) days after the Effective Date of the Settlement;

iii.  The Objection/Exclusion Deadline: The Parties propose that the Objection/Exclusion Deadline be the date that is thirty (30) days prior to the Final Approval Hearing;

iv.  Claims Deadlines: The Parties propose that the Claims Deadline for submission of Claims be one-hundred and twenty (120) days after the date of Class Notice.

3.3    **Requests for Exclusion**

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF CLASS ACTION SETTLEMENT

a.      Any Settlement Class Member who does not wish to participate in this Settlement Agreement must submit a Request for Exclusion to the Claims Administrator stating an intention to be "excluded" from this Settlement. The request for exclusion must contain the Settlement Class Member's name, current address, and telephone number. The Request for Exclusion must be either (i) personally signed by the Settlement Class Member, dated and mailed to the Claims Administrator and postmarked on or before the Objection/Exclusion Deadline, or (ii) electronically signed by the Settlement Class Member, and submitted to the Claims Administrator through the Settlement Website on or before the Objection/Exclusion Deadline. So-called "mass" or "class" opt-outs shall not be allowed. The date of the postmark on the return mailing envelope or the date of online submission through the Settlement Website shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Settlement Class Member whose request to be excluded from the Settlement Class is approved by the Court will not be bound by this Settlement Agreement and will or have no right to object, appeal, or comment thereon.

b.      Any Settlement Class Member who does not timely submit a Request for Exclusion as provided in the preceding paragraph shall be bound by all subsequent proceedings, orders, and the Final Judgment, even if he or she has pending, or subsequently initiates litigation, arbitration, or any other proceeding against Labrada relating to the Class Released Claims.

3.4   **Objections to the Settlement**

a.      Any Settlement Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement or Class Counsel's application for an Award of Attorneys' Fees and Expenses, or the Incentive Awards. Any Objection must be in writing and include the contents described in Paragraph (b) below, and must be filed with the Court and sent to counsel for the Parties as set forth below via U.S. Mail and e-mail, on or before the

Objection/Exclusion Deadline or as the Court otherwise directs. Any Objections not raised properly and timely will be waived. Objections must be sent to each of the following persons:

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Email: ron@consumersadvocates.com

James G. Munisteri
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
 Houston, TX 77002
Telephone: 713.276.5752
Email: jmunisteri@foley.com

b.     To be effective, any Objection must be in writing and must be accompanied by any documentary or other evidence and any factual or legal arguments that the objecting Class Member intends to rely upon in making the objection. All objections must (1) clearly identify the case name and number, (2) be mailed to the Settlement Administrator and to the addresses listed in the paragraph above, and (3) be postmarked on or before the Objection/Exclusion Deadline.

c.     Any Settlement Class Member who fails to file and serve timely written Objection containing all of the information listed above in the previous paragraphs shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement Agreement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

d.     If, as of the deadline for class members to opt-out or otherwise exclude themselves from the Settlement, more than 400 class members have opted-out of the Settlement, Labrada shall have, in its sole and absolute discretion, the option to terminate this Settlement within 10 calendar days after the opt-out deadline.

**Cooperation**

3.5     The Settling Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation, in seeking Preliminary Approval and Final Approval of the Settlement Agreement and the settlement embodied herein, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement Agreement. The Parties shall cooperate in good faith and undertake all reasonable actions and steps in order to accomplish the events described in this Settlement Agreement.

## IV.    CLASS NOTICE OF SETTLEMENT

**General Terms**

4.1.    The Class Notice Shall:

a. inform Settlement Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed settlement;

b. contain a short, plain statement of the background of the Action, the Class certification and the proposed settlement;

c. describe the proposed settlement relief outlined in this Agreement;

d. state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement; and

e. state that Plaintiffs' counsel will seek an award of attorneys' fees and expenses from the Settlement Funds.

4.2.    Following Preliminary Approval, all activity in the Action with respect to Labrada shall be stayed except to the extent necessary to effectuate this Agreement unless and until this Settlement Agreement is terminated pursuant to its terms and conditions.

4.3.    Notice to State and Federal Officials. In compliance with the attorney general notification provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, within ten (10) days after the motion for Preliminary Approval is filed, the Claims Administrator shall cause notice of this proposed Settlement Agreement to be served on the Attorney General of the United States, and the attorneys general of each state or territory in which a Settlement Class Member resides. The Claims Administrator shall file with the Court a certification stating the date(s) on which the CAFA notices were sent. The Claims Administrator will provide Class Counsel with any substantive responses received in response to any CAFA notice served by it.

4.4.    Notice to the Settlement Class Members. Within 45 days after the entry of the Preliminary Approval Order, or on the date established by the Court in the Preliminary Approval Order, the Claims Administrator shall cause the Settlement Notice to be made as follows and as set forth below:

a.    Print Publication Notice. On or before the Notice Deadline, the Claims Administrator will cause Notice, in the form approved by the Court, to be published based on its Notice Plan with publication strategy, which is attached hereto as Exhibit E.

b.    Settlement Website. On or before the Notice Deadline, the Settlement Administrator shall establish the Settlement Website, from which Settlement Class Members may download or print the Class Notice, a complete copy of this Agreement and the Preliminary Approval Order and submit a Claim Form. The Settlement Website shall include the deadlines for filing Claims, Requests for Exclusion from the Settlement Class, Objections, and the Final Approval Date and other information pertaining to the Settlement, a voice-recorded IVR with FAQs and an interactive function that permits Settlement Class Members to download a Claim Form online or to file a Claim Form via the website or by mail and postmarked by

the Claims Deadline. The Claims Administrator shall establish the Settlement Website using a website name to be mutually agreed upon by the Parties. The website shall be operative no later than the Notice Date and shall be accessible for a period of not fewer than sixty days (60) days following the Effective Date.

c.      Toll-Free Interactive Voice Response ("IVR"). On or before the Notice Deadline, the Settlement Administrator shall establish a Toll-Free IVR phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form. The phone number shall remain open and accessible through the Claim Deadline. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by potential Settlement Class Members concerning the Action or this Settlement Agreement, so that Class Counsel may timely and accurately respond to such inquiries; provided however, the Settlement Administrator shall review the recorded messages before providing them to Class Counsel, and if one or more of the messages requests a blank Claim Form or other similar administrative assistance only, then the Settlement Administrator shall handle such administrative request(s), but the Settlement Administrator shall provide all other messages to Class Counsel for any further response to the Settlement Class Member.

4.5    Retention of Class Action Settlement Administrator. Subject to Court Approval, Classaura shall be retained as the Class Action Settlement Administrator to help implement the terms of the proposed Settlement Agreement.

4.6    Responsibilities of Settlement Administrator. The Settlement Administrator will help implement the terms of this Agreement and the Preliminary Approval Order. The Settlement Administrator shall be responsible for administrative tasks, including, without limitation, (a) arranging, as set forth in this Section and in the Preliminary Approval Order, for distribution of Class Notice (in

the form approved by the Court) and Claims Forms (in the form approved by the Court) to Settlement Class Members, (b) answering inquiries from Settlement Class Members or forwarding such written inquiries to Class Counsel or their designee, (c) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding Requests for Exclusion from the Settlement Agreement, (d) posting notices on the Settlement Website, Claim Forms, and other related documents, (e) receiving and processing claims and distributing Settlement Payments, and (f) answering inquiries and providing information reasonably requested by Labrada and (g) otherwise assisting with implementation and administration of the Settlement Agreement terms.

4.7     General Claims Administration and Review of Claims. The Claims Administrator shall be responsible for reviewing and administering all Claims to determine their validity. The Claims Administrator shall reject any Claim that does not comply in any material respect with the instructions on the Claim Form or the terms of this Agreement, or is submitted after the Claim Period Close Date.

4.8     Claims Process. The Claims Administrator shall retain copies of all Claims submitted and all documentation of claims approved or denied and all Settlement Payments made. The Claims Administrator agrees to be subject to the direction and authority of the Court with respect to the administration of the Settlement and the payment of refunds for accepted claims pursuant to the terms of this Agreement. Upon determining that a Claim submitted pursuant to this Agreement is valid and the amount of Settlement Payment, the Claims Administrator shall notify Labrada and Class Counsel of that determination. Labrada shall have 30 days following this notice to challenge the claim. Labrada shall be permitted to submit to the Claims Administrator, with a copy to Class Counsel, any information demonstrating that the submitted Claim is not valid. The Claims Administrator may then contact the Settlement Class Member who submitted the Claim to request any

further information. The Claims Administrator shall then make a final determination that is not challengeable by any Party.

4.9     The Settlement Administrator shall abide by the following performance standards:

i.      the Class Action Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Settlement Agreement in communications with Settlement Class Members;

ii.     the Class Action Settlement Administrator shall provide prompt, accurate, and objective responses to inquiries from Class Counsel, Labrada, or Labrada's Counsel.

4.10.   Disputes. All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

4.11.   Declaration of Compliance. Within five (5) calendar days of the Claims Deadline, the Settlement Administrator shall provide the Parties with a declaration attesting to completion of the notice process set forth in this section.

## V.     <u>SETTLEMENT CONSIDERATION</u>

5.1.    The Settlement includes monetary relief and injunctive relief as set forth below.

**1.      Monetary Relief**

a.      With Proof of Purchase: For class members who do not opt out of or otherwise exclude themselves from the Settlement and submit a timely and valid claim with proof(s) of purchase, Labrada will pay $5.00 in cash from the Settlement Fund for each purchase reflected on the proof(s) of purchase for up to ten products

purchased during the class period, except to the extent limited by Paragraph 5.1(1)(d) below.

b.      Without Proof of Purchase: For class members who submit a timely and valid claim without a proof of purchase, then Labrada will pay $5.00 in cash from the Settlement Fund for each product purchased during the class period for up to four products, except to the extent limited by Paragraph 5.1(1)(d).

c.      In no event shall any class member receive a cash payment of more than $50.00 total from the Settlement Fund.

d.      If the amount of valid claims timely submitted by class members exceeds the amount allocated for cash payments to class members from the Settlement Fund, cash payments to participating class members who submit timely and valid claims will be reduced pro rata until the funds allocated for class member cash payments remaining in the Settlement Fund are exhausted.

e.      Claimants may seek reimbursement by submitting a Claim Form either by mail or electronically. The actual amount paid to individual Claimants will depend upon the number of valid claims made. Adequate and customary procedures and standards will be used by the Class Action Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.

**2.      Injunctive Relief**

a.      Labrada agrees to the following injunctive relief: Labrada shall cease selling  the Products by August 1, 2022.

**3.      Settlement Fund**

a.      Labrada shall cause to deposit $100,000.00 of the Settlement Amount into the Settlement Fund no later than thirty (30) days following the entry of the Preliminary Approval Order. Labrada shall cause to deposit the remainder of the Settlement Amount into the Settlement Fund no later than thirty (30) days following the Effective Date.

b. The Settlement Fund shall be applied to pay in full and in order: (i) any necessary taxes and tax expenses; (ii) all costs associated with the Class Action Settlement Administration, including costs of providing notice to the Class Members and processing claims and all costs relating to providing the necessary notices in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. section 1715; (iii) any Fee and Expense Award made by the Court to Class Counsel under Section VII of this Agreement; (iv) any class representative Incentive Award made by the Court to the Class Representatives under Section VII of this Agreement; and (v) payments to Authorized Claimants and any others as allowed by this Agreement and to be approved by the Court. The Settlement Fund represents the limit and extent of the Labrada's (and any Release Parties') monetary obligations under this Settlement Agreement.

c. To the extent that the payments allocated or made from the Settlement Fund pursuant to Section V, 5.1(3)(b) above are less than $625,000, 50% of the difference, if any, shall revert to Labrada and the remaining 50% of the difference shall be transmitted to Smile Train or, in the alternative, Consumers Union, as a cy pres beneficiary.

**4. Delivery of Payments to Settlement Class Members**

a. The Class Action Administrator shall send correspondence to any applicable Settlement Class Member explaining the rejection of any Claim no later than fifteen (15) days after the Effective Date. Settlement Class Members' time to appeal any such rejection shall expire forty-five (45) days after the Effective Date.

b. The Class Action Settlement Administrator will send payment directly to the eligible Settlement Class Member within sixty (60) calendar days after the Effective Date. The Settlement Administrator will process direct credit or payment via physical check, PayPal, Venmo, Amazon, or electronic Automated Clearing House ("ACH") transactions.

**5.     Claim Form Availability**

a.     The Claim Form may be completed and submitted online at the Settlement Website. The Claim Form may also be requested by calling the toll-free number provided by the Class Action Settlement Administrator or by writing to the Class Action Settlement Administrator.

**6**.     **Eligibility for Monetary Relief**

a.     To be eligible for Monetary Relief under Section 5.1(1) of this Agreement, the Settlement Class Member must timely submit a signed and completed Claim Form containing his or her name, mailing address and email address.

b.     To be eligible, Claim Forms must be postmarked or submitted online no later than 120 days after the date of Class Notice.

## VI.   RELEASES

6.1.     As of the Effective Date, and except as to such rights or claims created by the Settlement Agreement, each Settlement Class Member shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Class Released Claims against the Released Parties.

6.2.     Notwithstanding the above, the Court shall retain continuing jurisdiction over the Parties and the Settlement Agreement with respect to the future performance of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made or taken. All Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms embodied in this Settlement Agreement.

**VII.**   **CLASS COUNSEL'S ATTORNEYS' FEES, COSTS, EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARD**

7.1.   The award of Attorneys' Fees and Expenses shall be made from the Settlement Fund. Class Counsel shall make, and Labrada agrees not to oppose, an application for an award of Attorneys' Fees and Expenses in the Action not to exceed 30% of the Settlement Fund or $187,500, whichever is less. Class Counsel, in their sole discretion, shall be responsible for allocating and distributing the Attorneys' Fees and Expenses award to Class Counsel. Subject to the terms and conditions of this Stipulation and any order of the Court, the Fee and Expense Award awarded by the Court to Class Counsel shall be paid out of the Settlement Fund within sixty (60) days after the date of the Court's Order granting final approval and passage of the Effective Date.

7.2.   Class Counsel shall have the sole and absolute discretion to allocate and distribute the Court's Fee and Expense Award among Plaintiffs' Counsel and any other attorneys for Plaintiff.

7.3.   Class Counsel may ask the Court for the award of an Incentive Award from the Settlement Fund to the Class Representative in the amount of $5,000.00 Any Incentive Award approved by the Court shall be paid from the Settlement Fund within ten (10) days after the Effective Date.

**VIII.**   **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

8.1.   The Effective Date of this Settlement Agreement shall be three business days after which all of the following events and conditions have been met or have occurred:

a)   The Court grants Final Approval of the Settlement consistent with the Parties' terms herein;

b)   The time for any Objection or appeal to any aspect of the Settlement has expired;

c)      The Court has entered the Final Judgment;

d)      Unless the Parties otherwise agree in writing to waive all or any portion of the following provision, there has occurred: (i) in the event there is a properly and timely filed Objection to entry of the Final Judgment, the expiration (without the filing or noticing of an appeal) of the time to appeal from the Final Judgment; (ii) the final dismissal of all appeals from the Final Judgment; (iii) affirmance on appeal of the Final Judgment in substantial form; (iv) if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Judgment, the time to petition for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review with respect to such ruling or decision has expired; or (v) if a petition for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review with respect to the Final Judgment is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Judgment in substantial form.

8.2.    If all of the conditions specified in Section VIII of this Settlement Agreement are not met, then this Settlement Agreement shall be canceled and terminated unless Class Counsel and Labrada mutually agree in writing to proceed with this Settlement Agreement.

8.3.    In the event that this Settlement Agreement is not approved by the Court or the Settlement set forth in herein is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective presettlement positions in the Action, including with regard to any agreements concerning tolling and similar agreements, and this entire Settlement Agreement shall become null and void. The entire Settlement Amount (less any notice and administration expenses actually expended) shall be promptly returned to Labrada.

## IX.  **MISCELLANEOUS PROVISIONS**

9.1.    The Parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Settlement

Agreement and the terms of the Settlement set forth herein, including taking all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts which may become necessary by order of the Court or otherwise.

9.2.    The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Settlement Agreement on behalf of their respective clients.

9.3.    This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior agreements or understandings between them. All terms of this Settlement Agreement are contractual and not mere recitals and shall be construed as if drafted by all Parties. The presumption found in California Civil Code section 1654 (and equivalent, comparable or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law) that uncertainties in a contract are interpreted against the party causing an uncertainty to exist hereby is waived by all Parties.

9.4.    The terms of this Settlement Agreement are and shall be binding upon each of the Parties, their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter through any of the Parties, including any Settlement Class Member.

9.5.    Whenever this Settlement Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by email, or next day (excluding Sunday) express delivery service as follows:

If to Plaintiff, then to:

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Email: ron@consumersadvocates.com

If to Labrada, then to:

James G. Munisteri
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
 Houston, TX 77002
Telephone: 713.276.5752
Email: jmunisteri@foley.com

9.6.   The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Labrada's Counsel, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

9.7.   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the Office of the Clerk or the Court inaccessible, in which event the period shall run until the end of the next day as not one of the aforementioned days. As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

9.8.    The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Settlement Agreement in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Stipulation.

9.9.    This Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and any of Labrada's Counsel. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

9.10.    Neither this Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Class Released Claim, or of any wrongdoing or liability of Labrada, or of the propriety of Class Counsel maintaining the Litigation as a class action; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Labrada in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except that Labrada may file this Stipulation or the Judgment in any action that may be brought against any Released Person in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.11.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

9.12.    This Settlement Agreement shall be deemed to have been executed upon the last date of execution by the undersigned.

9.13.  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original.

**IN WITNESS THEREOF**, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives.

**UNDERSTOOD AND AGREED:**

Dated:____6/1/2022_____

**LAW OFFICES OF RONALD A. MARRON**

By: _Ronald A. Marron_____

      Ronald A. Marron
      651 Arroyo Drive
      San Diego, California 92103
      Telephone: (619) 696-9006
      Facsimile: (619) 564-6665
      Email: *ron@consumersadvocates.com*
      ***Counsel for Plaintiff and the Class***

Dated:_____

**COHELAN, KHOURY, AND SINGER**

By: _____

      Isam C. Khoury
      605 C St #200
      San Diego, California 92101
      Telephone:  (619) 239-8148
      Facsimile:   (619) 595-3000
      Email: *lkhoury@ckslaw.com*
      ***Counsel for Plaintiff and the Class***

1    9.13. This Settlement Agreement may be executed in counterparts, each of

2  which shall constitute an original.

3    **IN WITNESS THEREOF,** the Parties hereto have caused this Settlement

4  Agreement to be executed by their duly authorized representatives.

5

6    **UNDERSTOOD AND AGREED:**

7

8  Dated:_____        **LAW OFFICES OF RONALD A.**
                                **MARRON**
9

10                               By: _____

11                                   Ronald A. Marron
12                                   651 Arroyo Drive
                                     San Diego, California 92103
13                                   Telephone: (619) 696-9006
14                                   Facsimile: (619) 564-6665
                                     Email: *ron@consumersadvocates.com*
15                                   ***Counsel for Plaintiff and the Class***
16

17

18

19

20  Dated: 6/1/2022                 **COHELAN, KHOURY, AND SINGER**

21

22                               By: _____
23                                   Isam C. Khoury
24                                   605 C St #200
                                     San Diego, California 92101
25                                   Telephone:  (619) 239-8148
26                                   Facsimile:  (619) 595-3000
                                     Email: *Ikhoury@ckslaw.com*
27                                   ***Counsel for Plaintiff and the Class***
28

                                     29

Dated:_____6/1/2022_____

**FOLEY & LARDNER LLP**

By:   ___/s/ James G. Munisteri_____

Jay Munisteri
1000 Louisiana Street, Suite 2000
 Houston, TX 77002
Telephone: 713.276.5752
Email: jmunisteri@foley.com
***Counsel for Defendant Labrada Bodybuilding Nutrition, Inc.***

Dated:_____

By: _____

Representative of Labrada
Bodybuilding Nutrition, Inc.

Dated:_____

By: _____

Veda Woodard
Plaintiff

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF CLASS ACTION SETTLEMENT

1

Dated:_____

**FOLEY & LARDNER LLP**

2

3

By: _____

4

     Jay Munisteri

     1000 Louisiana Street, Suite 2000

5

     Houston, TX 77002

     Telephone: 713.276.5752

6

     Email: jmunisteri@foley.com

7

     ***Counsel for Defendant Labrada***

***Bodybuilding Nutrition, Inc.***

8

9

10

11

12

13

Dated: _6/1/22_____

14

By: _____

15

16

     Representative of Labrada

     Bodybuilding Nutrition, Inc.

17

18

19

20

Dated:_____

21

By: _____

22

     Veda Woodard

     Plaintiff

23

24

25

26

27

28

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF CLASS ACTION SETTLEMENT

Dated:_____

**FOLEY & LARDNER LLP**

By: _____

      Jay Munisteri
      1000 Louisiana Street, Suite 2000
      Houston, TX 77002
      Telephone: 713.276.5752
      Email: jmunisteri@foley.com
      ***Counsel for Defendant Labrada***
      ***Bodybuilding Nutrition, Inc.***

Dated:_____

By: _____

      Representative of Labrada
      Bodybuilding Nutrition, Inc.

Dated:__May 31, 2022__

By: _____
     Veda Woodard (May 31, 2022 13:54 PDT)

      Veda Woodard
      Plaintiff

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
JOINT STIPULATION OF CLASS ACTION SETTLEMENT

# EXHIBIT A

*WOODARD, et al. v. LABRADA, et al.*
United States District Court, Central District of California
5:16 CV 000189-JGB-SP

## CLASS ACTION SETTLEMENT
## CLAIM FORM

### CLAIM FORM INSTRUCTIONS

In order for you to qualify to receive a cash payment related to *Woodard, et al. v. Labrada, et al.*, Case No. 5:16-cv-00189-JGB-SP, United States District Court, Central District of California, as described in the notice of settlement, you must file a Claim Form, as described below to process your claim.

### REQUIREMENT FOR FILING A CLAIM FORM

1.  Please review the Notice of Class Action Settlement (the Notice). A copy of the Notice is also available at www._____.com.

2.  Accurately complete all required portions of this Claim Form.

3.  Sign the claim form.

4.  By signing and submitting this Claim Form, you are hereby certifying under penalty of perjury that you purchased the Labrada Green Coffee Bean Extract product and/or the Labrada Garcinia Cambogia product (the "Products") in California, for personal or household use and not for resale, during the time period between February 2, 2012, until [Date Notice is Disseminated].

5.  In order for you to receive a cash payment, you must complete and submit a completed Claim Form online at www._____.com or mail the completed and signed Claim Form by U.S. Mail, postmarked no later than _____2022:
    To:
    Labrada Products Class Action Settlement
    c/o Classaura Class Action Administration
    1718 Peachtree St #1080, Atlanta, Georgia

6.  Your failure to complete and submit the Claim Form postmarked by _____, 2022 will prevent you from receiving any cash payment in this Settlement.

**Your Name**:

**Your Mailing Address (with zip code)**:

**Your Phone Number**:

**Your Email Address**:

*WOODARD, et al. v. LABRADA, et al.*
United States District Court, Central District of California
5:16 CV 000189-JGB-SP

## CLASS ACTION SETTLEMENT
## CLAIM FORM

**Did you purchase the Labrada Green Coffee Bean Extract Product and/or the Labrada Garcinia Cambogia product (the "Products") in California, for personal and household use and not for resale, during the time period between February 2, 2012, until [date of class notice]?**

_____ YES                    ____NO

**Date of Purchase.** For each Product you claim you purchased, give the date of the purchase. If you do not have a receipt for your purchase, give the approximate date:

Date(s):

**Copy of Your Proof of Purchase.** If you have a proof of purchase for the Products, enclose a copy of your proof of purchase with this form.

**Location of Purchase**. For each Product you purchased, identify the address of the store where the purchase was made. (Example: Vitamin Shoppe, 5575 Balboa Ave., San Diego, California).

I hereby certify under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Signature: _____        Date: _____

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Woodard v. Labrada, et al.,* Case No. 5:16-cv-000189-JGB-SP

**THE MATTERS DISCUSSED HEREIN MAY AFFECT SUBSTANTIAL LEGAL RIGHTS THAT YOU MAY HAVE**

**READ THIS NOTICE CAREFULLY**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**YOU ARE NOT BEING SUED. THIS IS NOT A LAWSUIT AGAINST YOU**.

---

**IF YOU PURCHASED**
the Labrada Green Coffee Bean Extract product and/or the Labrada Garcinia Cambogia product in California, for personal or household use and not for resale, during the time period between February 2, 2012 until [Date Notice is Disseminated],
**YOU MAY BE ENTITLED TO A CASH PAYMENT**

This settlement resolves a class action lawsuit (the "Action") against Labrada Bodybuilding Nutrition, Inc. ("Labrada" or "Defendant") for legal claims associated with the marketing and sale of the Labrada Green Coffee Bean Extract product and the Labrada Garcinia Cambogia product (the "Products").

It is alleged in the lawsuit that Labrada may have materially misrepresented and misleadingly marketed the Products, which may give rise to certain legal claims under California's consumer protection laws.  Labrada denies the allegations and any wrongdoing. Labrada and Plaintiff have reached a class action settlement that would provide monetary recovery as detailed below in exchange for your waiver and release of legal claims.  By participating in the Settlement, you would be waiving and releasing legal claims if you purchased the either or both of the Products in California.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED BY [DATE]** | This is the only way to receive a cash payment from the settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | If you opt out of the settlement, you will not be eligible to receive any of the settlement benefits, but you will keep your right to sue on your own regarding any claims that are part of the settlement. |
| **OBJECT OR COMMENT BY [DATE]** | You may write to the Court about why you do, or do not, like the settlement. You must remain in the class to comment either in support of or in opposition to the settlement. |
| **APPEAR IN THE LAWSUIT OR ATTEND A HEARING ON [DATE]** | You may ask to speak in Court about the fairness of the settlement. You may enter your appearance in Court either *pro se* without an attorney or through an attorney at your own expense if you so desire. |
| **DO NOTHING** | If you do nothing, you will receive no payment and give up your right to sue Labrada on your own regarding any claims that are part of the settlement. |

- These rights and options**, and the deadlines associated with them**, are further explained in this notice.

- The Court is in charge of this case and still has to decide whether to approve the settlement. The settlement benefits will be made available to participating class members if the Court approves the settlement and after any appeals are resolved.

- If you have any questions, then please read on and visit www._____.com.

2

**Questions? Call 1-888-xxx-xxxx or visit www._____.com**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION………………………………………………………PAGE 4
1. Why did I get this Notice?
2. What is this Lawsuit About?
3. What is a Class Action and Who is Involved?
4. Why is there a Proposed Settlement?

WHO IS COVERED BY THE PROPOSED SETTLEMENT...…………………………...PAGE 5
5. How Do I Know If I Am Part of the Proposed Settlement?

THE PROPOSED SETTLEMENT BENEFITS……………………………………..PAGE 5
6. What Does the Proposed Settlement Provide You?

HOW YOU GET A PAYMENT- SUBMITTING A CLAIM FORM………………………...PAGE 6
7. How Can I Obtain a Portion of This Settlement?
8. How Can I Obtain a Claim Form?

YOUR RIGHTS AND CHOICES- EXCLUDING YOURSELF……………………………...PAGE 7
9. How Do I Exclude Myself from the Settlement?
10. If I Don't Exclude Myself, Can I Sue the Defendant Later?
11. If I Exclude Myself, Can I Get the Benefits of the Settlement?

YOUR RIGHTS AND CHOICES- OBJECTING TO THE SETTLEMENT………………………...PAGE 8
12. How Do I Tell the Court that I Object to the Settlement?
13. What's the Difference Between Objecting and Excluding?

YOUR RIGHTS AND CHOICES- APPEARING IN THE LAWSUIT………………...........................PAGE 9
14. Can I Appear and Speak in this Lawsuit and Proposed Settlement?
15. How Can I Appear and Speak in this Lawsuit and Proposed Settlement?

IF YOU DO NOTHING……………………………………………………...PAGE 10
16. What Happens If I Do Nothing at All?

THE LAWYERS REPRESENTING YOU………………………………………….PAGE 10
17. Do I have Lawyers in this Case?
18. How Will the Lawyers Be Paid?

THE COURT'S FAIRNESS HEARING…………………………….........................PAGE 11
19. When and Where Will the Court Decide Whether to Approve the Settlement?
20. Do I Have to Come to the Hearing?

FINAL SETTLEMENT APPROVAL…………………………………….........................PAGE 11
21. What is the Effect of Final Settlement Approval?

GETTING MORE INFORMATION………………………………………………..PAGE 12
22. Are there More Details About the Settlement?

3

**Questions? Call 1-888-xxx-xxxx or visit www._____.com**

# BASIC INFORMATION

| **1.   Why did I get this Notice?** |
| --- |

If you purchased the Labrada Green Coffee Bean Extract product and/or the Labrada Garcinia Cambogia product in California, for personal or household use and not for resale,  during the time period between February 2, 2012 until [the date notice is disseminated in this action], as described on page 1 of this Notice, you have a right to know about a proposed settlement in this class action lawsuit and your options. You also may have received this Notice because you requested more information after reading the Summary Notice.

The Court ordered that you be given this Notice because you have a right to know about a proposed settlement of this class action lawsuit and your options regarding the proposed settlement, before the Court decides whether to give its final approval of the settlement. If the Court approves it, and after objections and appeals are resolved, an administrator approved by the Court will oversee the distribution of the settlement benefits that the settlement provides. You will be informed of the progress of the settlement.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The Court overseeing the case is the United States District Court for the Central District of California, and the case is entitled *Woodard et al. v. Labrada, et al.*, Case Number 5:16-cv-000189-JGB-SP. The person who sued is called the Plaintiff, and the company she sued who is a party to the settlement, Labrada Bodybuilding Nutrition, Inc., is called the Defendant.

| **2.   What is this Lawsuit About?** |
| --- |

This lawsuit alleges violations of California's consumer protection laws and claims that Labrada misrepresented the efficacy of the Labrada Green Coffee Bean Extract product and the Labrada Garcinia Cambogia product.

**Labrada denies that it did anything wrong, and the Court has not made any ruling on the merits of the allegations of the lawsuit**.  Labrada, however, in order to settle this lawsuit and avoid the expense of further litigation of the claims alleged by the Plaintiff, has chosen to provide consumers who participate in this settlement with cash payments.

| **3.   What Is a Class Action and Who Is Involved?** |
| --- |

In a class action, one or more people, called a Class Representative (in this case Veda Woodard) represent the interests of other people who have common claims that are more important than the issues that affect only some individuals. All of these people are a Class or Class Members. One court resolves the case for everyone in the Class – except for those people who choose to exclude themselves from the Class by opting out.

**Questions? Call 1-888-xxx-xxxx or visit www._____.com**

**4.   Why Is There a Proposed Settlement?**

The Court has not decided in favor of either side in the case. Labrada denies all allegations of wrongdoing or liability against it and contends that its conduct was lawful. Labrada is settling to simply to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption of its business operations. Similarly, the Class Representative and her attorneys assert that the proposed settlement is in the best interests of the Class because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals without getting any recovery. There would be no guarantee of success for either side if the case were pursued through trial and any appeals.

### WHO IS COVERED BY THE PROPOSED SETTLEMENT

To see if you are entitled to a claim of the settlement benefits offered through this proposed settlement, you first have to determine if you are a Class Member.

**5.   How Do I Know If I Am Part of the Proposed Settlement?**

You are a Class Member if you purchased, in California, the Labrada Green Coffee Bean Extract product and/or the Labrada Garcinia Cambogia product, for personal or household use and not for resale, during the time period between February 2, 2012 until [Date Notice is Disseminated].

Excluded from the Settlement Class are Labrada's current and former officers and directors, members of the immediate families of Labrada's officers and directors, Labrada's legal representatives, heirs, successors, and assigns, any entity in which Labrada has or had a controlling interest during the Class Period, and the judicial officers to whom this lawsuit is assigned.

If you are still not sure whether you are included in the Settlement Class, you can go to www._____.com, or you can call 1-800-xxx-xxxx, and ask for free help.

### THE PROPOSED SETTLEMENT BENEFITS

**6.   What Does the Proposed Settlement Provide?**

**Settlement Fund**

Labrada will cause to be paid the amount of Six Hundred and Twenty-Five Thousand Dollars into a Settlement Fund.

The Settlement Fund shall be applied to pay in full and in order: (i) any necessary taxes and tax expenses; (ii) all costs associated with the Class Action Settlement Administration, including costs of providing notice to the Class Members and processing claims and all costs relating to providing the necessary notices in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; (iii) any Fee and Expense Award made by the Court to Class Counsel; (iv) any class representative Incentive Award made by the Court to the Class Representative; and (v) payments to authorized

5

Questions? Call 1-888-xxx-xxxx or visit www._____.com

Claimants and any others as allowed under the Settlement Agreement and to be approved by the Court.

To the extent that the payments from the Settlement Fund listed above are less than $625,000, 50% of the difference, if any, shall revert to Labrada and the remaining 50% of the difference shall be transmitted to Smile Train or, in the alternative Consumers Union, as a cy pres beneficiary.

**Cash Payments to Class Members who Submit a Valid Claim Form**

**For Class Members with Proof(s) of Purchase:** For class members who do not opt out of or otherwise exclude themselves from the Settlement and submit a timely and valid claim with proof(s) of purchase, Labrada will pay $5.00 in cash from the Settlement Fund for each purchase reflected on the proof(s) of purchase for up to ten Products purchased during the class period.

**For Class Members Without Proofs of Purchase**: For class members who submit a timely and valid claim without a proof of purchase, then Labrada will pay $5.00 in cash from the Settlement Fund for each product purchased during the class period for up to four products.

In no event shall any class member receive a cash payment of more than $50.00 total from the Settlement Fund.

If the amount of valid claims timely submitted by class members exceeds the amount allocated for cash payments to class members from the Settlement Fund, cash payments to participating class members who submit timely and valid claims will be reduced pro rata until the funds allocated for class member cash payments remaining in the Settlement Fund are exhausted

In addition, Labrada has agreed to cease selling the Products by August 1, 2022.

Subject to Court approval, an incentive award not to exceed $5,000.00 shall be paid to Plaintiff Veda Woodard.


## HOW YOU GET A PAYMENT- SUBMITTING A CLAIM FORM

| 7.  How Can I Obtain a Portion of This Settlement? |
| --- |

Class Members who wish to receive a portion of this Settlement must fully complete and submit a Claim Form, along with any supporting documentation, by the specified deadline.

You can obtain a Claim Form on the Internet at www._____.com

Read the instructions carefully, fully complete the form, and submit it online at www._____.com on or before [ _____ ], 2022.

Alternatively, you may submit your Claim Form by mailing it to the following address:

Labrada Products Class Action Settlement

**Questions? Call 1-888-xxx-xxxx or visit www._____.com**

c/o Classaura Class Action Administration
[P.O. Box Address]

It must be postmarked no later than [＿＿＿＿＿], 2022.

**TO BE VALID, ALL CLAIMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY NO LATER THAN [DATE].**

| 8.   How Can I Obtain a Claim Form? |
|---|

You can obtain the Claim Form in one of three ways:

i.   Online:  You can download the Claim Form at www.＿＿＿＿.com. You can also submit a Claim Form online through the same website.

ii.   By Phone: Call toll-free, 1-888-xxx-xxxx to arrange for a Claim Form to be sent to you by either U.S. mail or e-mail.

iii.   By U.S. Mail:  You may write to Labrada Products Settlement, c/o Classaura Class Action Administration, [P.O. Box Address]. Be sure to include your name and mailing address.

## YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you do not want to participate in the settlement, but you want to keep the right to sue Labrada, on your own, about the subject matter of this lawsuit, then you must take affirmative steps to get out of the settlement. This is called excluding yourself – or is sometimes referred to as "opting out" of the Class.

| 9.   How Do I Exclude Myself From the Settlement? |
|---|

To exclude yourself from the settlement, which is sometimes called "opting-out" of the Class, you must send a letter by mail or submit a form through the Settlement Website saying that you want to be excluded from this lawsuit. To exclude yourself from the Class, you must either: (i) send a written request for exclusion that is received no later than [＿＿＿＿＿], 2022, to: Labrada Products Settlement, c/o Classaura Class Action Administration, [P.O. Box Address], or (ii) submit a request for exclusion online through the Settlement Website no later than [＿＿＿＿＿,] 2022.

Your request for exclusion must contain: (1) the name of this lawsuit, "*Woodard et al. v. Labrada, et al.*, Case Number: 16-cv-00189-JGB-SP; (2) your full name, current address, and telephone number; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Class"; and (4) your signature. You may also get an Exclusion Request Form at www.＿＿＿＿.com.

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement benefits, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Labrada in the future.

### 10. If I Don't Exclude Myself, Can I Sue Labrada for the Same Things Later?

No. If you do not properly and/or timely submit a request for exclusion, you waive your right to opt out and will be deemed to be a member of the Class. Unless you timely exclude yourself, you give up the right to sue Labrada for the claims that this settlement resolves, and you will be bound by the terms of this settlement. If you have a pending lawsuit against Labrada, other than this class action, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, any exclusion request must be signed, mailed, and postmarked or submitted online by no later than [_____, ___] 2022.

### 11. If I Exclude Myself, Can I Get the Settlement Benefits from this Settlement?

No. If you exclude yourself, do not send in a claim form to ask for any of the offered settlement benefits.

## YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you object to the settlement or any particular part of it.

### 12. How Do I Tell the Court That I Object to the Proposed Settlement?

If you are a Class Member, you may object to the settlement if you do not like any particular part of it. In doing so, you must give reasons why you think the Court should not approve the settlement, and the Court will consider your views.

To be effective, your Objection must be in writing and must be accompanied by any documentary or other evidence and any factual or legal arguments that you intend to rely upon in making the objection.

In addition, your objection must:
    (1.) Clearly identify the case name and number: *Woodard v. Labrada, et al.*, Case No. 5:16-cv-000189-JGB-SP.
    (2.) Be mailed to the settlement administrator at the following address: Labrada Products Settlement, c/o Classaura Class Action Administration, [P.O. Box Address].
    (3.) Be postmarked on or before [objection deadline].

**If you choose to object through a lawyer, you must pay for the lawyer yourself.**

Your objection must be signed, and mailed to the Court, along with any supporting documents, so that it is received no later than [＿＿＿＿＿＿], 2022 by the Court at:

Clerk of Court
U.S. District Court
Central District of California- Eastern Division
3470 Twelfth Street
Riverside, CA 92501-3801

A copy of your objection **_must_** also be signed, mailed, along with any supporting documents to the Settlement Administrator and to each of the following two addresses, so **_that is received by them no later than_** [＿＿＿＿＿], 2022:

Counsel for Plaintiffs and the Class

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Email: ron@consumersadvocates.com

Counsel for Labrada

James G. Munisteri
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.5752
Email: jmunisteri@foley.com

| 13. What's the Difference Between Objecting and Excluding? |
| --- |

Objecting is explaining to the Court you do not like something about the settlement. You can object only if you stay in the Class.

Excluding yourself from the settlement is telling the Court that you do not want to be part of the Class or the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT

| 14. Can I Appear or Speak in this Lawsuit and Proposed Settlement? |
| --- |

As long as you do not exclude yourself, you can (*but do not have to*) participate and speak for yourself in this lawsuit and Proposed Settlement. This is called making an appearance. You can also have your own lawyer appear in court and speak for you, but you must pay for the lawyer yourself.

| 15. How Can I Appear in this Lawsuit? |
| --- |

If you want yourself or your own lawyer (*instead of Class Counsel*) to participate or speak for you in this lawsuit, you must give the Court a paper that is titled a "Notice of Appearance." The Notice

**Questions? Call 1-888-xxx-xxxx or visit www.＿＿＿＿＿＿.com**

of Appearance must contain the title of the lawsuit, a statement that you wish to appear at the Fairness Hearing, and the signature of you or your lawyer.

Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Fairness Hearing on the Proposed Settlement. If you submit an objection (*see question 12 above*) and would like to speak about the objection at the Court's Fairness Hearing, both your Notice of Appearance and your objection should include that information.

Your Notice of Appearance ***must be*** signed, mailed and postmarked by [_____], 2022, to the Court at:

Clerk of Court
U.S. District Court
Central District of California- Eastern Division
3470 Twelfth Street
Riverside, CA 92501-3801

Copies of your Notice of Appearance ***must also be*** mailed to the same two addresses appearing on page 11 of this Notice, in question 12.

## IF YOU DO NOTHING

| 16. What Happens If I Do Nothing At All? |
| --- |

If you do nothing, you will get no settlement benefits from this settlement. But, unless you timely excluded yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Labrada about the subject matter of this lawsuit, ever again.

## THE LAWYERS REPRESENTING YOU

| 17. Do I Have a Lawyer in this Case? |
| --- |

The Court has appointed Ronald A. Marron, APLC and Cohelan, Khoury, and Singer as legal counsel for the Class. Together, the law firms are called Class Counsel. You will not be charged for these lawyers.

| 18. How Will The Lawyers Be Paid? |
| --- |

When they ask the Court to approve the settlement, Class Counsel will also make a motion to the Court to approve an award attorneys' fees and a reimbursement of expenses to Class Counsel, in a total amount of up to 30% of the $625,000 Settlement Fund or $187,500, whichever is less. No matter what the Court decides with regard to the requested attorneys' fees, Class members will never have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the settlement on behalf of all Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense. Class Counsel may also request that an amount be paid the Class Representative who helped the lawyers on behalf of the

**Questions? Call 1-888-xxx-xxxx or visit www._____.com**

whole Class (known as an "incentive award"). The amount of this incentive award will not exceed $5,000.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to attend or speak.

| 19. When and Where Will the Court Decide Whether to Approve the Settlement? |
| --- |

The United States District Court for the Central District of California- Eastern Division (the "Court") will hold a hearing (the "Fairness Hearing") at the Federal Courthouse located at the U.S. District Court for the Central District of California, 3470 Twelfth Street Riverside, CA 92501-38018 on [_____], 2022 to decide whether the settlement is fair, reasonable, and adequate, as well as to determine the amount of attorneys' fees and costs and incentive fee awards. If there are objections, the Court will consider them at that Fairness Hearing. The Court may also discuss Class Counsel's request for an award of attorneys' fees and reimbursement of costs. After the Fairness Hearing, the Court will decide whether to approve the settlement and whether to grant Class Counsel's request for attorneys' fees and expenses. We do not know how long it will take the Court to make these decisions.

| 20. Do I Have to Come to the Hearing? |
| --- |

No. Class Counsel is working on your behalf and will answer any questions the Court may have, but you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## FINAL SETTLEMENT APPROVAL

| 21. What Is The Effect of Final Settlement Approval? |
| --- |

If the Court grants final approval of the settlement, each settlement class member shall be deemed to have, and by operation of the Final Judgment shall, fully, finally, and forever released, relinquished, and discharged all Class Released Claims (as defined in the settlement agreement) against the released parties (as defined in the settlement agreement).

If the Court does not approve the settlement, the case will proceed as if no settlement had been attempted.

If the settlement is not approved and litigation resumes, there can be no assurance that the Class will recover more than is provided for under the settlement, or anything at all.  In other words, there is no guarantee of success if litigation proceeds.

# GETTING MORE INFORMATION

| **22. Are There More Details About the Settlement?** |
| --- |

This Notice is only intended to provide a summary of the proposed settlement. You may obtain the complete text of the settlement: at www._____.com; by writing to the Claims Administrator (at the address listed above); or, from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, U.S. District Court for the Central District of California, 3470 Twelfth Street Riverside, CA 92501-3801, under the Civil Action Number 5:16-cv-00189-JGB-SP.

By visiting the website located at www._____.com, you will find the Plaintiffs' First Amended Complaint, Labrada's Answer and Affirmative Defenses, a Claim Form, and an Exclusion Request Form.

You may also contact the Settlement Administrator by email at Contact@_____.com, or by writing to Labrada Products Settlement, c/o Classaura Class Action Administration, [P.O. Box Address].

## PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT.

## This Notice is given with the approval and at the direction of the Court.

Questions? Call 1-888-xxx-xxxx or visit www._____.com

# EXHIBIT C

<u>LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

**IF YOU PURCHASED**
the Labrada Green Coffee Bean Extract product and/or the Labrada Garcinia Cambogia product in California, for personal or household use and not for resale, during the time period between February 2, 2012 until [Date Notice is Disseminated],
**YOU MAY BE ENTITLED TO A CASH PAYMENT**

*Woodard et al. v. Labrada, et al.*, Case No. 5:16-cv-000189-JGB-SP (C.D. Cal.)

**This Notice is to inform you of a proposed class action settlement that could affect your legal rights.**

**What Is This Notice About?**
A proposed Settlement has been reached in a class action lawsuit pending in the United States District Court for the Central District of California between Veda Woodard, on the one hand as the Plaintiff, and Labrada Bodybuilding Nutrition, Inc. ("Labrada") as a Defendant.

It is alleged in the lawsuit that Labrada violated California's consumer protection laws by misleadingly marketing the Labrada Green Coffee Bean Extract product and the Labrada Garcinia Cambogia product. Labrada denies the allegations and any wrongdoing. The settling parties have reached a class action settlement.

**Am I a Member of the Class?**
You are a Class Member if you purchased, in California, the Labrada Green Coffee Bean Extract product and/or the Labrada Garcinia Cambogia product, for personal or household use and not for resale, during the time period between February 2, 2012 until [Date Notice is Disseminated]

Excluded from the Settlement Class are Labrada's current and former officers and directors, members of the immediate families of Labrada's officers and directors, Labrada's legal representatives, heirs, successors, and assigns, any entity in which Labrada has or had a controlling interest

during the Class Period, and the judicial officers to whom this lawsuit is assigned.

**What Benefits Could I Receive?**
Labrada will cause to be paid the amount of Six Hundred and Twenty-Five Thousand Dollars into a settlement fund.

For class members who do not opt out of or otherwise exclude themselves from the Settlement and submit a timely and valid claim with proof(s) of purchase, Labrada will pay $5.00 in cash from the Settlement Fund for each purchase reflected on the proof(s) of purchase for up to ten Products purchased during the class period.

For class members who submit a timely and valid claim without a proof of purchase, then Labrada will pay $5.00 in cash from the Settlement Fund for each product purchased during the class period for up to four products.

In no event shall any class member receive a cash payment of more than $50.00 total from the Settlement Fund.

**What Are My Rights?**
You have a choice of whether to stay in the Class and participate in the Settlement or not, and you must decide this now. If you stay in the Class, you will be legally bound by all orders and judgments of the Court, and you will not be able to sue, or continue to sue

**Questions? Call 1-xxx-xxx-xxxx or visit www._____.com**

Labrada as part of any other lawsuit involving the same claims that are in this lawsuit. This is true even if you do nothing by not submitting a claim.

### 1. You can accept the Settlement

If you wish to receive the benefits under the Settlement, you MUST submit a Claim Form by no later than [DATE]. You can obtain and/or submit a Claim Form: (1) on the Internet at www._____.com; or (2) by calling the Claims Administrator at 1-xxx-xxx-xxxx or (3) by mailing a written request for a Claim Form including your name and mailing address by regular mail to: Labrada Products Class Action Settlement, c/o Classaura Class Action Administration, [P.O. Box Address].

If you fail to timely submit a Claim Form and do not timely exclude yourself from the Settlement, then you will be bound by the Settlement but will not receive any benefits of the Settlement.

### 2. You can object to the Settlement

If you believe the Settlement is unsatisfactory, you may **file** a written objection **with the Clerk of the Court** for the United States District Court for the Central District of California- Eastern Division **and** send copies of the written objection to the following Counsel representing the Class and Defendant:

Counsel for Plaintiffs and the Class

Ronald A. Marron
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Email: ron@consumersadvocates.com

Counsel for Labrada

James G. Munisteri
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.5752
Email: jmunisteri@foley.com

If you choose to object to the Settlement, then your written objection must be received by no later than _____, 2022.

### 3. You can "opt out" of the Settlement

If you do not object to the Settlement but, nevertheless, simply do not want to participate in this Settlement, you must provide written notice indicating your desire to exclude yourself from the Settlement. Such notice must include your name, address, and telephone number. You must deliver the request for exclusion from Settlement to the Settlement Administrator at Labrada Products Class Action Settlement, c/o Classaura Class Action Administration, [P.O. Box Address], or submit a valid exclusion form online through the Settlement Website. The request must be postmarked or submitted online no later than [Date]. Please be advised that if you request exclusion from or "opt out" from the Settlement, you will not receive any benefits under the Settlement, and will be responsible for any attorneys' fees and costs you incur if you choose to pursue your own lawsuit.

**The Fairness Hearing**

On [_____], 2022, at [_____] a.m., the Court will hold a hearing in the United States District Court for the Central District of California- Eastern Division to determine: (1) whether the proposed Settlement is fair, reasonable and adequate and should receive final approval; and (2) whether the Class Counsel's application for an award of

**Questions? Call 1-xxx-xxx-xxxx or visit www._____.com**

attorneys' fees and expenses should be granted. Objections to the proposed Settlement by Class Members will be considered by the Court at such hearing, but only if such objections are timely filed in writing with the Court and sent to Plaintiffs' and Labrada's counsel by no later than _____, 2022, as explained above.

Class Members who support the proposed Settlement do not need to appear at the hearing or take any other action to indicate their approval.

**How Can I Get More Information?**

If you have questions or would like a more detailed notice or other documents about this lawsuit and your rights, visit www._____.com. You may also contact the Settlement Administrator by emailing Contact@_____.com, or by writing to: Labrada Products Class Action Settlement, c/o Classaura Class Action Administration, [P.O. Box Address], or by calling 1-xxx-xxx-xxxx. Please do not contact the Court or Clerk for information.

**By order of the United States District Court for the Central District of California.**

**Questions? Call 1-xxx-xxx-xxxx or visit www._____.com**

# EXHIBIT D

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14

VEDA WOODARD, TERESA RIZZO-
MARINO, and DIANE MORRISON,
on behalf of themselves, all others
similarly situated, and the general
public,

                              Plaintiffs,

15

                 vs.

16
17
18
19
20
21
22
23
24
25

LEE LABRADA; LABRADA
BODYBUILDING NUTRITION, INC.;
LABRADA NUTRITIONAL
SYSTEMS, INC.; DR. MEHMET C.
OZ, M.D.; ENTERTAINMENT
MEDIA VENTURES, INC. d/b/a OZ
MEDIA; ZOCO PRODUCTIONS,
LLC; HARPO PRODUCTIONS, INC;
SONY PICTURES TELEVISION, INC;
NATUREX, INC.; and
INTERHEALTH
NUTRACEUTICALS, INC.,

26

                              Defendants.

27
28

CASE NO. 5:16-cv-00189-JGB-SP

CLASS ACTION

**[PROPOSED] ORDER
GRANTING MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

This matter having been submitted to the Court by Plaintiff Veda Woodard, on her own behalf and on behalf of the Class defined below (hereafter referred to as "Plaintiff" or "Class Representative") and Law Offices of Ronald A. Marron, APLC and Cohelan, Khoury, and Singer (together, "Class Counsel") on behalf of the Plaintiff and by Defendant Labrada Bodybuilding Nutrition, Inc. ("Labrada" or "Defendant") through its Counsel, by way of Plaintiff's motion for preliminary approval of the proposed settlement in the above captioned action;

WHEREAS, the Court having reviewed and considered the Plaintiff's motion for preliminary approval and supporting materials filed by Class Counsel; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

**IT IS THIS _____ DAY OF _____, 2022**

**ORDERED** that the settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby **PRELIMINARILY APPROVED**. The Court further finds and orders as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and venue is proper in this district.

2. The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and the Defendant.

3. The settlement is the product of arm's length bargaining conducted by experienced legal counsel after extensive discovery and with the assistance of an impartial mediator. The Settlement Agreement is not the result of collusion.

4. The proceedings that occurred before the parties reached the Settlement Agreement gave counsel and the parties an opportunity to adequately assess the strengths and weaknesses of their respective positions in this case, and, thus, to structure the settlement in a way that adequately accounts for those strengths and weaknesses.

5.      The settlement falls within the range of reason and has no obvious deficiencies.

6.      Because the settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the settlement, including the Settlement Agreement and all of its exhibits.

7.      The Court has reviewed the content of the notice plan and the Claim Form and finds that they satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and due process. Accordingly, the Court approves the Notice and the Claim Form.

8.      The Court further approves the methods for giving notice of the settlement to the members of the Settlement Class, as reflected in the Settlement Agreement and proposed in the motion for preliminary approval. In addition to the Class Notice, the Court has also reviewed the notice procedures and finds that the members of the Settlement Class will, thereby, receive the best notice practicable under the circumstances. The Court also approves payment of the costs of notice as provided in the settlement. The Court finds that the notice procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and due process.

9.      The Court further approves the appointment of Classaura LLC, or an equivalent class action administrator identified by the parties to administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants; communicating with Claimants; and distributing payments to qualified Claimants.

10.      The Court directs that pursuant to Federal Rule of Civil Procedure 23(e)(2) a hearing will be held on [_____], 2022, to consider final approval of the settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Settlement Class should be

2

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

finally certified for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of an award of service payments to the Class Representative. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Settlement Website.

11.    Any member of the Settlement Class wishing to object (an "Objector") to the proposed settlement and/or be heard at the Fairness Hearing shall comply with the following procedures:

a.    To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, with a copy delivered to Class Counsel and the Defendant's Counsel at the addresses set forth below:

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Email: ron@consumersadvocates.com


Jay Munisteri
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.5752
Email: jmunisteri@foley.com*m*


b.    A written objection filed with the Court regarding or related to the settlement shall contain a reference to this litigation, *Veda Woodard et al. v. Lee Labrada, et al.*, Case No. 5:16-cv-00189-JGB-Sp and must be accompanied by any

3

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

documentary or other evidence and any factual or legal arguments that the objecting Class Member intends to rely upon in making the objection.

c.     Any member of the Settlement Class who files and serves a timely written objection in accordance with this Order may also appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness or adequacy of the proposed settlement.

12.   Members of the Settlement Class who elect not to participate in the settlement (i.e., "opt-out") must submit a written request for exclusion that is postmarked no later than [                    ], 2022.

13.   Any member of the Settlement Class who fails to timely submit a Request for Exclusion shall be bound by all subsequent proceedings, orders, and the Final Judgment, even if he or she has a pending lawsuit, arbitration, or any other proceeding against Labrada, or subsequently initiates litigation, arbitration, or any other proceeding against Labrada relating to the Class Released Claims.

14.   In order to participate in the settlement and receive a cash payment from the Settlement Fund, members of the Settlement Class must properly complete a Claim Form (online or in paper format) and submit it to the Claims Administrator. To be effective, any such Claim Form must be postmarked no later than [                    ], 2022 and must otherwise comply with the procedures and instructions set forth in the Claim Form.

15.   The deadlines for key events are as follows:

| EVENT | DEADLINE |
|---|---|
| Deadline for publishing Notice | |
| Filing of papers in support of Final Approval and Class Counsel's Application for Attorneys' Fees and Expenses | |

4

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP
[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| For filing an objection with the Court, or submitting a Request for Exclusion to the Settlement Administrator | |
| --- | --- |
| Filing of response to objections | |
| Final Approval Hearing | |
| Deadline for submitting claims forms | |

**IT IS SO ORDERED.**

DATED: _____, 2022

_____
HON. JESUS G. BERNAL
United States District Judge

*Woodard et al. v. Labrada et al.*, No. 5:16-cv-00189-JGB-SP

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT E

1    **LAW OFFICES OF**
2    **RONALD A. MARRON, APLC**
     RONALD A. MARRON (SBN 175650)
3    *ron@consumersadvocates.com*
     MICHAEL T. HOUCHIN (SBN 305541)
4    mike@consumersadvocates.com
5    651 Arroyo Drive
     San Diego, CA 92103
6    Telephone:   (619) 696-9006
7    Facsimile:    (619) 564-6665
8    ***Attorneys for Plaintiffs and the Proposed Classes***

9

10                  **UNITED STATES DISTRICT COURT**
                 **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
11

12   VEDA WOODARD, TERESA              Case No.: 5:16-cv-00189-JGB-SP
     RIZZOMARINO, and DIANE
13   MORRISON on behalf of themselves, all    **CLASS ACTION**
     others similarly situated, and the general
14   public,                          **DECLARATION OF**
                                       **GAJAN RETNASABA**
15
16   Plaintiffs,

17   v.

18
     LEE LABRADA; LABRADA
19   BODYBUILDING NUTRITION, INC.;
     LABRADA NUTRITIONAL
20   SYSTEMS, INC.; DR. MEHMET C.
     OZ, M.D.; ENTERTAINMENT
21   MEDIA VENTURES, INC. d/b/a OZ
     MEDIA; ZOCO PRODUCTIONS,
22   LLC; HARPO PRODUCTIONS, INC;
23   SONY PICTURES TELEVISION, INC;
     NATUREX, INC.; and INTERHEALTH
24   NUTRACEUTICALS, INC.;
25
26   Defendants.
27

28

---

*Woodard v. Lee Labrada, Case No. 5:16-cv-00189-JGB-SP*
DECLARATION OF GAJAN RETNASABA

I, Gajan Retnasaba, declare:

1.     I am a Partner at Classaura LLC, a class action administration firm. I have been the project lead, developing and implementing court-approved notice and distribution plans for over 20 class actions including *Mason v. Heel*, No. 12-cv-3056-GPC-KSC (S.D. Cal.), *In re Qunol Liquid Labeling Litig.*, No. 8:11-cv-0017 (C.D. Cal.), *Arthur v. United Industries*, No. 2: 17-cv-06983-CAS-SK (C.D. Cal.), *Potzner v. Tommie Copper*, No. 1:15-cv-06055-AT (S.D.N.Y), *Mollicone v. Universal Handicraft*, No. 17-21468-CIV-RNS (S.D Fla), and *In re Quaker Oats Labeling Litig.,* No. 5:10-cv-00502 (N.D. Cal.). I also founded the popular class action advocacy website ClassActionRebates.com. My prior experience includes being a litigation associate at Jones Day and a senior associate at McKinsey & Company. I hold a J.D. from Harvard Law School and a Bachelor of Engineering from the University of New South Wales. I am over the age of 18 and am not a party to this action.

2.     I have been asked by counsel for the Plaintiff in this action to prepare a plan for class notice and distribution, should preliminary approval be granted for the proposed settlement.

**NOTICE OF CLASS CERTIFICATION AND PRELIMINARY SETTLEMENT APPROVAL**

3.     Class counsel has informed me that Labrada, Inc. ("Labrada") markets and sells dietary supplements called the Labrada Green Coffee Bean Extract and the Labrada Garcinia Cambogia that are the subject of this settlement. The majority of the covered products sold to end-users during the class period came from retailers such as The Vitamin Shoppe. Labrada also sold limited amounts of the covered products directly to the public through its website (Labrada.com) during the class period.

4.     Since most sales of the covered products were through a network of distributors and retailers, no complete record of all sales of the covered products to California consumers exists. Accordingly, I recommend that notice be disseminated

*Woodard v. Lee Labrada, Case No. 5:16-cv-00189-JGB-SP*
DECLARATION OF GAJAN RETNASABA

directly to all consumers for whom direct purchase information is available, and also disseminated broadly to residents of California, with a focus on consumers most likely to have purchased the covered products.

5.      I recommend the creation of a class website to provide case information, as well as phone, email, and postal contacts for class members to file a claim, and request further information. The website would also allow class members to opt-out of the class.

**DIRECT NOTICE**

6.      Where adequate records exist, direct notice is the preferred form of notice as it provides the most effective and most cost-efficient notice to class members.

7.      I have been informed that Labrada will provide me with records of direct purchase class members. I recommend that an initial email should be sent to all class members for whom direct purchase records exist providing a brief summary of the class settlement, deadlines, their options, and directing class members to the settlement website for more information or to file a claim.

8.      To maximize the open rate of the email, the emails should be sent from reputable mail servers to avoid the emails being erroneously classified as spam emails. The sending of the emails should also be timed to reach the recipients during times of the day when they are most receptive to opening emails and where possible this timing adjusted to account for the recipients' time zones.

9.      The email should be designed to maximize the response from class members. The email should be written in plain language to make it easy to understand and formatted to make it easy to skim. The email should be designed and presented in a way that asserts credibility and avoids the email being discarded by the recipient as fraudulent or spam. And the email should be responsively designed so that it is easily viewed on a variety of devices.  The email should contain a claim number, allowing these direct purchase class members to file a claim by simply entering their claim number as their proof of purchase.

10.     A follow-up reminder email should be sent to class members whom did not respond to the initial email – reminding them of the settlement, their options, and pending deadlines.   Depending on the response rate to the first two rounds of emails, further rounds of emails can be sent.   In subsequent rounds of email, messaging can be improved based on feedback from class members on the initial email, and marketing techniques such as A/B testing can be used to find messaging that is most effective for class members.

**INDIRECT NOTICE**

11.     Because a complete record of all buyers of the covered products does not exist, I recommend that direct notice be supplemented with a broad California publication notice. For this indirect notice I recommend targeted online advertising via Facebook and a California press release.

12.   Facebook is the single media outlet where Californians spend the most time, with approximately 230 million adult registered users in the United States who use the site at least once per month. For a California notice plan, I recommend that ads provide a notice that a class has been certified, that there is a proposed settlement, and link to the detailed class notice website.   I recommend these ads be published 15,000,000 times on the Facebook advertising network. This will duplicate the exposure and viewership of ads in multiple large California newspapers.

13.     PR Newswire is a national press release service used by journalists as a source for news.   Press releases sent through PR Newswire often end up as articles in news media websites such as CNBC.com, MarketWatch.com, Reuters.com, Yahoo.com and local media affiliates of the major television networks ABC, NBC, and CBS.   The press release will contain information about the class settlement and the address for the dedicated settlement website. I recommend the publication of a California targeted press release on PR Newswire.

*Woodard v. Lee Labrada, Case No. 5:16-cv-00189-JGB-SP*
DECLARATION OF GAJAN RETNASABA

14.     I further recommend that details of the settlement be forwarded to class action advocacy websites that are frequently used by members of the public interested in keeping updated on their eligibility for settlements.

**CLRA NOTICE**

15.     California's Consumers Legal Remedies Act (CLRA §1781) requires published notice in a newspaper of general circulation in the county of the transaction, Riverside, once a week for four consecutive weeks.  Accordingly, I propose publication over four consecutive weeks in The Press Enterprise.

**SETTLEMENT WEBSITE**

16.     I recommend the creation of a dedicated settlement website to provide detailed information to class members. The website will include documents fully describing the case and include the Complaint, Class Certification, Settlement Agreement, summary and long-form Notice of the Proposed Settlement, and other relevant documents. The website will also describe who is a class member, how their rights are affected by the class certification, and the process for filling a claim, opting-out out of the settlement, or objecting to the settlement.

17.     The website will provide email, phone, and postal contacts for class members to request further information, hard copies of case-related, or other help they may require.

18.     The website will be updated as needed.

19.     Monetary claims and opt-out requests may be made online using an automated form, secured using 128-bit encryption, which is the commercial standard. The site would also allow class members to download the claim or opt-out forms that can be printed and submitted by mail.

**METHODS FOR PREVENTING PAYMENT OF ERRONEOUS, DUPLICATIVE, AND FRAUDULENT CLAIMS**

4

20.    I would undertake several methods of preventing payment of invalid claims.

21.    To prevent duplication, all online claims would be loaded into an electronic database. Claims received by mail would be manually entered into the same database. An algorithm would then be run to identify duplicate entries, including those that are not exact duplicates, but involve small variations in names or addresses.

22.    One type of erroneous claim is an incomplete claim. To the extent possible, the information contained within the incomplete claims will be used to notify the submitter of the incomplete claim. A second type of erroneous claim is one that does not match with a database of United States addresses. Where possible, these addresses will be corrected or individuals will be contacted and encouraged to resubmit a correct claim.

23.    Fraudulent claims can be deterred by requiring claim forms be submitted under "penalty of perjury." Fraud can be further reduced by utilizing fraud detection techniques and rejecting fraudulent claims. The claims database will be queried to report signs of fraud such as: (1) multiple online claims made from the same Internet Protocol ("IP") address; (2) multiple highly similar claims, and (3) claims requesting payment be sent to penal institutions.

24.    Fraudulent out-of-state claims can be minimized by requiring that claims requesting that payment be sent out-of-state also require some proof that the claimant resided in California during the covered period.

**COSTS**

25.    The costs to provide notice of the settlement via publication, settlement website, press release, online notice, and CAFA is $77,135.  The costs to administer the settlement, and process claims is $5,000 (assuming 25,000 claims).  The cost to

distribute payment to class members is $15,000 (assuming 20,000 approved claims). This brings the total cost to $97,135.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on May 31, 2022, in Atlanta, GA.

Gajan Retnasaba